**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| DANIEL D'AMBLY,<br><br>*Plaintiff*,<br><br>v.<br><br>CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC.; COHEN, WEISS AND SIMON, LLP,<br><br>*Defendant*. | Civil Action No. 2:20-cv-12880-JMV-JAD<br><br>**DEFENDANT TRIBUNE PUBLISHING COMPANY'S AND NEW YORK DAILY NEWS' ANSWER TO PLAINTIFF'S COMPLAINT, AND SEPARATE DEFENSES** |

Defendant Tribune Publishing Company, Inc. ("Tribune") and Defendant New York Daily News Company (the "Daily News") Answer Plaintiff's Complaint hereby as follows:

**STATEMENT OF CASE**

1. Tribune and the Daily News make no response to Plaintiff's Statement of the Case as it does not relate to Tribune and the Daily News.

**PARTIES**

2. Tribune and the Daily News admit that Plaintiff was a member of Local One-L, Graphics Communications Conference of the International Brotherhood of Teamsters, was employed as a plate maker for the New York Daily News in Jersey City, New Jersey until January 18, 2019, and was an individual domiciled in New Jersey. Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

1

4. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Tribune admits the allegations contained in paragraph 5 of the Complaint.

6. The Daily News denies that it has a place of business at 4 New York Plaza, New York, NY 10004. The Daily News admits the remaining allegations in paragraph 6.

7. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

11. Tribune and the Daily News admit the allegations contained in paragraph 11 of the Complaint.

12. Tribune and the Daily News deny the allegations contained in paragraph 12 of the Complaint.

13. Tribune and the Daily News admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) but deny the remaining allegations in paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. Tribune and the Daily News admit that D'Ambly was a member of Local One-L, Graphics Communications Conference of the International Brotherhood of Teamsters. Tribune

and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of Plaintiff's Complaint. To the extent the remaining allegations contained in paragraph 14 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

15. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 15 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

16. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 16 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

17. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 17 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

18. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 18 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

19. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint. To the

extent the allegations contained in paragraph 19 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

20.     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.  To the extent the allegations contained in paragraph 20 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

21.     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint.  To the extent the allegations contained in paragraph 21 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

22.     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.  To the extent the allegations contained in paragraph 22 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

23.     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.  To the extent the allegations contained in paragraph 23 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

24.     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.  To the extent the allegations contained in paragraph 24 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

25. Tribune and the Daily News admit that there were Tweets discussing D'Ambly with the @NYDailyNews username tagged and that the Daily News received phone calls discussing D'Ambly. Tribune and the Daily News deny that D'Ambly was never told of the threats or warned to take safety precautions by anyone from the Daily News or Tribune. Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint. To the extent the remaining allegations contained in paragraph 25 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

26. Tribune and the Daily News admit that, after receiving Tweets and phone calls concerning D'Ambly's activities, Insite Risk Management ("Insite") was engaged to confirm the veracity of the allegations raised by those Tweets and phone calls. Tribune and the Daily News admit that, at the time Insite was engaged, D'Ambly was not told about the Tweets and phone calls received. Tribune and the Daily News admit that Insite's report on that investigation confirmed D'Ambly's association with the European Heritage Association and included videos of D'Ambly and others. Tribune and they Daily News deny the remaining allegations in paragraph 26 of the Complaint.

27. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 27 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

28. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint. To the

extent the allegations contained in paragraph 28 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

29.	Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 29 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

30.	Tribune and the Daily News admit that, on January 10, 2019, Jean Nechvatal and James Brill met with D'Ambly and Union Steward Pete Cairnie and discussed D'Ambly's activities. Tribune and the Daily News admit that the existence of a report by Insite was not disclosed to D'Ambly. Tribune and the Daily News admit that, during this meeting, D'Ambly acknowledged his activities. Tribune and the Daily News deny the remaining allegations contained in paragraph 30 of the Complaint.

31.	Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 30 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

32.	Tribune and the Daily News admit that the Daily News received voicemails of threats to the Daily News, including a threat stating that "any violence or blood spilled is also on your hands." Tribune and Daily News deny the remaining allegations in paragraph 32 of the Complaint.

33.	Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 33 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

34. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 34 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

35. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 35 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

36. Tribune and the Daily News admit the allegations contained in paragraph 36 of the Complaint.

37. Tribune and the Daily News deny the allegations contained in paragraph 36 of the Complaint.

38. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 38 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

39. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 39 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

40. Tribune and the Daily News deny the allegations contained in paragraph 40 of the Complaint.

41. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 41 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

42. Tribune and the Daily News admit that, upon learning of threatening voicemails on Monday, January 14, 2019, the Daily News called D'Ambly and told him not to report work because the Daily News had serious safety concerns and felt compelled to hire extra security, as well as notify the local law enforcement authorities.

43. Tribune and the Daily News admit that Brill, Nechvatal, and a Union representative had a phone conference with D'Ambly on January 16, 2019. Tribune and the Daily News admit that, during the phone conference, recordings of threats to the Daily News workplace associated with D'Ambly were played and that D'Ambly was unable to identify the callers. Tribune and the Daily News admit that D'Ambly was terminated during this phone conference. Tribune and the Daily News deny the remaining allegations in paragraph 43.

44. Tribune and the Daily News admit the allegations contained in paragraph 44 of the Complaint.

45. Tribune and the Daily News admit that a "Terminated of Employment" letter dated January 22, 2019 was sent to D'Ambly, and that the letter informed D'Ambly that his termination was effective January 19, 2019. Tribune and the Daily News admit that the letter included the statement "your choice to take these repulsive actions has now put our workplace and employees at risk of counter attacks by Antifa." Tribune and the Daily News deny the remaining allegations in paragraph 45 of Plaintiff's Complaint.

46. Tribune and the Daily News admit that the termination letter stated that, on January 14, 2019, the Daily News learned of two threatening voicemails that had been left in the Daily News' voicemail. Tribune and the Daily News deny the remaining allegations in paragraph 46.

47. Tribune and the Daily News admit that the termination letter stated that the threatening voicemails learned of on January 14, 2019 were a cause for D'Ambly's terminations, as D'Ambly's actions put the Daily News' workplace in danger. Tribune and the Daily News deny the remaining allegations in paragraph 47 of the Complaint.

48. Tribune and the Daily News admit the allegations contained in paragraph 48 of the Complaint.

49. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 49 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

50. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 50 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

51. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint. To the extent the allegations contained in paragraph 51 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

52. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint. To the

extent the allegations contained in paragraph 52 of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

53. Tribune and the Daily News admit that, on September 9, D'Ambly returned an executed a "Separation Agreement and Mutual General Release" that paid him a lump sum and provided for the Union's withdrawal of his grievance. Tribune and Daily News deny the remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Tribune and the Daily News deny that D'Ambly suffered personal and property damage, or was severely financially harmed as a result of Tribune's and the Daily News' conduct.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to – 49 (as to Defendants Tribune Publishing Company and the New York Daily News)**

55. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 54 of Plaintiff's Complaint.

56. Tribune and the Daily News admit the allegations contained in paragraph 56 of the Complaint.

57. Tribune and the Daily News admit the allegations contained in paragraph 57 of the Complaint.

58. Tribune and the Daily News deny the allegations contained in paragraph 58 of the Complaint.

59. Tribune and the Daily News admit that it hired a firm to confirm the allegations raised about D'Ambly's activities, that D'Ambly was issued a "Last and Final Warning" that he would be terminated if his activities were brought into the workplace, that D'Ambly was informed that he was terminated on January 16, 2019, and that D'Ambly was sent a "Termination of

Employment" letter dated January 22, 2019 stating that he was terminated after threats were discovered on January 14, 2019.  Tribune and the Daily News deny the remaining allegations in paragraph 59 of the Complaint.

60.     Tribune and the Daily News deny the allegations contained in paragraph 60 of the Complaint.

## COUNT II

### Tortious Interference with Prospective Economic Benefit
### (as to defendant Christian Exoo a/k/a "AntiFashGordon")

61.     Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 60 of Plaintiff's Complaint.

62-68.  Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count II of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT III

### Intrusion Upon Seclusion – Public Disclosure of Private Personal Information
### (as to defendant Christian Exoo a/k/a "AntiFashGordon")

69.     Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 68 of Plaintiff's Complaint.

69-74.  Tribune and the Daily News make no response to the allegations in Count III of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count III of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT IV

### Violation of N.J.S.A. 2C:33-4.1 and N.J.S.A. 2C:30-31(a) Cyber-Harassment and Stalking
### (as to defendant Christian Exoo a/k/a "AntiFashGordon")

75.     Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 74 of Plaintiff's Complaint.

76-80.  Tribune and the Daily News make no response to the allegations in Count IV of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## COUNT V

### Violation of 18 U.S.C. § 875(c) – Interstate Communications
### (as to defendant Christian Exoo a/k/a "AntiFashGordon")

81.     Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 80 of Plaintiff's Complaint.

81-87.  Tribune and the Daily News make no response to the allegations in Count V of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count V of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## COUNT VI

### Violation of 18 U.S.C. § 2261A(2) - Stalking
### (as to defendant Christian Exoo a/k/a "AntiFashGordon")

87.     Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 86 of Plaintiff's Complaint.

88-92.  Tribune and the Daily News make no response to the allegations in Count VI of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the

extent the allegations contained in Count VI of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## Count VII

**Employer's Breach of Duty to Warn**
**(as to Defendants Tribune Publishing Company and the New York Daily News)**

93. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 92 of Plaintiff's Complaint.

94. Tribune and the Daily News deny the allegations contained in paragraph 94 of the Complaint.

95. Tribune and the Daily News deny the allegations contained in paragraph 95 of the Complaint.

96. Tribune and the Daily News deny the allegations contained in paragraph 96 of the Complaint.

97. Tribune and the Daily News deny the allegations contained in paragraph 97 of the Complaint.

98. Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of Plaintiff's Complaint.

99. Tribune and the Daily News deny the allegations contained in paragraph 99 of the Complaint.

100. Tribune and the Daily News deny the allegations contained in paragraph 100 of the Complaint.

### Count VIII

**Violations of N.J.S.A 2C:41-1 to – 2C:41-6.2 (Racketeering)**
**(as to defendant Christian Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

101. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 100 of Plaintiff's Complaint.

102-105. Tribune and the Daily News make no response to the allegations in Count VIII of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count VIII of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

### Count IX

**Violations of 18 U.S.C. §§ 1962(c) – Racketeering**
**Multiple violations of RICO predicates 18 U.S.C. §§ 1951 and 1952**
**(as to defendant Christian Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

106. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 105 of Plaintiff's Complaint.

107-124. Tribune and the Daily News make no response to the allegations in Count IX of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IX of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

### Count X

**Violations of 18 U.S.C. §§ 1962(d) – Conspiracy**
**(as to defendant Christian Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

125. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 124 of Plaintiff's Complaint.

126-133. Tribune and the Daily News make no response to the allegations in Count X of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count X of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## Count XI

### Negligent Entrustment
### (as to defendant Vijaya Gadde and Twitter, Inc.)

134. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 133 of Plaintiff's Complaint.

135-142. Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## Count XII

### Breach of Implied Covenant of Good Faith – Promissory Estoppel
### (as to defendant Vijaya Gadde and Twitter, Inc.)

143. Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 142 of Plaintiff's Complaint.

144-153. Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## Count XIII

### Legal Malpractice
### (as to defendant Cohen, Weiss, and Simon, L.L.P.)

154.   Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 153 of Plaintiff's Complaint.

154-161.   Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied

## PRAYER FOR RELIEF

Tribune and the Daily News deny that Plaintiff is entitled to any relief sought in the Plaintiff's Prayer of Relief.

## SEPARATE DEFENSES

Without unnecessarily assuming the burden of proof and in addition to the factual and legal denials stated above, Tribune and the Daily News set forth the following Separate Defenses to the allegations contained in Plaintiff's Complaint. Tribune and the Daily News reserve the right to amend this Answer with additional defenses as further information is obtained

### *First Separate Defense*

Plaintiff has executed a valid and binding Separation Agreement and Mutual Release that, by its terms, effect, and operation, released any and all claims that he may have against Tribune and the Daily News here.

### *Second Separate Defense*

Because Plaintiff has executed a valid and binding Separation Agreement and Mutual Release, any and all claims that he may have against Tribune and the Daily News are barred by accord and satisfaction.

### *Third Separate Defense*

Where Plaintiff has executed a release of claims against Tribune and the Daily News, Plaintiff cannot bring such claims against Tribune and the Daily News without first returning the consideration for such release – here, $70,000.00.

### *Fourth Separate Defense*

Where Plaintiff has executed a release of claims against Tribune and the Daily News, and proceeded with this lawsuit without first returning the consideration for that release, that consideration – $70,000 – must be set off against any award the Plaintiff may obtain.

### *Fifth Separate Defense*

Plaintiff is estopped from proceeding with his causes of action against Tribune and the Daily News.

### *Sixth Separate Defense*

Plaintiff's action against Tribune and the Daily News is barred by the doctrine of unclean hands.

### *Seventh Separate Defense*

Plaintiff's Complaint fails to state a claim against Tribune and the Daily News upon which relief can be granted. Tribune and the Daily News did not discriminate against Plaintiff within the meaning of the New Jersey Law Against Discrimination.

*Eighth Separate Defense*

Plaintiff's Complaint fails to state a claim against Tribune and the Daily News upon which relief can be granted. Tribune and the Daily News did not owe or breach any duty to Plaintiff.

*Ninth Separate Defense*

Any injuries Plaintiff sustained are a result of his own intentional acts, barring Plaintiff from recovery.

*Tenth Separate Defense*

If Tribune and the Daily News are found to have violated any law, Plaintiff cannot recover emotional distress damages because any such distress was caused by factors other than Tribune's and the Daily News' conduct.

*Eleventh Separate Defense*

If Tribune and the Daily News are found to have violated any law, any claim for punitive damages is barred because the alleged acts or omissions of Tribune and the Daily News fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless, or fraudulent intent to deny Plaintiff his legal rights, and are not so wanton or willful as to support an award of punitive damages.

WHEREFORE, Tribune and the Daily News prays that Plaintiff take nothing by this suit, that judgment be entered on behalf of Tribune and the Daily News, and any other such relief to which Tribune and the Daily News may be entitled.

| | |
|---|---|
| Date: November 2, 2020 | Respectfully submitted, |
| | /s/ *Richard Scharlat* |
| | Richard Scharlat<br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, NY 10173<br>(212) 547-5421 (phone)<br>(212) 547-5444 (fax)<br>rscharlat@mwe.com |
| | Joseph Mulherin, *pro hac vice forthcoming*<br>Brian Mead, *pro hac vice forthcoming*<br>McDermott Will & Emery LLP<br>444 W. Lake Street<br>Chicago, IL 60606<br>(312) 372-2000 (phone)<br>(312) 984-7700 (fax) |
| | ***Attorneys for Tribune Publishing Company, Inc. and New York Daily News*** |

## **CERTIFICATE OF SERVICE**

The undersigned does certify that on the 2nd day of November 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ *Richard Scharlat*

Dated: November 2, 2020