**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL D'AMBLY, | Case No. 2:20-cv-12880-JMV-JAD |
| Plaintiff, | |
| v. | Civil Action |
| CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAY GADDE; TWITTER, INC.; COHEN, WEISS AND SIMON LLP, | **Motion Date: December 21, 2020** |
| Defendants. | |

---

**REPLY MEMORANDUM OF LAW ON BEHALF OF DEFENDANT COHEN, WEISS AND SIMON LLP IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNT XIII OF PLAINTIFF'S COMPLAINT**

---

Michael J. Canning, Esq. (MJC3060)
**GIORDANO, HALLERAN & CIESLA**
A Professional Corporation
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701-6777
(732) 741-3900

Attorneys for Defendant Cohen,
Weiss and Simon LLP

MICHAEL J. CANNING, ESQ.
   Of Counsel and on the Brief

## TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................... ii

PRELIMINARY STATEMENT........................................... 1

LEGAL ARGUMENT.................................................. 3

    POINT I

        THE ISSUE OF RULE 11 SANCTIONS IS NOT PRESENTLY
        BEFORE THE COURT........................................... 3

    POINT II

        NO ATTORNEY CLIENT RELATIONSHIP EXISTED BETWEEN
        D'AMBLY AND CWS........................................... 4

POINT III

        PLAINTIFF'S ARGUMENT ON PREEMPTION HAS BEEN SQUARELY
        REJECTED BY CARINO......................................... 9

    POINT IV

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH
        PREJUDICE................................................. 11

CONCLUSION.................................................... 13

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

<u>Allis-Chalmers Group v. Lueck</u>, 471 U.S. 202 (1985)............. 9

<u>Aragon v. Pappy, Caplon, Vogel & Phillips</u>, 214 Cal. App.
3d 451 Cal. Rptr. 646 (1989) ......................... 10, 11

<u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238 (1962)........ 9

<u>Baxt v. Liloia</u>, 155 <u>N.J.</u> 190 (1998)........................... 7

<u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101 (7th
Cir. 1984) ................................................ 6

<u>Carino v. Stefan</u>, 376 F.3d 156 (3d Cir. 2004)............ passim

<u>Clements v. Sanofi-Aventis, U.S., Inc.</u>, 111 F.Supp. 3d
586 (D.N.J. 2015) ........................................ 6

<u>Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.</u>, 482
F.3d 247 (3d Cir. 2007) ............................... 11, 12

<u>In re Burlington Coat Factory Sec. Litigation</u>, 114 F.3d
1410 (3d Cir. 1997) ...................................... 5

<u>Lingle v. Norge Div. of Magic Chef</u>, 486 U.S. 399 (1988)........ 9

<u>Northeast Revenue Servs., LLC v. Maps Indeed, Inc.</u>, 685
Fed. Appx. at 102 ....................................... 12

<u>Pennsylvania ex.rel. Zimmerman v. Pepsico, Inc.</u>, 836 F.2d
173 (3d Cir. 1988) ....................................... 6

<u>Peterson v. Kennedy</u>, 771 F.2d 1244 (9th Cir. 1985) ............ 7

<u>Petrillo v. Bachenberg</u>, 139 <u>N.J.</u> 472 A.2d 1354 (1995).......... 9

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224 (3d Cir.
2008) ............................................... 12, 13

<u>Trans Penn Wax Corp. v. McCandless</u>, 40 F.3d 217 (3d Cir.
1995) .................................................... 9

## <u>Rules</u>

Fed.R.Civ. P. 11(c)(4)........................................ 3

## PRELIMINARY STATEMENT

The motion of Cohen, Weiss and Simon LLP ("*CWS*") to dismiss Plaintiff's Complaint is based upon the clear and unequivocal holding by the Third Circuit in Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004), and other courts of appeal which have addressed the issue, that an attorney hired by a union to perform services on behalf of a union member in connection with an arbitration hearing conducted as part of a grievance process is immune from suit for malpractice by that member.  Carino, 376 F.3d at 159.

Because the law on this issue is so well settled against him, Plaintiff does not attempt to distinguish any of the cases cited by CWS.   Indeed, Plaintiff fails to even cite any of the controlling precedential case law that is dispositive of the motion.

Instead, Plaintiff makes three untenable and legally unavailable arguments not relevant to the critical issue before the Court.  First, implicitly recognizing the lack of legal merit to his position and the likelihood of the Complaint being dismissed, Plaintiff argues that no sanctions should be awarded against his counsel.  However, the issue of Rule 11 sanctions is not before the Court on this motion but will rather be addressed at another day.

Second, Plaintiff argues that Rule 1.13 of the American Bar Association ("*A.B.A.*") Model Rules of Professional Conduct created an attorney client relationship between Plaintiff and Defendant. This argument is not supported by any case law, is directly contrary to the holding in <u>Carino</u>, and is contrary to New Jersey law holding that a violation of a Rule of Professional Conduct does not by itself create civil liability.  Moreover, this theory of liability is not pleaded anywhere in Plaintiff's Complaint.

Third, Plaintiff argues that his legal malpractice claim is not preempted by Section 301(b) of the Labor Management Relations Act ("*LMRA*").  However, in advancing this argument, Plaintiff again ignores <u>Carino</u> in which the Third Circuit rejected the identical argument, finding that the immunity granted to a union agent for actions undertaken as part of the collective bargaining process "is not one of preemption, but, rather one of applicable substantive law."  <u>Carino</u>, 376 F.3d at 161-162.  That applicable substantive law immunizes union attorneys from legal malpractice claims by union members such as alleged here by Plaintiff.

## LEGAL ARGUMENT

### POINT I

#### THE ISSUE OF RULE 11 SANCTIONS IS NOT PRESENTLY BEFORE THE COURT.

Legitimately concerned about sanctions being imposed against Plaintiff's counsel for violating Rule 11 by filing a Complaint against CWS that is patently frivolous and legally unsustainable, Plaintiff's lead argument in its opposition brief is that such sanctions should not be issued because Plaintiff had a good faith belief that precedential case law supported the Complaint.  See Plaintiff's opposition brief at p. 5.  However, the issue of Rule 11 sanctions is not before the Court on this motion.  Plaintiff makes an argument in response to Defendant's Memorandum of Law in support of its motion for sanctions, see Plaintiff's opposition brief at p. 6, but Defendant's Rule 11 motion, and its supporting Memorandum of Law, have not yet been filed with the Court.  Rather, the Rule 11 motion has been served upon Plaintiff, without being filed with the Court, in order to give Plaintiff the protection of the 21-day safe harbor period provided under Fed.R.Civ. P. 11(c)(4).

Plaintiff argues against sanctions "because there is substantial precedential case law from the United States Supreme Court and the Third Circuit that supports Plaintiff's argument that Defendant CWS does not have immunity in this dispute."  See

- 3 -

Plaintiff's opposition brief at p. 5.  However, the case law to which Plaintiff cites does not address the immunity provided to union attorneys for claims arising out of the grievance process. As discussed in Defendant's moving brief and below, the controlling precedent from the United States Supreme Court and the Third Circuit clearly establishes that CWS is immune from the claim of legal malpractice alleged against it.

**POINT II**

**NO ATTORNEY CLIENT RELATIONSHIP EXISTED BETWEEN D'AMBLY AND CWS.**

As CWS demonstrated in its opening brief, the Third Circuit in <u>Carino</u>, and every other court of appeals which has addressed the issue, have unequivocally held that a lawyer who represents a union in a grievance procedure is immune from legal malpractice liability to the constituent member on whose behalf the grievance was filed.  <u>See</u> pages 8-13 of Defendant's moving brief.  Plaintiff does not attempt to distinguish, question, challenge, or argue against the applicability of these cases.  Plaintiff fails to even cite to any of the cases, opposing the motion as if the cases do not exist.

In implicit recognition that the Complaint, as pleaded, fails to state a cause of action against CWS, Plaintiff makes a new allegation which is nowhere pleaded in the Complaint.  At pages 5-7 of his brief, Plaintiff argues that an attorney client

- 4 -

relationship was established between Plaintiff and Defendant because A.B.A. Model Rule of Professional Conduct, R. 1.13, requires an attorney to "explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing." Although unrelated to any allegation in the Complaint, Plaintiff argues that the Teamsters Union had a white supremacist animus which conflicted with Plaintiff's political views, and submits a certification from counsel with exhibits purporting to demonstrate this animus.[1] Plaintiff argues that "An attorney-client relationship existed between D'Ambly and CWS because despite being presented with overtly conflicted interests that required CWS to immediately recuse and advise D'Ambly to seek independent counsel, CWS chose to represent D'Ambly." See Plaintiff's opposition brief at p. 6.

These allegations fail for five independent reasons.

First, the allegations appear nowhere in the Complaint. There is no citation in the Complaint to A.B.A. Model Rule of Professional Conduct 1.13 or any other Rule of Professional Conduct. There is no allegation of any conflict between the Union

---

[1] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997).

and Plaintiff which mandated CWS' recusal from the grievance procedure.  The sole claim of legal malpractice asserted against CWS in Count XIII of the Complaint relates to its alleged negligence in the grievance procedure, including the alleged failure to perform the necessary research and investigation in the grievance process.  See ¶¶ 156-160 of the Complaint.  It is improper for Plaintiff to oppose the motion to dismiss, which is based solely on the allegations in Plaintiff's Complaint, by raising new allegations not pleaded in the Complaint.  "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." Pennsylvania ex.rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Id. citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). Likewise, "inadequate factual allegations in a complaint cannot be remedied by statements in the plaintiff's briefs." Clements v. Sanofi-Aventis, U.S., Inc., 111 F.Supp. 3d 586, 601 (D.N.J. 2015).

Second, Plaintiff fails to cite to any case law that supports the untenable position that CWS formed an attorney client relationship with Plaintiff.  This unsupported conclusory allegation is directly contradicted by the clear holding in Carino, and the other courts of appeal which have addressed the issue,

- 6 -

that an attorney does not enter into an attorney client relationship with the constituent member of the Union by representing the Union in the grievance process.  Citing to the Ninth Circuit's decision in <u>Peterson v. Kennedy</u>, 771 F.2d 1244 (9th Cir. 1985), the Third Circuit in <u>Carino</u> made it clear:

> If the union chooses to make use of an attorney, that attorney has not 'entered into an "attorney client" relationship in the ordinary sense with the particular union member who is asserting the underlying grievance', but merely 'assume[s] a function that often is performed by a union's business agents or representatives.'  <u>Id.</u>

[<u>Carino</u>, 376 F.3d at 161.]

Third, even if Plaintiff had alleged a violation of a Rule of Professional Conduct in the Complaint, the New Jersey Supreme Court has held that a violation does not, in and of itself, provide the basis for civil liability against an attorney.  <u>Baxt v. Liloia</u>, 155 <u>N.J.</u> 190 (1998).  In reaching this conclusion, the New Jersey Supreme Court noted that the A.B.A. Model Rules explicitly provide that, "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached."  <u>Id.</u> at 197-98 (quoting Model Rules of Professional Conduct, Scope (1992)).  As the court explained, "the New Jersey disciplinary system is designed to protect the public and the integrity of the profession", <u>id.</u>, and not to form the pretext for malpractice claims.

Fourth, the provision of the A.B.A. Model Rule of Professional Conduct upon which Plaintiff relies has not been adopted in New Jersey.  New Jersey Rule of Professional Conduct 1.13(a) provides, "A lawyer employed or retained to represent an organization represents the organization as distinct from its directors, officers, employees, members, shareholders or other constituents." This makes further clear that CWS represented the Teamsters Union, and not Plaintiff in the grievance process.  RPC 1.13(d) further provides, "In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer believes that such explanation is necessary to avoid misunderstanding on their part."  Here, even if Plaintiff had pleaded a violation of RPC 1.13, there was no violation of the Rule as Plaintiff was fully aware that it was the Union that filed the grievance on his behalf and the Union that retained CWS with regard to the grievance.  See ¶ 48 of Plaintiff's Complaint.  Plaintiff cannot pursue a claim that CWS was ethically required to recuse itself; Plaintiff has already conceded that CWS represented the Teamsters Union, not him, in the grievance process.  CWS had no conflict with its client, the Teamsters Union.

Finally, in Carino the Third Circuit rejected a similar argument finding that even if the union attorney could be

- 8 -

considered to owe a duty of care to the constituent member, this
does not circumvent the broad immunity under Section 301(b) of the
LMRA first announced by the United States Supreme Court in <u>Atkinson
v. Sinclair Refining Co.</u>, 370 U.S. 238 (1962).  The Third Circuit
stated:

> Lastly, Carino notes that under New Jersey law
> 'a lawyer's duty may run to third parties who
> foreseeably rely on the lawyer's opinion or
> other   legal   services.'     <u>Petrillo    v.
> Bachenberg</u>, 139 <u>N.J.</u> 472, 655 A.2d 1354, 1359-
> 60 (1995).  As a result, she argues that while
> Stefan  was  retained  by  the  Union,  he  still
> owed  a  duty  of  care  to  her.   While  this  may
> indeed  be  true,  this  does  not  alter  the  fact
> that  he  was  acting  on  behalf  of  the  Union.
> The  fact  that  he  may  also  have  owed  a  duty  to
> her  does  not  remove  the  <u>Atkinson</u>  bar.

[<u>Carino</u>, 376 F.3d at 162.]

## POINT III

### PLAINTIFF'S ARGUMENT ON PREEMPTION HAS BEEN SQUARELY REJECTED BY CARINO.

In  Point  III  of  his  brief,  Plaintiff  argues  that  Section
301(b) of the LMRA does not preempt his state law legal malpractice
claim because the legal malpractice claim does not depend upon the
meaning of a collective bargaining agreement.  Plaintiff cites to
the United States Supreme Court cases in <u>Lingle v. Norge Div. of
Magic Chef</u>, 486 U.S. 399 (1988) and <u>Allis-Chalmers Group v. Lueck</u>,
471 U.S. 202 (1985), and the Third Circuit decision in <u>Trans Penn
Wax Corp. v. McCandless</u>, 40 F.3d 217 (3d Cir. 1995), for the

- 9 -

proposition that Section 301(b) of the LMRA does not preempt his state court legal malpractice claim. <u>See</u> pages 7-8 of Plaintiff's opposition brief.

However, the identical argument was considered and squarely rejected in <u>Carino</u>, in which the Third Circuit found that "the issue is not one of preemption but, rather, one of substantive law." <u>Carino</u>, 376 F.3d at 162.  The Third Circuit stated:

> We note that Carino has advanced several arguments in an effort to avoid the *Atkinson* rule, but we find them unconvincing.  First, she contends that the LMRA does not completely preempt her state law claim, and that, as a result, § 301(b) cannot be a basis for barring her claim.  But the question of whether the preemptive power of § 301 of the LMRA is so complete as to transform her state law claim into a federal claim is distinct from the question of whether § 301(b) applies so as to bar her claim.  Any court considering her suit against the union attorneys, whether it be a federal court with federal question jurisdiction, a federal court sitting in diversity, or a state court, would be compelled, as a matter of substantive law, to conclude that § 301(b) bars her claim under *Atkinson*.

[<u>Id.</u> at 161-162.]

In <u>Carino</u> the court cited with approval to <u>Aragon v. Pappy, Caplon, Vogel & Phillips</u>, 214 Cal. App. 3d 451, 262 Cal. Rptr. 646 (1989).  Following the well-established substantive law on the issue, the California Court of Appeals concluded, "federal case law and policy considerations provide immunity under § 301 to

retained counsel functioning as union agents in the collective bargaining process." <u>Aragon</u>, 262 Cal. Rptr. at 654.  In reaching its conclusion, the court reiterated that the issue of preemption has no bearing on "whether the immunity set forth in § 301(b)…was available to the [attorneys] as a defense." <u>Id.</u> at 650.

The Third Circuit has soundly rejected the preemption argument raised by Plaintiff.  This matter is governed by the well-established substantive law stated in <u>Carino</u> and the other cited cases which immunize CWS from Plaintiff's legal malpractice claim.

<u>**POINT IV**</u>

<u>**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.**</u>

Despite the overwhelming precedent contrary to his position, Plaintiff opposes the motion to dismiss, arguing that he has adequately pleaded a viable cause of action.  Plaintiff does not seek to amend the Complaint.

In <u>Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.</u>, 482 F.3d 247 (3d Cir. 2007), the Third Circuit affirmed the district court's dismissal of plaintiff's complaint with prejudice.  As in this case, the defendant elected to oppose the motion to dismiss on the merits and did not seek leave to amend the complaint. Plaintiff argued that it should have been allowed to amend its complaint to correct any deficiency.  It argued it was reversible error for the district court not to offer this unrequested relief

*sua sponte*.   The Third Circuit rejected this argument stating, "Because Fletcher-Harlee never properly requested that the District Court allow it to amend its complaint, the court did not err in dismissing the case with prejudice, as it had no duty here even to consider allowing a right to amend." Id. at 253.   The Third Circuit limited the *sua sponte* amendment rule to the context of civil rights cases, recognizing that it had "implicitly rejected any argument that, outside of civil rights cases, district courts must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim." Id. at 251.   The court further found that the failure to submit a draft amended complaint, in order that the court could evaluate whether an amendment would be futile, was fatal to the request for leave to amend. Id.

In Northeast Revenue Servs., LLC v. Maps Indeed, Inc., the Third Circuit again affirmed the dismissal of a complaint with prejudice where the plaintiff opposed the motion on its merits and did not seek to amend the complaint.   The court recognized that its holding in Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008), that "a district court must permit a curative amendment unless such an amendment would be inequitable or futile", was limited to civil rights cases. Northeast Revenue Servs., 685 Fed. Appx. at 102.

- 12 -

As Plaintiff has elected to oppose the motion to dismiss on its merits, and has not sought leave to amend the Complaint, the dismissal should be with prejudice.  Even if Plaintiff did seek leave to amend the Complaint, under the Phillips standard such a request would have to be denied as it would be futile.  No proposed Amended Complaint can alter the overwhelming and un-contradicted controlling precedent which immunizes CWS from Plaintiff's legal malpractice claim.

**CONCLUSION**

For the reasons set forth herein, and in Defendant's moving brief, it is respectfully requested that Plaintiff's Complaint be dismissed with prejudice.

GIORDANO, HALLERAN & CIESLA, P.C.
Attorneys for Defendant Cohen,
Weiss and Simon LLP

By: _____
    MICHAEL J. CANNING, ESQ.

Dated:  December 9, 2020

Docs #4784632-v1