

**mwe.com**

Richard Scharlat
Attorney at Law
rscharlat@mwe.com
+1 212 547 5421

December 17, 2020

VIA ECF

The Honorable John M. Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building and United States Courthouse
Courtroom PO 03
50 Walnut Street
Newark, NJ 07102

Re:   *Daniel D'Ambly v. Christian Exoo et al.*; Civil Action No. 2:20-cv-12880-JMV-JAD
      Letter Request for Leave to File Motion for Summary Judgment

Your Honor,

This firm represents Defendants New York Daily News (the "Daily News") and Tribune Publishing Company, Inc. ("Tribune") in this matter. Pursuant to Your Honor's Chambers Rules, this letter seeks leave for the Daily News and Tribune to file a Joint Motion for Summary Judgment Dismissing Counts I and VII of Plaintiff Daniel D'Ambly's ("D'Ambly" or Plaintiff) Complaint. Submitted herewith is the Daily News' and Tribune's Joint Statement of Material Facts Not In Dispute.

In this lawsuit, D'Ambly, a former employee of the Daily News, claims that the Daily News and Tribune violated the New Jersey Law Against Discrimination by allegedly terminating him for his racially identifiable associations. (Dkt. 1 at ¶¶ 55-60.) He also claims that the Daily News and Tribune committed a tort by allegedly breaching a duty to warn him about threats against him. (Dkt. 1 at ¶¶ 93-100.)

Following his termination, and after a nearly nine month process that included arbitration of a grievance filed by his Union on his behalf contesting his termination, D'Ambly entered into a Separation Agreement and Mutual General Release, dated September 9, 2019 (the "Separation Agreement"), with the Daily News releasing the Daily News and Tribune from "any and all claims legally capable of being waived . . . whether known or unknown, pursuant to federal, state or local statute, regulation, ordinance, or common law, which You now or ever have based upon or arising from any fact or set of facts, . . . arising out of or relating in any way to Your employment with the Company . . . or any termination thereof."

The claims that D'Ambly advances in the Complaint against the Daily News and Tribune were already released when he entered into the Separation Agreement thirteen months ago. Accordingly, the plain language of the Settlement Agreement confirms that the Daily News and Tribune should be granted summary judgment dismissing D'Ambly's claims against them.



340 Madison Avenue   New York, NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Re:   *D'Ambly v. Exoo, et al.* – Leave to File Motion for Summary Judgment
December 17, 2020
Page 2

Releases such as D'Ambly's are valid and enforceable if they were made knowingly and voluntarily. *Cuchara v. Gai-Tronics Corp.*, 129 Fed. App'x 728, 730 (3d Cir. 2005). When deciding whether a release was made knowingly or voluntarily, courts in this Circuit consider the following factors:

> (1) the clarity and specificity of the release language; (2) plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

*Id.* at 405-06 (citing *Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 451 (3d Cir. 1998), *superseded by statute on other grounds*, *Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1539 (3d Cir. 1997)).

Here, all of the factors confirm that D'Ambly knowingly and voluntarily released his claims against the Daily News and Tribune in Counts I and VII of his Complaint.

- **Clarity and specificity of language.** D'Ambly's Separation Agreement uses clear and unambiguous language that an average person would understand. It waives "any and all claims" "whether known or unknown, pursuant to federal, state or local statute, regulation, ordinance, or common law" "arising out of or relating in any way" to his employment, the termination of that employment, or other associations with the Daily News and Tribune. *See, e.g.*, *Geraghty v. Ins. Servs. Office, Inc.*, 369 F. App'x 402, 406 (3d Cir. 2010) (affirming summary judgment; language releasing "any and all claims, known and unknown, asserted and unassisted" clearly and specifically covered the claims at issue).

- **Education and business experience.** D'Ambly had sufficient education and business experience to understand the terms of the release; he was an officer in his local union. *See, e.g.*, *Cobb v. George Weston Bakers Distribution, Inc.*, Civil No. 10-676 RMB/JS, 2012 WL 2344452, at *6 (D.N.J. June 19, 2012) (granting summary judgment; "Plaintiff, as a high school graduate who had attended some college and had previous business experience, had sufficient education and business experience to satisfy the 'minimum threshold' necessary for this factor")

- **Amount of time for deliberation.** By providing D'Ambly with twenty-one days to consider the Separation Agreement and an additional seven days to revoke his agreement if he changed his mind, the Daily News gave D'Ambly more than enough time for deliberation about the release before signing it. *Cuchara*, 129 Fed. App'x at 731 (affirming dismissal; "Cuchara was not rushed into signing the Release. He was given twenty-one days").



Re:   *D'Ambly v. Exoo, et al.* – Leave to File Motion for Summary Judgment
December 17, 2020
Page 3

- **Knowledge of Rights**. D'Ambly was, without a doubt, aware that he may have claims relating to his termination and arising from the events leading up to his termination. Shortly after his employment concluded, the Union brought a grievance on his behalf contesting his termination and D'Ambly, the Daily News, and the parties arbitrated that grievance for months. *See, e.g.*, *Cobb*, 2012 WL 2344452, at *6 (plaintiff aware of rights where he had already filed a complaint with the New Jersey Division of Civil Rights before entering into agreement).

- **Encouragement to seek counsel.** Just before D'Ambly's signature, he acknowledged that "[t]he Company hereby advises you to consult with an attorney before signing this Agreement" and that he either obtained independent legal advice from an attorney of his choice or "knowingly or voluntarily chosen not to do so." *See, e.g.*, *Recchia v. Kellog Co.*, 951 F. Supp. 2d 676, 689 (D.N.J. 2013) (granting summary judgment; "[t]he more important consideration is whether consultation with a lawyer was encouraged [] rather than whether the plaintiff in fact received the benefit of counsel. Courts consistently find it normally suffices for the employer to suggest that the employee may wish to consult an attorney").

- **Opportunity for negotiation.** The Separation Agreement was the product of negotiations between D'Ambly, the Daily News, and the Union that occurred following the filing of an arbitration demand related to D'Ambly's termination. D'Ambly "not only had the opportunity to negotiate the terms of the [Separation Agreement] but took advantage of it." *Doughtry v. TEVA Pharmaceuticals*, No. 05-CV-2336, 2008 WL 508011, at *7 (E.D. Pa. Feb. 20, 2008) (granting summary judgment).

- **Consideration**. In exchange for D'Ambly's release, the Daily News paid him a lump sum of $70,000. This sum—equivalent to year's pay that he would have not otherwise received—is more than adequate consideration. *See, e.g.*, *Sauter v. Fed. Home Loan Bank of N.Y.*, Civ. No. 08-899 (WHW), 2009 WL 2424689, at *5 (D.N.J. Aug. 5, 2009) (granting summary judgment; four weeks of severance was adequate severance because the plaintiff was otherwise entitled to nothing).

A motion for summary judgment is the appropriate procedural device for enforcing the Separation Agreement here. *See, e.g.*, *Garofola v. Vela Research USA, Inc.*, No. 14-2505, 2015 WL 3866238, at *1 (D.N.J. June 19, 2015) (converting a motion to dismiss to a motion for summary judgment because determining whether the release agreement was made knowingly and voluntarily involved matters outside of the complaint, documents attached to or referenced therein, or in the public record). Accordingly, the Daily News and Tribune seek leave to file a Joint Motion for Summary Judgment of Counts I and VII of D'Ambly's Complaint.

Respectfully submitted,

s/ Richard I. Scharlat
Richard I. Scharlat

