UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL D'AMBLY

                Plaintiff,

        v.

CHRISTIAN EXOO a/k/a ANITFASH GORDON; ST.
LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING
COMPANY; NEW YORK DAILY NEWS; VIJAYA
GADDE; TWITTER, INC., COHEN, WEISS AND SIMON,
LLP;

                Defendants.

Civil Action No.

2:20-cv-12880-JMV-JAD

Hon. John M. Vazquez,
U.S.D.J.

Oral Argument Requested

Motion Date: July 6, 2021

**BRIEF IN SUPPORT OF DEFENDANT
ST. LAWRENCE UNIVERSITY'S MOTION TO DISMISS**

BOND, SCHOENECK & KING, PLLC
Monica C. Barrett, Esq.
Adam P. Mastroleo, Esq. (*pro hac vice*)
600 Third Avenue
22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:    (646) 253-2383
Email: mbarrett@bsk.com
       amastroleo@bsk.com

*Attorneys for Defendant
St. Lawrence University*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND .......................................................................................... 3

    A. The University ............................................................................................... 3

    B. The Complaint's limited allegations regarding the University ......................... 3

ARGUMENT................................................................................................................. 5

POINT I

PLAINTIFFS FAILED TO SUFFICIENTLY PLEAD A FEDERAL RICO CLAIM ......... 5

    A. The Complaint fails to state a claim for racketeering against the
    University ........................................................................................................ 6

        i. Plaintiffs have not sufficiently alleged the existence of, or the University's
        participation in, a RICO Enterprise ........................................................... 6

        ii. Plaintiffs failed to adequately allege a pattern of racketeering activity ....... 9

    B. The Complaint fails to state a claim for RICO Conspiracy against the
    University ........................................................................................................ 9

POINT II

D'AMBLY'S CLAIMS UNDER THE NEW JERSEY RICO STATUTE SHOULD
BE DISMISSED ........................................................................................................ 11

    A. Plaintiffs failed to adequately allege a violation of the New Jersey
    RICO statute ................................................................................................. 12

        i. Plaintiffs failed to adequately allege the existence of a RICO enterprise . 12

        ii. Plaintiff failed to allege the University's association with the enterprise... 14

        iii. Plaintiffs failed to allege the University's knowing or intentional
        participation in the enterprise.................................................................. 15

        iv. Plaintiffs failed to allege predicate acts required to establish a N.J. RICO
        claim ..................................................................................................... 16

POINT III

PLAINTIFFS FAILED TO ESTABLISH PERSONAL JURISDICTION OVER
THE UNIVERSITY ................................................................................................... 17

A.   New Jersey does not have general jurisdiction over the University.............. 18

B.   New Jersey does not have specific jurisdiction over the University.............. 20

C.   Jurisdiction over the University is not appropriate under the Federal
     RICO statute ................................................................................... 21

CONCLUSION ............................................................................................ 23

12405076.2 4/22/2021

3626872.1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Absolute Power Sys. v. Cummins, Inc.*,
  2016 U.S. Dist. LEXIS 162458 (D.N.J. Nov. 23, 2016) ...............................7

*Alpha Cepheus, LLC v. Chinh Chu*,
  2019 U.S. Dist. LEXIS 221034 (D.N.J. Dec. 20, 2019) ..........................6, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................5

*Blessing v. Chandrasekhar*,
  2020 U.S. Dist. LEXIS 111115 (E.D. Ky. June 25, 2020) ........................ 22

*Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*,
  87 F. App'x 227 (3d Cir. 2003) ....................................................................9

*Collins v. James W. Turner Constr., Ltd.*,
  2017 WL 210236 (D.N.J. Jan. 18, 2017) ................................................... 17

*Darrick Enters. v. Mitsubishi Motors Corp.*,
  2007 U.S. Dist. LEXIS 4045 (D.N.J. Jan. 19, 2007) ................................. 20

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. Apr. 25, 2016) ............................................. 18

*Eastern Concrete Materials, Inc. v. Jamer Materials Ltd.*,
  2019 U.S. Dist. LEXIS 214543 (D.N.J. Oct. 25, 2019) ............................ 17

*Edwards v. Schwartz*,
  378 F. Supp.3d 468 (W.D. Va. 2019) ....................................................... 22

*Gallant v. Trustees of Columbia Univ.*,
  111 F. Supp. 2d 638 (E.D. Pa. 2000) ........................................................ 18

*Gehling v. St. George's School of Medicine, Ltd.*,
  773 F.2d 539 (3d Cir. 1985) ...................................................................... 18

*Horowitz v. Marlton Oncology, P.C.*,
  116 F. Supp. 2d 551 (D.N.J. 1999) ..................................................... 12, 16

3626872.1

*In re Ins. Brokerage Antitrust Litig.*,
    2007 U.S. Dist. LEXIS 25632 (D.N.J. Apr. 5, 2007)..........................................6, 7, 8

*In re Ins. Brokerage Antitrust Litig.*,
    618 F.3d 300 (3d Cir. 2010)......................................................................................6

*Knit With v. Knitting Fever, Inc.*,
    2010 U.S. Dist. LEXIS 127653..........................................................................10, 11

*Leeder v. Feinstein*,
    2019 U.S. Dist. LEXIS 108810 (D.N.J. June 29, 2019)...........................5, 7, 11, 21

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)...................................................................................19

*McCullough v. Zimmer, Inc.*,
    382 Fed. App'x 225 (3d Cir. 2010).........................................................................7

*Ottilio v. Valley Nat'l Bancorp*,
    2019 N.J. Super. Unpub. LEXIS 756 (N.J. Super. Ct. App. Div. Apr. 3, 2019)..14, 15, 16

*Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*,
    2017 WL 2778825 (D. Md. June 26, 2017)...........................................................22

*Pop Test Cortisol, LLC v. Univ. of Chicago*,
    2015 U.S. Dist. LEXIS 79565 (D.N.J. June 18, 2015)...........................17, 18, 20, 21

*Prudential Ins. Co. of Am. v. Bank of Am.*,
    14 F. Supp. 3d 591 (D.N.J. 2014)..........................................................................14

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993).................................................................................................8

*Robinson v. Section 23 Prop. Owner's Ass'n*,
    2018 WL 6630513 (D.N.J. Dec. 18, 2018).......................................................16, 17

*Salinas v. United States*,
    522 U.S. 52 (1997)...................................................................................................9

*Shearin v. E.F. Hutton Group, Inc.*,
    885 F.2d 1162 (3d Cir. 1989).............................................................................9, 10

*State v. Ball*,
    141 N.J. 142 (N.J. 1995)..............................................................................13, 14, 15

*U.S. v. Parise*,
    159 F.3d 790 (3d Cir. 1998)....................................................................................8

iv

*United States v. Bergrin*,
  650 F.3d 257 (3d Cir. 2011) ................................................................. 12

*Vangheluwe v. Got News, LLC*,
  365 F.Supp.3d 850 (E.D. Mich. 2019) .................................................. 22

*Watiti v. Walden Univ.*,
  2008 U.S. Dist. LEXIS 43217 (D.N.J. May 30, 2008) ................................. 17, 18, 19

*Zavala v. Wal-Mart Stores, Inc.*,
  393 F. Supp. 2d 295 (D.N.J. 2005) ....................................................... 11

**Statutes**

18 U.S.C. 1962(d) ................................................................................. 10

18 U.S.C. § 1962(c) .......................................................................... 5, 6, 8

18 U.S.C. § 1962(d) ......................................................................... 5, 9, 11

18 U.S.C. § 1965(a) .............................................................................. 20

18 U.S.C. § 1965(b) .............................................................................. 20

N.J. STAT. ANN. § 2C:41-2c .................................................................. 14

N.J. STAT. ANN. § 2C:41-1(c) ............................................................... 13

N.J. STAT. ANN. § 2C:41-1(h) ............................................................... 14

## PRELIMINARY STATEMENT

Defendant St. Lawrence University (the "University") submits this brief in support of its motion to dismiss the Complaint filed by plaintiffs Daniel D'Ambly, Aaron Wolkind, Steven Hartley, Richard Schwetz, Jobel Barbosa, Matthew Redinger, John Hugo, Sean-Michal David Scott, Thomas Louden, Zachary Rehl, Amanda Rehl, K.R. a minor by and through her father Zachary Rehl and her mother Amanda Rehl, and Mark Anthony Tucci ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Plaintiffs allege in their Amended Complaint (the "Complaint") that defendant Christian Exoo ("Mr. Exoo") "doxed"[1] them by publicly disclosing that they were engaged in white supremacist activities.  Plaintiffs also allege that unnamed "associates" of Mr. Exoo contacted and harassed their families and employers in an attempt to expose their racist and homophobic activities. Plaintiffs allege that they were injured by these activities.

In a baseless attempt to involve the University in this lawsuit, Plaintiffs allege that the University violated the New Jersey Racketeer Influenced and Corrupt Organizations Act ("N.J. RICO") and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") by participating as an "associate" of Mr. Exoo in his "Exoo Enterprise."  However, Plaintiffs do not allege that the University doxed anyone, contacted any employers or families, or engaged in any of the conduct described in the Complaint.  Rather, Plaintiff alleges that the University was involved in the Exoo Enterprise simply because it is Mr. Exoo's employer.  As discussed in detail below, this claim is unfounded and the Complaint should be dismissed in its entirety against the University, for two reasons.

---

[1] Plaintiffs define "doxing" as publicly disclosing an individual's personally identifying information for the purpose of causing harm to that person.

First, the Complaint should be dismissed because Plaintiffs fail to state a plausible claim for relief under New Jersey or federal RICO laws.  In fact, Plaintiffs fail to plead several of the core elements required to state a substantive RICO violation, including the existence of an enterprise as defined by state or federal law, the University's participation or involvement in any such enterprise, or any agreement made by the University to violate RICO.

Second, even if Plaintiffs had adequately pled federal or New Jersey RICO claims, this Court does not have personal jurisdiction over the University because it is a private, liberal arts college located in northern New York that does not have the minimum contacts necessary to warrant jurisdiction in New Jersey.  The University does not own, lease or use real property in New Jersey, transact business in New Jersey, or have any employees within the State.  The University's only connection to this case is that it is Mr. Exoo's employer.  This fact, without more, is not sufficient to establish personal jurisdiction.

In addition, Plaintiffs cannot obtain jurisdiction over the University through the federal RICO statute, which permits jurisdiction over all participants in a RICO conspiracy where jurisdiction can be established as to at least one participant in the conspiracy. Here, the Complaint fails to allege any factual basis for general or specific jurisdiction against the alleged members of the RICO enterprise, including the University, Mr. Exoo, Twitter, Inc. ("Twitter"), or Vijaya Gadde ("Ms. Gadde").

The Complaint should therefore be dismissed in its entirety, with prejudice, as against the University.

## FACTUAL BACKGROUND[2]

### A.      The University

St. Lawrence University is a small, private liberal arts college located in northern

New York.  Declaration of William L. Fox, sworn to on October 27, 2020 ("Fox Dec."), at

¶ 3.  The University does not have an office in New Jersey for the transaction of business

and does not own, use or possess any real property within the State.  *Id*. at ¶ 4.  The

University does not pay taxes to any New Jersey governmental entity and does not have

any registered agents or bank accounts in the State.  *Id.* at ¶ 5.  The University also does

not transaction business in New Jersey and is not authorized to do business within the

State.  *Id*. at ¶ 6.  Moreover, the University does not have any employees in New Jersey.

*Id*. at ¶ 7.  Indeed, the University does not have any contacts within New Jersey that would

warrant personal jurisdiction in the State.

### B.      The Complaint's limited allegations regarding the University

In the Complaint, Plaintiffs allege that Mr. Exoo used his well-known Twitter

account, @AntiFashGordon, to "dox" and expose them as white supremacists.  Complaint

at ¶¶ 27 – 37.  The Complaint alleges that Mr. Exoo directs a criminal enterprise known

as the "Exoo Enterprise" consisting of the University, Vijaya Gadde, Twitter, and

unidentified associates.  Complaint at ¶ 22.

Mr. Exoo allegedly directs associates in the Exoo Enterprise to conduct patterns

of racketeering activities, including learning the identity of certain white supremacist

targets, and extorting employment terminations and school expulsions.  According to the

---

[2] Because this is a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(2), (6), the allegations in the Complaint must be accepted as true.  Thus, any recitation of the facts included herewith is intended only to reflect the allegations in the Complaint and not to reflect any admission by the University as to the truth thereof.

3

Complaint, the Exoo Enterprise uses a strategy called "dogpiling" whereby members contact their targets' employers with phone calls and emails. Exoo Enterprise members also allegedly contact and threaten their targets' employers' customers to shame them for continuing to do business with the targets' employers. Complaint at ¶¶ 32 – 37.

Importantly, the Complaint does not (and cannot) allege that the University participates in any way in these activities. Rather, Plaintiffs' claims against the University stem solely from its employment of Mr. Exoo. Complaint at ¶¶ 196 – 197. The Complaint generally alleges that the University, along with Ms. Gadde and Twitter, are part of the "Exoo Enterprise," which was directed by Mr. Exoo. Complaint at ¶ 196. The only specific allegations related to the University are found in paragraphs 196 and 197 of the Complaint, which allege, upon information and belief, that:

- Mr. Exoo's activities are well known to St. Lawrence faculty and administrators;

- The University allows Mr. Exoo to direct the Exoo Enterprise from University property using University time and equipment; and

- The University allows Mr. Exoo to recruit students to join the Exoo Enterprise.

Complaint at ¶¶ 196 – 197.

On or about March 25, 2021, Plaintiffs filed their Amended Complaint in the United States District Court for the District of New Jersey. The Complaint alleges three causes of action (Counts VIII, IX and X) against the University for substantive and conspiratorial violations of New Jersey and federal RICO statutes.

**ARGUMENT**

To survive a Rule 12(b)(6) motion to dismiss, a Complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In other words, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In addressing the sufficiency of a complaint, courts are required to accept the well-pleaded factual allegations contained within the complaint as true.  *Leeder v. Feinstein*, 2019 U.S. Dist. LEXIS 108810, at *12 (D.N.J. June 29, 2019) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008)).  "However, the plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "A court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Leeder*, 2019 U.S. Dist. LEXIS 108810, at *12 (quoting *Papasan*, 478 U.S. at 286).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

**POINT I**

**PLAINTIFFS FAILED TO SUFFICIENTLY PLEAD A FEDERAL RICO CLAIM**

Plaintiffs assert two federal RICO claims against the University: (1) Federal RICO Racketeering (18 U.S.C. § 1962(c)); and (2) Federal RICO Conspiracy (18 U.S.C. §

1962(d)).  As discussed below, Plaintiffs failed to adequately plead either of these claims and they should be dismissed in their entirety against the University.

### A.   The Complaint fails to state a claim for racketeering against the University

"To state a claim under Section 1962(c), a plaintiff 'must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Alpha Cepheus, LLC v. Chinh Chu*, 2019 U.S. Dist. LEXIS 221034, at *24 (D.N.J. Dec. 20, 2019) (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010)).

Here, the Complaint fails to include several of these essential elements. Specifically, Plaintiffs have failed to: allege facts sufficient to establish the existence of a RICO enterprise; demonstrate the University's intentional or knowing participation in or relationship with any such enterprise; or establish a pattern of racketeering activity.

#### i.    Plaintiffs have not sufficiently alleged the existence of, or the University's participation in, a RICO Enterprise

To satisfy the "enterprise" element of a RICO claim, a plaintiff must plead facts "plausibly implying the existence of an enterprise with . . . a shared 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d at 369-370 (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)).

A plaintiff cannot satisfy RICO's "enterprise" requirement by simply making conclusory statements and vague allegations that the defendants "associated together," or "consensually agreed to commit racketeering activities." *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 25632, at *77 (D.N.J. Apr. 5, 2007) (internal quotations and citations omitted).  Rather, "pleadings setting forth the enterprise structure must be factually descriptive and cannot be simple restatements of the general guidance given by

the courts."  *Id.* at 76-77; *see also Leeder*, 2019 U.S. Dist. LEXIS 108810, at *22-23 (holding plaintiff "fail[ed] to allege the existence of a RICO enterprise" given "bald, conclusory allegations" and an absence of allegations relating to the structure of the enterprise); *Absolute Power Sys. v. Cummins, Inc*., 2016 U.S. Dist. LEXIS 162458, at *21 (D.N.J. Nov. 23, 2016) (dismissing New Jersey and federal RICO claims where "there are no allegations regarding how each named Defendant conducted the affairs of any such enterprise, or how they functioned as a unit.").

Here, the Complaint simply alleges in conclusory fashion that the University is part of the "Exoo Enterprise."  Complaint at ¶¶ 22, 190.  It offers no detail regarding the structure of the Exoo Enterprise except to state that the University, together with Twitter and others were a part of it. The Complaint fails to articulate how Twitter, Ms. Gadde, and the University have any relationship, or work together to accomplish the Enterprise's goals.

It is well established that "[s]imply listing a string of individuals or entities that engaged in illegal conduct, without more, is insufficient to allege the existence of a RICO enterprise."  *McCullough v. Zimmer, Inc*., 382 Fed. App'x 225, 232 (3d Cir. 2010) (affirming the district court's dismissal of plaintiff's RICO claims for failure to allege the existence of an enterprise where nothing in the complaint plausibly suggested that the defendants were "combined as a unit with any semblance of an organizational framework or common purpose") (citations omitted).  Because the Complaint merely lists the members of the so-called Exoo Enterprise without offering anything more with respect to its structure or organization, Plaintiffs have failed to adequately allege the existence of an enterprise.

In addition, even if Plaintiffs had pled facts to establish the Exoo Enterprise's structure (which they did not), the Complaint fails to allege how the University participated in that enterprise. Indeed, to plead a violation of § 1962(c), Plaintiffs must allege facts which demonstrate the University's participation in a RICO enterprise. RICO liability under § 1962(c) is limited "to those instances where there is 'a nexus between the [defendant] and the conduct in the affairs of an enterprise.'" *In re Ins. Brokerage Antitrust Litig*., 2007 U.S. Dist. LEXIS 25632, at *82 (quoting *U.S. v. Parise*, 159 F.3d 790, 796 (3d Cir. 1998)). A defendant must have some part in directing the affairs of the enterprise to have participated in it. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *Parise*, 159 F.3d at 796. RICO liability may attach to those who "*knowingly* further the illegal aims of the enterprise by carrying out the directives of those in control." *Parise*, 159 F.3d at 796 (emphasis added).

The Complaint also fails to assert any facts indicating the presence of a nexus between the University and the alleged racketeering activity, which is required to sustain a racketeering claim. Plaintiffs' silence on these issues is telling. Plaintiffs clearly have no facts to support their claim against the University, because the University has not participated, in any way, in a criminal enterprise. *See In re Ins. Brokerage Antitrust Litig*., 2007 U.S. Dist. LEXIS 25632, at *100 (granting defendant's motion to dismiss based on plaintiff's failure to assert facts indicating a nexus between defendants and racketeering activity).

ii.    **Plaintiffs failed to adequately allege a pattern of racketeering activity**

Even if Plaintiffs had adequately pled the existence of an enterprise or the University's participation in it, their RICO racketeering claim is still subject to dismissal because they have not alleged a pattern of racketeering activity.

"A 'pattern of racketeering activity' means at least two predicate acts that 'are related and that amount to or pose a threat of continued criminal activity.'" *Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc*., 87 F. App'x 227, 231 (3d Cir. 2003) (quoting *H.J. Inc., v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 239 (1989)); *see also Alpha Cepheus*, 2019 U.S. Dist. LEXIS 221034, at *24 (quoting *H.J., Inc*., 492 U.S. at 239).

Plaintiffs failed to plausibly allege *any* predicate acts. The University joins those portions of the motion to dismiss brought by defendant Christian Exoo arguing that Plaintiffs failed to allege requisite predicate acts under the federal RICO statute. *See* Dkt. 41-1, Exoo Memo of Law, pp. 17 - 19.

**B.    The Complaint fails to state a claim for RICO Conspiracy against the University**

Plaintiffs have similarly failed to plead a RICO conspiracy pursuant to 18 U.S.C. § 1962(d).  To state a RICO conspiracy under the federal statute, Plaintiffs must allege facts which demonstrate each defendant's (1) knowledge of the corrupt enterprise's activities and (2) its agreement to facilitate those activities.  *Salinas v. United States*, 522 U.S. 52, 65-66 (1997).

In order to survive a motion to dismiss, "a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  *Shearin v. E.F. Hutton Group*,

*Inc*., 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds*.  A plaintiff must also allege specific facts which support an inference that the defendant *knowingly* agreed to participate in the affairs of the conspiracy, and "that the acts were part of a pattern of racketeering activity."  *Id*. at 1166-67.  "[T]he supportive factual allegations 'must be sufficient to describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'"  *Knit With v. Knitting Fever, Inc*., 2010 U.S. Dist. LEXIS 127653, at *12-13 (quoting *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)), aff'd 625 Fed. App'x 27 (3d Cir. 2015).  "It is not enough for a complaint to simply make conclusory allegations of concerted action but be devoid of facts actually reflecting joint action."  *Knit With*, 2010 U.S. Dist. LEXIS 127653, at *13 (internal quotations and citations omitted) (collecting cases).  "Bare allegations of conspiracy described in general terms" should be dismissed.  *Id.* at *13 (quoting *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, 2008 U.S. Dist. LEXIS 98530, at *7 (W.D. Pa. Dec. 5, 2008)).

Here, the Complaint does not even contain so much as a conclusory allegation that the University entered into an agreement to commit a RICO violation, much less the specific facts necessary to show knowing participation in such a conspiracy.  The most Plaintiffs could muster is the statement that: "The nature of the above-described acts of Defendants and co-conspirators acts in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. 1962(d) violation, but they were aware that their ongoing extortionate acts have been, and are a part of an overall pattern of racketeering activity demonstrated through related and continuous acts."  Complaint at ¶ 217.  Despite Plaintiffs' verbosity, this allegation is totally devoid of

any substance.  Whatever this allegation may be, it is manifestly *not* an allegation that the University knowingly agreed to conspire to commit a pattern of racketeering activity, nor does it provide any facts to support this conclusion.

The Complaint's generic allegation that the Defendants' conduct collectively gives rise to an inference of an agreement to commit racketeering activity is patently insufficient. The Complaint fails to make the necessary allegation that the University specifically agreed to further the affairs of the Exoo Enterprise.  Plaintiffs' inability to allege the existence of any such agreement on the part of the University is fatal to his conspiracy claim under § 1962(d). *See Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 317 (D.N.J. 2005) (dismissing RICO conspiracy claims where plaintiffs failed to allege, "other than in conclusory fashion, adequate facts for this Court to reasonably infer that Wal-Mart agreed with co-conspirators to the commission, by co-conspirators and others, of RICO predicate acts, in furtherance of an unlawful enterprise"); *see also Knit With*, 625 F. App'x at 35, 37 (affirming dismissal of RICO claims for plaintiff's failure to include any specific allegation that [defendant] intended to facilitate a conspiracy or operate a RICO enterprise).

Plaintiffs' federal RICO claims should therefore be dismissed in their entirety.

## POINT II

### D'AMBLY'S CLAIMS UNDER THE NEW JERSEY
### RICO STATUTE SHOULD BE DISMISSED

Where a plaintiff's federal RICO claim "alleges insufficient facts to support a claim of racketeering, so too must the New Jersey state RICO claim fail."  *Leeder*, 2019 U.S. Dist. LEXIS 108810, at *24.  Because Plaintiffs' federal RICO claims are insufficiently

pled, and therefore, fail as a matter of law, so too must D'Ambly's New Jersey RICO claims fail.

**A.** **D'Ambly failed to adequately allege a violation of the New Jersey RICO statute**

The Complaint fails to specify which provision(s) of the N.J. RICO statute the University allegedly violated. To the extent D'Ambly is asserting a cause of action under § 2C:41-2(c), the provision comparable to Plaintiffs' federal RICO claim in Count IX of the Complaint, D'Ambly must demonstrate: "(1) the existence of an enterprise affecting trade or commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that defendant participated through a pattern of racketeering activity that must include the allegation of at least two predicate acts." *Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp. 2d 551, 554 (D.N.J. 1999); *see also United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011).

As with Plaintiffs' federal RICO claims, D'Ambly's N.J. RICO claim should be dismissed because the Complaint fails to state a claim for which relief can be granted. Count VIII of the Complaint merely alleges that the University is a member of the "Exoo Enterprise," which engaged in a pattern of racketeering activities intended to cause harm. The Complaint fails to adequately plead the existence of an enterprise, the University's involvement in or association with any such enterprise, or its knowing or purposeful participation in the enterprise.

**i.** **D'Ambly failed to adequately allege the existence of a RICO enterprise**

Under New Jersey's RICO statute, an enterprise is defined as "any individual, sole proprietorship, partnership, corporation, business or charitable trust, association, or other

legal entity, any union or group of individuals associated in fact although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities." N.J. STAT. ANN. § 2C:41-1(c).  The New Jersey Supreme Court has held that an enterprise need not have an ascertainable structure, but it "must have an organization."  *State v. Ball*, 141 N.J. 142, 162 (N.J. 1995); *see also Barry v. Santander Bank, N.A.*, 541 B.R. 219, 239 (Bankr. D. Del. 2015).  At the pleading stage, "a plaintiff must come forth with specific facts demonstrating the existence of an organization."  *Barry*, 541 B.R. at 239. Courts focus on:

> the number of people involved and their knowledge of the objectives of their association, how the participants associated with each other, whether the participants each performed discrete roles in carrying out the scheme, the level of planning involved, how decisions were made, the coordination involved in implementing decisions, and how frequently the group engaged in incidents or committed acts of racketeering activity, and the length of time between them.

*Ball*, 141 N.J. at 162-63.

To adequately plead the enterprise element of a civil N.J. RICO claim, a plaintiff must identify members of a group *and* plead the "kinds of interactions that become necessary when a group, to accomplish its goal, divides among its members the tasks that are necessary to achieve a common purpose" and the division of labor among the separation of functions undertaken by the participants.  *Ball*, 141 N.J. at 162.  Though New Jersey takes a liberal approach and uses a broad definition of the term enterprise, a plaintiff must minimally detail specific facts that describe the members' common objectives, division of labor, and steps taken in furtherance of the common scheme. *Barry*, 541 B.R. at 240.

The Complaint describes the Exoo Enterprise's common objective as doxing fascists and white supremacists; however, it does not detail the division of labor among Exoo Enterprise members, members' knowledge, or their performance of different roles in furtherance of the Enterprise's objectives.  Therefore, the pleading is inadequate and fails to establish the existence of a RICO enterprise as defined by New Jersey law. *Prudential Ins. Co. of Am. v. Bank of Am*., 14 F. Supp. 3d 591, 616 (D.N.J. 2014) (dismissing New Jersey RICO claims based on plaintiffs' failure to validly plead the existence of a RICO enterprise); *Ottilio v. Valley Nat'l Bancorp*, 2019 N.J. Super. Unpub. LEXIS 756, at *13 (N.J. Super. Ct. App. Div. Apr. 3, 2019) (dismissing plaintiffs' state RICO claims because the "amended complaint does not allege sufficient facts establishing an 'enterprise' as defined in *Ball*").

### ii.   D'Ambly failed to allege the University's association with the enterprise

D'Ambly also failed to plead how the "defendant associated itself with the enterprise in some form."  *Barry*, 541 B.R. at 237 (citing *Ball*, 141 N.J. at 162); *see* N.J. STAT. ANN. § 2C:41-1(h).   The New Jersey Supreme Court has held "that under *N.J.S.A.* 2C:41-2c, a person is employed by or associated with an enterprise if he or she has a position or a functional connection with the enterprise that enables him or her to engage or participate directly or indirectly in the affairs of the enterprise."  *Ball*, 141 N.J. at 175 (quotations omitted).

Plaintiffs offer no specifics as to the University's involvement with the Exoo Enterprise.  The Complaint paints a picture in which Defendant Exoo and several of his unnamed Twitter followers engaged in all of the doxing activity at issue.  The University is not so much as mentioned in any of Plaintiffs' characterizations about the doxing

activity.  The Complaint fails to connect the University to a single instance of doxing activity.  The doxing tweets at issue were purportedly made by Defendant Exoo and his individual "followers," none of whom are alleged to have any connection with the University.

Plaintiffs' attempt to involve the University through allegations that it was an Exoo Enterprise member and allowed Defendant Exoo to direct the Enterprise from University property, using University equipment and information technology is entirely baseless. The Complaint does not contain any factual support for these allegations and instead relies entirely on conclusory statements.  D'Ambly's N.J. RICO claim should be dismissed on this basis as well.

### iii.   D'Ambly failed to allege the University's knowing or intentional participation in the enterprise

New Jersey courts have held that in order to adequately plead a civil RICO claim, the defendant must have "*purposefully and knowingly*" participated in the affairs of the enterprise.  *Ball*, 141 N.J. at 175 (emphasis added); *see also Ottilio*, 2019 N.J. Super. Unpub. LEXIS 756, at *13.  The New Jersey Supreme Court has explained:

> [T]o conduct or participate in the affairs of an enterprise means to act purposefully and knowingly in the affairs of the enterprise in the sense of engaging in activities that seek to further, assist or help effectuate the goals of the enterprise. . . . Participatory conduct or activities also may be found in acts that are below the managerial or supervisory level, and do not exert control or direction over the affairs of the enterprise, *as long as* the actor, directly or indirectly, knowingly seeks to carry out, assist, or further the operations of the enterprise or otherwise seeks to implement or execute managerial or supervisory decisions.

*Ball*, 141 N.J. at 175 (emphasis added).  Where a defendant's participation in an enterprise is accidental, unknowing, or incidental, it has not sufficiently participated in the enterprise for the purposes of establishing liability under N.J. RICO.

Even assuming *arguendo* that the University had any involvement in the Exoo Enterprise (it did not), it was entirely accidental, unknowing or incidental.  As set forth above, the Complaint generically states that the University allowed Defendant Exoo to use University property to direct and advance his doxing agenda.  However, that allegation alone does not demonstrate the University's knowing or intentional participation in Defendant Exoo's doxing activities or those of any other individual.  Such an attenuated relationship with an alleged enterprise cannot constitute the basis for RICO liability, and Plaintiffs' N.J. RICO claims should be dismissed.  *See Ottilio*, 2019 N.J. Super. Unpub. LEXIS 756, at \*12 (affirming dismissal of N.J. RICO claims because the "allegations [were] insufficient to prove both that defendants acted knowingly and purposely in the affairs of the enterprise").

### iv.    D'Ambly failed to allege predicate acts required to establish a N.J. RICO claim

To adequately plead a N.J. RICO claim, a plaintiff must plausibly allege that the "defendant participated through a pattern of racketeering activity that must include the allegation of at least two predicate acts." *See Horowitz*, 116 F. Supp. 2d at 554.  The University joins those portions of the motion to dismiss brought by defendant Christian Exoo arguing that D'Ambly failed to allege requisite predicate acts under the N.J. RICO statute. *See* Dkt. 41-1, Exoo Memo of Law, pp. 22 to 24.

D'Ambly's claim under the N.J. RICO statute must therefore be dismissed.

**POINT III**

**PLAINTIFFS FAILED TO ESTABLISH
PERSONAL JURISDICTION OVER THE UNIVERSITY**

Even if Plaintiffs had adequately pled their federal or state RICO claims, the Complaint would still be subject to dismissal because Plaintiffs failed to establish personal jurisdiction over the University.

On a Rule 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing personal jurisdiction." *Robinson v. Section 23 Prop. Owner's Ass'n*, 2018 WL 6630513, at *2 (D.N.J. Dec. 18, 2018) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)). "To meet that burden, [the plaintiff] must 'establish[ ] jurisdictional facts through sworn affidavits or other competent evidence. . . In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." *Collins v. James W. Turner Constr., Ltd.*, 2017 WL 210236, at *5 (D.N.J. Jan. 18, 2017) (citations omitted). Because "a Rule 12(b)(2) motion 'is inherently a matter which requires resolution of factual issues outside the pleadings,' the court may consider sworn affidavits or other documents in its jurisdictional analysis." *Eastern Concrete Materials, Inc. v. Jamer Materials Ltd.*, 2019 U.S. Dist. LEXIS 214543, *6 (D.N.J. Oct. 25, 2019) (citations omitted).

"A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law," which "permits the exercise of personal jurisdiction to the fullest limits of due process." *Robinson*, WL 6630513, at *2 (quotations and citations omitted). "Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has 'certain minimum contacts'" with the forum state. *Id.* (internal quotations and citations omitted).

17

"Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon 'the nature of the interactions and type of jurisdiction asserted." *Watiti v. Walden Univ.*, 2008 U.S. Dist. LEXIS 43217, at *5 (D.N.J. May 30, 2008) (citation omitted). "'Minimum contacts' over a non-resident defendant can be established in one of two ways: general jurisdiction or specific jurisdiction." *Pop Test Cortisol, LLC v. Univ. of Chicago*, 2015 U.S. Dist. LEXIS 79565, at *6 (D.N.J. June 18, 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009)). "General Jurisdiction exists where the non-resident defendant has general contacts with the forum state that are 'continuous and systematic.' . . . Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum, and the injury arises from or is related to those activities." *Id*. (quotations and citations omitted).

As discussed below, Plaintiffs' claims against the University should be dismissed because Plaintiff has not, and cannot, make a *prima facie* showing that personal jurisdiction over the University is proper under any theory.

### A.     New Jersey does not have general jurisdiction over the University

"General jurisdiction is satisfied when the defendants' affiliations with the forum state are 'so continuous and systematic as to render them essentially at home in the forum state.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. Apr. 25, 2016) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

In the context of out-of-state higher education institutions, courts in the Third Circuit have consistently found that general jurisdiction is not proper where schools have limited contact with the forum state. *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3d Cir. 1985); *Watiti*, 2008 U.S. Dist. LEXIS 43217; *Gallant v. Trustees of*

*Columbia Univ.*, 111 F. Supp. 2d 638 (E.D. Pa. 2000).  Indeed, "general jurisdiction over a non-resident university based on typical university-type activities in a forum, such as fundraising and recruiting" is not proper. *Pop Test Cortisol, LLC*, 2015 U.S. Dist. LEXIS 79565, at *7.

For example, in *Gehling*, which is the seminal case in the Third Circuit on this issue, the Court found:

> the school's contacts with the forum state, Pennsylvania, to be insufficient to establish general jurisdiction where the school (1) advertised in the *New York Times* and *Wall Street Journal*, newspapers which had some circulation in Pennsylvania; (2) enrolled Pennsylvania residents as students, (3) had its Chancellor and Vice Chancellor tour cities, including Philadelphia, as well as appear on radio and television programs, 'to gain exposure and establish credibility' among the medical community; and (5) establish a 'feeder' program with a Pennsylvania university.

*Watiti*, 2008 U.S. Dist. LEXIS 43217 at *13-14.

Here, the University is not "at home" within New Jersey and general jurisdiction is not appropriate.  The University is a small, private liberal arts university located in Northern New York.  *See* <u>Fox Dec.</u>, at ¶ 3.  The University does not have an office in New Jersey for the transaction of business and does not own, use or possess any real property within the State. *Id*. at ¶ 4.  The University does not pay taxes to any New Jersey governmental entity and does not have any registered agents or bank accounts in the State. *Id*. at ¶ 5.  The University also does not transaction business in New Jersey and is not authorized to do business within the State.  *Id*. at ¶ 6.  Moreover, the University does not have any employees in New Jersey.  *Id*. at ¶ 7.

Accordingly, this Court cannot exercise general jurisdiction over the University.

**B.** **New Jersey does not have specific jurisdiction over the University**

"Determining whether specific jurisdiction exists involves a three-part inquiry. . . First, the defendant must have 'purposefully directed his activities' at the forum. . . Second, the plaintiff's claim must 'arise out of or relate to' at least one of those specific activities. . . Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"   *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotations and citations omitted).

The Complaint does not allege any facts which demonstrate any of these elements.  The University did not "purposefully direct" activities toward New Jersey simply by employing Plaintiff at its campus in Northern New York.  In addition, as discussed above, the Complaint fails to allege any connection between the University and New Jersey, let alone a connection between the University's New Jersey contacts and its alleged violations of state and federal RICO laws.  To the extent there are any, the University's in-state contacts bear no relation to the causes of action brought against it and certainly do not rise to the level of purposeful direction of activities within New Jersey. The University has not engaged in any forum-related activity which reasonably put it on notice that it could be haled into a New Jersey court.  *See Pop Test Cortisol, LLC*, 2015 U.S. Dist. LEXIS 79565 at *7 ("[T]he [university's] contacts with New Jersey do not support a finding of specific jurisdiction because Plaintiff's claims do not 'arise from' or 'relate to' any of its contacts with New Jersey.").

As a result, this Court does not have specific jurisdiction over the University.

**C.**      **Jurisdiction over the University is not appropriate under the Federal RICO statute**

The federal RICO statute has been interpreted to "allow a district court to entertain a civil RICO claim only where personal jurisdiction based on minimum contacts is first established as to at least one defendant pursuant to 18 U.S.C. § 1965(a)." *Darrick Enters. v. Mitsubishi Motors Corp*., 2007 U.S. Dist. LEXIS 4045, at *20 n.5 (D.N.J. Jan. 19, 2007) (internal quotations and citations omitted).  "Once minimum contacts [are] established as to at least one defendant, the nationwide service of process provision of 18 U.S.C. § 1965(b) enables a plaintiff to bring before a single court all members of a RICO conspiracy."  *Id*.  Though Plaintiffs need only establish personal jurisdiction as to one of the RICO defendants, they have not met that standard.

As an initial matter, as discussed below, Plaintiffs have not plausibly stated a federal RICO claim.  Where a plaintiff fails to sufficiently allege a plausible RICO claim, the RICO statute "cannot rightly form a basis for asserting personal jurisdiction over defendants not otherwise subject to the jurisdiction of the courts in this district."  *Pop Test Cortisol, LLC*, 2015 U.S. Dist. LEXIS 79565, at *10.

In addition, even if Plaintiffs stated a valid RICO claim, they have not asserted facts sufficient to establish that personal jurisdiction is appropriate over any of the defendants against whom his federal RICO claims are brought. The state and federal RICO claims alleged in Counts VIII, IX, and X of the Complaint are specifically brought against Mr. Exoo, the University, Ms. Gadde, and Twitter.  Complaint at ¶¶ 189 - 221.  As discussed above, personal jurisdiction is not appropriate against the University. The Complaint also fails to assert any facts that would justify the exercise of general jurisdiction against Mr. Exoo, Ms. Gadde or Twitter.  None of these defendants is domiciled in New Jersey and

21

the Complaint is devoid of facts sufficient to demonstrate that any of these defendants conduct continuous and systematic business within New Jersey. *Id*. at ¶¶ 3-4, 7-8.

The Complaint similarly fails to provide sufficient allegations that any of these defendants has contacts with New Jersey which relate to the causes of action and would therefore allow the exercise of specific personal jurisdiction. *See e.g.*, *Leeder*, 2019 U.S. Dist. LEXIS 108810, at *19 (dismissing RICO claims against non-resident defendant whose only contacts with New Jersey were limited to "isolated communications" for lack of personal jurisdiction) (citing *Bangura v. Pennrose Mgmt. Co.*, 2010 U.S. Dist. LEXIS 59450, at *3 (D.N.J. June 15, 2010) (holding that sending work-related emails to the forum did not constitute purposeful availment for the purposes of personal jurisdiction)); *InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*, 2012 U.S. Dist. LEXIS 44721, at *8 (E.D. Pa. Mar. 30, 2012) (holding that a few emails and telephone communications by themselves are generally not enough to establish personal jurisdiction)); *see also Blessing v. Chandrasekhar*, 2020 U.S. Dist. LEXIS 111115, at *13-14 (E.D. Ky. June 25, 2020) (holding that "an exercise of personal jurisdiction over defendant [in Kentucky] . . . would [not] comport with due process" where out of state "doxing" activities were directed at a Kentucky resident) (collecting cases).[3]

---

[3] In support of its decision, the *Blessing* Court cited other non-jurisdictional authority similarly holding that a defendant's tweets directed at forum-state residents do not constitute sufficient contacts for purposes of conferring personal jurisdiction in the forum state. *Blessing*, 2020 U.S. Dist. LEXIS 111115, at *13-14: "*See Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 850, 863 (E.D. Mich. 2019) (declining to exercise personal jurisdiction over two defendants who tweeted about plaintiff, a Michigan resident; noting that '[t]hese allegations were not about Michigan in particular but about Joel in particular—wherever he might have been living'); *Edwards v. Schwartz*, 378 F. Supp.3d 468, 494 (W.D. Va. 2019) (declining to exercise personal jurisdiction over defendants who posted about plaintiff on Twitter and other social media platforms, noting '[t]here is no factual matter in Edwards' pleadings suggesting that the authors of these communications took affirmative steps to direct these communications into Virginia or had any intent to target or focus on Virginia readers or otherwise avail themselves of the benefits and protections of the laws of Virginia'); *Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*, 2017 WL 2778825, at *10 (D. Md. June 26, 2017) ('Sending three tweets and four emails related to the Podcasts and the Articles over a

Personal jurisdiction against the University is therefore inappropriate and Plaintiffs' complaint should be dismissed.

## **CONCLUSION**

For all of the foregoing reasons, as well as for the reasons articulated by co-Defendants Twitter, Inc., Vijaya Gadde, and Christian Exoo, the University respectfully requests that the Court dismiss Counts VIII, IX and X of the Complaint in their entirety, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

Dated:  April 22, 2021

BOND, SCHOENECK & KING, PLLC


By:____/s/ Monica C. Barrett_____
          Monica C. Barrett, Esq.
          Adam P. Mastroleo, Esq. (*pro hac vice*)
Office and P.O. Address
600 Third Avenue
22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:    (646) 253-2383
Email: mbarrett@bsk.com
           amastroleo@bsk.com

*Attorneys for Defendant St. Lawrence University*

---

period of a year and a half are not so substantial that 'they amount to a surrogate for Smith and Walters's presence in Maryland')."

12405076.2 4/22/2021