Richard Scharlat
Joseph Mulherin
Brian Mead
**McDermott Will & Emery LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
P: (312) 372-2000
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY; AARON WOLKIND; STEVE HARTLEY; RICHARD SCHWETZ; JOBEL BARBOSA; MATTHEW REIDINGER; JOHN HUGO; SEAN-MICHAEL DAVID SCOTT; THOMAS LOUDEN; ZACHARY REHL; AMANDA REHL; K.R., a minor, by and through her father ZACHARY REHL and her mother AMANDA REHL, MARK ANTHONY TUCCI, <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY, LLC; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC; COHEN, WEISS AND SIMON, LLP; UNNAMED ASSOCIATES 1 – 100, <br><br> Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JMV-JSA <br><br> **DEFENDANT TRIBUNE PUBLISHING COMPANY, INC. AND DEFENDANT NEW YORK DAILY NEWS COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Tribune Publishing Company, Inc. ("Tribune") and Defendant New York Daily

News Company (the "Daily News") answer Plaintiff's First Amended Complaint as follows:

## STATEMENT OF THE CASE

**ANSWER:**

To the extent a response to Plaintiff's unnumbered "Statement of the Case" is necessary, Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the assertions contained therein.  Further, to the extent the assertions contained in Plaintiff's "Statement of the Case" allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## THE PARTIES

1.      Daniel D'Ambly (Hereinafter "D'Ambly"), is a twenty-seven (27) year member of Local One-L, Graphic Communications Conference of the International Brotherhood of Teamsters, who was employed as a was a plate maker for the New York Daily News in Jersey City, New Jersey until January 18, 2019.  D'Ambly was doxed by Exoo on October 29, 2018.  In the dox D'Ambly was labeled a 'fascist' and/or a 'white supremacist.'  D'Ambly is a member of the New Jersey European Heritage Association ("EHA"), a non-violent, pro-domestic policy organization that the Exoo Enterprise labeled a white supremacist hate group.  D'Ambly, who the Exoo Enterprise identifies as the leader of EHA, actively participates with other EHA members in political rallies, peaceful political protests, pamphleteering, and speech that is protected by U.S. Const. amend.  I and N.J. Const. art. I, ¶ 6.  D'Ambly is an individual domiciled in the State of New Jersey and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:      Tribune and the Daily News admit that Plaintiff was a member of Local One-L, Graphics Communications Conference of the International Brotherhood of Teamsters, was employed as a plate maker for the New York Daily News in Jersey City, New Jersey until January 18, 2019, and was an individual domiciled in New Jersey.  Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2

2.      Zachary Rehl ("Rehl") was employed by New York Life Insurance Company in Philadelphia when he was doxed by Exoo in or about August 2017, and labeled a fascist and white supremacist.  Rehl is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended

Complaint.

3.      Amanda Rehl ("AmRehl") is the spouse of Zachary Rehl.  AmRehl is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended

Complaint.

4.      K.R. ("K.R."), is the minor child of Zachary Rehl and Amanda Rehl.  K.R. is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Amended

Complaint.

5.      Aaron Wolkind ("Wolkind") was a Technical Support Specialist for Aerzen USA Corporation ("Aerzen") when he was doxed by Exoo on or about June 2019, and labeled a fascist, white supremacist, and a neo-Nazi.  Wolkind is an individual domiciled in the State of Delaware and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Amended

Complaint.

6.     Steven Hartley ("Hartley"), is a logistics manager for American Expediting located in Folcroft, Pa.  On November 29, 2018, he was doxed by Exoo and labeled a Nazi, racist and white supremacist who was a threat to women and minorities.  Hartley is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended

Complaint.

7.     Mark Anthony Tucci ("Tucci") was employed at Aldo's Pizzarama in Philadelphia when he was doxed by Exoo on December 10, 2018, and labeled a fascist, racist, and white supremacist.  Tucci is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended

Complaint.

8.     Richard Schwetz ("Schwetz") was employed at Inova Payroll in Lancaster, Pa., when he was doxed by Exoo in or about June 2020, and labeled a fascist, racist, and white supremacist.  Schwetz is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended

Complaint.

4

9.     Jobel Barbosa ("Barbosa") is Puerto Rican and a permanently disabled veteran, who was employed as a Detail Department Manager at Jaguar Land Rover Willow Grove, in Willow Grove, Pa., when he was doxed by Exoo on June 22, 2019, and labeled a fascist, racist, and white supremacist.  Barbosa is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.     Matthew Reidinger ("Reidinger") was employed in Coal Township, Pa.  On November 27, 2018, he was doxed by Exoo and labeled a fascist and white supremacist. Reidinger is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.     John Hugo ("Hugo") was employed as a dispatch manager for Green and Yellow Cab in Somerville, Massachusetts when he was doxed by Exoo on January 2, 2020, and labeled a fascist and white supremacist.  Hugo is an individual domiciled in the Commonwealth of Massachusetts and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12.     Sean-Michael David Scott ("Scott") was employed in Seattle, Washington when he was doxed by Exoo on September 16, 2019, and labeled a fascist, white supremacist, and anti-Semite.  Scott is an individual domiciled in the State of Florida and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Amended

Complaint.

13.    Thomas Louden ("Louden") is a 30-year volunteer firefighter and the appointed
Deputy Emergency Management Coordinator for Hilltown Township, Pennsylvania and was
employed as the Director of Managed Care at Thomas Jefferson University Hospital in
Philadelphia for twenty-three (23) years when he was doxed by Exoo on November 2, 2020.
Louden is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as
defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended

Complaint.

14.    Plaintiffs Wolkind, Hartley, Schwetz, Rehl, Barbosa, and Tucci are members of
the Philadelphia chapter of the Proud Boys (hereinafter "PPB" or "Proud Boys").  Plaintiff
Reidinger is a member of the Harrisburg chapter of the Proud Boys ("HPB").  The Proud Boys
are a diverse, multi-racial, multi-ethnic, fraternal, males-only drinking club, who consider
themselves "western chauvinists."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended

Complaint.

15.    Hugo is the President of Super Happy Fun America, a right of center civil rights
organization focusing on defending the American Constitution, opposing gender madness, and
defeating cultural Marxism.  Super Happy Fun America is best known for organizing the 2019
Boston Straight Pride Parade.  Hugo was the 2018 Republican Candidate for Massachusetts' 5th
Congressional District.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendant Christian Exoo ("Exoo" or "@AntiFashGordon") is a library building supervisor and lecturer at St. Lawrence University.  Exoo is a self-described anti-fascist, notorious doxer, and leader of Antifa, who by doxing others has acquired a great deal of notoriety and infamy.[1]  Exoo currently publishes Tweets under Twitter username "@AntiFashGordon."  Exoo is an individual domiciled in the State of New York and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.     St. Lawrence University ("St. Lawrence" or "STL") is a private four-year university with its principal place of business located at 116 Vilas Hall, 23 Romoda Drive, Canton, New York 13617, and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**: Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18.     Tribune Publishing Company ("Tribune") is a media company organized under the laws of the State of Delaware with its principal place of business located at 160 N. Stetson Avenue, Chicago, Illinois 60601 that conducts its business throughout the United States, and is a "person" as defined under 18 U.S.C. § 1961(3).

---

[1] *Anti-Fascists Are Waging A Cyber War – And They're Winning*, Medium.com (Sep. 9, 2019) https://gen.medium.com/antifas-keyboard-warriors-254f62be2a95 (last accessed Sep. 15, 2020); *Comcast fires employee with alleged ties to Proud Boys, We the People Rally*, PhillyVoice.com (November 15, 2018) https://www.phillyvoice.com/comcast-fires-employee-proud-boys-alt-right-philadelphia-rally/ (last accessed Sep. 15, 2020); *The Right Wing Is Trying to Make It a Crime to Oppose Fascism*, Truthout.org (Aug. 9, 2019) https://truthout.org/articles/the-right-wing-is-trying-to-make-it-a-crime-to-oppose-fascism/ (last accessed Sep. 15, 2020); *How to Spot An Abuser, Featuring Antifash Gordon, In His Own Words: A Step By Step Guide, and Also F\*\*\* That Guy,* Medium.com (Jun. 25, 2020) https://medium.com/@abuse_isnt_revolutionary/how-to-spot-an-abuser-featuring-antifash-gordon-in-his-own-abuser-words-7b39f4657b19 (last accessed Sep. 15, 2020).

**ANSWER**:   Tribune admits the allegations contained in paragraph 18 of the Amended

Complaint.

19.     New York Daily News Company ("Daily News") is owned by the Tribune
Publishing Company (Tribune and Daily News are sometimes hereinafter referred to collectively
as "Daily News") with a place of business located at 125 Theodore Conrad Drive, Jersey City,
New Jersey 07305, and 4 New York Plaza, New York, NY 10004.  The Daily News is a
"person" as defined under 18 U.S.C. § 1961(3).  At all times relevant, the Tribune Publishing
Company had the right and did exercise control over the actions of the New York Daily News.

**ANSWER**:   The Daily News denies that it has a place of business at 4 New York Plaza, New

York, NY 10004.  The Daily News admits the remaining allegations in paragraph 19.

20.     Vijaya Gadde ("Gadde") is the Head of Legal, Public Policy, and Trust and Safety
Lead at Twitter, Inc.  At all times relevant, Vijaya Gadde was the sole decision maker and person
authorized to permanently ban Twitter users who violated Twitter's Terms of Service and Rules.
She is a "person" as defined under 18 U.S.C. § 1961(3).  Gadde is believed to be domiciled in
the State of California.

**ANSWER**: Tribune and the Daily News are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Amended

Complaint.

21.     Twitter, Inc. ("Twitter"), is a company organized under the laws of the State of
Delaware with its principal place of business located at 1355 Market Street, San Francisco, CA
94103, that conducts its business globally and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:   Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended

Complaint.

22.     The Exoo Enterprise is a criminal enterprise as defined under 18 U.S.C.
§ 1961(4), consisting of Defendant Christian Exoo a/k/a "AntiFashGordon," who directs the
Exoo Enterprise, St. Lawrence University, Vijaya Gadde, Twitter, Inc., and unidentified
associates.

**ANSWER**:   Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Amended

Complaint.

23.     Cohen, Weiss, and Simon, LLP ("CWS") is a law firm with its principal place of business located at 900 3rd Avenue, #2100, New York, New York 10022 and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Amended

Complaint.

## JURISDICTION AND VENUE

24.     Jurisdiction of this Court is proper because this litigation arises under federal law, namely 18 U.S.C. §§ 1961 to 1968.  This Court has jurisdiction over this matter under 28 U.S.C. § 1331.

**ANSWER**: Tribune and the Daily News admit the allegations contained in paragraph 24 of the

Amended Complaint.

25.     The Court has supplemental jurisdiction over the state law claims asserted in this case under 28 U.S.C. § 1367(a).

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 25 of the

Amended Complaint.

26.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the threatened and actual harm occurred in this District by reason of Defendants' conduct as alleged below.

**ANSWER**:     Tribune and the Daily News admit that venue is proper in this Court pursuant to

28 U.S.C. § 1391(b)(2) but deny the remaining allegations in paragraph 26 of the Amended

Complaint.

## FACTS PERTINENT TO ALL PLAINTIFFS

27.     Defendant Exoo publishes Tweets and doxes other persons private and undisclosed information under Twitter username "@AntiFashGordon" the leading Antifa Twitter account that as of December 30, 2020, has 46,140 followers.  The headline of @AntiFashGordon's public profile states "I expose fascists via #OSINT, get them fired, de-homed, kicked out of school, etc."  Exoo's definition of fascists and white supremacists is indiscernible, because he uses the terms broadly and interchangeably.  Based on the substance of

@AntiFashGordon's Tweets he broadly identifies all persons who do not share his radical far left political ideology as fascists and/or white supremacists.

**ANSWER**:      Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 27 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

28.      Upon information and belief, Exoo is known to Twitter's Trust & Safety Council ("TSC") as a habitual doxer and ban evader.  A ban evader is a person who creates a new Twitter account after receiving a permanent ban.  The ban evader's new account is called a "ban evasion account," and is prohibited by Twitter rules.[2]  A permanent ban means a lifetime ban.

**ANSWER**:      Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 28 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

29.      Doxing is prohibited by Twitter's Private Information Policy within their Terms of Service and Rules ("TOS").[3]

**ANSWER**:      Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Amended Complaint. To the extent the allegations contained in paragraph 29 of Plaintiff's Amended

---

[2]  https://help.twitter.com/en/rules-and-policies/enforcement-options "Permanent suspension:  This is our most severe enforcement action.  Permanently suspending an account will remove it from global view, and the violator will not be allowed to create new accounts."

[3]  https://help.twitter.com/en/rules-and-policies/personal-information "You may not publish or post other people's private information without their express authorization and permission.  We also prohibit threatening to expose private information or incentivizing others to do so."

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

30.     Upon information and belief, in addition to Twitter's agreement to allow Exoo to change username @DoxSavage to @AntiFashGordon, Exoo has had two Twitter accounts permanently banned for doxing.  Twitter has previously permanently banned @ChrisExoo,[4] @ChristianExoo.[5]

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 30 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

31.     Exoo directs associates in an enterprise that uses interstate communications to conduct patterns of racketeering activities.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 31 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

32.     Of their own volition, Exoo and associates identify persons as Nazis, fascists, and white supremacists, which also includes any person Exoo and/or associates label homophobic, transphobic, etc.  Once a target has been identified Exoo and associates set about to learn the personal identity of their unknown targets.

---

[4]  https://twitter.com/ChrisExoo (last accessed Sep. 15, 2020)

[5]  https://twitter.com/ChristianExoo (last accessed Sep. 15, 2020)

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 32 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

33.     Once their targets' identity is discovered, Exoo and associates commence patterns
of racketeering activities to extort employment terminations and compel school expulsions, by
directing waves of threatening phone calls, emails, Twitter messages, social media comments at
the target's employers, co-workers, and school administrators.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 33 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

34.     Enterprise associates "dogpile" their target's employers and co-workers with calls
to their direct work phone number and email address with continual calls and emails to every
employee and co-worker to extort the target's termination.  The practice eliminates a company's
ability to conduct business.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.  To

the extent the allegations contained in paragraph 34 of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

35.     To extort their target's termination, enterprise associates harm his employer's existing and prospective business relationships by posting a flood of negative comments and reviews to the employer's social media and internet sites to use as leverage to extort their target's termination.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.  To

the extent the allegations contained in paragraph 35 of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

36.     When an employer does not immediately terminate their target, Enterprise associates directly contact and threaten their target's employers' customers to shame them from continuing to do business with the target's employer.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 36 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

37.     As a result of Exoo's dox and direction of an enterprise engaged in threatening patterns of racketeering activities as described above, every Plaintiff has received explicitly violent threats against their life and the lives of their family, several Plaintiffs were physically attacked about their person, sustained damage to their homes and property, and all Plaintiffs were terminated from employment due to the enterprise's patterns of racketeering activities.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 37 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## **DANIEL D'AMBLY**

38.     D'Ambly repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 37 of Plaintiff's Amended Complaint.

39.     Upon information and belief, the Exoo Enterprise targeted D'Ambly as a fascist and white supremacist at some point in or about January 2018.  Thereafter, enterprise associates stalked D'Ambly to uncover his true identity, for the sole purpose of doxing him.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 39 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

40.     Upon information and belief, by September 2018, Twitter received dozens of complaints directly Tweeted to Twitter Support and Twitter Trust and Safety informing them that Exoo's former Twitter account @DoxSavage was aggressively doxing, which forced Twitter to investigate the accounts activities.  Under Twitter's normal protocol, accounts being investigated for violating the TOS are prevented from Tweeting during the investigation.[6]

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 40 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

---

[6] https://help.twitter.com/en/rules-and-policies/enforcement-options (last accessed Sep. 15, 2020)

41.    Twitter ignored their TOS and allowed @DoxSavage to continue Tweeting during their investigation.

**ANSWER**:    Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 41 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

42.    Upon information and belief, at some point on or about October 1, 2018, Gadde and Twitter agreed to allow @DoxSavage to undergo a name change in lieu of a third permanent. The unprecedented agreement to allow Exoo's username change to @AntiFashGordon under these circumstances was done to ensure he kept his approximate 15,000 @DoxSavage followers.

**ANSWER**:    Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 42 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

43.    On October 11, 2018, @DoxSavage Tweeted a farewell announcement to his followers:  "Hey folks—I just underwent a name change from @DoxSavage to @AntiFash Gordon.  I'll be back tomorrow to expose more violent fascists who were on the ground in Providence on 10/6."  The name change kept the Exoo Enterprise intact, and their ability to effectively conduct its patterns of racketeering activities was not harmed.

**ANSWER**:    Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Amended

Complaint. To the extent the allegations contained in paragraph 43 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

44.    On October 29, 2018, at 11:49 a.m., @AntiFashGordon published a massive twenty-two count Tweet thread (a thread is a series of related Tweets) that doxed D'Ambly to his estimated 20,000 followers.  The dox publicly disclosed for the first time D'Ambly's name,

hometown, photograph, employer, occupation, employer's location, multiple telephone numbers for his employer, a labor union Referendum Board he chaired, and the names of the other Referendum Board members.

**ANSWER**:    Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 44 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

45.    In the dox, @AntiFashGordon labeled D'Ambly a "Nazi" and directed the Exoo Enterprise associates to send harassing, intimidating, and threatening phone calls, and Tweets to the Daily News's Twitter username @NYDailyNews, to extort D'Ambly's termination.  Exoo's dox directed:

    a.   In the 19th Tweet, @AntiFashGordon directed his associates "stay on top of this, too.  If you don't hear back from @NYDailyNews, keep tweeting at them."  Call their printing facilities in Jersey City at (201) ***-**** (number provided in original Tweet) and warn them about Daniel D'Ambly..."

    b.   A follow up Tweet included a second telephone number for the New York Daily News and a subsequent Tweet included the direct telephone number to D'Ambly's print shop.

    c.   Within minutes the Exoo Enterprise obeyed Exoo's directive and flooded @NYDailyNews and @Teamsters with Tweets and phone calls that threatened the Daily News with violent attacks if D'Ambly was not terminated.

    d.   Upon information and belief, from October 29, 2018, to January 11, 2019, the Exoo Enterprise directed no less than fifty-four (54) threatening Tweets to @Daily News plus an unknown number of threatening phone calls.

    e.   D'Ambly was never told of the threats or warned to take safety precautions by anyone from the Daily News or Tribune.

**ANSWER**:    Tribune and the Daily News admit that there were Tweets discussing D'Ambly

with the @NYDailyNews username tagged and that the Daily News received phone calls

discussing D'Ambly. Tribune and the Daily News deny that D'Ambly was never told of the

threats or warned to take safety precautions by anyone from the Daily News or Tribune. Tribune

and the Daily News are otherwise without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 45 of Plaintiff's Amended Complaint. To

the extent the remaining allegations contained in paragraph 45 of Plaintiff's Amended Complaint

allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations

are denied.

46.    On October 30, 2018, without warning D'Ambly of the dangerous threats,
Tribune engaged Insite Risk Management ("Insite") to investigate D'Ambly.  At the conclusion
of their investigation, Insite produced the "Private Investigation Report" ("Report") and provided
it to the Tribune on December 4, 2018.  The Report acknowledged @AntiFashGordon's doxing
was the impetus for the investigation and confirmed D'Ambly's association with EHA.  The
Report included videos of D'Ambly and others using imprudent language during political rallies.

**ANSWER**:    Tribune and the Daily News admit that, after receiving Tweets and phone calls

concerning D'Ambly's activities, Insite Risk Management ("Insite") was engaged to confirm the

veracity of the allegations raised by those Tweets and phone calls. Tribune and the Daily News

admit that, at the time Insite was engaged, D'Ambly was not told about the Tweets and phone

calls received. Tribune and the Daily News admit that Insite's report on that investigation

confirmed D'Ambly's association with the European Heritage Association and included videos

of D'Ambly and others. Tribune and they Daily News deny the remaining allegations in

paragraph 46 of the Amended Complaint.

47.    On or before January 8, 2019, EHA posted flyers on public bulletin boards in
Princeton, New Jersey that announced an "It's okay to be white" protest march purportedly
scheduled for January 12, 2019.

**ANSWER**:    Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 47 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

48.     On January 9, 2019, @AntiFashGordon re-Tweeted the "It's okay to be white" march to his associates and again doxed D'Ambly by Tweeting, "If anyone wants their leaders name, it's Dan D'Ambly."

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Amended Complaint. To the extent the allegations contained in paragraph 28 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

49.     On January 10, 2019, @AntiFashGordon published a second Tweet that referenced EHA's purported march and directed his associates to "show up and shut down" the purported march "And please say hi to their leader, Dan D'Ambly for me."

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Amended Complaint. To the extent the allegations contained in paragraph 49 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

50.     On January 10, 2019, D'Ambly was called to an interview with Jean Nechvatal ("Nechvatal), Tribune's Vice President, Talent Management & Learning and James R. Brill ("Brill"), Daily News's Sr. Vice President of Operations.  D'Ambly was accompanied at the meeting by Union Steward Pete Cairnie.  During the meeting, D'Ambly was confronted with content of the Report, but not informed of the report's existence.  D'Ambly acknowledged using imprudent language in a private conversation during a protest.

**ANSWER**:     Tribune and the Daily News admit that, on January 10, 2019, Jean Nechvatal and James Brill met with D'Ambly and Union Steward Pete Cairnie and discussed D'Ambly's activities. Tribune and the Daily News admit that the existence of a report by Insite was not disclosed to D'Ambly. Tribune and the Daily News admit that, during this meeting, D'Ambly acknowledged his activities. Tribune and the Daily News deny the remaining allegations contained in paragraph 50 of the Amended Complaint.

18

51.     On January 11, 2019, at 10:14 a.m., @AntiFashGordon again directed his associates to shut down EHA's purported January 12, 2019 "It's okay to be white" march and exhorted his associates "if you can, show up and show these pricks that we don't tolerate hate in our streets."  The Tweet included @NYDailyNews and doxed D'Ambly's hometown again. Exoo encouraged violence to shut down the purported protest, but warned "Remember that the police won't protect us here."

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 51 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

52.     Upon information and belief, at some point before 10:21 a.m. on January 11, 2019, Edward Bushey, Sr. Vice President, General Manager, Manufacturing and Distribution at Tribune delivered recordings of the death threats to the Daily News.  The callers threatened D'Ambly and stated the Daily News was responsible for "any violence or blood spilled is also on your hands."  One threatening caller's phone number was captured.

**ANSWER**:     Tribune and the Daily News admit that the Daily News received voicemails of

threats to the Daily News, including a threat stating that "any violence or blood spilled is also on

your hands." Tribune and Daily News deny the remaining allegations in paragraph 52 of the

Amended Complaint.

53.     On January 11, 2019, from 9:30 a.m. to 10:14 a.m., Twitter usernames @hubcityantifa, @NYCAntifa, and @Nstricklanded replied via Tweet to @AntiFashGordon's instructions with coded messages that confirmed they followed his instructions and made threats.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 53 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

54.     Upon reason and belief, one of the death threat phone numbers is owned by a person who Tweeted mission confirmation to @AntiFashGordon on January 11, 2019.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 54 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

55.     On January 11, 2019, at 2:20 p.m., EHA Tweeted that the "It's okay to be white"
protest was a prank.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 55 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

56.     On January 11, 2019, at 3:30 p.m., D'Ambly was called to a second meeting with
James Brill, Sr. Vice President of Operations for the Daily News to recap the previous days
meeting.  In the meeting, Brill issued D'Ambly a "Last and Final Warning" that stated the
"ONLY reason that you are not being terminated immediately is because, thus far, we have not
determined that your activities with NJEHA has occurred at work and/or derogatory comments
were made about any co-workers."  The warning continued "should we learn that you engaged in
any inappropriate speech or behavior in the workplace or with regard to any other employee, or
if the Company or any of its employees suffer any backlash as a result of your association with
the NJEHA, your conduct will be considered "work-related" and you will be terminated
immediately."

**ANSWER**:     Tribune and the Daily News admit the allegations contained in paragraph 56 of

the Amended Complaint.

57.     This meeting with Brill was a pre-text for D'Ambly's termination.  The meeting
occurred five (5) hours after death threats were received, but Brill did not inform D'Ambly,
because the Daily News intended to use the threats as evidence the company received "backlash"
from D'Ambly's conduct and was the "cause" of D'Ambly's termination.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 57 of the

Amended Complaint.

58.     At 4:34 p.m. on January 11, 2019, @AntiFashGordon replied to EHA's Tweet by threatening D'Ambly whereby @AntiFashGordon threatened "Regardless, I'm gonna spend the next week wrecking your fucking life, Dan D'Ambly."

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Amended

Complaint.   To the extent the allegations contained in paragraph 58 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

59.     In the evening of January 11, 2019, the Exoo Enterprise's extended campaign of violent Tweets and threats of physical violence to D'Ambly came to fruition and D'Ambly's vehicle was "keyed" (scratched) and tires slashed while parked outside of his home on private property.  An investigation report for a bias incident, criminal mischief, and harassment was filed with the South Brunswick Police Department.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Amended

Complaint.   To the extent the allegations contained in paragraph 59 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

60.     D'Ambly reported to work the following day on January 12, 2019, but was not informed of the death threats received the day before.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 60 of the

Amended Complaint.

61.     On Sunday, January 13, 2019, at 10:16 a.m., five (5) days before D'Ambly's official termination date @AntiFashGordon Tweeted to four of his associates that he "got a pretty reliable tip this morning that he's not at the @NYDailyNews anymore..." in reference to D'Ambly.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 61 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

62.    On Monday, January 14, 2019, the Daily News called D'Ambly and told him not to report to work until informed otherwise.

**ANSWER**:    Tribune and the Daily News admit that, upon learning of threatening voicemails on Monday, January 14, 2019, the Daily News called D'Ambly and told him not to report work because the Daily News had serious safety concerns and felt compelled to hire extra security, as well as notify the local law enforcement authorities.

63.    On January 16, 2019, during a phone conference with Brill, Nechvatal, and a Union representative, D'Ambly was played the recorded death threats and asked to identify the caller.  D'Ambly was unable to identify the caller, but said it was the behavior of "Antifa types." Brill was scornful of D'Ambly's inability to identify the caller and blamed him for the threats. D'Ambly was terminated during this phone conference.

**ANSWER**:    Tribune and the Daily News admit that Brill, Nechvatal, and a Union representative had a phone conference with D'Ambly on January 16, 2019. Tribune and the Daily News admit that, during the phone conference, recordings of threats to the Daily News workplace associated with D'Ambly were played and that D'Ambly was unable to identify the callers.  Tribune and the Daily News admit that D'Ambly was terminated during this phone conference. Tribune and the Daily News deny the remaining allegations in paragraph 63.

64.    On January 23, 2019, Patrick LoPresti, President of Local One-L informed the Daily News that they were appealing D'Ambly's termination pursuant to terms of the Contract.

**ANSWER**:    Tribune and the Daily News admit the allegations contained in paragraph 64 of the Amended Complaint.

65.    On or about January 25, 2019, D'Ambly received his "Termination of Employment" letter, signed by Brill, and dated January 22, 2019.  The letter informed D'Ambly his termination was effective January 18, 2019.  The termination letter is imbued with Brill's animus for D'Ambly.  In the letter, Brill stated "your choice to take these repulsive actions has now put our workplace and employees at risk of counter attacks by Antifa."

**ANSWER**:      Tribune and the Daily News admit that a "Terminated of Employment" letter

dated January 22, 2019 was sent to D'Ambly, and that the letter informed D'Ambly that his

termination was effective January 19, 2019.  Tribune and the Daily News admit that the letter

included the statement "your choice to take these repulsive actions has now put our workplace

and employees at risk of counter attacks by Antifa."  Tribune and the Daily News deny the

remaining allegations in paragraph 65 of Plaintiff's Amended Complaint.

66.      The termination letter falsely stated the Daily News learned of the death threats
on January 14, 2019, contrary to emails that confirm the Daily News learned of the threats on
January 11, 2019.

**ANSWER**:      Tribune and the Daily News admit that the termination letter stated that, on

January 14, 2019, the Daily News learned of two threatening voicemails that had been left in the

Daily News' voicemail. Tribune and the Daily News deny the remaining allegations in

paragraph 66.

67.      In the termination letter, Brill claimed the death threats received on January 11,
2019, were the "cause" of D'Ambly's termination, because the death threats meant D'Ambly
"brought his activities" into the workplace, therefore, "we deem your actions to be work related
and are terminating your employment for cause."

**ANSWER**:      Tribune and the Daily News admit that the termination letter stated that the

threatening voicemails learned of on January 14, 2019 were a cause for D'Ambly's terminations,

as D'Ambly's actions put the Daily News' workplace in danger. Tribune and the Daily News

deny the remaining allegations in paragraph 67 of the Amended Complaint.

68.      At some point after January 23, 2019, the Union on behalf of D'Ambly filed a
grievance with the American Arbitration Association, case number 01-19-0000-7178.  The
Union retained attorneys Thomas Kennedy ("Kennedy") and Kate M. Swearengen
("Swearengen") of Cohen, Weiss, and Simon, LLP (collectively Kennedy, Swearengen and
Cohen.  Weiss and Simon, LLP shall be referred to as "CWS") to represent D'Ambly.

**ANSWER**:      Tribune and the Daily News admit the allegations contained in paragraph 68 of

the Amended Complaint.

69.     Thereafter, D'Ambly had a phone conference with Kennedy to discuss the case. D'Ambly was acquainted with Kennedy for approximately twenty years due to his Union activities.  D'Ambly explained the threats he received, property damage, and that his tires were slashed.  D'Ambly stated "Tom, this Antifa are terrorists..."  Kennedy angrily responded, "I do not consider Antifa to be terrorists and if you are going to continue referring to them (Antifa) as terrorists we are going to end this call."  Kennedy scoffed at D'Ambly's desire to have his employment reinstated at the Daily News.

**<u>ANSWER</u>**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 69 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

70.     At some point thereafter, D'Ambly had his first case discussion phone conference with Kate Swearengen, who assumed representation.  Without prompting, Swearengen explicitly informed D'Ambly that "she doesn't agree with his politics and she doesn't want to discuss them any further."  Like Kennedy, Swearengen dismissed D'Ambly's wish to have his employment reinstated.

**<u>ANSWER</u>**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 70 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

71.     Kennedy and Swearengen's revulsion of D'Ambly directed their representation and they failed to adequately research basic facts favorable to D'Ambly's wish to be reinstated. CWS ignored Brill's misrepresentation and veracity of the claimed "cause" of their client's termination.

**<u>ANSWER</u>**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 71 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

72.     CWS failed to adequately investigate the sources of the doxing campaign.  Had CWS engaged in reasonable investigation of the source of the dox they would have discovered @AntiFashGordon's January 13, 2019, announcement that D'Ambly was terminated, which was one day before the Daily News claimed they learned of the "cause" of D'Ambly's termination.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 72 of Plaintiff's Amended Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

73.     On or about July 15, 2019, D'Ambly dejectedly executed the "Separation Agreement and Mutual General Release" negotiated by CWS that paid D'Ambly a lump sum payment in exchange the Union would withdraw the pending arbitration case with prejudice.

**ANSWER**:     Tribune and the Daily News admit that, on September 9, D'Ambly returned an executed a "Separation Agreement and Mutual General Release" that paid him a lump sum and provided for the Union's withdrawal of his grievance. Tribune and Daily News deny the remaining allegations contained in paragraph 73 of Plaintiff's Amended Complaint.

74.     As a result of Defendants' misconduct D'Ambly has suffered substantial personal and property damage and been severely financially harmed.

**ANSWER**:     Tribune and the Daily News deny that D'Ambly suffered personal and property damage, or was severely financially harmed as a result of Tribune's and the Daily News' conduct.

## ZACHARY REHL

75.     Rehl repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 74 of Plaintiff's Amended Complaint.

76.     Exoo doxed Rehl for the first time on or about August 2, 2017, and labeled him a fascist and a white supremacist because Rehl organized a "Back the Blue" march to support police officers and first responders in Philadelphia.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 76 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

77.     Exoo directed enterprise associates to contact Rehl's former employer New York Life Insurance Company to extort Rehl's termination.  As in all cases, enterprise associates complied with Exoo's directions and placed threatening calls, emails, and Tweets to New York Life Insurance Company.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 77 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

78.     Rehl was terminated from New York Life Insurance Company in September 2017.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 78 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

79.     On or about October 1, 2018, Rehl was doxed a second time, when he organized
the "We the People" event that occurred in Philadelphia on November 17, 2018.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 79 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

80.     On November 14, 2018, Exoo followed up his October 1, 2018 dox with
directions to his associates to counter protest the We the People event.  Exoo directed enterprise
associates to disrupt the event because "fascism is coming and only we can stop it."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 80 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 80 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

81.     On November 16, 2018, Exoo decided his community was being attacked,
because "the city granted rally permits to fascists, and the cops will be there to protect them."
Exoo then Tweeted the phrase "Who protects us?  We protect us" a battle cry to get his
associates to attack "We the People" event organizers.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 81 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 81 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

82.     At 12:41 a.m. on November 17, 2018, Rehl's safety was endangered when he was attacked by an Exoo associate who threw a brick through the front window of Rehl's home and spray painted the word "Nazi" on the front of his home.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 82 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

## **AMANDA REHL**

83.     AmRehl repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

82 of Plaintiff's Amended Complaint.

84.     On or about August 2, 2017, Exoo doxed AmRehl's home address when he doxed her husband Zachary Rehl.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 84 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 84 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

85.     On or about October 1, 2018, AmRehl's home address was doxed a second time when Exoo doxed her husband Zachary Rehl, because he organized the "We the People" march in Philadelphia that occurred on November 17, 2018.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 85 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

86.     On November 14, 2018, Exoo directed his associates to counter protest and disrupt the We the People the event, because "fascism is coming and only we can stop it."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 86 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

87.     On November 16, 2018, Exoo decided his community was being attacked, because "the city granted rally permits to fascists, and the cops will be there to protect them." Exoo then Tweeted the phrase "Who protects us?  We protect us" as a battle cry to get his associates to attack "We the People" event organizers.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 87 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

88.     At 12:41 a.m. on November 17, 2018, AmRehl's safety was endangered when she was assaulted by an Exoo associate who threw a brick through the front window of AmRehl's home and spray painted the word "Nazi" on the front of her home.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 88 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 88 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.


**K.R., a minor, by and through her father ZACHARY REHL and mother AMANDA REHL**

89.     K.R. repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

88 of Plaintiff's Amended Complaint.

90.     On or about August 2, 2017, Exoo doxed K.R.'s home address when he doxed her father Zachary Rehl.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 90 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 90 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

91.     On or about October 1, 2018, K.R.'s home address was doxed a second time when Exoo doxed K.R.'s father Zachary Rehl, because he organized the "We the People" march in Philadelphia that occurred on November 17, 2018.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 91 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 91 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

92.     On November 14, 2018, Exoo directed his associates to counter protest and disrupt the We the People event, because "fascism is coming and only we can stop it."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 92 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 92 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

93.     On November 16, 2018, Exoo decided his community was being attacked, because "the city granted rally permits to fascists, and the cops will be there to protect them." Exoo then Tweeted the phrase "Who protects us?  We protect us" as a battle cry to get his associates to attack "We the People" event organizers.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 93 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 93 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

31

94.     At 12:41 a.m. on November 17, 2018, K.R.'s safety was endangered when she was assaulted by an Exoo associate who threw a brick through the front window of her home and spray painted the word Nazi on the front of her home.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 94 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 94 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.


**AARON WOLKIND**

95.     Wolkind repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

94 of Plaintiff's Amended Complaint.

96.     Wolkind was doxed in or about June 2019 and called a fascist, white supremacist, and Nazi, which is an idiotic assertion, because Aaron's a Jew.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 96 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 96 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

97.     On July 3, 2019, Exoo re-posted Exoo's dox and directed his associates to contact Wolkind's employer Aerzen USA ("Aerzen") to extort his termination.  Immediately enterprise

associates directed hundreds of phone calls and emails to Wolkind's employer and his co-workers.  Aerzen's social media accounts and internet profiles were flooded with messages demanding his termination.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 97 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 97 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

98.     On November 28, 2019, Exoo re-doxed Wolkind with Aerzen's direct phone number and the reminder to associates to "Use *67 to block your number."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 98 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 98 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

99.     The November 28, 2019, dox dramatically increased the volume of messages posted to Aerzen's social media and internet profiles so much so that it created a network security concern and caused Aerzen to temporarily shut down their social media and internet profiles.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 99 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 99 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

100.     The enterprise's threatening and harassing messages also caused Aerzen's management to close the Coatesville, Pa. building out of fear for employee safety.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 100 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 100 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

101.     To their credit, Aerzen did not immediately terminate Wolkind, but when enterprise associates discovered Wolkind was not terminated, they directed threats at Aerzen's clients demanding they stop doing business Aerzen or face consequences, and harassed and intimidated Aerzen's foreign subsidiaries.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 101 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 101 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

102.     Wolkind continues to receive threatening and harassing phone calls and the dox has prohibited Wolkind from obtaining new employment in his field.  Prospective employers have cancelled scheduled interviews and pulled job offers when they perform an internet background search for Wolkind's name, because the first listing is Exoo's dox, which identifies him as a fascist, white supremacist, and a Nazi, but as stated above Aaron's a Jew.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 102 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 102 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

## STEVE HARTLEY

103.    Hartley repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

102 of Plaintiff's Amended Complaint.

104.    Hartley was doxed on November 29, 2018, and labeled a Nazi, racist, terrorist and a threat to women and minorities.  The dox included directives to dogpile Hartley's employer with calls, emails, and Tweets to demand his termination.  In the dox, Hartley was identified as the president of the Philadelphia Proud Boys.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 104 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 104 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

105.    As is the pattern, enterprise associates complied with Exoo's directives and in December 2018, associates inundated Hartley's employer and co-workers with hundreds of phone calls and emails and flooded their social media and internet profiles with negative posts and reviews.  Enterprise associates still contact Hartley's employer and co-workers with threatening and harassing phone calls and emails.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 105 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 105 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

106.    Hartley's home address and personal cell phone were also doxed, and he has
received hundreds of threatening and harassing phone calls from enterprise associates, including
direct threats on his life.  The threatening and harassing communications continue to this day.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 106 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 106 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

**MARK ANTONY TUCCI**

107.    Tucci repeats and realleges the facts pertinent to all plaintiffs as alleged above in
paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

106 of Plaintiff's Amended Complaint.

108.    Exoo doxed Tucci on December 10, 2018, and associates directed harassing and
threatening phone calls, emails, and Twitter messages to his employer.  Enterprise associates
called his employer more than 600 times on that first night, which effectively shut down the
restaurant.  Tucci's employer realized what was happening and told callers he was terminated.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 108 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 108 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

109.    In real time you can see the enterprise's conspiracy play out in their Tweets.

a.  Exoo doxed Tucci with directions to harass, threaten and intimidate his employer

b.  Enterprise associates who called Tucci's employer, Tweeted confirmation to Exoo.

c.  When Tucci's employer stated Tucci was terminated, enterprise associates relayed that information to Exoo.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 109 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

110.    Exoo replied "Thanks for calling in the meantime it's very likely they're just hoping this blows over, so keep calling, folks!"

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 110 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

111.    The following day Exoo directed his associates to "keep calling folks" and the enterprise continued the assault.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 111 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## RICHARD SCHWETZ

112.    Schwetz repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 111 of Plaintiff's Amended Complaint.

113.    The enterprise targeted Schwetz after he volunteered to clean up debris and litter at a Scott Presler Clean Up America event that occurred in Philadelphia on May 23, 2020.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 113 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

114.    As a result of participating in the cleanup event and being photographed with other Proud Boys that participated in the cleanup event, Schwetz was doxed in June 2020.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 114 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

115.    Enterprise associates directed harassing and threatening phone calls, emails, Twitter messages, and social media posts to Schwetz's co-workers located at the varied locations of his then employer Inova Payroll.

**<u>ANSWER</u>:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 115 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 115 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

116.    Amidst the initial wave of incoming harassing and threatening phone calls, emails, and Twitter messages, an enterprise associate threatened one specific Inova Payroll employee by posting a photograph of the employee with her young son.

**<u>ANSWER</u>:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 116 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 116 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

117.    The employee had no relationship with Schwetz whatsoever, caused Inova Payroll to reasonably fear for its employees' safety.

**<u>ANSWER</u>:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 117 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 117 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

118.    Exoo doxed Schwetz a second time on September 21, 2020, with further instructions to enterprise associates to conduct a second round of harassing and threatening messages.  The threats are still visible on Twitter.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 118 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 118 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

## **MATTHEW REIDINGER**

119.    Reidinger repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

118 of Plaintiff's Amended Complaint.

120.    Exoo doxed Reidinger on November 27, 2018, and instructed his associates to direct threatening, harassing, and intimidating phone calls, Tweets, to his employer to demand his termination.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 120 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 120 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

121.    As is the case with all victims, Exoo directed associates to dogpile Reidinger's employer's social media sites with negative reviews.  In his instructions Exoo admits that they recently successfully dogpiled Comcast to extort a termination.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of Plaintiff's Amended Complaint. To the extent the allegations contained in paragraph 121 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## JOBEL BARBOSA

122.   Barbosa repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 121 of Plaintiff's Amended Complaint.

123.   Exoo doxed Barbosa on June 22, 2019, as trans-phobic, because he was photographed at Philadelphia's gay pride parade. As always, Exoo's directed enterprise associates to contact Barbosa's employer to demand his termination. Associates immediately followed Exoo's directions, including one enterprise associate who left her name and telephone number.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of Plaintiff's Amended Complaint. To the extent the allegations contained in paragraph 123 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

124.   Barbosa's home address and cell phone numbers for him and his wife were posted to a webpage phonezapp.noblog.org (no longer available) and Barbosa's wife received threatening calls on her personal cell phone.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 124 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

125.    The number of contacts his former employer received is unknown at this point, but the volume was substantial, and Barbosa was immediately called into a meeting with a company executive and a human resources representative.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 125 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

126.    Barbosa was terminated on June 27, 2019.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 126 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

**SEAN-MICHAEL DAVID SCOTT**

127.    Scott repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

42

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

126 of Plaintiff's Amended Complaint.

128.    Exoo doxed Scott on September 16, 2019 and his employer publicly confirmed
his employment termination on September 17, 2019.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 128 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 128 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

129.    Exoo associates threatened and intimidated the property manager for Scott's
apartment.  The property manager was fearful of repercussions and demanded Scott vacate the
premises.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 129 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 129 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

130.    On September 17, 2019, Scott's home was attacked with graffiti and vandalized.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 130 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 130 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

131.    On April 16, 2020, Scott was attacked at his home for the second time and his car's tires were slashed and windows broken.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 131 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 131 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

## JOHN HUGO

132.    Hugo repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

131 of Plaintiff's Amended Complaint.

133.    Hugo was doxed by Exoo on January 2, 2020, and as with all of his doxes, Exoo labeled Hugo a fascist and white supremacist.  Exoo's dox and call to action to his associates was re-Tweeted over 100,000 times.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 133 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 133 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

134.    Enterprise associates immediately followed Exoo's directives and made hundreds of threatening and harassing phone calls and over 1,000 harassing emails to Hugo's employer demanding Hugo's termination.  As in all cases, the volume of phone calls prevented Hugo and his co-workers from performing their jobs.  Hugo was terminated in March 2020.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 134 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

135.    Hugo continues to receive threatening and harassing phone calls from enterprise associates who threaten Hugo that they will never let him work again and will force him to live in a box.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 135 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

### SUPPLEMENTAL PLEADING TO ADD PLAINTIFF THOMAS LOUDEN WHO WAS INJURED BY THE ENTERPRISE AFTER THE COMPLAINT WAS FILED

136.    Louden repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 37 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 135 of Plaintiff's Amended Complaint.

137.    The original Complaint in this action was filed on September 21, 2020, and Louden was injured after the Complaint was filed in the same series of occurrences or

transactions after the Complaint was filed.  Louden was employed as the Director of Managed Care at Thomas Jefferson University Hospital in Philadelphia.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 137of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

138.   During a global health emergency and pandemic Exoo doxed Louden's hospital employer on November 2, 2020, and as in all cases associates immediately flooded Louden's employer and co-workers with harassing and threatening phone calls, emails, social media posts.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 138 of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

139.   Louden who does not have a Twitter account was unaware of Exoo's dox until he was called to a Zoom meeting with his hospital's Vice-President and a human resources representative on November 2, 2020.  Louden was quizzed about his membership in a right-wing extremist group.  Louden is not a member of a right-wing extremist group, he is a 30-year volunteer firefighter and the appointed Deputy Emergency Management Coordinator for Hilltown Township, Pa.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of Plaintiff's Amended Complaint.  To the extent the allegations contained in paragraph 139 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

140.    On November 3, 2020, Louden learned that Exoo posted photos of his home with his car parked in his driveway.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 140 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 140 of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

141.    On November 10, 2020, Exoo re-posted Louden's personal information with explicit directions, including photographs of his home and local street signs, the name of the city, and even the longitude and latitude coordinates.  Louden, obviously remains fearful for his family's safety.  Louden was terminated on December 7, 2020.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 141 of Plaintiff's Amended

Complaint.  To the extent the allegations contained in paragraph 141of Plaintiff's Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to – 49
(as to D'Ambly against Tribune Publishing Company and the New York Daily News)**

142.    D'Ambly realleges and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 141 with the same force and effect as if set forth in detail herein again.

**ANSWER**:     Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 141 of Plaintiff's Amended Complaint.

143.     Defendants Tribune and Daily News are employers as defined in N.J.S.A. 10:5-5.

**ANSWER**:     Tribune and the Daily News admit the allegations contained in paragraph 143 of

the Amended Complaint.

144.     D'Ambly is older than forty years (40) old and was an employee as defined in
N.J.S.A. 10:5-5.

**ANSWER**:     Tribune and the Daily News admit the allegations contained in paragraph 144 of

the Amended Complaint.

145.     Defendants Tribune and Daily News discharged D'Ambly due to their enmity
towards D'Ambly's racially identifiable associations, whereas, non-white Tribune and Daily
News employees who participate in racially identifiable associations, are not punished, or
terminated, violated N.J.S.A. 10:5-12.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 145 of

the Amended Complaint.

146.     Defendants Tribune and Daily News undertook several pre-textual steps to mask
D'Ambly's discriminatory termination:

a.   Tribune hired a private investigation firm to invade D'Ambly's privacy in an
unsuccessful effort to catch D'Ambly engaged in unlawful activity.

b.   In the morning of January 11, 2019, the Daily News received death threats
intended to extort D'Ambly's termination that they did not immediately disclose,
because they intended to use the threats pre-textually as the "cause" of D'Ambly's
termination.

c.   In the afternoon of January 11, 2019, the Daily News issued D'Ambly a "Last and
Final Warning," that warned D'Ambly he would be immediately terminated if it
were discovered he brought his political activities into the workplace, but they did
not inform or warn D'Ambly of the death threats earlier received.

d.   D'Ambly was informed he was terminated on January 16, 2019.

e.   Subsequently, D'Ambly received a "Termination of Employment" letter dated
January 22, 2019, whereby, the Daily News falsely stated they discovered the
death threats on January 14, 2019, contrary to indisputable evidence they received
the death threats on January 11, 2019, which meant he "brought his activities into

the workplace" after he was warned.  Daily News cited this fabrication as the "cause" of D'Ambly's termination.

**ANSWER**:     Tribune and the Daily News admit that it hired a firm to confirm the allegations

raised about D'Ambly's activities, that D'Ambly was issued a "Last and Final Warning" that he

would be terminated if his activities were brought into the workplace, that D'Ambly was

informed that he was terminated on January 16, 2019, and that D'Ambly was sent a

"Termination of Employment" letter dated January 22, 2019 stating that he was terminated after

threats were discovered on January 14, 2019. Tribune and the Daily News deny the remaining

allegations in paragraph 146 of the Amended Complaint.

147.    As a direct and proximate result of defendants Tribune Publishing Company and the New York Daily News racially discriminatory termination, D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 147 of

the Amended Complaint.

## COUNT II

**Tortious Interference with Prospective Economic Benefit**
**(as to all Plaintiffs except K.R. against defendant Christian Exoo a/k/a "AntiFashGordon")**

148.    Plaintiffs reallege and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 147 with the same force and effect as if set forth in detail herein again.

**ANSWER**:     Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 147 of Plaintiff's Amended Complaint.

149.    Plaintiffs were rightfully entitled to pursue lawful employment.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count II of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

150.    Plaintiffs reasonably expected their employment to continue into the future and to benefit economically from his employment.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

151.    Defendant Exoo knew Plaintiffs were employed and intentionally interfered with their prospective economic benefits to be gained from continued employment.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

152.    Defendant Exoo intentionally and unjustifiably interfered with Plaintiffs rights to pursue lawful business.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

153.    Defendant Exoo's interference caused Plaintiffs employer to terminate their employment.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

154.    Plaintiffs have suffered and will continue to suffer irreparable harm in the form of damage to his reputation, loss of income and financial hardship as a result of Exoo's interference.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

155.    As a direct and proximate result of defendant Exoo's interference with Plaintiffs prospective economic benefits, Plaintiffs have suffered adverse consequences and continue to be damaged.  Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count II of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT III

**Intrusion Upon Seclusion – Public Disclosure of Private Personal Information**
**(as to all Plaintiffs except for K.R. against Christian Exoo a/k/a "AntiFashGordon")**

156.    Plaintiffs reallege and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 155 with the same force and effect as if set forth in detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 155 of Plaintiff's Amended Complaint.

157.    In directing and carrying out a sustained effort to embarrass, defame and publicize private facts, including Plaintiffs' home address and familial relations without their consent, Exoo intentionally intruded upon Plaintiffs' solitude and seclusion.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count III of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count III of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

158.    By conducting a sustained effort to embarrass, defame and publicize private facts including D'Ambly's home address and familial relations without Plaintiffs' consent, Exoo intentionally intruded upon Plaintiffs' solitude and seclusion.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count III of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count III of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

159.    Defendant intentionally intruded on Plaintiffs' solitude and seclusion in a manner that is highly offensive to a reasonable person.

**ANSWER**:      Tribune and the Daily News make no response to the allegations in Count III of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count III of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

160.    As a direct and proximate result of Exoo's intrusion upon his seclusion, Plaintiffs
have suffered adverse consequences and continue to be damaged.  Plaintiffs are entitled to
compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable
attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER**:      Tribune and the Daily News make no response to the allegations in Count III of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count III of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

## COUNT IV

**Violation of N.J.S.A. 2C:33-4.1 and N.J.S.A. 2C:30-31(a) Cyber-Harassment and Stalking
(as to D'Ambly against defendant Christian Exoo a/k/a "AntiFashGordon")**

161.    D'Ambly realleges and incorporates herein by reference each and every one of the
allegations contained in paragraphs 1 through 160 with the same force and effect as if set forth in
detail herein again.

**ANSWER**:      Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 160 of Plaintiff's Amended Complaint.

162.    Defendant Exoo encouraged and incited others to violence against D'Ambly and
conducted an ongoing campaign that intruded D'Ambly's life.

**ANSWER**:      Tribune and the Daily News make no response to the allegations in Count IV of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IV of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

163.    Defendant Exoo intentionally and knowingly sent, commented, and posted D'Ambly's private and involuntarily disclosed personal information to social media networking sites to purposely harass, intimidate, and threaten D'Ambly.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IV of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

164.    By encouraging others to inflict physical harm to D'Ambly's person and property.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IV of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

165.    By encouraging others to commit crimes against D'Ambly that resulted in D'Ambly receiving death threats and sustaining physical damage to his personal property

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IV of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

166.    As a direct and proximate result of Defendant Exoo's cyber-harassment and stalking D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and

reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER**:     Tribune and the Daily News make no response to the allegations in Count IV of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IV of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

<u>**COUNT V**</u>

**Violation of 18 U.S.C. § 875(c) – Interstate Communications**
**(as to all Plaintiffs against defendant Christian Exoo a/k/a "AntiFashGordon")**

167.     Plaintiffs reallege and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 166 with the same force and effect as if set forth in detail herein again.

**ANSWER**:     Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 166 of Plaintiff's Amended Complaint.

168.     By using an interactive computer service to intentionally transmit threats of physical violence at Plaintiffs via interstate communications.

**ANSWER**:     Tribune and the Daily News make no response to the allegations in Count V of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.  To

the extent the allegations contained in Count V of Plaintiff's Amended Complaint allege wrongdoing

by or liability or damages against Tribune and the Daily News, the allegations are denied.

169.     By directing an enterprise is engaged in an interstate campaign of violent threats against Plaintiffs for the purpose of injuring and endangering Plaintiffs' personal safety.

**ANSWER**:     Tribune and the Daily News make no response to the allegations in Count V of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.  To

the extent the allegations contained in Count V of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

170.    By explicitly threatening Plaintiffs via an interactive computer service Exoo transmitted threats in interstate commerce.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count V of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.  To

the extent the allegations contained in Count V of Plaintiff's Amended Complaint allege wrongdoing

by or liability or damages against Tribune and the Daily News, the allegations are denied.

171.    As a direct and proximate result of defendant Exoo's use of interstate communications to threaten and harm Plaintiffs they have suffered adverse consequences and continue to suffer adverse consequences.  Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count V of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.  To

the extent the allegations contained in Count V of Plaintiff's Amended Complaint allege wrongdoing

by or liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT VI

**Violation of 18 U.S.C. 2261A(2) –Stalking**
**(as to all Plaintiffs against defendant Christian Exoo a/k/a "AntiFashGordon")**

172.    Plaintiffs reallege and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 171 with the same force and effect as if set forth in detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 171 of Plaintiff's Amended Complaint.

173.    Exoo used an interactive computer service to surveil and stalk Plaintiffs with the intent to harass, intimidate, threaten, and harm Plaintiffs.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VI of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count VI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

174.    Exoo stalked Plaintiffs to discover their personal identity and then disseminated the information using an interactive computer service with instructions to enterprise associates with directions to harass, intimidate, and endanger Plaintiffs personal safety.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count VI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

175.    Exoo used an interactive computer service to direct an enterprise to harass, intimidate, and threaten others in order to extort Plaintiffs termination from lawful employment.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count VI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

176.    Exoo's conduct caused Plaintiffs to reasonably fear for the safety of themselves and their family and caused Plaintiffs to suffer severe emotional and financial distress.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count VI of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

177.    As a direct and proximate result of defendant Exoo's stalking in violation of
18 U.S.C. § 2261A(2) Plaintiffs have has suffered adverse consequences and continue to suffer
adverse consequences.  Plaintiffs are entitled to compensatory damages, equitable and
declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be
determined at trial, but which is in excess of $75,000.00.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VI of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count VI of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

## COUNT VII

### Employer's Breach of its Duty to Warn
### (as to D'Ambly against defendants Tribune Publishing Company and the New York Daily News)

178.    D'Ambly realleges and incorporates herein by reference each and every one of the
allegations contained in paragraphs 1 through 177 with the same force and effect as if set forth in
detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 177 of Plaintiff's Amended Complaint.

179.    Defendants Tribune and Daily News received a stream of death threats directed at
D'Ambly over a two and one-half month period, but they never warned D'Ambly.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 179 of

the Amended Complaint.

180.    Defendants Tribune and Daily News never warned D'Ambly to take
precautionary measures as he entered or exited the workplace.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 180 of

the Amended Complaint.

181.    Defendants Tribune and Daily News did not take steps to increase the safety of D'Ambly and other employees as they entered and exited the workplace.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 181 of the Amended Complaint.

182.    Defendants Tribune and Daily News did not secure the workplace in order to protect D'Ambly and others.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 182 of the Amended Complaint.

183.    As he was not aware of the threats, D'Ambly could not take steps to protect himself and his property and as a result his property was damaged on January 11, 2019.

**ANSWER**:    Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of Plaintiff's Amended Complaint.

184.    Defendants Tribune and Daily News had a duty to warn their employee he was the direct target of the death threats they received.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 184 of the Amended Complaint.

185.    As a direct and proximate result of defendants Tribune and Daily News' failure to warn D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 185 of the Amended Complaint.

## COUNT VIII

**Violations of N.J.S.A 2C:41-1 to – 2C:41-6.2 (Racketeering)
(as to D'Ambly against defendants Christian Exoo a/k/a "AntiFashGordon," St. Lawrence
University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

186.    D'Ambly realleges and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 185 with the same force and effect as if set forth in detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 185 of Plaintiff's Amended Complaint.

187.    The "Exoo Enterprise" is directed by defendant Christian Exoo a/k/a "@AntiFashGordon," and consists of associates St. Lawrence University, including their employees and agents, Vijaya Gadde, and Twitter, Inc., including their employees and agents, and unknown associates.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VIII of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count VIII of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

188.    Defendant Exoo used an interactive computer service to direct the Exoo Enterprise's patterns of racketeering activities as defined by N.J.S.A. 2C:41(a)(1) to extort D'Ambly's termination from the Daily News.

a.    The Exoo Enterprise threatened the Daily News via Tweets and phone calls and related activities prohibited by N.J.S.A. 2C:41-2.

b.    Exoo Enterprise committed multiple prohibited by N.J.S.A. 2C:41(a)(1)(h).

c.    Exoo Enterprise committed multiple prohibited by N.J.S.A. 2C:41(a)(1)(bb)

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count VIII of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count VIII of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

189.    As a direct result of the Exoo Enterprises patterns of racketeering activities,
D'Ambly was terminated from his employment.

**ANSWER**:    Tribune and the Daily News make no response to the allegations in Count VIII of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count VIII of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

190.    As a direct and proximate result of Defendants' patterns of racketeering activities
D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled
to compensatory damages, equitable and declaratory relief, punitive damages, costs, and
reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of
$75,000.00.

**ANSWER**:    Tribune and the Daily News make no response to the allegations in Count VIII of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count VIII of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

## COUNT IX

**Violations of 18 U.S.C. §§ 1962(c) – Racketeering**
**Multiple violations of RICO predicates 18 U.S.C. §§ 1951 and 1952**
**(as to all Plaintiffs against defendants Christian Exoo a/k/a "AntiFashGordon," St.**
**Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

191.    Plaintiffs reallege and incorporates herein by reference each and every one of the
allegations contained in paragraphs 1 through 190 with the same force and effect as if set forth in
detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 190 of Plaintiff's Amended Complaint.

192.     Each of the individuals and entities is a "person" within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of the enterprise, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

193.     The Exoo Enterprise is an enterprise within the meaning of 18 U.S.C. 1961(4), directed by defendant Christian Exoo a/k/a "@AntiFashGordon," and consisting of St. Lawrence University, including their employees and agents, Vijaya Gadde, and Twitter, Inc., including their employees and agents, and unknown associates.  The Exoo Enterprise was created to dox fascists and white supremacists in order to use the doxed information to conduct patterns of racketeering activities to threaten violence, intimidate, harass, and extort others to achieve the enterprises mission of causing employment terminations, educational expulsions, physical injury, and personal harm to the persons doxed.  The Exoo Enterprise functions as an organization and continuing unit to effectuate patterns of racketeering activity.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

194.     Upon information and belief, multiple generations of Exoo's family are or were employed by St. Lawrence University and Exoo's activities are well known to St. Lawrence faculty and administrators, who allow Exoo to direct the enterprise from St. Lawrence property, from his place of employment, during his normal work hours using St. Lawrence equipment and information technology.  St. Lawrence consents to Exoo's use of St. Lawrence property to direct the enterprise, and participates in the Exoo Enterprise, because they believe the patterns of racketeering activities helps St. Lawrence's achieve their global mission.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

195.    Exoo uses his employment, teaching, and lecturing at St. Lawrence with the consent and approval of St. Lawrence to recruit students to join the Exoo Enterprise as associates.  In concert with other associates, the Exoo Enterprise, directed by Exoo created and maintained systematic links for the common purpose of doxing targeted fascists and white supremacists, and then threaten, harass, and extort others to cause harm to their targets.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

196.    At all times relevant, Gadde was the only Twitter employee authorized to permanently ban Twitter users.[7]

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

197.    Exoo is and was well known to Gadde and Twitter, because Gadde and Twitter have twice before permanently banned Exoo due to habitual doxing.

---

[7] *Meet Vijaya Gadde, an Indian-born Twitter head who decides on blocking tweets, users*, The Economic Times, (Jan. 16, 2020) https://economictimes.indiatimes.com/tech/internet/meet-vijaya-gadde-an-indian-born-twitter-head-who-decides-on-blocking-tweets/articleshow/73281445.cms, last accessed September 12, 2020.  See also, *Twitter's Top Lawyer Is Final Word On Blocking Tweets – Even Donald Trump's,* Bloomberg.com,(Jan. 15, 2020) https://www.bloomberg.com/news/articles/2020-01-15/twitter-s-gadde-is-final-word-on-blocking-tweets-even-trump-s, last accessed September 12, 2020; *Meet Twitter's top lawyer, who has the final word on blocking tweets – including Donald Trump's,* Fortune.com, (Jan. 15, 2020) https://fortune.com/2020/01/15/twitter-top-lawyer-vijaya-gadde-blocks-tweets-donald-trump/, last accessed September 12, 2020.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count IX of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

198.    Gadde and Twitter agreed to associate with the Exoo Enterprise when they breached their own TOS to conspire with a recidivist ban evader, and permitted the enterprise leader to create ban evasion account "@AntiFashGordon," which Gadde and Twitter knew was purposely created to dox unsuspecting persons, in order to direct associates in patterns of racketeering activities.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count IX of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

199.    Gadde and Twitter associate and participate in the Exoo Enterprise's patterns of racketeering, by virtue of their affirmative decision to allow Exoo, a three-time ban evader and known habitual doxer, create a ban evasion account in direct contradiction of their TOS and enforcement rules, through which, the Exoo Enterprise conducts its patterns of racketeering.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count IX of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

200.    Upon information and belief Gadde and Twitter have received hundreds and likely thousands of complaints directly to their individual Twitter accounts and through Twitter's TSC regarding the Exoo Enterprise's doxing. But Gadde and Twitter choose to ignore the avalanche of doxing and abusive behavior complaints and refuse to enforce their own policies in order to facilitate the patterns of racketeering activities directed by known ban evasion account, @AntiFashGordon.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

201.    Gadde personally participates in, and benefits from the Exoo Enterprise's patterns
of racketeering activities, because she has publicly stated her personal disdain for fascists and
white supremacists, and she is "very, very focused on that...the KKK, the American Nazi Party,"
because that "was what my parents had to deal with" where she grew up on the Texas-Louisiana
border.[8]  Gadde participates in the Exoo Enterprise, because of an Oresteian desire to avenge her
parents perceived mistreatment.  Gadde and Twitter are the lynchpin of the Exoo Enterprise.
Without Gadde and Twitter's consent and participation, the Exoo Enterprise could not conduct
its patterns of racketeering activities.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

202.    Twitter benefits economically from the Exoo Enterprise's patterns of racketeering
activities, because @AntiFashGordon has an extremely large Twitter following, one of the
largest follower bases of all Twitter users, and the account drives a tremendous amount of
internet traffic to Twitter.  Greater traffic to their site increases Twitter's ad revenue.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

---

[8]  *Twitter's Kayvon Beykpour and Vijaya Gadde.  The Code Conference interview (transcript)*, Vox.com
(June 27, 2019) https://www.vox.com/recode/2019/6/27/18760444/twitter-kayvon-beykpour-vijaya-
gadde-kara-swisher-peter-kafka-code-conference-interview-transcript last accessed September 12, 2020.

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

203.    Twitter benefits socially from the Exoo Enterprise's patterns of racketeering activities because the Exoo Enterprise's doxing of fascists and white supremacists imparts a social benefit on Twitter as it is seen as a defender of "marginalized communities" and provides cover for their stated business goal of creating what Twitter describes as "safer" conversations.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

204.    The Exoo Enterprise engages in and affects interstate commerce, because, *inter alia,* it threatens violence to persons and property of others throughout the United States in furtherance of a plan that reaches into the several states to disrupt economic activity.  The Exoo Enterprise has caused severe economic hardship to Plaintiffs and negatively impacted local economies throughout the United States.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

205.    Pursuant to and in furtherance of their violent doxing campaign, Defendants directed and participated in the affairs of the Exoo Enterprise through patterns of racketeering activity, including multiple acts indictable under 18 U.S.C. §§ 1951 (Interference with commerce by threats or violence) and 1952 (use of interstate facilities to conduct unlawful activity).

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

206.    The conduct of the Exoo Enterprise described above constitutes "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).  Defendants' decisions and activity in connection with the Exoo Enterprise to routinely conduct its transactions in such a manner constitutes "patterns of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

207.    By virtue of these violations of 18 U.S.C. § 1962(c), Defendants are liable to Plaintiffs for three times the damages sustained, plus the costs of this suit, including reasonable attorneys' fees.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

208.    As a direct and proximate result of Defendants patterns of racketeering activity Plaintiffs have suffered adverse consequences and continue to suffer adverse consequences in an amount to be determined at trial, but which is in excess of $75,000.00.  Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count IX of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count IX of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

## COUNT X

### Violation of 18 U.S.C. § 1962(d) (Conspiracy)
### (as to all Plaintiffs against defendants Christian Exoo a/k/a "AntiFashGordon," St.
### Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")

209.    Plaintiffs reallege and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 208 with the same force and effect as if set forth in detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 208 of Plaintiff's Amended Complaint.

210.    Section 1962(d) of RICO provides "shall be unlawful for any person to conspire to violate any provisions of subsection (a), (b), or (c) of this section."

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

211.    Defendants have violated 18 U.S.C. § 1962(d) by conspiring to associate and participate in the Exoo Enterprise's patterns of racketeering activities as defined in 18 U.S.C. 1962(c).  The object of this conspiracy is to conduct, direct and participate in, directly or indirectly, the Exoo Enterprise's patterns of racketeering activity.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

212.    Defendants' have engaged in numerous overt and predicate racketeering acts in furtherance of the conspiracy, including threatening, intimidating, and extorting others to cause harm to their targets.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

213.    The nature of the above-described acts of Defendants' and co-conspirators acts in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. 1962(d) violation, but they were aware that their ongoing extortionate acts have been, and are part of an overall pattern of racketeering activity demonstrated through related and continuous acts.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

214.    Defendants sought to and have engaged in the commission of, and continue to commit overt acts, including the following unlawful racketeering predicate acts:

a.    Multiple instances of interference with commerce by threats of violence in violation of 18 U.S.C. § 1951; and

b.    Multiple instances of use of interstate facilities to conduct unlawful activity violations of 18 U.S.C. § 1952.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

215.    As a direct and proximate result of Defendants' multiple overt acts and predicate acts in furtherance of the Exoo Enterprise, in violation of 18 U.S.C. § 1962(d), by conspiring to violate 18 U.S.C. 1962(c), D'Ambly has been and continues to be injured by Defendants' conduct.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

216.    By virtue of these violations of 18 U.S.C. § 1962(d), Defendants are liable to D'Ambly for three times the damages sustained, plus the costs of this suit, including reasonable attorneys' fees.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

217.    As a direct and proximate result of Defendants patterns of racketeering activity Plaintiffs have suffered adverse consequences and continue to suffer adverse consequences in an amount to be determined at trial, but which is in excess of $75,000.00.  Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count X of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count X of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

## COUNT XI

### Negligent Entrustment
### (as to all Plaintiffs against defendants Vijaya Gadde and Twitter, Inc.)

218.    Plaintiffs reallege and incorporates herein by reference each and every one of the
allegations contained in paragraphs 1 through 217 with the same force and effect as if set forth in
detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1

through 217 of Plaintiff's Amended Complaint.

219.    Exoo is a notorious and infamous doxer, who relies on Twitter to dox
unsuspecting people and direct his enterprise.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XI of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

220.    Due to habitual doxing and abusive behavior, Twitter has previously permanently
banned two accounts controlled by Exoo, @ChrisExoo and @ChristianExoo.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XI of

Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

221.    Upon information and belief, Twitter received hundreds of complaints that Exoo
was habitually doxing under Twitter username @DoxSavage.

**ANSWER:**      Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

222.      In lieu of a third permanent ban Twitter agreed to allow Exoo to undergo a username change from @DoxSavage to @AntifashGordon, contrary to Twitter's TOS.

**ANSWER:**      Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

223.      Subsequent to Twitter's agreement to allow Exoo to change his Twitter username to @AntiFashGordon, Vijaya Gadde and Twitter's Safety Council have received numerous doxing complaints.

**ANSWER:**      Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

224.      Gadde was the only person at Twitter with authority to decide permanent bans and she knew Exoo is a habitual doxer, but she ignored that knowledge and agreed to allow him to change his username and continue doxing.

**ANSWER:**      Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege

72

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

225.    Gadde recklessly ignored Twitter's TOS against ban evasion accounts and allowed Exoo to change his name from @DoxSavage to @AntiFashGordon, thereby, entrusting Exoo with the instrumentality to direct the Exoo Enterprise's patterns of racketeering activities.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

226.    As a direct and proximate result of defendant Gadde and Twitter's negligent entrustment Plaintiffs have suffered adverse consequences and continue to suffer adverse consequences.  Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XI of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XI of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT XII

### Breach of Implied Covenant of Good Faith – Promissory Estoppel
### (as to all Plaintiffs against defendants Vijaya Gadde and Twitter, Inc.)

227.    Plaintiffs reallege and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 226 with the same force and effect as if set forth in detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 226 of Plaintiff's Amended Complaint.

228.    Defendant Twitter's TOS prohibit doxing and ban evasion accounts.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

229.    Defendant Twitter created a Trust and Safety Council department to investigate TOS violations to remove abusive content and protect others from abusive behaviors of others.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

230.    Twitter created the Trust and Safety Council to prohibit abusive behavior by Twitter users and promised victims of abusive behavior would be protected.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

231.    Gadde is the executive in charge of Twitter's Trust and Safety council, and the only person at Twitter with authority to allow Exoo to create a ban evasion account.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

232.    Twitter allowed Exoo to create a ban evasion account fully aware he was a habitual doxer, who used Twitter to harm others.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

233.    Exoo as @AntiFashGordon doxed Plaintiffs and violently threatened others with violence, including employers and former co-workers in order to extort Plaintiffs' termination.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

234.    Gadde, Twitter Support and Twitter Trust and Safety received contemporaneous complaints that @AntiFashGordon doxed Plaintiffs, but took no action.

**ANSWER:**    Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

235.    Twitter refused to protect Plaintiffs the Exoo Enterprise's abusive behavior and have not removed Plaintiffs doxed information or banned the Exoo Enterprise, who continue to abuse and dox.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

236.     Twitter assumed liability for the harm that flows from defendant Exoo's doxing when they neglected to remove Plaintiffs' doxed information in violation of their TOS.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

237.     As a direct and proximate result of defendant Gadde and Twitter's breach of their assumed duty to remove Plaintiffs doxed private information Plaintiffs have suffered adverse consequences and continue to suffer adverse consequences. Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT XIII

### Legal Malpractice
### (as to D'Ambly against defendant Cohen, Weiss, and Simon, L.L.P.)

238.     D'Ambly repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 237 with the same force and effect as if set forth in detail herein again.

76

**ANSWER**:     Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 237 of Plaintiff's Amended Complaint.

239.    As a result of their personal revulsion of D'Ambly and his political beliefs CWS failed to adequately represent and protect D'Ambly's rights.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

240.    Defendant CWS neglected to perform necessary case research, legal research, and investigation of the accusations against D'Ambly.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

241.    As a result of CWS's inadequate legal research and investigation they failed to protect D'Ambly from the extortionate and criminal conduct of others.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

242.    As a result of CWS's failure to adequately investigate D'Ambly's doxing they failed to learn that @AntiFashGordon publicly announced D'Ambly's termination on January 13, 2019, which occurred five days before his official termination date, and one day before the purported "cause" of his termination was discovered.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

243.    CWS failed to challenge Brill's blatant misrepresentations regarding the timing of the alleged 'cause' of D'Ambly's termination.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

244.    CWS's revulsion of D'Ambly and his political beliefs caused them to ignore an obvious racially discriminatory pre-textual termination spotlighted by the private investigation, last and final warning, and falsely claimed cause of D'Ambly's termination.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

245.    As a direct and proximate result of CWS's legal malpractice that flowed from their firmwide enmity of D'Ambly's political beliefs D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**     Tribune and the Daily News make no response to the allegations in Count XIII of Plaintiff's Amended Complaint as the claim is not brought against Tribune and the Daily News.

To the extent the allegations contained in Count XIII of Plaintiff's Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## PRAYER FOR RELIEF

Tribune and the Daily News deny that Plaintiff is entitled to any relief sought in the Plaintiff's Prayer of Relief.

## SEPARATE DEFENSES

Without unnecessarily assuming the burden of proof and in addition to the factual and legal denials stated above, Tribune and the Daily News set forth the following Separate Defenses to the allegations contained in Plaintiff's Complaint. Tribune and the Daily News reserve the right to amend this Answer with additional defenses as further information is obtained

### *First Separate Defense*

Plaintiff has executed a valid and binding Separation Agreement and Mutual Release that, by its terms, effect, and operation, released any and all claims that he may have against Tribune and the Daily News here.

### *Second Separate Defense*

Because Plaintiff has executed a valid and binding Separation Agreement and Mutual Release, any and all claims that he may have against Tribune and the Daily News are barred by accord and satisfaction.

### *Third Separate Defense*

Where Plaintiff has executed a release of claims against Tribune and the Daily News, Plaintiff cannot bring such claims against Tribune and the Daily News without first returning the consideration for such release – here, $70,000.00.

### *Fourth Separate Defense*

Where Plaintiff has executed a release of claims against Tribune and the Daily News, and proceeded with this lawsuit without first returning the consideration for that release, that consideration – $70,000 – must be set off against any award the Plaintiff may obtain.

### *Fifth Separate Defense*

Plaintiff is estopped from proceeding with his causes of action against Tribune and the Daily News.

### *Sixth Separate Defense*

Plaintiff's action against Tribune and the Daily News is barred by the doctrine of unclean hands.

### *Seventh Separate Defense*

Plaintiff's Complaint fails to state a claim against Tribune and the Daily News upon which relief can be granted. Tribune and the Daily News did not discriminate against Plaintiff within the meaning of the New Jersey Law Against Discrimination.

### *Eighth Separate Defense*

Plaintiff's Complaint fails to state a claim against Tribune and the Daily News upon which relief can be granted. Tribune and the Daily News did not owe or breach any duty to Plaintiff.

### *Ninth Separate Defense*

Any injuries Plaintiff sustained are a result of his own intentional acts, barring Plaintiff from recovery.

### *Tenth Separate Defense*

If Tribune and the Daily News are found to have violated any law, Plaintiff cannot recover emotional distress damages because any such distress was caused by factors other than Tribune's and the Daily News' conduct.

### *Eleventh Separate Defense*

If Tribune and the Daily News are found to have violated any law, any claim for punitive damages is barred because the alleged acts or omissions of Tribune and the Daily News fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless, or fraudulent intent to deny Plaintiff his legal rights, and are not so wanton or willful as to support an award of punitive damages.

WHEREFORE, Tribune and the Daily News prays that Plaintiff take nothing by this suit, that judgment be entered on behalf of Tribune and the Daily News, and any other such relief to which Tribune and the Daily News may be entitled.

Date: April 22, 2021

Respectfully submitted,

/s/ *Richard Scharlat*

Richard Scharlat
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
(212) 547-5421 (phone)
(212) 547-5444 (fax)
rscharlat@mwe.com

Joseph Mulherin
Brian Mead
McDermott Will & Emery LLP
444 W. Lake Street
Chicago, IL 60606
(312) 372-2000 (phone)
(312) 984-7700 (fax)

***Attorneys for Tribune Publishing Company, Inc.
and New York Daily News***

## CERTIFICATE OF SERVICE

The undersigned does certify that on the 22nd day of April 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ *Richard Scharlat*

Dated: April 22, 2021

DM_US 178750038-3.096107.0044