UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY,<br><br>                    Plaintiff,<br><br>    v.<br><br>CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAY GADDE; TWITTER, INC.; COHEN, WEISS AND SIMON LLP,<br><br>                    Defendants. | Case No. 2:20-cv-12880-JMV-JAD<br><br>Civil Action |

**REPLY MEMORANDUM OF LAW ON BEHALF OF DEFENDANT COHEN, WEISS AND SIMON LLP IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNT XIII OF PLAINTIFF'S AMENDED COMPLAINT**

Michael J. Canning, Esq. (MJC3060)
**GIORDANO, HALLERAN & CIESLA**
A Professional Corporation
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701-6777
(732) 741-3900

Attorneys for Defendant Cohen, Weiss and Simon LLP

MICHAEL J. CANNING, ESQ.
   Of Counsel and on the Brief

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................. II

PRELIMINARY STATEMENT .............................................. 1

LEGAL ARGUMENT ..................................................... 4

   POINT I............................................................ 4

      THE ISSUE OF RULE 11 SANCTIONS IS NOT PRESENTLY
      BEFORE THE COURT. ........................................... 4

   POINT II........................................................... 4

      NO ATTORNEY CLIENT RELATIONSHIP EXISTED BETWEEN
      D'AMBLY AND CWS. ........................................... 4

POINT III .......................................................... 9

      PLAINTIFF'S CLAIMS RELATING TO THE LMRDA, WHICH WERE
      NOT PLEADED IN HIS AMENDED COMPLAINT, DO NOT APPLY TO
      THE FACTS OF THIS CASE. .................................... 9

POINT IV .......................................................... 11

      PLAINTIFF'S UNPLEADED ARGUMENT REGARDING A "CAPTIVE
      LABOR ORGANIZATION" FAILS AS A MATTER OF LAW. ............. 11

   POINT V........................................................... 13

      PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED
      WITH PREJUDICE. ........................................... 13

CONCLUSION ........................................................ 15

# TABLE OF AUTHORITIES

**Cases**

Atkinson v. Sinclair Refining Co., 370 U.S. 238 (1962) ....passim

Baxt v. Liloia, 155 N.J. 190 (1998) ........................7

Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101 (7th Cir. 1984)..................................................6

Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004) .............passim

Clements v. Sanofi-Aventis, U.S., Inc., 111 F.Supp. 3d 586 (D.N.J. 2015).............................................6

Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc., 482 F.3d 247 (3d Cir. 2007)....................................13

Northeast Revenue Servs., 685 Fed. Appx. at 102 ..............14

Northeast Revenue Servs., LLC v. Maps Indeed, Inc., 658 Fed. Appx. 96 (3d Cir. 2017)................................14

Pennsylvania ex.rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173 (3d Cir. 1988)..........................................6, 10

Peterson v. Kennedy, 771 F.2d 1244 (9th Cir. 1985) ...........7

Petrillo v. Bachenberg, 139 N.J. 472 A.2d 1354, 1359-60 (1995)........................................................9

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008).....................................................14, 15

United States v. Local 30, United Slate, etc., 871 F.2d 401 (3d Cir. 1989)..........................................12

**Statutes**

29 U.S.C. § 185 ..............................................5

29 U.S.C. § 411 ...........................................2, 11

29 U.S.C. § 501 ..............................................3

Labor Management Recording and Disclosure Act .............passim

**Rules**

A.B.A. Model Rule of Professional Conduct ................5, 7, 8

Fed.R.Civ. P. 11(c)(4) .......................................4

Model Rules of Professional Conduct, Scope (1992) ............7

New Jersey Rule of Professional Conduct 1.13(a) ................. 8
R. 1.13 .........................................................5
RPC 1.13 ........................................................8
RPC 1.13(d) .....................................................8
Rule 1.13 of the American Bar Association ("*A.B.A.*")
    Model Rules of Professional Conduct........................2, 5
Section 301(b) of the LMRA ......................................9

## PRELIMINARY STATEMENT

The motion of Cohen, Weiss and Simon LLP ("*CWS*") to dismiss Plaintiff's Amended Complaint is based upon the clear and unequivocal holding by the Third Circuit in Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004), and other courts of appeal which have addressed the issue, that an attorney hired by a union to perform services on behalf of a union member in connection with an arbitration hearing conducted as part of a grievance process is immune from suit for malpractice by that member. Carino, 376 F.3d at 159.

Because the law on this issue is so well settled against him, Plaintiff does not attempt to refute the holding in Carino and the other cases cited by Plaintiff which uniformly dismissed legal malpractice cases against the attorneys hired by a union to perform services on its behalf as part of the grievance process under a collective bargaining agreement.

Instead, Plaintiff makes four untenable and legally unavailable arguments not relevant to the critical issue before the Court. First, implicitly recognizing the lack of legal merit to his position and the likelihood of the Amended Complaint being dismissed, Plaintiff argues that no sanctions should be awarded against his counsel. However, the issue of Rule 11 sanctions is

not before the Court on this motion but will rather be addressed at another day.

Second, Plaintiff argues that Rule 1.13 of the American Bar Association ("*A.B.A.*") Model Rules of Professional Conduct created an attorney client relationship between Plaintiff and Defendant. This argument is not supported by any case law, is directly contrary to the holding in Carino, and is contrary to New Jersey law holding that a violation of a Rule of Professional Conduct does not by itself create civil liability. Moreover, this theory of liability is not pleaded anywhere in Plaintiff's Complaint.

Third, Plaintiff invokes sections of the Labor Management Recording and Disclosure Act ("*LMRDA*") in an effort to circumvent the clear immunity provided to CWS under Atkinson / Carino. This argument is procedurally defective since nowhere in the original or Amended Complaint is there any claim relating to the LMRDA. Substantively, the argument is unavailing because the sections of the LMRDA cited by Plaintiff do not apply to a dispute between a union member and the attorney who represented the union in a grievance process under a collective bargaining agreement. 29 U.S.C. § 411 is a union bill of rights which protects a member's right to free speech and assembly within the union. It provides no safeguard to a member's speech outside the union.

29 U.S.C. § 501 imposes a fiduciary duty on union officers and a fine / prison sentence on union officers who embezzle union assets. It has no applicability to an employer's termination of a union member from employment, which is governed solely by the collective bargaining agreement. It in no way circumvents the immunity provided to CWS under Carino for its representation of the union as part of the grievance procedure in the collective bargaining agreement.

Finally, Plaintiff again makes an argument not pleaded anywhere in its original or Amended Complaint that the Teamsters Union was a "captive labor organization" and that therefore the Atkinson / Carino immunity does not apply. Plaintiff cannot amend his Complaint (again) by way of his reply brief. Even if he could, Plaintiff acknowledges the cases he cited relate to control of a union by violent gangsters and have no applicability here. It is not the union which was allegedly influenced by the Exoo Enterprise which deprived Plaintiff of any union rights, but rather it was the Plaintiff's employer which was allegedly so influenced resulting in his termination of employment. Such a claim of wrongful termination is governed by the collective bargaining agreement, not the LMRDA. Plaintiff offers no case law (as there is none) to support the unpleaded argument that the immunity

provided under Atkinson / Carino does not apply to an attorney's representation of a "captive labor organization."

## LEGAL ARGUMENT

### POINT I

**THE ISSUE OF RULE 11 SANCTIONS IS NOT PRESENTLY BEFORE THE COURT.**

Legitimately concerned about sanctions being imposed against Plaintiff's counsel for violating Rule 11 by filing a Complaint against CWS that is patently frivolous and legally unsustainable, Plaintiff argues that sanctions should not be issued because Plaintiff had a good faith belief that the facts support his Complaint.  See Plaintiff's opposition brief at pp. 12-13. However, the issue of Rule 11 sanctions is not before the Court on this motion.  Rather, the Rule 11 motion has been served upon Plaintiff, without being filed with the Court, in order to give Plaintiff the protection of the 21-day safe harbor period provided under Fed.R.Civ. P. 11(c)(4).

### POINT II

**NO ATTORNEY CLIENT RELATIONSHIP EXISTED BETWEEN D'AMBLY AND CWS.**

As CWS demonstrated in its opening brief, the Third Circuit in Carino, and every other court of appeals which has addressed the issue, have unequivocally held that a lawyer who represents a union in a grievance procedure is immune from legal malpractice

- 4 -

liability to the constituent member on whose behalf the grievance was filed. <u>See</u> pages 8-13 of Defendant's moving brief. Plaintiff admits that every court which has addressed the issue has dismissed such legal malpractice complaints brought against the union's attorney under the immunity provided under Section 310 of the Labor Relations Management Act, 29 U.S.C. § 185. <u>See</u> pp. 2, 7-8 of Plaintiff's opposition brief.

In implicit recognition that the Complaint, as pleaded, fails to state a cause of action against CWS, Plaintiff makes a new allegation which is nowhere pleaded in the Complaint. At pages 5-7 of his brief, Plaintiff argues that an attorney client relationship was established between Plaintiff and Defendant because A.B.A. Model Rule of Professional Conduct, <u>R.</u> 1.13, requires an attorney to "explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing."

This new allegation fails for five independent reasons.

First, the allegation appears nowhere in the Amended Complaint. There is no citation in the Amended Complaint to A.B.A. Model Rule of Professional Conduct 1.13 or any other Rule of Professional Conduct. There is no allegation of any conflict between the Union and Plaintiff which mandated CWS' recusal from

the grievance procedure. The sole claim of legal malpractice asserted against CWS in Count XIII of the Amended Complaint relates to its alleged negligence in the grievance procedure, including the alleged failure to perform the necessary research and investigation in the grievance process. See ¶¶ 239-245 of the Amended Complaint. It is improper for Plaintiff to oppose the motion to dismiss, which is based solely on the allegations in Plaintiff's Amended Complaint, by raising new allegations not pleaded in the Complaint. "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." Pennsylvania ex.rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Id. citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). Likewise, "inadequate factual allegations in a complaint cannot be remedied by statements in the plaintiff's briefs." Clements v. Sanofi-Aventis, U.S., Inc., 111 F.Supp. 3d 586, 601 (D.N.J. 2015).

Second, Plaintiff fails to cite to any case law that supports the untenable position that CWS formed an attorney client relationship with Plaintiff. This unsupported conclusory allegation is directly contradicted by the clear holding in Carino, and the other courts of appeal which have addressed the issue,

that an attorney does not enter into an attorney client relationship with the constituent member of the Union by representing the Union in the grievance process. Citing to the Ninth Circuit's decision in Peterson v. Kennedy, 771 F.2d 1244 (9th Cir. 1985), the Third Circuit in Carino made it clear:

> If the union chooses to make use of an attorney, that attorney has not 'entered into an "attorney client" relationship in the ordinary sense with the particular union member who is asserting the underlying grievance', but merely 'assume[s] a function that often is performed by a union's business agents or representatives.' Id.

[Carino, 376 F.3d at 161.]

Third, even if Plaintiff had alleged a violation of a Rule of Professional Conduct in the Complaint, the New Jersey Supreme Court has held that a violation does not, in and of itself, provide the basis for civil liability against an attorney. Baxt v. Liloia, 155 N.J. 190 (1998). In reaching this conclusion, the New Jersey Supreme Court noted that the A.B.A. Model Rules explicitly provide that, "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached." Id. at 197-98 (quoting Model Rules of Professional Conduct, Scope (1992)). As the court explained, "the New Jersey disciplinary system is designed to protect the public and the integrity of the profession", id., and not to form the pretext for malpractice claims.

Fourth, the provision of the A.B.A. Model Rule of Professional Conduct upon which Plaintiff relies has not been adopted in New Jersey.  New Jersey Rule of Professional Conduct 1.13(a) provides, "A lawyer employed or retained to represent an organization represents the organization as distinct from its directors, officers, employees, members, shareholders or other constituents." This makes further clear that CWS represented the Teamsters Union, and not Plaintiff in the grievance process.  RPC 1.13(d) further provides, "In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer believes that such explanation is necessary to avoid misunderstanding on their part."  Here, even if Plaintiff had pleaded a violation of RPC 1.13, there was no violation of the Rule as Plaintiff was fully aware that it was the Union that filed the grievance on his behalf and the Union that retained CWS with regard to the grievance.  See ¶ 68 of Plaintiff's Amended Complaint.  Plaintiff cannot pursue a claim that CWS was ethically required to recuse itself; Plaintiff has already conceded that CWS represented the Teamsters Union, not him, in the grievance process.  CWS had no conflict with its client, the Teamsters Union.

Finally, in Carino the Third Circuit rejected a similar argument finding that even if the union attorney could be

considered to owe a duty of care to the constituent member, this does not circumvent the broad immunity under Section 301(b) of the LMRA first announced by the United States Supreme Court in <u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238 (1962). The Third Circuit stated:

> Lastly, Carino notes that under New Jersey law 'a lawyer's duty may run to third parties who foreseeably rely on the lawyer's opinion or other legal services.' <u>Petrillo v. Bachenberg</u>, 139 <u>N.J.</u> 472, 655 A.2d 1354, 1359-60 (1995). As a result, she argues that while Stefan was retained by the Union, he still owed a duty of care to her. While this may indeed be true, this does not alter the fact that he was acting on behalf of the Union. The fact that he may also have owed a duty to her does not remove the <u>Atkinson</u> bar.

[<u>Carino</u>, 376 F.3d at 162.]

### POINT III

**PLAINTIFF'S CLAIMS RELATING TO THE LMRDA, WHICH WERE NOT PLEADED IN HIS AMENDED COMPLAINT, DO NOT APPLY TO THE FACTS OF THIS CASE.**

At pp. 7-8 of his brief, Plaintiff recognizes that <u>Carino</u> and the other cases cited by CWS uniformly hold that attorneys employed by a union to perform services for a union related to a collective bargaining agreement are immunized from malpractice claims by a union member. Plaintiff seeks to circumvent the clear holding of these cases by arguing that Plaintiff could have pursued a claim under § 501(a) of the LMRDA. This argument fails for two reasons.

First, nowhere in Plaintiff's Complaint does he make such an allegation. Plaintiff cannot raise a claim via a brief in opposition to a motion to dismiss when such claim is not pleaded in the Amended Complaint. <u>Pennsylvania ex rel Zimmerman v. Pepsico</u>, 836 F.2d at 181.

Moreover, the LMRDA is a federal statute that governs the relationship between a union and its members. It does not govern the relationship between a union and an employer, or between the union's members and an employer. The LMRDA contains standards for free and fair union elections; safeguards for protecting union funds and assets; a reporting requirement for unions and their employees and vendors; and a bill of rights.

At p. 8 of his brief, Plaintiff argues that he could have pursued a claim under § 501(a) of the LMRDA. However, § 501 has no applicability to the facts of this case. This section of the LMRDA imposes a fiduciary duty on union officers and a fine / prison sentence on union officers who embezzle union assets. The statute has no applicability to a union member's termination from employment by his employer. D'Ambly's rights with regard to the alleged wrongful termination are governed by the collective bargaining agreement. In accordance with the collective bargaining agreement, the Teamsters Union filed a grievance with Plaintiff's employer and hired CWS as its attorney in the grievance

proceeding.  It is this representation by CWS of the union, relating to D'Ambly's termination from employment, for which CWS is fully immunized under Carino.

Plaintiff further argues at pp. 10-12 of his brief that the union could not punish D'Ambly for his political speech because of the broad free speech protections provided union members under the bill of rights section of the LMRDA at 29 U.S.C. § 411. However, this statute only protects a union member's right to free speech and assembly within the union. It does not safeguard a plaintiff's speech outside the context of a union meeting or a union election or dissident union activity. It does not prohibit the Daily News from disciplining or discharging the Plaintiff because of his speech. It simply has no applicability to the Daily News' termination of Plaintiff which, once again, is governed by the terms of the collective bargaining agreement. The union challenged the Plaintiff's termination as without just cause, filed a contractual grievance and advanced it to arbitration. CWS represented the union in that process for which it is immune from liability to Plaintiff under Carino.

### POINT IV

**PLAINTIFF'S UNPLEADED ARGUMENT REGARDING A "CAPTIVE LABOR ORGANIZATION" FAILS AS A MATTER OF LAW.**

At pp. 9-10 of its brief, Plaintiff argues that the Carino immunity does not apply because the Teamsters Union was a "captive labor organization." As with Plaintiff's other arguments, this argument was not pleaded in the original or Amended Complaint and the allegation cannot be raised for the first time by way of a brief in opposition to a motion to dismiss.

Moreover, as Plaintiff recognizes at p. 10 of his brief, the cases upon which Plaintiff relies, involving primarily labor organizations controlled by violent gangsters, do not apply. Plaintiff cites United States v. Local 30, United Slate, etc., 871 F.2d 401, 406 (3d Cir. 1989) for the proposition that "a captive labor organization exists when there is evidence that any persons controlled the union through violence, intimidation or extortion of union member's rights." Plaintiff argues that the Exoo Enterprise gained control and influence over the Teamsters which caused the relinquishment of Plaintiff's LMRDA rights. See p. 10 of Plaintiff's brief.

However, it was not the union which is claimed to have been controlled by the Exoo Enterprise, or which took any action adverse to Plaintiff which was protected under the LMRDA bill of rights or elsewhere in the LMRDA. Rather the alleged actions by the Exoo Enterprise did not control or influence the union, such as to make it a "captive labor organization." To the contrary, the allegation

is that such actions by the Exoo Enterprise influenced the Daily News to terminate Plaintiff. Again, Plaintiff's termination from employment is not a right governed by the LMRDA, but rather is governed by the collective bargaining agreement. Plaintiff cites no case law (as there is none) for the proposition that if a union agent or attorney is acting on behalf of a "captive labor organization", the rules set out in Atkinson / Carino do not apply.

POINT V

**PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.**

Despite the overwhelming precedent contrary to his position, Plaintiff opposes the motion to dismiss, arguing that he has adequately pleaded a viable cause of action. Plaintiff does not seek to amend the Complaint.

In Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc., 482 F.3d 247 (3d Cir. 2007), the Third Circuit affirmed the district court's dismissal of plaintiff's complaint with prejudice. As in this case, the defendant elected to oppose the motion to dismiss on the merits and did not seek leave to amend the complaint. Plaintiff argued that it should have been allowed to amend its complaint to correct any deficiency. It argued it was reversible error for the district court not to offer this unrequested relief *sua sponte*. The Third Circuit rejected this argument stating, "Because Fletcher-Harlee never properly requested that the

District Court allow it to amend its complaint, the court did not err in dismissing the case with prejudice, as it had no duty here even to consider allowing a right to amend." Id. at 253. The Third Circuit limited the *sua sponte* amendment rule to the context of civil rights cases, recognizing that it had "implicitly rejected any argument that, outside of civil rights cases, district courts must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim." Id. at 251. The court further found that the failure to submit a draft amended complaint, in order that the court could evaluate whether an amendment would be futile, was fatal to the request for leave to amend. Id.

In Northeast Revenue Servs., LLC v. Maps Indeed, Inc., 658 Fed. Appx. 96 (3d Cir. 2017), the Third Circuit again affirmed the dismissal of a complaint with prejudice where the plaintiff opposed the motion on its merits and did not seek to amend the complaint. The court recognized that its holding in Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008), that "a district court must permit a curative amendment unless such an amendment would be inequitable or futile", was limited to civil rights cases. Northeast Revenue Servs., 685 Fed. Appx. at 102.

As Plaintiff has elected to oppose the motion to dismiss on its merits, and has not sought leave to amend the Complaint, the dismissal should be with prejudice. Even if Plaintiff did seek

- 14 -

leave to amend the Complaint, under the Phillips standard such a request would have to be denied as it would be futile.  No proposed Amended Complaint can alter the overwhelming and un-contradicted controlling precedent which immunizes CWS from Plaintiff's legal malpractice claim.

## CONCLUSION

This is a textbook Atkinson / Carino case.  The sole allegation against CWS in the Amended Complaint relates to its representation of the Teamsters Union as part of the grievance proceeding under the collective bargaining agreement.  It is immunized from liability from such claim and the Amended Complaint should be dismissed with prejudice.

GIORDANO, HALLERAN & CIESLA, P.C.<br>
Attorneys for Defendant Cohen,<br>
Weiss and Simon LLP

By: _____
       MICHAEL J. CANNING, ESQ.

Dated:  May 12, 2021

Docs #5084047-v1