UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL D'AMBLY

        Plaintiff,

v.

CHRISTIAN EXOO a/k/a ANITFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC., COHEN, WEISS AND SIMON, LLP;

        Defendants.

Civil Action No.

2:20-cv-12880-JMV-JAD

Hon. John M. Vazquez, U.S. D. J.

Oral Argument Requested

Motion Date: July 6, 2021

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT ST. LAWRENCE UNIVERSITY'S MOTION TO DISMISS

BOND, SCHOENECK & KING, PLLC
Monica C. Barrett, Esq.
Adam P. Mastroleo, Esq.
600 Third Avenue
22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:    (646) 253-2383
Email: mbarrett@bsk.com

*Attorneys for Defendant*
*St. Lawrence University*

12607047.3 6/16/2021

3626872.1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    POINT I

    THE UNIVERSITY IS NOT SUBJECT TO JURISDICTION IN NEW JERSEY .......... 1

        A.    The University does not have sufficient contacts with New Jersey to justify general or specific jurisdiction in the state ....................................... 1

        B.    Plaintiffs fail to allege any facts that would justify jurisdiction over identified members of the alleged "Exoo Enterprise" ................................ 2

    POINT II

    PLAINTIFFS FAILED TO STATE A CLAIM AGAINST THE UNIVERSITY UNDER STATE AND FEDERAL RICO LAWS ......................................................... 4

        A.    There is no liability for aiding and abetting under the federal RICO statute ................................................................................................................. 4

        B.    Even if Plaintiffs could utilize an "aiding an abetting" theory under the New Jersey RICO statute, they failed to adequately plead that the University aided and abetted any illegal conduct ................................. 6

        C.    Plaintiffs' opposition does not cure the Complaint's failure to plausibly allege an "enterprise" or the University's participation in an enterprise ........................................................................................................ 8

        D.    Plaintiffs' Brief Improperly Includes an Unasserted Claim for Negligence .................................................................................................... 9

CONCLUSION ........................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blessing v. Chandrasekhar*,
   No. 2:20-0016 (WOB-CJS), 2020 WL 3477021 (E.D. Ky. June 25, 2020) ................ 3

*Bondi v. CitiGroup, Inc.*,
   No. BER-L-10902-04, 2005 N.J. Super. Unpub. WL 975856 (N.J. Super. Ct. Law.
   Div. Feb. 28, 2005) ............................................................................................................... 6

*Central Bank of Denver v. First Interstate Bank of Denver*,
   511 U.S. 164 (1994) ........................................................................................... 4, 5

*D.H v. C.M., et al.*,
   No. 3:20-cv-01807, 2020 WL 6281686 (D.N.J. Oct. 27, 2020) .............................. 10

*Dig. Wholesale of N.Y., LLC v. Am. Eagle Trading Grp., LLC*,
   Civ. No. 16-3487, 2016 WL 5660462 (D.N.J. Sept. 29, 2016) .............................. 4, 5

*Edwards v. Schwartz*,
   378 F. Supp. 3d 468 (W.D. Va. 2019) ........................................................................ 3

*Franklin Med. Assocs. v. Newark Pub. Schls.*,
   362 N.J. Super. 494 (N.J. Super. Ct. App. Div. 2003) .............................................. 6

*In re Ins. Brokerage Antitrust Litig.*,
   618 F.3d 300 (3d Cir. 2009) ....................................................................................... 9

*Jaguar Cars v. Royal Oaks Motor Car Co.*,
   46 F.3d 258 (3d Cir. 1995) ......................................................................................... 7

*Laurel Gardens, LLC v. McKenna*,
   948 F.3d 105 (3d Cir. 2020) ....................................................................................... 2

*Maddox v. City of Newark*,
   50 F. Supp. 3d 606 (D.N.J. 2014) ............................................................................ 10

*Nat'l Inst. of Sci. and Tech., et al. v. Sukant Mohapatra*,
   No. 20-12361 (MAS) (ZNQ), 2021 WL 2190980 (D.N.J. May 31, 2021) ............... 9

*Pa. Ass'n of Edwards Heirs v. Rightenour*,
   235 F.3d 839 (3d Cir. 2000) ....................................................................................... 4

*Petro-Tech Inc. v. W. Co. of N. Am.*,
   824 F.2d 1349 (3d Cir. 1987) ................................................................................. 4, 7

*Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*,
   No. GLR-16-2974, 2017 WL 2778825 (D. Md. June 26, 2017) ................................. 3

*Pop Test Cortisol, LLC v. Univ. of Chi.*,
   No. 14-cv-7174, 2015 WL 3822237 (D.N.J. June 18, 2015). ............................... 1, 2

*Price v. Amerus Annuity Group Co. (In re Am. Invs. Life Ins. Co. Annuity Mktg. & Sales Practices Litig.)*,
   MLD No. 1712, 2006 WL 1531152 (E.D. Pa. June 2, 2006) ...................................... 5

*Robinson v. Section 23 Prop. Owner's Ass'n*,
   1:16-cv-09384-NLH-JS, 2018 WL 6630513 (D.N.J. Dec. 18, 2018) .......................... 4

*Rolo v. City Investing Co. Liquidating Trust*,
   155 F.3d 644 (3d Cir. 1998) ............................................................................ 4, 5, 7

*Rose v. Bartle*,
   871 F.2d 331 (3d Cir. 1989) ....................................................................................... 8

*Schuler v. Monmouth Cty. Vocational Sch. Dist.*,
   No. 319-cv-00025, 2020 WL 1809676 (D.N.Y. Jan. 9, 2020) ................................... 10

*In re Tyco Int'l, Ltd., Multidistrict Litig.*,
   MDL Doc. No. 02-1335-B, 2007 WL 1703023 (D.N.H. June 11, 2007) ..................... 6

*United States v. Local 560 of Int'l Bhd. of Teamsters*,
   780 F.2d 267 (3d Cir. 1985) ....................................................................................... 4

V*angheluwe v. Got News, LLC*,
   365 F. Supp. 3d 850 (E.D. Mich. 2019) ..................................................................... 3

*Walther v. Patel*,
   No. 10-706, 2011 WL 382752 (E.D. Pa. Feb. 4, 2011) ............................................... 5

*Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ....................................................................................... 9

**Statutes**

Federal Rules of Civil Procedure 12(b)(2) ........................................................................ 1
Federal Rules of Civil Procedure 12(b)(6) ........................................................................ 1

## PRELIMINARY STATEMENT

Defendant St. Lawrence University (the "University") submits this reply brief in further support of its motion to dismiss the Complaint filed by plaintiffs Daniel D'Ambly, Aaron Wolkind, Steven Hartley, Richard Schwetz, Jobel Barbosa, Matthew Redinger, John Hugo, Sean-Michal David Scott, Thomas Louden, Zachary Rehl, Amanda Rehl, K.R. a minor by and through her father Zachary Rehl and her mother Amanda Rehl, and Mark Anthony Tucci ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## ARGUMENT

### POINT I

### THE UNIVERSITY IS NOT SUBJECT TO JURISDICTION IN NEW JERSEY

**A.   The University does not have sufficient contacts with New Jersey to justify general or specific jurisdiction in the state**

In opposition to the University's motion, Plaintiffs do not attempt to argue that the University has contacts with New Jersey that would justify general or specific jurisdiction within the state. Indeed, Plaintiffs' Brief fails to allege or discuss any facts which demonstrate that the University had minimum contacts with New Jersey, that it "purposefully directed" activities toward the State, or that it engaged in any forum-related activity which would reasonably put it on notice that it could be haled into a New Jersey Court. As such, there is no dispute that the University does not have the minimum contacts necessary to justify jurisdiction in New Jersey. *Pop Test Cortisol, LLC v. Univ. of Chi.*, No. 14-cv-7174, 2015 WL 3822237, at *2 (D.N.J. June 18, 2015).

Rather, Plaintiffs rely entirely on the alleged conduct of defendant Christian Exoo ("Mr. Exoo") and countless unnamed, unidentified associates in their attempt to bring the

1

University into New Jersey District Court. (Dkt. 84, pp. 4 – 7). As discussed in the University's original Brief and below, Plaintiffs have also failed to allege facts sufficient to justify jurisdiction over the University based on the conduct of other members of the alleged RICO "enterprise."

### B. Plaintiffs fail to allege any facts that would justify jurisdiction over identified members of the alleged "Exoo Enterprise"

The University does not dispute that jurisdiction as to all members of a RICO conspiracy is permissible under the federal RICO statute if a plaintiff can establish personal jurisdiction over at least one of the members of the conspiracy. *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 117-18 (3d Cir. 2020). However, Plaintiffs fail to meet this burden for two reasons.

First, as discussed in the University's original Brief and below, because Plaintiffs failed to state a federal RICO claim, the federal RICO statute cannot form the "basis for asserting personal jurisdiction over defendants not otherwise subject to the jurisdiction of the courts in this district." *Pop Test Cortisol*, WL 3822237, at *5.

Second, Plaintiffs failed to plead any facts establishing that jurisdiction in New Jersey is appropriate as to any of the identified members of the "Exoo Enterprise." The state and federal RICO claims alleged in Counts VIII, IX, and X of the Complaint are specifically brought against defendants Mr. Exoo, the University, Vijaya Gadde ("Ms. Gadde"), and Twitter, Inc. ("Twitter"). None of these defendants is domiciled in New Jersey and both the Complaint and Plaintiffs' Brief fail to assert any facts that demonstrate these defendants conduct continuous and systematic business within the state.

Plaintiffs claim in their brief that because this Court has jurisdiction over Mr. Exoo, it properly has jurisdiction over the other alleged members of the Exoo Enterprise.

2

However, Plaintiffs' claim is flawed.  At best, the Complaint alleges that Mr. Exoo drafted tweets that had an impact in New Jersey.[1]  This allegation forms the *entire* basis of Plaintiffs' jurisdictional claim against Mr. Exoo, Ms. Gadde, the University and Twitter.

This is not sufficient.  In fact, federal courts presented with this issue have determined that "tweeting" cannot form the basis for jurisdiction.  *Blessing v. Chandrasekhar*, No. 2:20-0016 (WOB-CJS), 2020 WL 3477021, at *5 (E.D. Ky. June 25, 2020), *aff'd*, 988 F.3d 889 (6th Cir. 2021); V*angheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 863 (E.D. Mich. 2019) (declining to exercise personal jurisdiction over two defendants who tweeted about plaintiff, a Michigan resident; noting that '[t]hese allegations were not about Michigan in particular but about Joel in particular—wherever he might have been living'); *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 494 (W.D. Va. 2019) (declining to exercise personal jurisdiction over defendants who posted about plaintiff on Twitter and other social media platforms, noting '[t]here is no factual matter in Edwards' pleadings suggesting that the authors of these communications took affirmative steps to direct these communications into Virginia or had any intent to target or focus on Virginia readers or otherwise avail themselves of the benefits and protections of the laws of Virginia'); *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. GLR-16-2974, 2017 WL 2778825, at *10 (D. Md. June 26, 2017) ('Sending three tweets and four emails related to the Podcasts and the Articles over a period of a year and a half are not so substantial that 'they amount to a surrogate for Smith and Walters's presence in Maryland').

---

[1] Plaintiff cannot rely on the conduct of unnamed, unidentified individuals to establish jurisdiction over the University, or any other named defendant.

3

Plaintiffs therefore failed to meet their "burden of establishing personal jurisdiction" over the University, and the University should be dismissed from the case, with prejudice. *Robinson v. Section 23 Prop. Owner's Ass'n*, 1:16-cv-09384-NLH-JS, 2018 WL 6630513, at *2 (D.N.J. Dec. 18, 2018) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd*., 496 F.3d 312, 316 (3d Cir. 2007)).

## POINT II

### PLAINTIFFS FAILED TO STATE A CLAIM AGAINST THE UNIVERSITY UNDER STATE AND FEDERAL RICO LAWS

**A.     There is no liability for aiding and abetting under the federal RICO statute**

Plaintiffs argue that the Complaint states a RICO claim because the University aided and abetted the commission of a criminal act.  (Dkt. 84, pp. 10 – 12).  In making this argument, Plaintiffs' Brief relies on the Third Circuit decisions in *United States v. Local 560 of Int'l Bhd. of Teamsters*, 780 F.2d 267, 284 (3d Cir. 1985), and *Petro-Tech Inc. v. W. Co. of N. Am.*, 824 F.2d 1349, 1356 (3d Cir. 1987).

Plaintiffs' reliance on these cases is inappropriate because they have been explicitly overruled.  Indeed, it is clear that "[t]he Third Circuit has clearly and unequivocally rejected a civil RICO aiding and abetting claim." *Dig.l Wholesale of N.Y., LLC v. Am. Eagle Trading Grp., LLC*, Civ. No. 16-3487, 2016 WL 5660462, at *5 (D.N.J. Sept. 29, 2016) (citing *Pa. Ass'n of Edwards Heirs v. Rightenour*, 235 F.3d 839, 844 (3d Cir. 2000)); *see also Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 657 (3d Cir. 1998).

As explained by the Third Circuit in *Edwards Heirs*, the cases cited by Plaintiff, including *Petro-Tech* and *Local 560*, were all decided before the United States Supreme Court decision in *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164

(1994).  In that case, the Supreme Court ruled that private aiding and abetting suits were not authorized by § 10(b) of the Securities Exchange Act of 1934 because the statute did not specifically authorize a civil claim for aiding and abetting.  *Id*. at 177, 191.  The Court reasoned, "If . . . Congress intended to impose aiding and abetting liability, we presume it would have used the words 'aid' and 'abet' in the statutory text.  But it did not." *Id*. at 177.

In *Rolo*, *supra*, the Third Circuit extended the rationale of the *Central Bank of Denver* decision to claims involving the federal RICO statute.  155 F.3d at 656.  There, the Third Circuit stated that it was "convinced that a private cause of action for aiding and abetting a RICO violation cannot survive the Supreme Court's decision in [*Central Bank*]." *Id*.  The *Rolo* court therefore ruled that a private plaintiff could not maintain a claim of aiding and abetting an alleged RICO violation.  *Id*. at 656-57.

The *Rolo* decision and its progeny have since been cited consistently to dismiss civil RICO claims based upon an aiding and abetting theory.  *See Dig. Wholesale of N.Y.*, 2016 WL 5660462, at *5; *Walther v. Patel*, No. 10-706, 2011 WL 382752, at *3, n. 48 (E.D. Pa. Feb. 4, 2011) (dismissing RICO aiding and abetting claim "because it is well established that there is no aiding and abetting liability under the RICO statute"); *Price v. Amerus Annuity Group Co. (In re Am. Invs. Life Ins. Co. Annuity Mktg. & Sales Practices Litig.)*, MLD No. 1712, 2006 WL 1531152, at *12 (E.D. Pa. June 2, 2006) (in considering whether RICO claim was adequately pled, the court acknowledged that "defendants cannot be held liable for aiding and abetting another person's predicate acts.").

As such, Plaintiffs' theory is based on outdated law and his federal RICO claims must be dismissed, with prejudice.

5

B. **Even if Plaintiffs could utilize an "aiding an abetting" theory under the New Jersey RICO statute, they failed to adequately plead that the University aided and abetted any illegal conduct**

There is some dispute about whether a plaintiff can utilize an aiding and abetting theory to support a New Jersey (as opposed to a federal) RICO claim. *See Bondi v. CitiGroup, Inc.,* No. BER-L-10902-04, 2005 N.J. Super. Unpub. WL 975856, at *24 (N.J. Super. Ct. Law. Div. Feb. 28, 2005) (concluding that there is a cause of action for aiding and abetting under NJRICO "because of [New Jersey's] expansive adherence to aiding and abetting liability in other tort contexts and its liberal interpretation of the elements of [NJRICO]"); *Franklin Med. Assocs. v. Newark Pub. Schls.,* 362 N.J. Super. 494 (N.J. Super. Ct. App. Div. 2003) (leaving a lower court's imposition of aiding and abetting liability under NJRICO intact, without substantive analysis); *but see In re Tyco Int'l, Ltd., Multidistrict Litig.*, MDL Doc. No. 02-1335-B, 2007 WL 1703023, at *23 (D.N.H. June 11, 2007) (holding that "there is no cause of action for aiding and abetting under NJRICO" due to the absence of language in the NJ statute permitting such a claim and the lack of New Jersey Court analysis of the issue).

For the reasons stated in the *In re Tyco* decision, this Court should not permit Plaintiff to assert a New Jersey RICO claim based upon an aiding and abetting theory. The New Jersey RICO statute does not contain any language authorizing a civil claim for aiding and abetting. In addition, as pointed out by the *In re Tyco* court, no New Jersey court has analyzed this issue with any depth, and the cases that would support this theory should therefore be read with caution. 2007 WL 1703023 at *23-24.

6

However, even assuming, *arguendo*, that Plaintiffs could rely on this theory, they failed to state a claim under the New Jersey RICO statute.[2]

First, Plaintiff fails to satisfy all of the *other* requirements to state a New Jersey RICO claim. Even pre-*Rolo*, Third Circuit courts required plaintiffs to satisfy all other RICO pleading requirements before advancing an aiding and abetting theory. *See Petro-Tech, Inc.*, 824 F.2d at 1357 (holding that RICO aiding and abetting claims were permitted "[s]o long as all of RICO's other requirements are met[.]"). As discussed in the University's original Brief, Plaintiffs failed to plead the required elements of a New Jersey RICO claim, including the existence of an "enterprise" or the University's association with and participation in the "enterprise."

Second, even if Plaintiffs had satisfied all of the other requirements of a RICO claim, they have not stated a valid claim for aiding and abetting. To find a defendant liable for aiding and abetting, "plaintiff must prove (1) that the substantive act has been committed, and (2) that the defendant alleged to have aided and abetted the act knew of the commission of the act and acted with intent to facilitate it." *Jaguar Cars v. Royal Oaks Motor Car Co.*, 46 F.3d 258, 270 (3d Cir. 1995).

Assuming for the purpose of this argument only that Mr. Exoo engaged in substantive illegal acts[3], Plaintiffs have not pled facts sufficient to establish that the University knew of the commission of the acts detailed in the Complaint or acted with

---

[2] Although there is no post-*Rolo* case law addressing aiding and abetting in the context of a New Jersey RICO claim, we assume for the purpose of this motion only that the standards articulated by New Jersey Courts prior to *Rolo* would apply to such a claim.

[3] The University has argued that Mr. Exoo did not engage in any predicate acts, as required by the RICO statutes. Dkt. 75-1, p. 16.

intent to facilitate them. Plaintiffs' claims against the University are based entirely on the fact that Mr. Exoo is employed by the University.

The Complaint includes nothing more than conclusory allegations that Mr. Exoo was allowed to use University time and property to dox Plaintiffs and that his actions were known to University faculty and staff. These conclusory allegations, without any factual basis, are clearly not sufficient to satisfy Plaintiffs' pleading burden.

In opposition to the University's motion, Plaintiffs attach several articles from named and anonymous sources regarding the activities of "AntiFash Gordon." These articles, which are outside of the pleadings and therefore inappropriate on a motion to dismiss, do not establish, or tend to establish, that the University acted with intent to facilitate Mr. Exoo's activities. *See, e.g. Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989). In fact, the articles do not mention the University at all. As a result, they do not provide any support for Plaintiffs' claim that the University aided or abetted a RICO conspiracy.

The only *fact* that Plaintiffs alleged is that Mr. Exoo was employed by the University. That fact, alone, cannot satisfy Plaintiffs' obligation to state a claim that the University aided and abetted Mr. Exoo's conduct. Importantly, Plaintiffs cite to no authority supporting this argument.

C.  **Plaintiffs' opposition does not cure the Complaint's failure to plausibly allege an "enterprise" or the University's participation in an enterprise**

Plaintiffs' brief all but ignores the well-established pleading requirements for RICO claims. Indeed, Plaintiffs fail to provide any significant discussion regarding the existence of, or the University's participation in, a RICO "enterprise." It is well-established that to adequately plead a federal RICO claim, Plaintiff is required to identify facts "plausibly implying the existence of an enterprise with . . . a shared purpose, relationships among

8

those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369-70 (3d Cir. 2009) (internal citations and quotations omitted).

The Complaint offers no detail regarding the structure of the alleged enterprise except to state that the University, together with Twitter and others were a part of it. The Complaint fails to identify any "relationship" between Twitter, Ms. Gadde and the University, and there is no indication that the University had any knowledge of Twitter or Ms. Gadde's alleged involvement in the enterprise.

Plaintiffs' failure to provide factual support for their claims is telling. Certainly, if Plaintiffs had *any* facts to support their claim that an enterprise existed, and that the University was a participant in that enterprise, they would have provided them in opposition to this motion or the original motion to dismiss that was filed last year. They did not, because they cannot. As such, the University's motion should be granted in its entirety, with prejudice.

D.     **Plaintiffs' Brief Improperly Includes an Unasserted Claim for Negligence**

Perhaps realizing that their RICO claims are subject to dismissal, Plaintiffs seem to allege, for the first time, that the University was negligent in allowing Mr. Exoo to conduct Exoo Enterprise activity on campus property with campus resources. Neither the original Complaint, nor the Amended Complaint, contains a claim against the University under *any* negligence theory. As a result, this Court should not consider Plaintiff's newly asserted negligence claim. Indeed, it is well established that a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc*., 836 F.2d 173, 181 (3d Cir. 1988); *Nat'l Inst. of Sci. and Tech., et al. v. Sukant Mohapatra*, No. 20-12361 (MAS) (ZNQ), 2021 WL 2190980 at

9

*3 (D.N.J. May 31, 2021) ("notwithstanding these principles, courts may not consider claims raised for the first time in a plaintiff's opposition to a motion to dismiss.") (internal citation omitted).

However, even if the Court did consider whether Plaintiff has stated a claim for negligent supervision, retention or hiring, that claim lacks merit and would also be subject to dismissal.

To succeed on a claim of negligent hiring or retention, a plaintiff must establish "(1) that the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons, and (2) that through the employer's negligence, the employee's incompetence, unfitness, or dangerous characteristics proximately caused the injury." *Maddox v. City of Newark*, 50 F. Supp. 3d 606, 636 (D.N.J. 2014) (internal quotations and citations omitted).

Again, the Complaint fails to allege any facts that would establish either of these elements. The only fact alleged is that Mr. Exoo is employed by the University. The Complaint fails to include anything other than conclusory and unsupported allegations regarding the University's knowledge of or reaction to Mr. Exoo's alleged activities. It is well established that conclusory allegations are not sufficient to sustain a claim for negligent hiring, supervision or retention. *See M.H. a minor, by her mother and guardian, D.H v. C.M., et al.*, No. 3:20-cv-01807, 2020 WL 6281686, *10 (D.N.J. Oct. 27, 2020) (dismissing negligent hiring, supervision and retention claims where plaintiff merely advanced conclusory statements in support of claims); *Schuler v. Monmouth Cty. Vocational Sch. Dist.*, No. 319-cv-00025, 2020 WL 1809676, *6 (D.N.Y. Jan. 9, 2020)

(holding that conclusory statements will not satisfy a claim for negligent hiring and supervision.).

As a result, to the extent this Court considers whether Plaintiff has stated a claim for negligent hiring, supervision or retention, that claim should also be dismissed.

## CONCLUSION

For all of the foregoing reasons, as well as the reasons stated in the University's original Brief, the University respectfully requests that the Court dismiss all claims against it with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

Dated:  June 17, 2021                                    BOND, SCHOENECK & KING, PLLC


By:    /s/ Monica C. Barrett
      Monica C. Barrett, Esq.
Office and P.O. Address
600 Third Avenue
22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:     (646) 253-2383
Email: mbarrett@bsk.com

*Attorneys for Defendant St. Lawrence University*

11