# THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC

848 Paterson Avenue | East Rutherford, New Jersey 07073
Telephone: (201) 777-3327 | eFax: (201) 896-7815 | help@ptesq.com

August 30, 2021

**Filed electronically via CM/ECF**
Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *D'Ambly v. Exoo, et al.*, Civil Action No.: 2:20-cv-12880-JMV-JSA
              Conference Request to Discuss Defendants' Spoliation of Evidence

Dear Judge Allen,

      This office represents the plaintiffs in the above referenced action, *D'Ambly v. Exoo, et al.*, Civil Action No.: 2:20-cv-12880, and we urgently request a phone conference with Your Honor and counsel for defendants Christian Exoo and Twitter, because Plaintiffs are properly concerned that defendants have taken affirmative steps to destroy relevant evidence. On August 26, 2021, this office learned that defendant Christian Exoo's Twitter account "@AntiFashGordon," which is at the center of this dispute, was deleted, deactivated, or otherwise rendered inaccessible. At that time and for several days thereafter, when a party searched for the @AntiFashGordon (the "account") Twitter account, Twitter responded by stating "This account doesn't exist," which was particularly concerning, for the reason that except for approximately ten (10) Tweets @AntiFashGordon, was mostly silent and inactive since April 9, 2021. A computer screenshot of the "this account doesn't exist" message is enclosed herein.

      The same day we learned of the account deletion we asked counsel for Mr. Exoo why Twitter account @AntiFashGordon was deleted. On August 28, 2021, counsel for Mr. Exoo responded by sending Plaintiffs a preservation demand, but defendant's counsel did not answer why the account was deleted, and/or who deleted the account. On August 30, 2021, during a phone conversation, counsel for Mr. Exoo did not acknowledge who deleted the @AntiFashGordon account, however, counsel for Exoo advised Plaintiff's counsel that further inquiry was not warranted. A phone message and an email inquiry were sent to Twitter's counsel asking why Twitter had not taken steps to prevent significant alterations to the account, such as allowing it to be deleted, but their response is pending.

      The deletion of @AntiFashGordon is especially troubling, because it suggests that at least two defendants, Mr. Exoo and Twitter, have ignored their obligation to preserve evidence and/or have not taken appropriate steps to preserve evidence, and likely perverts Defendants' ability to produce the account information as it is kept in the usual course of business as required by Fed. R. Civ. P. 34(b)(2)(E)(i). Furthermore, Tweets from @AntiFashGordon were referenced as Exhibits attached to his pending motion to dismiss and that information has now been likely deleted and/or altered as a result of defendants' breach of their duty to preserve.

A party has an obligation to preserve evidence when it knows that the evidence under its control is relevant to pending litigation or when a party reasonably should know that the evidence may be relevant to anticipated litigation. *Silvestri v. GMC*, 274 F.3d 583, 591 (4th Cir. 2001). The duty to preserve is an "affirmative obligation," which arises "when the party in possession of the evidence knows that litigation by the party seeking the evidence is pending or probable, and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were discarded. *Hohider v. U.P.S.*, 257 F.R.D. 80, 82 (W.D. Pa. 2009) *quoting Kounelis v. Sherrer*, 529 F.Supp. 2d 503, 518 (D.N.J. 2008). The duty to preserve potentially relevant evidence is an affirmative unwavering obligation that a party may not shirk. *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 340 (D.N.J. 2004). Inasmuch as Defendants are aware of their affirmative obligation to preserve, on or about February 7, 2021, pursuant to Fed. R. Civ. P. 34, Plaintiff submitted requests for documents to Defendants, which included documents and things from Twitter account @AntiFashGordon.

Mr. Exoo's deletion of the @AntiFashGordon Twitter account and Twitter's allowing Exoo's ability to delete the AntiFashGordon account is a troubling evidentiary development that indicates "he [they] foresaw litigation and believed those messages would not help his [their] case." *Calderon v. Corporacion Puertorriquena De La Salud*, 992 F. Supp. 2d 48, 51-52 (D.P.R. 2014).

Apparently, subsequent to Plaintiffs' inquiries, some facsimile of the account was activated today, however, based on Mr. Exoo's extensive technical skills that he refers to as "operational security" that enables him to delete his identity from internet indexes and to otherwise cloak his identity, and his instruction of same to others, Plaintiffs are rightfully concerned that significant pertinent evidence has already been destroyed, and further destruction of pertinent evidence is pending and/or ongoing. Plaintiffs reasonably believe that data within the @AntiFashGordon account, including direct messages with co-conspirators, has been or will be intentionally irretrievably deleted or altered by defendant(s). Plaintiffs' fears are further justified based on Twitter's Rules and Policies, which state, "once an account has been deactivated, there is a very brief period in which we may be able to access account information, including Tweets," and information "removed by account holders (e.g., Tweets) is generally not available."

Plaintiff's counsel requests a conference with Your Honor and counsel for defendants to discuss Defendants' apparent intentional spoliation of evidence and to discover the identity of the party responsible for deleting the @AntiFashGordon account.

                Respectfully submitted,

                Patrick Trainor, Esq.

Home
Explore
Notifications
Messages
Bookmarks
Lists
Profile
More
Tweet

Profile

@AntiFashGordon

## This account doesn’t exist

Try searching for another.

Search Twitter

You might like

BetMGMCasino
@BetMGMCasino
Promoted

Coach Jacob Peele
@NastyWideOuts

Dj Stormin Normai
@djstorminnorman

Show more

What’s happening

Soccer · LIVE
All the latest from the sum transfer window

Trending in United States
James Woods
3,401 Tweets

Politics Insider · Yesterda
Here's why the Supreme Co just voted to expose millior risk of eviction

Sports · Trending
Wenger
10.5K Tweets

COVID-19 · LIVE
COVID-19: News and updat New Jersey

Show more

Terms of Service Privacy Policy
Ads info More ··· © 2021 Twit

Law Office of Patrick ···
@LawTrainor

Messages

