# THE MARLBOROUGH LAW FIRM, P.C.

445 Broad Hollow Road, Suite 400  
Melville, New York 11747

(212) 991-8960  
(212) 991-8952 fax  
chris@marlboroughlawfirm.com

August 31, 2021

**Filed electronically via CM/ECF**
The Hon. Jessica S. Allen
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *D'Ambly v. Exoo, et al.*, Civil Action No.: 2:20-cv-12880-JMV-JSA
       Plaintiffs' Request for Telephone Conference and Expedited Discovery

Dear Judge Allen:

This office represents Defendant Christian Exoo in the above-captioned action. I write in response to Plaintiffs' requests for a court telephone conference and for expedited discovery. The requests should be denied as Plaintiffs have failed to show that there has been or will likely be, any spoliation of evidence and fail to satisfy the good cause standard for expedited discovery.

Plaintiffs make outrageous, profane and baseless claims against Defendants Exoo, his counsel and Twitter concerning alleged spoliation of evidence. However, Defendant Exoo's Twitter account has not been deleted and is currently publicly accessible on the internet (*See* https://twitter.com/antifashgordon). Nevertheless, Plaintiffs proceed to waste the resources of the Court and numerous attorneys for defendants with these frivolous accusations.

## The Meet and Confer Process

Plaintiffs' Counsel has conducted himself in an abusive and uncivil manner hurling baseless accusations and insults at both me and my client. For example, Plaintiffs' Counsel asserted that Mr. Exoo deleted his account with the permission of his counsel in a profane manner. Plaintiffs' Counsel stated, " … you let your client delete his account what a sh*t show. Allowing your client to delete his account is bush league douchery." *See* Exhibit A, Trainor-Marlborough E-mails at 1. Plaintiffs' Counsel's unfounded accusations, and incivility are grossly inappropriate.

I explained to Mr. Trainor that his insults and use of profanity was inconsistent with the manner in which attorneys in federal court, or any court for that matter,

should conduct themselves. *Id*. Rather than apologize, he responded in our meet and confer call by saying that attorneys always talk that way, suggesting to me that he intends to continue with his abusive conduct and does not understand his professional obligation to conduct himself in a civil manner.

On our meet and confer call, Plaintiffs' Counsel admitted that Defendant Exoo's Twitter account was currently accessible online. Plaintiffs' Counsel was unable to explain how any discovery rules are violated when information is taken offline but archived and available for production in discovery.

Plaintiffs' Counsel also admitted that he was unable to identify any information that was recently deleted from the account. I informed Plaintiffs' Counsel that there was no destructions of evidence in connection with his stated concern. He refused to accept my representation. He further stated that he would not accept the representation of Defendant Exoo either and accused Mr. Exoo of being a liar.

In addition, Plaintiffs' Counsel admitted that he uses social media "scraping" software to obtain all of Defendant Exoo's Tweets. Nevertheless, Plaintiffs claim that they will be harmed by losing the same information that is already in their possession.

Plaintiffs' Counsel also admits that he failed to meet and confer with counsel for Defendant Twitter prior to seeking Court intervention. *See* Trainor Ltr. at 1. Twitter's counsel would likely have told Plaintiff's Counsel that a Twitter account may be temporarily deactivated without deleting any evidence. *See* Exhibit B, How to Deactivate Your Account at 2/9, located at https://help.twitter.com/en/managing-your-account/how-to-deactivate-twitter-account ("Taking a break from Twitter? We get it."). Indeed, it is impossible for users to delete the data on their Twitter accounts in less than 30 days. *Id*. Plaintiffs' Counsel could also have learned this information from a simple Google search.

**Plaintiffs' Request for a Telephone Conference Should be Denied**

A Court conference is not warranted. Plaintiffs failed to conduct due diligence before seeking a conference and failed to confirm that any information was deleted. Plaintiffs claim that:

> Tweets from @AntifashGordon were referenced as Exhibits attached to [Exoo's] pending motion to dismiss and that information has now been likely deleted and/or altered as a result of defendants' breach of their duty to preserve.

However, Plaintiffs did not even bother to confirm that any of this information was deleted even though the account was publicly available online both at the time of

the parties' meet and confer call and the time Plaintiffs filed their request for a conference and even though Plaintiffs' Counsel has his own archive of Exoo's public Twitter account. Moreover, Plaintiffs' entire case is premised on their claim that Exoo's Tweets have caused and continue to cause irreparable harm to Plaintiffs. Yet, when the Tweets were temporarily unavailable online, Plaintiffs claim that caused them irreparable harm too.

The only reason to schedule a telephone conference would be for the purpose of reprimanding Plaintiffs' Counsel for his unprofessional conduct, incivility and filing of frivolous papers. Courts regularly admonish parties who attempt to turn discovery disputes into a "gotcha game" rather than treat the litigation as a full and fair opportunity to air the merits of a dispute. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.,* 685 F. Supp. 2d 456, 468 (S.D.N.Y. 2010). *See also Zhang v. City of N.Y.,* No. 17-CV-5415 (JFK) (OTW), 2020 U.S. Dist. LEXIS 148031, at *14 (S.D.N.Y. Aug. 17, 2020).

**Plaintiffs' Request for Expedited Discovery Should Be Denied**

Plaintiffs' request for expedited discovery should be denied. Under the Federal Rules of Civil Procedure "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Fed. R. Civ. P. 26(d). The rules allow for discovery prior to a Rule 26(f) conference, inter alia, "when authorized by . . . court order." *Id*. District Courts in this circuit have typically required that the party seeking such expedited discovery must demonstrate "good cause for its motion, such that the request is reasonable in light of the circumstances." *Samuel, Son & Co. v. Beach*, No. CIV. A. 13-128, 2013 U.S. Dist. LEXIS 129486, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11,2013) (quotations marks and citation omitted). *See Milko v. Excalibur Mediation Grp*., Civil Action No. 20-1789, 2021 U.S. Dist. LEXIS 31790, at *2-3 (W.D. Pa. Feb. 22, 2021).

In this case, Plaintiffs have failed to satisfy the good cause requirement. Plaintiffs failed to conduct due diligence when making the request and do not have a good faith basis to believe that any information on Exoo's Twitter account was recently deleted. Moreover, Defendant Exoo has a right to be free from Plaintiffs' harassment. Notwithstanding Plaintiffs' curiosity about the management of his account, Defendant Exoo has a First Amendment right to utilize his Twitter account as he sees fit.

*/s/ Christopher Marlborough*

CHRISTOPHER MARLBOROUGH

# EXHIBIT A

# Christopher Marlborough

| | |
|---|---|
| **From:** | Christopher Marlborough |
| **Sent:** | Sunday, August 29, 2021 10:07 PM |
| **To:** | Patrick Trainor, Esq. |
| **Cc:** | Victoria Medley; Zachary Margulis-Ohnuma; Richard Torres |
| **Subject:** | RE: D'Ambly v Exoo, et al. |

Patrick,

I do not appreciate the insulting statements and unfounded accusations in your prior e-mail. I suggest you conduct yourself in a more professional manner with your colleagues, particularly when practicing in the federal court. Moreover, it is grossly inappropriate to threaten an attorney with the filing of a sanctions motion in order to prematurely obtain discovery material.

It is clear that you have misinterpreted several provisions of the Federal Rules of Civil Procedure and made false assumptions about the conduct of Mr. Exoo and his counsel. I strongly discourage you from filing a frivolous motion with the Court

Regards,

Christopher Marlborough
Principal Attorney



445 Broad Hollow Road, Suite 400 | Melville, NY 11747
Tel: 212 991-8960 | Fax: 212 991-8952
chris@marlboroughlawfirm.com
www.fightwagetheft.com | www.twitter.com/fightwagetheft

  

CONFIDENTIALITY NOTICE:  THIS E-MAIL MESSAGE (AND ANY ATTACHMENTS HERETO) IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIPIENT(S) AND MAY CONTAIN LEGALLY PRIVILEGED ATTORNEY-CLIENT INFORMATION AND/OR CONFIDENTIAL OR PROPRIETARY INFORMATION, AND/OR MAY CONTAIN ATTORNEY WORK PRODUCT, THAT IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR OR YOU ARE NOT THE NAMED RECIPIENT(S), YOU MAY NOT REVIEW, DISSEMINATE, DISTRIBUTE OR COPY THIS MESSAGE (OR ANY ATTACHMENTS HERETO) AND WE REQUEST THAT YOU PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY E-MAIL AND DELETE THIS E-MAIL MESSAGE AND ANY ATTACHMENTS FROM YOUR COMPUTER. THANK YOU.

**From:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Sent:** Saturday, August 28, 2021 7:34 PM
**To:** Christopher Marlborough <Chris@marlboroughlawfirm.com>
**Cc:** Victoria Medley <vm@zmolaw.com>; Zachary Margulis-Ohnuma <zach@zmolaw.com>; Richard Torres <richardtorresdna@gmail.com>
**Subject:** Re: D'Ambly v Exoo, et al.

Are you serious with that letter?  Nice try, your guy creates a glide path to 37(e) sanctions and you serve a preservation letter.

For starters, since you have obviously forgotten I already sent you a notice of discovery items with my Rule 34 requests and that was months ago.  Did you forget that you included @AntiFashGordon tweets as exhibits in your MTD and you let your client delete his account. What a shit show.  Allowing your client to delete his account is bush league douchery.

Please keep your calendars free this week, wewill be on a conference call with the Magistrate on Monday or Tuesday or as soon as can be heard.

---

**From:** Christopher Marlborough <Chris@marlboroughlawfirm.com>
**Sent:** Saturday, August 28, 2021, 7:01 PM
**To:** Patrick Trainor, Esq.
**Cc:** Victoria Medley; Zachary Margulis-Ohnuma; Richard Torres
**Subject:** RE: D'Ambly v Exoo, et al.

Patrick,
Good to hear from you. You raise a question that may be answered in response to a proper discovery request in the event that the case is not dismissed before Defendant Exoo is required to respond to discovery. Attached please find a preservation letter relating to your clients.
Have a great weekend.
Regards,

Christopher Marlborough
Principal Attorney



445 Broad Hollow Road, Suite 400 | Melville, NY 11747
Tel: 212 991-8960 | Fax: 212 991-8952
chris@marlboroughlawfirm.com
www.fightwagetheft.com | www.twitter.com/fightwagetheft



CONFIDENTIALITY NOTICE:  THIS E-MAIL MESSAGE (AND ANY ATTACHMENTS HERETO) IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIPIENT(S) AND MAY CONTAIN LEGALLY PRIVILEGED ATTORNEY-CLIENT INFORMATION AND/OR CONFIDENTIAL OR PROPRIETARY INFORMATION, AND/OR MAY CONTAIN ATTORNEY WORK PRODUCT, THAT IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR OR YOU ARE NOT THE NAMED RECIPIENT(S), YOU MAY NOT REVIEW, DISSEMINATE, DISTRIBUTE OR COPY THIS MESSAGE (OR ANY ATTACHMENTS HERETO) AND WE REQUEST THAT YOU PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY E-MAIL AND DELETE THIS E-MAIL MESSAGE AND ANY ATTACHMENTS FROM YOUR COMPUTER. THANK YOU.

**From:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Sent:** Thursday, August 26, 2021 9:16 PM
**To:** Christopher Marlborough <Chris@marlboroughlawfirm.com>
**Cc:** Victoria Medley <vm@zmolaw.com>; Zachary Margulis-Ohnuma <zach@zmolaw.com>; Richard Torres <richardtorresdna@gmail.com>
**Subject:** Re: D'Ambly v Exoo, et al.

Good evening.  Why did your client delete his @AntiFashGordon Twitter account?

Sincerely,


Patrick Trainor, Esq.
The Law Office of Patrick Trainor, Esq., LLC
848 Paterson Avenue | East Rutherford, New Jersey 07073

Phone (201) 777-3327 | eFacsimile (201) 896-7815

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

**From:** Christopher Marlborough <Chris@marlboroughlawfirm.com>
**Sent:** Monday, March 22, 2021 11:21:21 AM
**To:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Cc:** Victoria Medley <vm@zmolaw.com>; Zachary Margulis-Ohnuma <zach@zmolaw.com>; Richard Torres <richardtorresdna@gmail.com>
**Subject:** RE: D'Ambly v Exoo, et al.

Patrick,

Good speaking with you this morning and thanks for your e-mail. We have no response.

Regards,

Christopher Marlborough
Principal Attorney



445 Broad Hollow Road, Suite 400 | Melville, NY 11747
Tel: 212 991-8960 | Fax: 212 991-8952
chris@marlboroughlawfirm.com
www.fightwagetheft.com | www.twitter.com/fightwagetheft



**CONFIDENTIALITY NOTICE:** THIS E-MAIL MESSAGE (AND ANY ATTACHMENTS HERETO) IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIPIENT(S) AND MAY CONTAIN LEGALLY PRIVILEGED ATTORNEY-CLIENT INFORMATION AND/OR CONFIDENTIAL OR PROPRIETARY INFORMATION, AND/OR MAY CONTAIN ATTORNEY WORK PRODUCT, THAT IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR OR YOU ARE NOT THE NAMED RECIPIENT(S), YOU MAY NOT REVIEW, DISSEMINATE, DISTRIBUTE OR COPY THIS MESSAGE (OR ANY ATTACHMENTS HERETO) AND WE REQUEST THAT YOU PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY E-MAIL AND DELETE THIS E-MAIL MESSAGE AND ANY ATTACHMENTS FROM YOUR COMPUTER. THANK YOU.

**From:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Sent:** Monday, March 22, 2021 9:39 AM
**To:** Christopher Marlborough <Chris@marlboroughlawfirm.com>
**Subject:** D'Ambly v Exoo, et al.

Good morning Mr. Marlborough, I hope you are well. Please see the link below. Do you think this Tweet by Mr. Exoo can be considered tampering or intimidation? Based on the close relationship between Left Coast Watch/Abner Hauge and Exoo I do. If he doesn't take it down immediately I must act to protect my client.

Please confirm that he will immediately take the tweet down.

https://twitter.com/AntiFashGordon/status/1373800092734476289?s=20

Sincerely,


Patrick Trainor, Esq.

**THE LAW OFFICE OF PATRICK TRAINOR**
848 Paterson Avenue | East Rutherford, New Jersey 07073
Phone (201) 777-3327 | eFacsimile (201) 896-7815

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named.  Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited.  If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

This firm is a debt collector and may be attempting to collect a debt. Any information obtained from you will be used for that purpose. If you are currently protected by the filing of a petition in bankruptcy, the email, including attachments, if any, is for informational purposes only and should not be considered as an attempt to collect a debt.

# EXHIBIT B

# How to deactivate your account

Taking a break from Twitter? We get it. Sometimes it's good to take a step back from everything that's going on. Or if you're looking for a permanent break, we can help you too. Follow our step-by-step instructions on how to deactivate—or delete—your Twitter account.

Note: If you are having an account issue (e.g. missing Tweets, incorrect follower or following counts, suspicious Direct Messages or potential account compromise), deactivating and reactivating your account will not resolve it. Please refer to our troubleshooting articles or contact Twitter Support.

- Deactivating vs. deleting your Twitter account
- Deactivating your Twitter account
- Deleting your Twitter account
- Top things to know before deactivating your account
- How to deactivate your account
- Deactivation FAQs

## Deactivating vs deleting your Twitter account

Deactivating your Twitter account is the first step to deleting your account permanently. Deactivation lasts 30 days. If you do not access your account within the 30-day deactivation period, your account is deleted and your username will no longer be associated with your account.

## Deactivating your Twitter account

Deactivation begins the process to permanently delete your Twitter account. This step initiates a 30-day window that gives you space to decide if you'd like to reactivate your account.

Deactivating your Twitter account means your username (or "handle") and public profile will not be viewable on twitter.com, Twitter for iOS or Twitter for Android.

Feedback

## Deleting your Twitter account

After your 30-day deactivation window, your Twitter account is permanently deleted. When you don't log into your account during the 30-day window, it lets us know you want to permanently delete your Twitter account. Once your account is deleted, your account is no longer available in our systems. You won't be able to reactivate your previous account and you won't have access to any old Tweets.

## Top things to know before deactivating your account

Here are a few things to keep in mind if you've decided to deactivate or delete your Twitter account:

- Deleting your Twitter account won't delete your information from search engines like Google or Bing because Twitter doesn't control those sites. There are steps you can take if you contact the search engine.
- When you deactivate your Twitter account, mentions of your account's username in other's Tweets will still exist. However it will no longer link to your profile as your profile will no longer be available. If you would like the content to be reviewed under the Twitter Rules, you may file a ticket here.
- You don't have to delete your account to change the username or email (https://twitter.com/settings/your_twitter_data/account) associated with your Twitter account. Go to **Account information** to update that anytime.
- Logging into your account within the 30-day deactivation window easily restores your account.
- If you want to download your Twitter data, you'll need to request it before you deactivate your account. Deactivating your account does not remove data from Twitter systems.
- Twitter may retain some information on your deactivated account to ensure the safety and security of its platform and people using Twitter. More information can be found here.

If you're having trouble managing your Twitter account, check out these tips for managing common issues before choosing to delete your Twitter account.

- Help with missing Tweets
- Common following issues
- What to do about suspicious Direct Messages and potential account compromise

Instructions for:



How to deactivate your account

Step 1

Tap the **navigation menu** icon ≡, then tap **Settings and privacy**.

Step 2

Tap **Your account (https://twitter.com/settings/account)**, then tap **Deactivate your account (https://twitter.com/settings/deactivate)**.

Step 3

Read the account deactivation information, then tap **Deactivate**.

Step 4

Enter your password when prompted and tap **Deactivate**.

Step 5

Confirm that you want to proceed by tapping **Yes, deactivate**.

Step 1

In the top menu, you will either see a **navigation menu** icon ≡ or your **profile** icon. Tap whichever icon you have, then tap **Settings and privacy**.

Step 2

Tap **Account (https://twitter.com/settings/account)**, then tap **Deactivate your account (https://twitter.com/settings/deactivate)**.

Step 3

Read the account deactivation information, then tap **Deactivate**.

Step 4

Enter your password when prompted and tap **Deactivate**.

Case 2:20-cv-12880-JMV-JSA   Document 93   Filed 08/31/21   Page 13 of 14 PageID: 2127

Step 5

Confirm that you want to proceed by tapping **Yes, deactivate**.

Step 1

Click on the **More** icon ººº and then click on **Settings and privacy** from the drop-down menu.

Step 2

From the **Your account (https://twitter.com/settings/account)** tab, click on **Deactivate your account (https://twitter.com/settings/deactivate)**.

Step 3

**Read** the account deactivation information, then click **Deactivate**.

Step 4

Enter your password when prompted and confirm that you want to proceed by clicking the **Deactivate account** button.

If you find you miss Twitter and it's been less than 30 days, simply log in and follow these steps to reactivate your account.

Feedback

# Deactivation FAQs

## Does deactivating Twitter also delete my direct messages?

During the 30-day deactivation period, your direct messages won't be deleted. When the deactivation period ends and your account is deleted, direct messages you've sent will also be deleted.

## I deactivated my account, but why does it keep getting reactivated?

If you authorized any third-party apps to access your account, you may be indirectly logging in from another app. Because logging into Twitter automatically reactivates your account, make sure to revoke third-party app access to your Twitter account.

## What if I don't have my password when I try to deactivate?

If you don't have it handy, or you're receiving a message that it's wrong, you may need to reset your password. Try requesting a password reset email (https://twitter.com/account/begin_password_reset).

## I requested a password reset email, but what if I lose access to my email address that I used to set up my account?

If you lose access to your email address that is connected to your Twitter account, you will need to contact your email service provider. Get help with access to your email address. Deactivation is an action that must be taken by the confirmed account holder or by request of a confirmed account holder. Unless you can contact us from the confirmed email address (or have access to the verified mobile number on the account), we cannot deactivate the account on your behalf. If you do have access to the verified mobile number on your account, then you can request a password reset.

## How do I deactivate my locked or suspended account?

To deactivate your suspended or locked account, please submit a request here (https://help.twitter.com/forms/account-access/deactivate-or-close-account). Requests can also be addressed to the contacts listed under the "How To Contact Us" section of our Privacy Policy (https://twitter.com/privacy#chapter4.5).

You can also get help unlocking your account (https://help.twitter.com/managing-your-account/locked-and-limited-accounts). Get more information on managing your locked or suspended account (https://help.twitter.com/managing-your-account/suspended-twitter-accounts), including filing an appeal (https://help.twitter.com/forms/general?subtopic=suspended).

Feedback

## Share this article


Tweet