UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY,<br><br>               Plaintiff,<br><br>    v.<br><br>CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAY GADDE; TWITTER, INC.; COHEN, WEISS AND SIMON LLP,<br><br>               Defendants. | Case No. 2:20-cv-12880-JMV-JAD<br><br>Civil Action<br><br>Motion Date: |

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT COHEN, WEISS AND SIMON LLP IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST PLAINTIFF PURSUANT TO FED.R.CIV.P. 11(C)**

                            Michael J. Canning, Esq. (MJC3060)
                            Afiyfa H. Ellington, Esq. (AHE4674)
                            **GIORDANO, HALLERAN & CIESLA**
                            A Professional Corporation
                            125 Half Mile Road, Suite 300
                            Red Bank, N.J. 07701-6777
                            (732) 741-3900

                            Attorneys for Defendant Cohen,
                            Weiss and Simon LLP

MICHAEL J. CANNING, ESQ.
   Of Counsel and on the Brief

AFIYFA H. ELLINGTON, ESQ.
   On the Brief

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ II

PRELIMINARY STATEMENT ........................................ 1

PROCEDURAL HISTORY AND FACTS ................................. 2

LEGAL ARGUMENT ............................................... 7

    POINT I .................................................. 7

        SANCTIONS SHOULD BE IMPOSED AGAINST PLAINTIFF ............ 7

    POINT II ................................................ 12

        PLAINTIFF CANNOT AVOID SANCTIONS BY CLAIMING THAT CWS
        SOMEHOW VIOLATED AN ETHICAL RULE ........................ 12

CONCLUSION .................................................. 15

## TABLE OF AUTHORITIES

**Cases**

Ario v. Underwriting Members of Syndicate 53 At Lloyds, 618 F.3d 277 (3d Cir. 2010) ................................... 8

Arnold v. Air Midwest Inc., 100 F.3d 857 (10th Cir. 1996) ....... 9

Atkinson v. Sinclair Refinancing Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed. 2d 462 (1962) .................. 5, 9, 10

Baxt v. Liloia, 155 N.J. 190 (1998) .......................... 13

Breda v. Scott, 1 F.3d 908 (9th Cir. 1993) ..................... 9

Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004) ........ 4, 5, 9, 11

CTC Imports and Exports v. Nigerian Petroleum Co., 951 F.2d 573 (3d Cir. 1992) ................................. 8

Eastway Const. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985) ..................................... 8, 11

Eavenson, Auchnuty & Greenwald v. Holtzman, 775 F.2d 535 (3d Cir. 1985) ........................................ 8

Jerista v. Murray, 185 N.J. 175 (2005) ........................ 4

Lieb v. Topstone Indus., Inc., 788 F.2d 151 (3d Cir. 1986) ..................................................... 8

Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, (3d Cir. 1988) ............................................. 8

Matthews v. Freedman, 128 F.R.D. 194 (E.D. Pa. 1989) .......... 10

Montplasier v. Leighton, 875 F.2d 1 (1st Cir. 1989) ............. 9

Peterson v. Kennedy, 771 F.2d 1244 (9th Cir. 1985) ............ 10

Smith v. Blue Cross & Blue Shield United, 959 F.2d 655 (7th Cir. 1992) ........................................... 11

Truesdell v. S. Cal. Permanente Med. Group, 209 F.D.R. 196 (U.S. Dist. Cal. 2002) ............................ 10, 11

Waterman v. Transport Workers Union Local 100, 176 F.3d 150 (2d Cir. 1999) .......................................... 9

**Other Authorities**

Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice,
    § 20:11, p. 1360 (2016 ed.) .............................. 13, 14
The Labor Management Relations Act, 29 U.S.C. § 185 ............ 5

**Rules**

ABA Rule of Professional Conduct 1.13 (f) ..................... 12
Fed.R.Civ. P. 11 (b) ..................................... 7, 8, 12
Fed.R.Civ.P. 11 ......................................... 4, 7, 10
Fed.R.Civ.P. 11(c) ....................................... 1, 7, 15
Fed.R.Civ.P. 11(c)(5)(A) ....................................... 2
Model Rules of Professional Conduct, Scope (1992) ............. 13
New Jersey Rule of Professional Conduct 1.13 (2)(d) ........... 12

**PRELIMINARY STATEMENT**

Cohen, Weiss and Simon LLP ("CWS") files this motion pursuant to Fed.R.Civ.P. 11(c) ("*Rule 11*") seeking the imposition of sanctions against Plaintiff, Daniel D'Ambly ("Plaintiff" or "D'Ambly") and awarding CWS reasonable attorneys' fees and costs in having to defend against the patently frivolous and legally unsustainable allegations in Count XIII of the Complaint. In that count, the sole count asserted against CWS, Plaintiff alleges legal malpractice arising from CWS' representation of Local One-L, Graphic Communications Conference of the International Brotherhood of Teamsters (the "Teamsters Union") in a labor arbitration challenging D'Ambly's termination by the New York Daily News ("Daily News"). Plaintiff asserts this claim despite well-established case law, including binding Third Circuit precedent, which holds unequivocally and without exception that where a union engages an attorney to handle a grievance filed on behalf of constituent member, the attorney represents the union and not the member, and the member has no claim against the attorney for legal malpractice.

Shortly after being served with the Complaint, CWS sent a notice letter advising Plaintiff's counsel of the controlling case law which is fatal to his legal malpractice claim. CWS warned that in the absence of Plaintiff withdrawing the Complaint against it, it would be compelled to seek dismissal from the Court, in

which event CWS would also seek sanctions under Rule 11. Plaintiff refused to withdraw the Complaint. Accordingly, CWS was compelled to file its motion to dismiss, which is based on the controlling case law disclosed to Plaintiff in its notice letter. CWS has been forced to incur significant attorney's fees, in addition to substantial expenditure of time, in defending against Plaintiff's patently frivolous and legally unsustainable claim.

Rule 11 was designed, among other things, to prevent attorneys from filing complaints which are not warranted by existing law so that litigants are not burdened with significant attorney's fees in defending against a complaint which is unsustainable as a matter of law. This is the precise type of case for which Rule 11 was designed. As Plaintiff is represented by counsel who signed the offending pleading, sanctions are sought against Plaintiff's counsel pursuant to Fed.R.Civ.P. 11(c)(5)(A).

## PROCEDURAL HISTORY AND FACTS

The procedural history and facts of the case are set forth in CWS' brief in support of its motion to dismiss, a copy of which is attached as **Exhibit "A"** to the Certification of Michael J. Canning, Esq. (the "*Cert. Canning*"). Plaintiff filed a Complaint, signed by his attorney, Patrick Trainor, Esq., on September 21, 2020. (Cert. Canning at **Exhibit "B"**.) As it relates to CWS, Plaintiff alleges that he was a member of the Teamsters Union who worked at the Daily News until his employment was terminated on January 18,

2019. (Cert. Canning at **Exhibit "B"**, ¶ 2) The Teamsters Union filed a grievance against the Daily News, pursuant to the terms of a collective bargaining agreement, challenging D'Ambly's termination. The Teamsters Union engaged CWS to handle the grievance and arbitration. (Cert. Canning at **Exhibit "B"**, ¶¶ 10, 44, 48.) The Daily News paid D'Ambly a lump sum settlement and in exchange the Teamsters Union withdrew the grievance and arbitration. (Cert. Canning at **Exhibit "B"**, ¶ 53.)

The sole cause of action in the Complaint asserted against CWS is Count XIII. In this count, Plaintiff alleges that CWS was negligent in its handling of the grievance and arbitration. (Cert. Canning at **Exhibit "B"**, ¶¶ 154-161.) The allegations arise out of and relate solely to the representation CWS provided in the grievance and arbitration process conducted on behalf of the Teamsters Union pursuant to the collective bargaining agreement between the Teamsters Union and the Daily News. Notably, there is no allegation in Count XIII of the Complaint that an attorney-client relationship existed between CWS and Plaintiff. Nor is there any allegation that CWS owed Plaintiff any legal duty. This is because, as explained in detail in CWS' brief in support of its motion to dismiss the Complaint (Cert. Canning at **Exhibit "A"**), no such legal duty existed as a matter of law.

New Jersey law requires, as an element of a claim for legal malpractice, the existence of a legal duty owed by the defendant

- 3 -

attorney to the plaintiff, which legal duty is created by the establishment of an attorney client-relationship. Jerista v. Murray, 185 N.J. 175, 190-91 (2005). The Third Circuit ruled unequivocally in Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004), that an attorney hired by a union to perform services related to a collective bargaining agreement is immune from a legal malpractice action by the union's constituent member. Accordingly, Plaintiff's legal malpractice claim predicated on CWS' representation of the Teamsters Union in the contractual grievance and arbitration fails to allege an attorney-client relationship with CWS or the existence of any legal duty owed by CWS to Plaintiff.

On September 30, 2020, CWS, through its counsel, served a letter to Plaintiff's counsel demanding that the Complaint be dismissed with prejudice as to CWS. (Cert. Canning at **Exhibit "C"**) (the "*Notice Letter*").[1] In the Notice Letter, CWS informed Plaintiff's counsel of controlling cases from different courts of appeals, including the Third Circuit in Carino, which have all "with monotonous regularity" foreclosed state law claims against individuals acting as union representatives within the ambit of the collective bargaining process. Carino, 376 F.3d at 156. More

---

[1] The comments to the 1993 amendments to Fed.R.Civ.P. 11 provide that counsel should give informal notice of a potential violation before preparing and serving a Rule 11 motion, which CWS has done in its Notice Letter.

- 4 -

<mark>
</mark>

specifically, with regard to the immunity provided to attorneys who represent a union, in the Notice Letter CWS directed Plaintiff's counsel to the holding in Carino:

> This appeal presents a question of first impression for our court, namely, whether an attorney hired by a union to perform services on behalf of a union member in connection with an arbitration hearing conducted pursuant to a collective bargaining agreement is immune from suit for malpractice by that member. We conclude that the LMRA[2] bars such a suit.

[Carino, 376 F.3d 156, 159.] (Cert. Canning at **Exhibit "C"**.)

In the Notice Letter, CWS further informed Plaintiff's counsel of other courts of appeals which have reached the same holding as the Third Circuit in Carino and of the recognition by the Third Circuit that:

> The only courts of appeals to have considered the specific question here, where attorneys acted on behalf of the union, have uniformly concluded that Atkinson[3] prohibits claims made by a union member against attorneys employed by or retained by the union to represent the member in a labor dispute.

[Id.]

Although given the opportunity to dismiss the Complaint without incurring any sanctions, Plaintiff elected not to do so. Instead, on October 1, 2020, his counsel sent a letter to counsel

---

[2] The Labor Management Relations Act, 29 U.S.C. § 185.
[3] Atkinson v. Sinclair Refinancing Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed. 2d 462 (1962).

for CWS advising he would not withdraw the Complaint. (Cert. Canning at **Exhibit "D".**) In the letter, Plaintiff's counsel did not attempt to dispute or distinguish the controlling legal precedent set forth in the Notice Letter. To the contrary, Plaintiff's counsel stated that he had researched the cases and statutes referenced in the Notice Letter and admitted that "In general, I agree with your argument that an attorney-client relationship is not formed between a union attorney, such as CWS, and a union member grievant, such as Plaintiff, and, therefore, the union attorney is immune from suit in cases such as these." He further acknowledged that CWS represented the union in the arbitration, not Plaintiff. (Cert. Canning at **Exhibit "D".**)

Yet, Plaintiff refused to dismiss the Complaint, claiming that the American Bar Association and New Jersey Rules of Professional Conduct required CWS to identify the union as the client of CWS. (Cert. Canning at **Exhibit "D".**) Plaintiff's counsel further argued that because the Teamsters Union and CWS attorneys who worked on the arbitration opposed white supremacy, CWS was somehow required to recuse itself from its representation of the union (whom Plaintiff admits is the only client CWS was representing). Not surprisingly, Plaintiff's counsel offered no case law to support the untenable position that the Teamster Union could engage only an attorney who shared Plaintiff's white supremacy views.

As CWS is immune from a claim for legal malpractice by Plaintiff in accordance with the well-established case law cited in the Notice Letter and in its brief in support of its motion to dismiss the Complaint, and as Plaintiff has admitted that CWS is immune from the very legal malpractice action he has pleaded, the Complaint was filed in violation of Fed.R.Civ. P. 11 (b). CWS is entitled to recover the reasonable attorney's fees it has incurred as a sanction under Fed.R.Civ. P. 11(c).

**LEGAL ARGUMENT**

**POINT I**

**SANCTIONS SHOULD BE IMPOSED AGAINST PLAINTIFF**

Fed.R.Civ.P. 11 regulates the circumstances in which sanctions, including an award of reasonable attorneys' fees, may be imposed if a party or attorney fails to meet the standards for filing documents in court. The rule states that when an attorney presents the court with a pleading or other paper by signing, filing, submitting, or later advocating it, the attorney certifies that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the pleading or document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

>       (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed.R.Civ.P. 11(b).

Plaintiff has violated the Rule by filing the Complaint with a count for legal malpractice against CWS which he knows is not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.

The Third Circuit has explained that Rule 11 is "intended to discourage pleadings that are 'frivolous, legally unreasonable or without factual foundation', even though the paper was not filed in subjective bad faith." Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) (citing Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985).

When determining whether an attorney has violated Rule 11, a district court must apply an objective standard of reasonableness under the circumstances. Ario v. Underwriting Members of Syndicate 53 At Lloyds, 618 F.3d 277, 297 (3d Cir. 2010); CTC Imports and Exports v. Nigerian Petroleum Co., 951 F.2d 573, 578 (3d Cir. 1992); Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988). "Simply put, subjective good faith no longer provides the safe harbor it once did." Lieb, 788 F.3d at 157, citing Eavenson, Auchnuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3d Cir. 1985).

Thus, district courts are expected to "avoid the wisdom of hindsight and should test the signer's conduct by [asking] what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Id.

At the time the Complaint was filed in this action, Carino had been decided sixteen years prior and the law was crystal clear – CWS, as counsel for the Teamsters Union, was not Plaintiff's lawyer, owed him no legal duty, and was immune from a claim for legal malpractice by the union's member.

Carino's holding is consistent with that of other Courts of Appeals which have likewise recognized that union attorneys are immune from legal malpractice claims by union members. See Waterman v. Transport Workers Union Local 100, 176 F.3d 150 (2d Cir. 1999); ("[U]nder Atkinson, a union's attorneys may not be sued by an individual union member for actions taken pursuant to a collective bargaining agreement."); Arnold v. Air Midwest Inc., 100 F.3d 857, 862 (10th Cir. 1996) ("[A]n attorney who performs services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services performed constitute a part of the collective bargaining process."); Breda v. Scott, 1 F.3d 908, 909 (9th Cir. 1993) (holding that employees cannot sue in-house or outside counsel for services rendered under a collective bargaining agreement); Montplasier, 875 F.2d at 7 ("[F]or purposes of the Atkinson principle, [attorneys] must be

treated the same as other union agents."); Peterson v. Kennedy, 771 F.2d 1244, 1258 (9th Cir. 1985) ("[W]here, as here, the attorney performs a function in the collective bargaining process that would otherwise be assumed by the union's business agents or representatives, the rationale behind the Atkinson rule is squarely applicable.")

It is a patent violation of Rule 11 to file a complaint where the controlling case law is clearly contrary to the cause of action pleaded in the complaint. Matthews v. Freedman, 128 F.R.D. 194, 201 (E.D. Pa. 1989) (finding a rule 11 violation where the plaintiff's attorney filed a complaint with a claim which was contradicted by "an unbroken line of cases to the contrary.")  In Truesdell v. S. Cal. Permanente Med. Group, 209 F.D.R. 196 (U.S. Dist. Cal. 2002), plaintiff, a union member, sought to sue her union after she was dissatisfied with the outcome of the arbitration conducted as part of the grievance filed by her union. The court dismissed the complaint and awarded Rule 11 sanctions because of a long line of cases which granted deference to a union in the exercise of its judgment in the prosecution / arbitration of a member grievance. Id. at 176-177. As the agent of the Teamsters Union in the prosecution of Plaintiff's grievance, CWS is entitled to the same deference in the exercise of its judgment in the grievance process which immunizes it from liability to Plaintiff for the claim asserted in his Complaint.

The courts in Truesdell, as well in Carino and the other cases cited above, have made clear for decades that a union and its attorney are immune from liability for negligence arising out of its prosecution of a grievance. No reasonably objective lawyer could have believed there was a good faith basis for bringing a legal malpractice claim against CWS, particularly when the overwhelming precedent to the contrary was brought to the attention of Plaintiff's counsel in the Notice Letter. As stated in Smith v. Blue Cross & Blue Shield United, 959 F.2d 655, 659 (7th Cir. 1992):

> This action encompasses a classic violation of Rule 11. No reasonable attorney having read Pilot Life and Taylor could manufacture a good faith argument as to why this suit should be brought. Further, any attorney making a reasonable inquiry would have come across Pilot Life and Taylor. This case is contrary to settled precedent, and falls directly into the Eastway Construction [Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985),] definition of having no chance of success under existing precedent. That defense counsel alerted plaintiff's counsel to the frivolity of the claim and pointed plaintiff's counsel to the directly contrary precedent only exacerbates the unreasonableness of plaintiff's counsel's actions.

[Smith, 959 F.2d at 659.]

As in Smith, the failure of Plaintiff's counsel here to dismiss the Complaint after receipt of the Notice Letter exacerbates the unreasonableness of his actions.

- 11 -

Because the law was so well-established that CWS was immune from the legal malpractice claim, the Complaint as against CWS was not warranted by existing law. Nor does Plaintiff anywhere in the Complaint set forth an argument for extending, modifying or reversing existing law, or for establishing new law. Faced with the overwhelming contrary precedent, no objectively reasonable attorney could believe a meritorious legal malpractice claim could be pleaded against CWS. The Complaint was therefore filed in violation of Fed.R.Civ. P. 11(b), and sanctions should be imposed.

## POINT II

### PLAINTIFF CANNOT AVOID SANCTIONS BY CLAIMING THAT CWS SOMEHOW VIOLATED AN ETHICAL RULE

Plaintiff will no doubt oppose CWS' Rule 11 motion by arguing, as Plaintiff's counsel did in his October 1, 2020 letter, that under ABA Rule of Professional Conduct 1.13 (f) and New Jersey Rule of Professional Conduct 1.13 (2)(d), CWS was obligated to (a) notify him that the union was its client and (b) recuse itself because the Teamsters Union and CWS attorneys handling the arbitration opposed white supremacy. Any such argument fails for three, independent reasons.

First, the Complaint is devoid of any allegation that CWS owed and breached an ethical obligation to identify the Teamsters Union as its client and recuse itself from the grievance process.

Plaintiff cannot defend his Complaint by citing to non-existent allegations about the Rules of Professional Conduct.

Second, even if Plaintiff had alleged a violation of a Rule of Professional Conduct, the New Jersey Supreme Court has held that a violation does not, in and of itself, provide the basis for civil liability against an attorney. Baxt v. Liloia, 155 N.J. 190 (1998). In reaching this conclusion, the New Jersey Supreme Court noted that the American Bar Association Model Rules, on which the New Jersey RPCs are based, explicitly provide that "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached." Id. at 197-98 (quoting *Model Rules of Professional Conduct*, Scope (1992)). As the court explained, the New Jersey disciplinary system is designed to protect the public and "the integrity of the profession," ibid, and not to form the pretext for malpractice claims.

As the leading commentators have explained, there are many reasons "why ethical standards alone should not give rise to a cause of action, a duty or suggest that a violation should be negligence *per se*." Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice, § 20:11, p. 1360 (2016 ed.). First, "In most jurisdictions, the ethical rules are not promulgated by the legislature, but by the state's highest court" in an effort to "maintain the integrity of the profession." Id. at 1361. Second,

civil malpractice actions have "significant procedural and substantive differences" from a disciplinary proceeding." For instance, in a disciplinary hearing, an attorney can be disciplined for an ethical violation, "even if the misconduct does not cause any damage" and "even if the conduct is not a civil wrong." Id. Similarly, an attorney could violate a disciplinary standard, even if her conduct did not rise to the level of negligence. Id.

These leading commentators have concluded, "These differences often mean that a rule promulgated for discipline is not appropriate as a principle of civil law or standard for defining proper civil conduct." Id. at 1362. Thus, Plaintiff's unpleaded allegation of an ethical violation cannot give rise to a civil cause of action against CWS.

Third, Plaintiff cannot even establish an ethical violation. Plaintiff cannot pursue a claim that CWS was ethically required to recuse itself; Plaintiff has already conceded that CWS represented the Teamsters Union, not him, in the grievance process. CWS had no conflict with its client, the Teamsters Union.

## CONCLUSION

Defendant Cohen, Weiss and Simon LLP respectfully requests that the Court grant its motion against Plaintiff, Daniel D'Ambly, pursuant to Fed.R.Civ.P. 11(c), imposing sanctions against Plaintiff and awarding CWS reasonable attorneys' fees and expenses.

GIORDANO, HALLERAN & CIESLA, P.C.<br>
Attorneys for Defendant Cohen,<br>
Weiss and Simon LLP

By: _/s/ Michael J. Canning_____
     MICHAEL J. CANNING, ESQ.

Dated: November 17, 2020

Docs #4739724-v1