Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

| | |
|---|---|
| DANIEL D'AMBLY; AARON WOLKIND; STEVE HARTLEY; RICHARD SCHWETZ; JOBEL BARBOSA; MATTHEW REIDINGER; JOHN HUGO; SEAN-MICHAEL DAVID SCOTT; THOMAS LOUDEN; ZACHARY REHL; AMANDA REHL; K.R., a minor, by and through her father ZACHARY REHL and her mother AMANDA REHL, MARK ANTHONY TUCCI,<br><br>         Plaintiffs,<br><br>   vs.<br><br>CHRISTIAN EXOO, et al.,<br><br>         Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>CIVIL ACTION NO.: 2:20-cv-12880-JMV-JSA<br><br>**ATTORNEY CERTIFICATION** |

Patrick Trainor, of full age, hereby declares:

1. I am licensed to practice law in the State of New Jersey and am admitted to practice before the United States District Court, District of New Jersey. I am an attorney with the Law Office of Patrick Trainor, Esq., LLC, and as such, I am familiar with the facts and circumstances in this matter.

2. I submit this declaration as counsel on behalf of Plaintiff Daniel D'Ambly (hereinafter "D'Ambly") in support of a motion pursuant to Fed. R. Civ. 6(b)(1)(B), for leave to answer, move, or otherwise reply to Defendant Cohen, Weiss, and Simon, LLP's ("CWS") Rule 11 Motion for Sanctions.

3. On November 1, 2021, the Honorable John Michael Vazquez, U.S.D.J. dismissed D'Ambly's Complaint against CWS without prejudice, with leave to D'Ambly to file an amended complaint within 30 days. If Mr. D'Ambly did not amend his complaint within 30 days of the Order, hic Complaint would be dismissed with prejudice.

4. D'Ambly has not sought, nor has he obtained any previous extensions.

5. On November 30, 2021, D'Ambly filed an amended complaint.

6. On December 3, 2021, CWS filed its Motion for Sanctions pursuant to Rule 11(c) dated November 17, 2021, that argued under 29 U.S.C. 185(b), Section 301(b) of the Labor Management Relations Act ("LMRA") that CWS was immune from liability for claims brought by union members against attorneys retained by the union to represent the union member in a labor dispute. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962).

7. On or about December 3, 2021, D'Ambly was served electronically via email and via regular mail at a point shortly thereafter.

8. D'Ambly's latest return date to answer, oppose, or otherwise reply to Defendant's motion was December 20, 2021.

9. Without waiving personal healthcare privacy protections afforded by the Health Insurance Portability and Accountability Act ("HIPAA"), at or about the same time as CWS served its Rule 11 motion, counsel for D'Ambly was impacted by complications concerning the ongoing coronavirus public health emergency, including its required restrictions of movement, which prevented his ability to timely file opposition to CWS' motion.

10. Despite ongoing coronavirus related restrictions, on December 20, 2021, counsel for D'Ambly contacted CWS' counsel to obtain a mutual consent order that would have dismissed the amended complaint as to CWS.

11. On December 21, 2021, counsel for D'Ambly sent CWS' counsel a consent order that dismissed Plaintiff's complaint as to CWS.

12. On December 22, 2021, CWS' counsel replied with a consent order of its own that imposed financial sanctions, which are not warranted in light of additional information obtained in this matter.

13. D'Ambly named CWS as a defendant in his amended complaint filed on November 30, 2021, because he acquired additional knowledge concerning the facts that shows CWS's representation of D'Ambly was "not a function in the collective bargaining process," which precludes immunity. *Peterson v. Kennedy*, 771 F.2d 1244, 1256 (9th Cir. 1985).

14. As such, D'Ambly requires fourteen (14) days from the date of the Order regarding this motion to answer, move, or otherwise reply to CWS' Rule 11 Motion for Sanctions.

15. The delay in filing an opposition in this case would not prejudice CWS, as the other named defendants in this matter have been granted extensions of time to file their answer or have not yet otherwise moved in response to D'Ambly's Amended Complaint.

16. The interest of fairness requires that Plaintiff D'Ambly not be punished for unprecedented circumstances beyond his control, and that he be given the opportunity to answer, move, or otherwise reply to Defendant CWS' Rule 11 Motion for Sanctions, and he requests fourteen (14) days from the date of the order accompanying this motion.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 26, 2021            _____
                                    Patrick Trainor, Esq.
                                    *Attorney for Plaintiff Daniel D'Ambly*