# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, AARON WOLKIND, STEVE HARTLEY, RICHARD SCHWETZ, JOBEL BARBOSA, MATTHEW REIDINGER, JOHN HUGO, SEAN-MICHAEL DAVID SCOTT, THOMAS LOUDEN, ZACHARY REHL, AMANDA REHL, K.R., a minor, by and through her father ZACHARY REHL, and her mother AMANDA REHL, MARK ANTHONY TUCCI, <br><br> Plaintiffs, <br> vs. <br><br> CHRISTIAN EXOO a/k/a ANTIFASH GORDON, ST. LAWRENCE UNIVERSITY, TRIBUNE PUBLISHING COMPANY, NEW YORK DAILY NEWS, VIJAYA GADDE, TWITTER, INC., COHEN, WEISS AND SIMON, LLP, NICK STRICKLAND, TORCH ANTIFA NETWORK, UNNAMED ASSOCIATES 1-100 <br><br> Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JMV-JSA <br><br> Hon. John M. Vazquez, U.S.D.J. |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHRISTIAN EXOO'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL HISTORY ................................................................................................. 2

III. ARGUMENT ....................................................................................................................... 6

    A. Legal Standard ............................................................................................................. 6

    B. The Court Should Sanction Plaintiffs' Counsel for Exceeding the Scope of the Court's Leave to Amend ............................................................................................................. 7

    C. The Court Should Sanction Plaintiffs' Counsel for Asserting a Claim Under a Fifth Criminal Statute For Which No Private Right of Action Exists ................................. 8

    B. CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67 (1989)..................................................................................................................12

*Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570 (E.D. Pa. 1993)......................................................................................................................9

*Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277 (3d Cir. 1991).............8

*Gonzaga Univ. v. Doe*, 536 U.S. 27 (2002)............................................................10

*Grant v. Commc'ns Workers, Local 1101* ("*Grant II*"), Civil Action No. 13-cv-7917 (JMF), 2017 U.S. Dist. LEXIS 198188 (S.D.N.Y. Dec. 1, 2017)...............12

*Grant v. Communs. Workers of Am., Local 1101* ("*Grant I*"), Civil Action No. 13-cv-7917 (JMF), 2014 U.S. Dist. LEXIS 96585 (S.D.N.Y. July 15, 2014) ..........12

*Martin v. Local 556, Transp. Workers Union of Am., AFL-CIO*, Civil Action No. 3:14-cv-0500-D, 2014 U.S. Dist. LEXIS 122755 (N.D. Tex. Sep. 3, 2014)  11, 12

*Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, 507 F. Supp. 2d 484 (D.N.J. 2007) .....................................................................................................................8

*Rodriguez v. Serv. Emples. Int'l*, 755 F. Supp. 2d 1033 (N.D. Cal. 2010) ..............11

*Schonfeld v. Raftery*, 335 F. Supp. 846 (S.D.N.Y. 1971).........................................11

*Sciore v. Phung*, Civil Action No. 1:18-cv-13220-NLH-AMD, 2021 U.S. Dist. LEXIS 190120, D.N.J. Sep. 30, 2021) ..............................................................10

**Statutes**

29 U.S.C. § 530.................................................................................. 1, 2, 5, 9, 11

## I. INTRODUCTION

Defendant Christian Exoo ("Defendant Exoo") seeks Rule 11 sanctions against Plaintiffs' Counsel, Patrick Trainor, Esq. in connection with the filing of Plaintiffs' Second Amended Complaint (the "SAC"). Plaintiffs asserted an unauthorized claim based on a new legal theory and added two unauthorized defendants. These actions greatly exceeded the narrow scope of the Court's Order granting leave to amend. In addition, the new claim is based on a criminal statute that affords no private right of action. Appropriate remedies include requiring Plaintiffs to pay Defendant Exoo's attorneys' fees relating to this motion, Defendant Exoo's anticipated motion to strike and motion to dismiss, and other relief that the Court may deem appropriate.

First, the pleading greatly exceeds the scope of the leave granted to Plaintiffs in the Court's November 1, 2021 Opinion and Order dismissing all claims against Defendants Exoo, St. Lawrence University, Vijaya Gadde, and Twitter, Inc. (the "Section 530 Defendants") in Plaintiffs' First Amended Complaint ("FAC"). ECF Nos. 99 (the "Opinion") and 100 (the "Order"). The Court afforded Plaintiffs leave to amend their pleading for the limited purpose of remedying the deficiencies identified in the Court's Opinion. *See* ECF No. 99, Opinion at 23 ("Plaintiffs shall … file an amended complaint that cures the deficiencies noted herein."). *See also*

ECF No. 100, Order (granting Plaintiffs "leave to file an amended pleading that remedies the identified deficiencies.").

In violation of the Opinion and Order, Plaintiffs' SAC added two unauthorized named defendants to the case and added an unauthorized claim against the Section 530 Defendants for violation of Section 610 of the Labor-Management Relations Disclosure Act ("LMRDA," 29 U.S.C. § 530) based on a new legal theory of liability. Plaintiffs' addition of new parties, a new claim, and a new legal theory without court authorization is sanctionable conduct.

Second, after the Court dismissed Plaintiffs' claims against Defendant Exoo for violation of four criminal statutes with no private right of action, Plaintiffs filed the SAC which asserts a claim under a fifth criminal statute with no private right of action against the Section 530 Defendants. *See* ECF No. 99, Opinion at 20-21 (dismissing Counts IV, V and VI of the FAC); SAC at Count VII, ¶¶ 204-211. Plaintiffs continued assertion of criminal statutes with no private right of action is frivolous and sanctionable, particularly in light of the Court's Opinion.

## I.     PROCEDURAL HISTORY

On September 21, 2020, Plaintiff Daniel D'Ambly commenced the instant action against the Section 530 Defendants and Defendants Tribune Publishing Company, New York Daily News, and Cohen, Weiss and Simon, LLP. The

Complaint included claims asserted against Defendant Exoo under four criminal statutes for which no private right of action exists (Counts IV, V, and VI). Count IV for Cyber-harassment (N.J.S.A. 2C:33-4.1) and Stalking (N.J.S.A. 2C:30-31(a)) was based on two New Jersey Criminal Statutes, while Count V for Interstate Communications (18 U.S.C. § 875(c) and Count VI for Stalking 18 U.S.C. 2261A(2) were based on federal criminal statutes.

On December 6, 2020, Defendant Exoo filed a motion to dismiss the claims against him. ECF Nos. 41 through 41-8. Among other things, Defendant Exoo's motion sought dismissal of the claims under the four criminal statutes because none of those statutes provide a private right of action. *See* ECF No. 41-1, Exoo MOL at 11-16.

Rather than oppose Defendant Exoo's motion to dismiss, Plaintiff D'Ambly filed a motion seeking leave to amend his Complaint on January 10, 2021, to add additional Plaintiffs and allegations relating to those Plaintiffs. ECF No. 47 through 47-6.

On March 25, 2021, Plaintiff D'Ambly's motion to amend his Complaint to add the new Plaintiffs was granted. ECF No. 65.

On March 25, 2021, Plaintiffs filed the FAC adding the following twelve additional Plaintiffs: Aaron Wolkind, Steve Hartley, Richard Schwetz, Jobel Barbosa, Matthew Reidinger, John Hugo, Sean-Michael David Scott, Thomas

Louden, Zachary Rehl, Amanda Rehl, K.R., and Mark Anthony Tucci. Counts IV through VI of the FAC asserted claims for violations of the same four criminal statutes with no private right of action as the original Complaint. The new Plaintiffs joined Defendant D'Ambly in asserting the federal criminal statutes in Counts V and VI against Plaintiff D'Ambly.

On April 22, 2021, Defendant Exoo filed a motion to dismiss the claims against him in the FAC. ECF Nos. 79 through 79-23. Among other things, Defendant Exoo's second motion to dismiss sought dismissal of the claims under the four criminal statutes because they do not afford Plaintiffs a private right of action. *See* ECF No. 79-1, Exoo MOL at 26-29.

Plaintiffs filed their opposition to the motion on May 20, 2021 (ECF No. 83) and Defendant Exoo filed his reply brief on June 17, 2021 (ECF No. 89). In his reply brief, Defendant Exoo noted that Plaintiffs' opposition papers failed to address any of the cases cited by Defendant Exoo holding that there is no private cause of action for the criminal statutes and Plaintiffs failed to cite any legislative language to support an argument that a private right of action does exist. *See id.* at 12.

On November 1, 2021, the Court granted Defendant Exoo's motion to dismiss. *See* Opinion and Order, ECF Nos. 99-100, annexed to the Declaration of Christopher Marlborough served herewith as Exhibits A and B respectively.

Specifically, the Court dismissed Plaintiffs' claims against Defendant Exoo for Tortious Interference, Intrusion Upon Seclusion, Federal RICO, New Jersey RICO, and the three Counts asserted under four criminal statutes. The Court noted that the criminal statutory claims were dismissed because no private right of action exists for those claims. *See* ECF No. 99, Opinion at 20-21. In its Opinion and Order, the Court provided Plaintiffs "leave to ***file an amended pleading that remedies the identified deficiencies***." *See* ECF No. 100, Order. *See also* ECF No. 99, Opinion at 23 ("Plaintiffs shall have thirty (30) days to ***file an amended complaint that cures the deficiencies noted herein***.").

On November 30, 2021, Plaintiffs filed their SAC. *See* ECF No. 103, Marlborough Decl., Exh. C. With respect to the claims against Defendant Exoo, Plaintiffs dropped their claims for Intrusion Upon Seclusion, New Jersey RICO and violations of the four criminal statutes asserted in the FAC. However, Plaintiffs added a new unauthorized claim against the Section 530 Defendants premised on Section 610 of the LMRDA (29 U.S.C. § 530) based on a new legal theory of liability.[1] Plaintiffs also named two additional Defendants, Torch Antifa Network and Nick Strickland without seeking Court authorization to add those parties.

---

[1] While the SAC erroneously cites this statute as 18 U.S.C. § 530, it is clear from the reference to the LMRDA and the quotation in paragraph 205 of the SAC that Plaintiffs are referring to 29 U.S.C. § 530.

DEFENDANT CHRISTIAN EXOO'S MEMORANDUM OF LAW IN SUPPORT OF HIS
FIRST MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL        5

## II. ARGUMENT

### A. *Legal Standard*

"Rule 11 [of the Federal Rules of Civil Procedure] requires that an attorney who submits a complaint certify that there is a reasonable basis in fact and law for the claims made in order to discourage the filing of frivolous, unsupported, or unreasonable claims." *Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, 507 F. Supp. 2d 484, 488 (D.N.J. 2007). The Third Circuit has held that "'[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances.'" *Id.* (quoting *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 239 (3d Cir. 1991)). "Reasonableness in the context of a Rule 11 inquiry has been defined as 'an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact.'" *Oswell*, 507 F. Supp. 2d at 489 (quoting *Ford Motor Co.*, 930 F.2d at 239). Rule 11 sanctions are warranted when a claim is patently unmeritorious or frivolous. *See Oswell*, 507 F. Supp. 2d at 489.

F.R.C.P. Rule 15(a)(2) provides that in all cases, other than those prescribed in Rule 15(a)(1) (not relevant here), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Sanctions are an appropriate

DEFENDANT CHRISTIAN EXOO'S MEMORANDUM OF LAW IN SUPPORT OF HIS
FIRST MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL        6

remedy when a Plaintiff files an amended Complaint and the amendments exceed the scope of the Court's grant of leave or the defendants' consent. *See Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co.*, 151 F.R.D. 570 (E.D. Pa. 1993) (finding monetary sanctions was the appropriate remedy because the filing of the improper amended complaint "necessitated the expenditure of attorney's fees by the defendants.")

### B.     The Court Should Sanction Plaintiffs' Counsel for Exceeding the Scope of the Court's Leave to Amend

Plaintiffs did not seek, nor were they granted leave to amend to add new parties, new claims, or new legal theories. Plaintiffs' SAC goes far beyond the scope of the amendment permitted in the Court's November 1, 2021 Opinion and Order (ECF Nos. 99 and 100, respectively). *See U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 153 (D.N.J. 2007) ("[S]ince Plaintiffs never even sought to amend and add the claims …, it is unfathomable that the generalized order permitting the amendment could somehow have included these unexpressed claims."). The filing is clearly improper.

When a complaint exceeds the scope of the permitted amendment, courts may, *inter alia*, appropriately treat an unapproved amendment as a violation of Rules 11 and 15(a), and award sanctions. *See Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 575 (E.D. Pa. 1993) (awarding monetary sanctions

in the form of defendants' attorneys' fees where plaintiffs added unauthorized parties and asserted new legal theories in their amended complaint). *See also Sciore v. Phung*, Civil Action No. 1:18-cv-13220-NLH-AMD, 2021 U.S. Dist. LEXIS 190120, at *25 (D.N.J. Sep. 30, 2021) (granting defendants; motion for sanctions and requiring the payment of defendants' attorneys' fees where Plaintiffs' amendment to include an unauthorized breach of contract claim "went far beyond the limited scope of amendment granted by" the court.)(internal quotations omitted). The Court should do the same here.

### C. The Court Should Sanction Plaintiffs' Counsel for Asserting a Claim Under a Fifth Criminal Statute For Which No Private Right of Action Exists

Plaintiffs seek relief under a fifth criminal statute with no private right of action immediately after claims under four other criminal statutes against Defendant Exoo were dismissed on the same basis. This conduct provides a separate basis for sanctions against Plaintiffs' counsel.

Private individuals generally lack the authority to enforce federal criminal statutes. *Walsh v. Krantz*, Civil Action No. 07-cv-616, 2008 U.S. Dist. LEXIS 44204, at *11 (M.D. Pa. June 4, 2008). A federal criminal statute may provide an implied private right of action only if Congress so intended in enacting the criminal statute. *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (holding that a private remedy will not be implied unless legislative intent can be inferred from

DEFENDANT CHRISTIAN EXOO'S MEMORANDUM OF LAW IN SUPPORT OF HIS
FIRST MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL         8

statutory language or elsewhere). *See also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

First, the new claim asserted by Plaintiffs against the Section 530 Defendants is a criminal statute that provides for a fine and imprisonment, but not civil monetary relief. The Statute provides:

> It shall be unlawful for any person through the use of force or violence, or threat of the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain, coerce, or intimidate any member of a labor organization for the purpose of interfering with or preventing the exercise of any right to which he is entitled under the provisions of this chapter. Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

In the SAC, Plaintiffs quote part of the criminal statute but omit the fine and imprisonment in the statute. *See* SAC at ¶¶ 205, 211. Instead, Plaintiffs seek no less than $75,000 in civil damages. This relief is not authorized by the criminal statute.

Second, it is well-settled that there is no private of action for violations of Section 610 of the LMRDA (29 U.S.C. § 530). *See Martin v. Local 556, Transp. Workers Union of Am., AFL-CIO*, Civil Action No. 3:14-cv-0500-D, 2014 U.S. Dist. LEXIS 122755, at *12 (N.D. Tex. Sep. 3, 2014) ("Section 530 does not contain any language suggesting that Congress intended to authorize a private cause of action."); *Rodriguez v. Serv. Emples. Int'l*, 755 F. Supp. 2d 1033, 1048

(N.D. Cal. 2010) ("Section 530 does not give rise to a private cause of action."); *Schonfeld v. Raftery*, 335 F. Supp. 846, 851 (S.D.N.Y. 1971) ("Plaintiff has no standing to enforce these criminal provisions"). *Grant v. Communs. Workers of Am., Local 1101* ("*Grant I*"), Civil Action No. 13-cv-7917 (JMF), 2014 U.S. Dist. LEXIS 96585, at *6 n.3 (S.D.N.Y. July 15, 2014) ("is a criminal provision with no private civil right of action.") *citing Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 93 n.17 (1989); *Grant v. Commc'ns Workers, Local 1101* ("*Grant II*"), Civil Action No. 13-cv-7917 (JMF), 2017 U.S. Dist. LEXIS 198188, at *19 (S.D.N.Y. Dec. 1, 2017) (dismissing plaintiffs' claim under Section 530). In contrast to the many cases which hold that there is no private of action under Section 530. The undersigned was unable to identify a single case where a private right of action was found. This is unsurprising since "Section 530 does not contain any language suggesting that Congress intended to authorize a private cause of action." *Martin*, 2014 U.S. Dis. LEXIS 122755, at *12.

Third, Plaintiffs have had notice of the prohibition against asserting criminal claims with no private right of action in this civil suit for more than a year, when Defendant Exoo filed his motion to dismiss Counts IV through VI of the original Complaint. *See* ECF No. 41-1. Plaintiffs were reminded of that prohibition in no uncertain terms in the Court's Opinion and Order dismissing Counts IV through VI of the FAC. *See* ECF Nos. 99 at 20-21; ECF No. 100. In response, Plaintiffs'

Counsel asserted a claim under a fifth criminal statute that affords no private right of action against the Section 530 Defendants. Plaintiffs' recalcitrant effort to expand the scope of this action and exploit the Court's grant of leave is clearly sanctionable and should not be countenanced.

## B. CONCLUSION

For the foregoing reasons, Defendant Exoo asks this Court to grant the relief requested in this motion.

Dated:     December 15, 2021
           Melville, New York

           Respectfully submitted,

           **THE MARLBOROUGH LAW FIRM, P.C**.

           By: *[signature: Christopher Marlborough]*
           Christopher Marlborough
           445 Broad Hollow Road, Suite 400
           Melville, New York 11747
           Phone: (212) 991-8960
           Fax: (212) 991-8952
           E-mail: chris@marlboroughlawfirm.com

           Richard Torres, Esq.
           63 Tooker Avenue
           Springfield, New Jersey 07081
           Phone: (347) 742-5362
           E-mail: richardtorresdna@gmail.com

           *Counsel for Defendant Christian Exoo*