Lindsay Ditlow
Joseph Mulherin
Brian Mead
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
P:  (312) 372-2000
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY; AARON WOLKIND; STEVE HARTLEY; RICHARD SCHWETZ; JOBEL BARBOSA; MATTHEW REIDINGER; JOHN HUGO; SEAN-MICHAEL DAVID SCOTT; THOMAS LOUDEN; ZACHARY REHL; AMANDA REHL; K.R., a minor, by and through her father ZACHARY REHL and her mother AMANDA REHL, MARK ANTHONY TUCCI,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY, LLC; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC; COHEN, WEISS AND SIMON, LLP; NICK STRICKLAND; TORCH ANTIFA NETWORK; UNNAMED ASSOCIATES 1 – 100,<br><br>Defendants. | CIVIL ACTION NO.:  2:20-cv-12880-JMV-JSA<br><br>**DEFENDANT TRIBUNE PUBLISHING COMPANY, INC. AND DEFENDANT NEW YORK DAILY NEWS COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Tribune Publishing Company, Inc. ("Tribune") and Defendant New York Daily News Company (the "Daily News") answer Plaintiffs' Second Amended Complaint as follows:

## STATEMENT OF THE CASE

**ANSWER:**

To the extent a response to Plaintiffs' unnumbered "Statement of the Case" is necessary, Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the assertions contained therein. Further, to the extent the assertions contained in Plaintiffs' "Statement of the Case" allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## THE PARTIES

1. Daniel D'Ambly (hereinafter "D'Ambly"), was a twenty-seven (27) year member of Local One-L, Graphic Communications Conference of the International Brotherhood of Teamsters, who was employed as a was a plate maker for the New York Daily News in Jersey City, New Jersey until January 18, 2019. D'Ambly was doxed by Exoo on October 29, 2018. In the dox D'Ambly was labeled a 'fascist' and/or a 'white supremacist.' D'Ambly is a member of the New Jersey European Heritage Association ("EHA"), a non-violent, pro-domestic policy organization that the Exoo and associates have labeled a white supremacist hate group, which D'Ambly leads. D'Ambly and the EHA, actively participate in political rallies, peaceful political protests, pamphleteering, and speech that is protected by U.S. Const. amend. I and N.J. Const. art. I, ¶ 6. D'Ambly is an individual domiciled in the State of New Jersey and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News admit that D'Ambly was a member of Local One-L, Graphics Communications Conference of the International Brotherhood of Teamsters, was employed as a plate maker for the New York Daily News in Jersey City, New Jersey until January 18, 2019, and was an individual domiciled in New Jersey. Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiffs' Second Amended Complaint.

2. Zachary Rehl ("Rehl") was employed by New York Life Insurance Company in Philadelphia when he was doxed by Exoo in or about August 2017, and labeled a fascist and white supremacist. Rehl is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Second Amended Complaint.

3.      Amanda Rehl ("AmRehl") is the spouse of Zachary Rehl. AmRehl is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint.

4.      K.R. ("K.R."), is the minor child of Zachary Rehl and Amanda Rehl. K.R. is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint.

5.      Aaron Wolkind ("Wolkind") was a Technical Support Specialist for Aerzen USA Corporation ("Aerzen") when he was doxed by Exoo on or about June 2019, and labeled a fascist, white supremacist, and a neo-Nazi. Wolkind is an individual domiciled in the State of Delaware and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Second Amended Complaint.

6.      Steven Hartley ("Hartley"), is a logistics manager for American Expediting located in Folcroft, Pa. On November 29, 2018, he was doxed by Exoo and labeled a Nazi, racist and white

supremacist who was a threat to women and minorities. Hartley is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint.

7.     Mark Anthony Tucci ("Tucci") was employed at Aldo's Pizzarama in Philadelphia when he was doxed by Exoo on December 10, 2018, and labeled a fascist, racist, and white supremacist. Tucci is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint.

8.     Richard Schwetz ("Schwetz") was employed at Inova Payroll in Lancaster, Pa., when he was doxed by Exoo in or about June 2020, and labeled a fascist, racist, and white supremacist. Schwetz is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Second Amended Complaint.

9.     Jobel Barbosa ("Barbosa") is Puerto Rican and a permanently disabled veteran, who was employed as a Detail Department Manager at Jaguar Land Rover Willow Grove, in Willow Grove, Pa., when he was doxed by Exoo on June 22, 2019, and labeled a fascist, racist, and white supremacist. Barbosa is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Second Amended Complaint.

10.    Matthew Reidinger ("Reidinger") was employed in Coal Township, Pa. On November 27, 2018, he was doxed by Exoo and labeled a fascist and white supremacist. Reidinger is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Second Amended Complaint.

11.    John Hugo ("Hugo") was employed as a dispatch manager for Green and Yellow Cab in Somerville, Massachusetts when he was doxed by Exoo on January 2, 2020, and labeled a fascist and white supremacist. Hugo is an individual domiciled in the Commonwealth of Massachusetts and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Second Amended Complaint.

12.    Sean-Michael David Scott ("Scott") was employed in Seattle, Washington when he was doxed by Exoo on September 16, 2019, and labeled a fascist, white supremacist, and anti-Semite. Scott is an individual domiciled in the State of Florida and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Second Amended Complaint.

13.     Thomas Louden ("Louden") is a 30-year volunteer firefighter and the appointed Deputy Emergency Management Coordinator for Hilltown Township, Pennsylvania and was employed as the Director of Managed Care at Thomas Jefferson University Hospital in Philadelphia for twenty-three (23) years when he was doxed by Exoo on November 2, 2020. Louden is an individual domiciled in the Commonwealth of Pennsylvania and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     Plaintiffs Wolkind, Hartley, Schwetz, Rehl, Barbosa, and Tucci are members of the Philadelphia chapter of the Proud Boys (hereinafter "PPB" or "Proud Boys"). Plaintiff Reidinger is a member of the Harrisburg chapter of the Proud Boys ("HPB"). The Proud Boys are a diverse, multi-racial, multi-ethnic, fraternal, males-only drinking club, who consider themselves "western chauvinists."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Second Amended Complaint.

15.     Hugo is the President of Super Happy Fun America, a right of center civil rights organization focusing on defending the American Constitution, opposing gender madness, and defeating cultural Marxism. Super Happy Fun America is best known for organizing the 2019 Boston Straight Pride Parade. Hugo was the 2018 Republican Candidate for Massachusetts' 5th Congressional District.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint.

16.    Defendant Christian Exoo ("Exoo" or "@AntiFashGordon") is a library building supervisor and lecturer at St. Lawrence University. Exoo is a self-described anti-fascist, notorious doxer, and leader of Antifa, who by doxing others has acquired a great deal of notoriety and infamy. Exoo currently publishes Tweets under Twitter username "@AntiFashGordon." Exoo is an individual domiciled in the State of New York and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint.

17.    St, Lawrence University ("St. Lawrence" or "STL") is a private four-year university with its principal place of business located at 116 Vilas Hall, 23 Romoda Drive, Canton, New York 13617, and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint.

18.    Tribune Publishing Company ("Tribune") is a media company organized under the laws of the State of Delaware with its principal place of business located at 160 N. Stetson Avenue, Chicago, Illinois 60601 that conducts its business throughout the United States, and is a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER:**

Tribune admits the allegations contained in paragraph 18 of the Plaintiffs' Second Amended Complaint.

19.     New York Daily News Company ("Daily News") is owned by the Tribune Publishing Company (Tribune and Daily News are sometimes hereinafter referred to collectively as "Daily News") with a place of business located at 125 Theodore Conrad Drive, Jersey City, New Jersey 07305, and 4 New York Plaza, New York, NY 10004. The Daily News is a "person" as defined under 18 U.S.C. § 1961(3). At all times relevant, the Tribune Publishing Company had the right and did exercise control over the actions of the New York Daily News.

**ANSWER**:

The Daily News denies that it has a place of business at 4 New York Plaza, New York, NY 10004.  The Daily News admits the remaining allegations in paragraph 19 of Plaintiffs' Second Amended Complaint.

20.     Vijaya Gadde ("Gadde") is the Head of Legal, Public Policy, and Trust and Safety Lead at Twitter, Inc. At all times relevant, Vijaya Gadde was the sole decision maker and person authorized to permanently ban Twitter users who violated Twitter's Terms of Service and Rules. She is a "person" as defined under 18 U.S.C. § 1961(3). Gadde is believed to be domiciled in the State of California.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint.

21.     Twitter, Inc. ("Twitter"), is a company organized under the laws of the State of Delaware with its principal place of business located at 1355 Market Street, San Francisco, CA 94103, that conducts its business globally and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint.

22.     Exoo and associates are a criminal enterprise as defined under 18 U.S.C. § 1961(4).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' Second Amended Complaint.

23.     Cohen, Weiss, and Simon, LLP ("CWS") is a law firm with its principal place of business located at 900 3rd Avenue, #2100, New York, New York 10022 and a "person" as defined under 18 U.S.C. § 1961(3).

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Second Amended Complaint.

24.     Nick Strickland is an individual domiciled in the State of New Jersey and a "person" as defined under 18 U.S.C. § 1961(3), he controls and publishes Twitter username "@NStricklanded."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint.

25.     Torch Network a/k/a Torch Antifa Network describes itself as "a network of Militant antifascists across (but not limited to) the United States. We are born out of, and pay our respects to, the Anti-Racist Action Network. We are dedicated to confronting fascism and other element of oppression. We believe in direct action." Torch Antifa controls and publishes Twitter account "@TorchAntifa" and internet website https://torchantifa.org. Torch Antifa has no known address but its internet domain torchantifa.org is registered to Pennsylvania non-profit organization One People's Project, whose principal address is in New Brunswick, New Jersey

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Second Second Amended Complaint.

## JURISDICTION AND VENUE

26.     Jurisdiction of this Court is proper because this litigation arises under federal law, namely 18 U.S.C. §§ 1961 to 1968.  This Court has jurisdiction over this matter under 28 U.S.C. § 1331.

**ANSWER**:

Tribune and the Daily News admit the allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint.

27.     The Court has supplemental jurisdiction over the state law claims asserted in this case under 28 U.S.C. § 1367(a).

**ANSWER**:

Tribune and the Daily News deny the allegations contained in paragraph 27 of the Plaintiffs' Second Amended Complaint.

28.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the threatened and actual harm occurred in this District by reason of Defendants' conduct as alleged below.

**ANSWER**:

Tribune and the Daily News admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) but deny the remaining allegations in paragraph 28 of the Plaintiffs' Second Second Amended Complaint.

## FACTS PERTINENT TO ALL PLAINTIFFS

29.     Exoo and associates use the terms fascists and/or white supremacists interchangeably.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint

30.     Defendant Exoo publishes Tweets and doxes under Twitter username "@AntiFashGordon" a leading Antifa Twitter account that as of November 14, 2021, has 53,534 Twitter followers. The headline of @AntiFashGordon's public profile as seen below states "I expose fascists via #OSINT, get them fired, de-homed, kicked out of school, etc.".

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

31.     Doxing is prohibited by Twitter's Private Information Policy within their Terms of Service and Rules ("TOS").

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

32.     Twitter's TOS also prohibit Coordinated harmful activity, specifically Twitter prohibits Social Coordination, which Twitter defines as "on or off-Twitter coordination among a group of people to amplify or propagate a specific message…an individual using Twitter to incite their followers to say or do a specific thing, such as reply to another person with abusive messaging – a practice referred to as "dogpiling."

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 32 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

33.     Upon information and belief, Exoo is a habitual doxer and ban evader, who has been permanently banned at least twice before Exoo he began to publish and control @AntiFashGordon, is known to Twitter's Trust & Safety Council ("TSC"). A ban evader is a person who creates a new Twitter account after receiving a permanent ban, which is a lifetime ban. The ban evader's new account is called a "ban evasion account," and is prohibited by Twitter rules. Twitter has previously permanently banned @ChrisExoo, @ChristianExoo.

**<u>ANSWER</u>**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

34.     Upon information and belief, Twitter agreed to allow Exoo, a known ban evader change his username @DoxSavage to @AntiFashGordon, in lieu of third permanent ban.

**<u>ANSWER</u>**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

35.     Exoo described his associates as "our entire crew," and acknowledged monthly IT costs for the entire crew of about $50.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

36.    As seen below Exoo insists associates continue dogpiling until the target's employer publicly announces the target's termination.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

37.    Exoo and associates conspire with well-known doxer who publishes Twitter account @emilygorcenski, which is a blue check Twitter verified account, who Exoo has cited as a mentor.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

38.    Verified blue check Twitter account @emilygorcenski is followed by Twitter CEO Jack Dorsey, accordingly @emilygorcenski can send private direct messages to @jack, and @jack sees @emilygorcenski's Tweets in his home timeline when he logs on to his account.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

39.     Twitter account @emilygorcenski has exhibited sliding into @jack direct messages to get a Twitter account banned for "deadnaming" when Twitter Support did not ban the account, and also boasted about surviving @jack's follower purge in 2019.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

40.     As a result of Exoo and associates conduct described herein, every doxed Plaintiff was threatened, had their families threatened, and sustained property damage.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## DANIEL D'AMBLY

41.     D'Ambly repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 40 with the same force and effect as if set forth in detail herein again.

14

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 40 of Plaintiffs' Second Amended Complaint.

42.     Upon information and belief, the Exoo Enterprise targeted D'Ambly as a fascist and white supremacist at some point in or about January 2018.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

43.     Upon information and belief, in and before September 2018, Twitter received and investigated complaints that Exoo's former Twitter account @DoxSavage was doxing and engaging in abusive behavior.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

44.     Upon information and belief, on or about October 1, 2018, Gadde and Twitter agreed to allow @DoxSavage to undergo a username change in lieu of a third permanent ban.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 44 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

45.    On October 11, 2018, @DoxSavage Tweeted a farewell announcement to his followers: "Hey folks—I just underwent a name change from @DoxSavage to @AntiFash Gordon. I'll be back tomorrow to expose more violent fascists who were on the ground in Providence on 10/6."

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

46.    Exoo's change for his evasion account @DoxSavage to @AntiFashGordon prevented him from losing approximately 15,000 @DoxSavage followers.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

47.    On October 29, 2018, at 11:49 a.m., @AntiFashGordon doxed D'Ambly in a massive twenty-two count Tweet thread that included D'Ambly's name, hometown, photograph, employer, occupation, employer's location, multiple telephone numbers for his employer, labor union Referendum Board he chaired, and the names of the other Referendum Board members.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiffs' Second Amended

Complaint.  To the extent the allegations contained in paragraph 47 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

48.     In the dox, @AntiFashGordon labeled D'Ambly a "Nazi" and directed associates to send harassing, intimidating, and threatening phone calls, and Tweets to the Daily News's Twitter username @NYDailyNews, to extort D'Ambly's termination.

**ANSWER**:

Tribune and the Daily News admit that there were Tweets discussing D'Ambly with the

@NYDailyNews username tagged. Tribune and the Daily News are otherwise without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph

48 of Plaintiffs' Second Amended Complaint. To the extent the remaining allegations contained

in paragraph 48 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or

damages against Tribune and the Daily News, the allegations are denied.

49.     Exoo's dox directed:

a.  In the 19th Tweet, @AntiFashGordon directed his associates "stay on top of this, too.  If you don't hear back from @NYDailyNews, keep tweeting at them."  Call their printing facilities in Jersey City at (201) \*\*\*-\*\*\*\* (number provided in original Tweet) and warn them about Daniel D'Ambly..."

b.  A follow up Tweet included a second telephone number for the New York Daily News and a subsequent Tweet included the direct telephone number to D'Ambly's print shop.

c.  Exoo associates dogpiled @NYDailyNews and @Teamsters.

d.  Upon information and belief, from October 29, 2018, to January 11, 2019, the Exoo Enterprise directed no less than one-hundred and ninety-one (191) Tweets to @DailyNews plus an unknown number of phone calls.

e.  D'Ambly was never told of the threats or warned to take safety precautions.

**ANSWER**:

Tribune and the Daily News admit that there were Tweets discussing D'Ambly with the @NYDailyNews username tagged and that the Daily News received phone calls discussing D'Ambly. Tribune and the Daily News deny that D'Ambly was never told of the threats or warned to take safety precautions by anyone from the Daily News or Tribune. Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint. To the extent the remaining allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

50.     On October 30, 2018, without warning D'Ambly of the dangerous threats, Tribune engaged Insite Risk Management ("Insite") to investigate D'Ambly.  Insite submitted its "Private Investigation Report" ("Report") to the Tribune on December 4, 2018.  The Report acknowledged @AntiFashGordon's doxing was the impetus for the investigation.  The Report included videos of D'Ambly and others using imprudent language during political rallies.

**ANSWER**:

Tribune and the Daily News admit that, after receiving Tweets and phone calls concerning D'Ambly's activities, Insite Risk Management ("Insite") was engaged to confirm the veracity of the allegations raised by those Tweets and phone calls.  Tribune and the Daily News admit that Insite's report on that investigation included videos of D'Ambly and others. Tribune and they Daily News deny the remaining allegations in paragraph 50 of the Second Amended Complaint.

51.     On or before January 8, 2019, EHA posted flyers on public bulletin boards in Princeton, New Jersey that announced an "It's okay to be white" protest march purportedly scheduled for January 12, 2019.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 51 of Plaintiffs' Second Amended

18

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

52.     On January 9, 2019, @AntiFashGordon re-Tweeted the "It's okay to be white" march to his associates and again doxed D'Ambly by Tweeting, "If anyone wants their leaders name, it's Dan D'Ambly."

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

53.     On January 10, 2019, @AntiFashGordon published a second Tweet that referenced EHA's purported march and directed his associates to "show up and shut down" the purported march "And please say hi to their leader, Dan D'Ambly for me."

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

54.     On January 10, 2019, D'Ambly was called to an interview with Jean Nechvatal ("Nechvatal"), Tribune's Vice President, Talent Management & Learning and James R. Brill ("Brill"), Daily News's Sr. Vice President of Operations.  D'Ambly was accompanied at the meeting by Union Steward Pete Cairnie. During the meeting, D'Ambly was confronted with content of the Report, but not informed of the report's existence. D'Ambly acknowledged using imprudent language in a private conversation during a protest.

**ANSWER**:

Tribune and the Daily News admit that, on January 10, 2019, Jean Nechvatal and James Brill met with D'Ambly and Union Steward Pete Cairnie and discussed D'Ambly's activities. Tribune and the Daily News admit that the existence of a report by Insite was not disclosed to D'Ambly. Tribune and the Daily News admit that, during this meeting, D'Ambly acknowledged his activities. Tribune and the Daily News deny the remaining allegations contained in paragraph 54 of the Second Amended Complaint.

55.     On January 11, 2019, at 10:14 a.m., Exoo reiterated "show up and show these pricks that we don't tolerate hate in our streets" to stop D'Ambly's purported march. Exoo also stated that he had not gotten official word of that D'Ambly was terminated.

**ANSWER**:

Tribune and the Daily News admit that, on January 11, 2019 at 10:14am, there were Tweets discussing D'Ambly with the @NYDailyNews username tagged.  Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint. To the extent the remaining allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

56.     Exoo reminded his associates to prepare for conflict, "Remember that the police won't protect us here."

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

57.     The morning of January 11, 2019, after Exoo's Tweet, Edward Bushey, Sr. Vice President, General Manager, Manufacturing and Distribution at Tribune delivered recordings of threats to the Daily News. The callers stated if they continued to employ D'Ambly the Daily News was responsible for "any violence or blood spilled is also on your hands." Upon information and belief, the call was received from phone number (732) 744-4937

**ANSWER**:

Tribune and the Daily News admit that the Daily News received voicemails of threats to

the Daily News, including a threat stating that "any violence or blood spilled is also on your hands"

received from (732) 744-4937. Tribune and Daily News deny the remaining allegations in

paragraph 57 of the Second Amended Complaint.

58.     On January 11, 2019, at 3:30 p.m., D'Ambly was called to a second meeting with Brill, wherein Brill issued D'Ambly a "Last and Final Warning" that stated the "ONLY reason that you are not being terminated immediately is because, thus far, we have not determined that your activities with NJEHA has occurred at work and/or derogatory comments were made about any co-workers." The warning continued "should we learn that you engaged in any inappropriate speech or behavior in the workplace or with regard to any other employee, or if the Company or any of its employees suffer any backlash as a result of your association with the NJEHA, your conduct will be considered "work-related" and you will be terminated immediately.

**ANSWER**:

Tribune and the Daily News admit the allegations contained in paragraph 58 of the

Second Amended Complaint.

59.     The meeting occurred five (5) hours after threats were received, but Brill did not inform or warn D'Ambly of the threats.

**ANSWER**:

Tribune and the Daily News deny the allegations contained in paragraph 59 of the Second

Amended Complaint.

60.     At 4:34 p.m. on January 11, 2019, @AntiFashGordon threatened D'Ambly by stating "Regardless, I'm gonna spend the next week wrecking your fucking life, Dan D'Ambly."

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

61.     On or about the evening of January 11, 2019, D'Ambly's vehicle was "keyed" (scratched) and tires slashed while it was parked outside of his home on private property. After his vehicle was damaged, D'Ambly received a text message from unknown phone number (732) 744-4937, that stated "So your thing went well today? Did you guys get there ok?" A police report for a bias incident, criminal mischief, and harassment was filed with the South Brunswick Police Department. The phone number (732) 744-4937 is cited in South Brunswick Police Department incident report image below.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

62.     Upon information and belief, on January 11, 2019, cellular phone number (732) 744-4937) described above in ¶ 63 left the message "any violence or blood spilled is also on your hands," that was captured by the New York Daily News as described in ¶ 58 above.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

63.     Upon information and belief, cellular phone number (732) 744-4937 belongs to the person who controls and publishes Twitter account @Nstricklanded, who sent the below message to Exoo after the message described in ¶ 58 above was captured and sent D'Ambly the text message described at ¶ 63 above.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

64.     On Sunday, January 13, 2019, Exoo, who had no connection to D'Ambly or Daily News, announced D'Ambly's termination to his associates twenty-four (24) hours before the Daily News claimed they learned of the threats that caused D'Ambly's termination.

**ANSWER**:

Tribune and the Daily News admit that there was a Tweet on January 13, 2019 discussing D'Ambly with the @NYDailyNews username tagged.   Tribune and the Daily News deny the implication that the Daily News determined D'Ambly should be terminated on January 13, 2019. Tribune and the Daily News are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint. To the extent the remaining allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

65.     On January 16, 2019, during a phone conference with Brill, Nechvatal, and a Union representative, D'Ambly was played the recorded death threats and asked to identify the caller. D'Ambly was unable to identify the caller, but said it was the behavior of "Antifa types." D'Ambly was terminated during this phone conference.

**ANSWER:**

Tribune and the Daily News admit that Brill, Nechvatal, and a Union representative had a phone conference with D'Ambly on January 16, 2019. Tribune and the Daily News admit that, during the phone conference, recordings of threats to the Daily News workplace associated with D'Ambly were played and that D'Ambly was unable to identify the callers. Tribune and the Daily News admit that D'Ambly was terminated during this phone conference. Tribune and the Daily News deny the remaining allegations in paragraph 65.

66.    On January 23, 2019, Patrick LoPresti, President of Local One-L informed the Daily News that they were appealing D'Ambly's termination pursuant to terms of the Contract.

**ANSWER**:

Tribune and the Daily News admit the allegations contained in paragraph 66 of the Second Amended Complaint.

67.    On or about January 25, 2019, D'Ambly received his "Termination of Employment" letter, signed by Brill, and dated January 22, 2019. The letter informed D'Ambly his termination was effective January 18, 2019. In the letter, Brill stated you "are being targeted by this group…" and "now our workplace and employees [are] at risk of counter attacks by Antifa."

**ANSWER**:

Tribune and the Daily News admit that a "Terminated of Employment" letter dated January 22, 2019 was sent to D'Ambly, and that the letter informed D'Ambly that his termination was effective January 19, 2019. Tribune and the Daily News admit that the letter included the statement "your choice to take these repulsive actions has now put our workplace and employees at risk of counter attacks by Antifa." Tribune and the Daily News deny the remaining allegations in paragraph 67 of Plaintiffs' Second Amended Complaint.

68.    The termination letter falsely stated the Daily News learned of the death threats on January 14, 2019, contrary to emails that confirm the Daily News learned of the threats on January 11, 2019.

**ANSWER**:

Tribune and the Daily News admit that the termination letter stated that, on January 14, 2019, the Daily News learned of two threatening voicemails that had been left in the Daily News' voicemail. Tribune and the Daily News deny the remaining allegations in paragraph 68.

69.     In the termination letter, Brill claimed the death threats received on January 11, 2019, were the "cause" of D'Ambly's termination, because the death threats meant D'Ambly "brought his activities" into the workplace, therefore, "we deem your actions to be work related and are terminating your employment for cause."

**ANSWER**:

Tribune and the Daily News admit that the termination letter stated that the threatening voicemails learned of on January 14, 2019 were a cause for D'Ambly's terminations, as D'Ambly's actions put the Daily News' workplace in danger. Tribune and the Daily News deny the remaining allegations in paragraph 69 of the Second Amended Complaint.

70.     At some point after January 23, 2019, the Union on behalf of D'Ambly filed a grievance with the American Arbitration Association, case number 01-19-0000-7178.  The Union retained attorneys Thomas Kennedy ("Kennedy") and Kate M. Swearengen ("Swearengen") of Cohen, Weiss, and Simon, LLP (collectively Kennedy, Swearengen and Cohen.  Weiss and Simon, LLP shall be referred to as "CWS") to represent D'Ambly.

**ANSWER**:

Tribune and the Daily News admit the allegations contained in paragraph 70 of the Second Amended Complaint.

71.     Thereafter, D'Ambly had a phone conference with Kennedy to discuss the case. D'Ambly was acquainted with Kennedy for approximately twenty years due to his Union activities.  D'Ambly explained the threats he received, property damage, and that his tires were slashed.  D'Ambly stated "Tom, this Antifa are terrorists..."  Kennedy angrily responded, "I do not consider Antifa to be terrorists and if you are going to continue referring to them (Antifa) as terrorists we are going to end this call."  Kennedy scoffed at D'Ambly's desire to have his employment reinstated at the Daily News.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiffs' Second Amended

Complaint.  To the extent the allegations contained in paragraph 71 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

72.   At some point thereafter, D'Ambly had his first case discussion phone conference with Kate Swearengen, who assumed representation.  Without prompting, Swearengen explicitly informed D'Ambly that "she doesn't agree with his politics and she doesn't want to discuss them any further."  Like Kennedy, Swearengen dismissed D'Ambly's wish to have his employment reinstated.

**<u>ANSWER</u>**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 72 of Plaintiffs' Second Amended

Complaint.  To the extent the allegations contained in paragraph 72 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

73.   Kennedy and Swearengen's revulsion of D'Ambly directed their representation and they failed to adequately research basic facts favorable to D'Ambly's wish to be reinstated.  CWS ignored Brill's misrepresentation and veracity of the claimed "cause" of their client's termination.

**<u>ANSWER</u>**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 73 of Plaintiffs' Second Amended

Complaint.  To the extent the allegations contained in paragraph 73 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

74.   CWS failed to adequately investigate the sources of the doxing campaign.  Had CWS engaged in reasonable investigation of the source of the dox they would have discovered @AntiFashGordon's January 13, 2019, announcement that D'Ambly was terminated, which was one day before the Daily News claimed they learned of the "cause" of D'Ambly's termination.

**<u>ANSWER</u>**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint allege liability or damages against Tribune and the Daily News, the allegations are denied.

75.    On or about July 15, 2019, D'Ambly dejectedly executed the "Separation Agreement and Mutual General Release" negotiated by CWS that paid D'Ambly a lump sum payment in exchange the Union would withdraw the pending arbitration case with prejudice.

**ANSWER**:

Tribune and the Daily News admit that, on September 9, D'Ambly returned an executed a "Separation Agreement and Mutual General Release" that paid him a lump sum and provided for the Union's withdrawal of his grievance. Tribune and Daily News deny the remaining allegations contained in paragraph 75 of Plaintiffs' Second Amended Complaint.

76.    As a result of Defendants' misconduct D'Ambly has suffered substantial personal and property damage and been severely financially harmed.

**ANSWER**:

Tribune and the Daily News deny that D'Ambly suffered personal and property damage, or was severely financially harmed as a result of Tribune's and the Daily News' conduct.

## ZACHARY REHL

77.    Rehl repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 76 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 76 of Plaintiffs' Second Amended Complaint.

78.    Exoo worked with Torch Antifa members to acquire Rehl's true personal identity and doxed him on or about August 2, 2017. Rehl was labeled a fascist and white supremacist, because he organized a "Back the Blue" rally to support Philadelphia police officers.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 78 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

79.     As in all cases, associates dogpiled Rehl's employer with calls, emails, and Tweets, and Rehl was terminated in or about September 2017.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 79 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

80.     On or about October 1, 2018, Rehl was doxed a second time when he organized the "We the People" rally that occurred in Philadelphia on November 17, 2018.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

81.     On November 14, 2018, Exoo followed up Rehl's dox and incited his associates to disrupt the We the People rally, because "fascism is coming and only we can stop it.".

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 81 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

82.    On November 16, 2018, Exoo further incited his followers against the We the People rally, by stating "the city granted rally permits to fascists, and the cops will be there to protect them" and reminded "Who protects us? We protect us."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 82 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

83.    As a result of Exoo's incitement, November 17, 2018, at 12:41 a.m., the night before the rally, Torch Antifa took "direct action" against Rehl and threw a brick through the front window of Rehl's home and spray painted the word "Nazi" on his home as seen below.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 83 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

84.    Exoo acknowledged media reports of the brick being thrown through Rehl's window..

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 84 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

85.     The day of the We the People rally Torch Antifa attacked two Marine Reservists that Torch Antifa they participated in the rally

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 85 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

86.     Three members of Torch Antifa were arrested and have been charged with various felonies, including aggravated assault, ethnic intimidation, and conspiracy related to the attack.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 86 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

**AMANDA REHL**

87.     AmRehl repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 86 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 86 of Plaintiffs' Second Amended Complaint.

88.     On or about August 2, 2017, Exoo conspired with Torch Antifa to dox AmRehl's home address when he doxed her husband, Zachary Rehl.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 88 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

89.     On or about October 1, 2018, AmRehl's home address was doxed a second time when Exoo doxed her husband Zachary Rehl, because he organized the "We the People" march in Philadelphia that occurred on November 17, 2018.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 89 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

90.     On November 14, 2018, Exoo directed his associates to counter protest and disrupt the We the People the event, because "fascism is coming and only we can stop it."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 90 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

91.     At 12:41 a.m. on November 17, 2018, AmRehl's safety was endangered when she was assaulted by Torch Antifs who threw a brick through the front window of AmRehl's home and spray painted the word "Nazi" on the front of her home as seen below with a copy of the Philadelphia Police Incident Report.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 91 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

### K.R., a minor, by and through her father ZACHARY REHL and mother AMANDA REHL

92.     K.R. repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 92 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 92 of Plaintiffs' Second Amended Complaint.

93.     On or about August 2, 2017, Exoo and Torch Antifa doxed K.R.'s home address when he doxed her father, Zachary Rehl.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 93 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

94.     On or about October 1, 2018, K.R.'s home address was doxed a second time when Exoo doxed K.R.'s father Zachary Rehl, because he organized the "We the People" march in Philadelphia that occurred on November 17, 2018.

**<u>ANSWER</u>:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 94 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

95.     On November 14, 2018, Exoo directed his associates to counter protest and disrupt the We the People event, because "fascism is coming and only we can stop it."

**<u>ANSWER</u>:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 95 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

96.     At 12:41 a.m. on November 17, 2018, K.R.'s safety was endangered when she was assaulted by Torch Antifa who threw a brick through the front window of her home and spray painted the word Nazi on the front of her home.

**<u>ANSWER</u>:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 96 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## AARON WOLKIND

97.    Wolkind repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 96 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 96

of Plaintiffs' Second Amended Complaint.

98.    Exoo conspired with members of Torch Antifa to obtain Wolkind's true personal identity and doxed him on or about June 21, 2019. Wolkind was called a fascist, white supremacist, and Nazi, which is an idiotic assertion, because Aaron's a Jew.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 98 of Plaintiffs' Second Amended

Complaint.  To the extent the allegations contained in paragraph 98 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

99.    On July 3, 2019, Exoo re-posted Wolkind's dox and associates dogpiled Wolkind's employer Aerzen USA ("Aerzen") social media accounts and internet profiles and dogpiled his employer and co-workers with phone calls and emails.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 99 of Plaintiffs' Second Amended

Complaint.  To the extent the allegations contained in paragraph 99 of Plaintiffs' Second Amended

Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the

allegations are denied.

100.    To their credit, Aerzen did not immediately terminate Wolkind, but when enterprise associates discovered Wolkind was not terminated, Exoo and associates dogpiled Aerzen's clients demanding they stop doing business Aerzen and dogpiled Aerzen's subsidiaries

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 100 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

101. On or about November 17, 2019, Torch Antifa became angered that a tavern in Philadelphia allegedly owned by a family member of Zach Rehl allegedly allowed Wolkind to distribute literature inside the tavern, so they encouraged dogpiling on Wolkind's employer.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 101 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

102. In November 18, 2019, Exoo published Wolkind's dox and reminded associates to "Use *67 to block your number."

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 102 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

103. Torch Antifa dogpiled a tavern, because they believed Wolkind distributed literature at the tavern.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 103 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

104.    On or about November 19, 2018, based on Torch Antifa's belief that Wolkind was affiliated with the tavern, the tavern "got the smash," which meant its windows were broken.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 104 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

105.    Torch Antifa vandalized the tavern a second time on January 1, 2021, based on their belief that Wolkind was affiliated with the tavern and their damage derogatorily referenced the Proud Boys.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 105 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

106.    As a result, Wolkind's November 18, 2019, dox and subsequent dogpiling, his employer blocked Twitter users and temporarily shut down their social media and internet profiles, and closes a Coatesville, Pa. facility for one day.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 106 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

107.   Wolkind continues to receive threatening and harassing phone calls due to the dox, which identifies him as a white supremacist and a Nazi, but as stated above Aaron's a Jew

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 107 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

**STEVE HARTLEY**

108.   Hartley repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 107 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 107 of Plaintiffs' Second Amended Complaint.

109.   Hartley's employer information and home address were doxed and dogpiled on November 29, 2018, and labeled a Nazi, racist, terrorist and a threat to women and minorities.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 109 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

110.    Exoo partnered with Torch Antifa to dox Hartley, who dogpiled Hartley'employer and co-workers with negative posts and review.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of Plaintiffs' Second Amended Complaint.    To the extent the allegations contained in paragraph 110 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

111.    Following his dox Torch Antifa members caused damage to Hartley's home, which is what they consider to be self-protection.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of Plaintiffs' Second Amended Complaint.    To the extent the allegations contained in paragraph 111 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## MARK ANTONY TUCCI

112.    Tucci repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 112 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 112 of Plaintiffs' Second Amended Complaint.

113.    Exoo worked with Torch Antifa members to dox Tucci on December 10, 2018. Associates called Tucci's employer more than 600 times and shut it down.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 113 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

114.   In real time you can see the enterprise's conspiracy play out in their Tweets, Exoo picked up when his Torch Antifa partner got temporarily banned.

  a.   Enterprise associates who called Tucci's employer, Tweeted confirmation.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 114 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

115.   Exoo would not let his associates relent until Tucci's employer publicly announced his termination.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 115 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

116.   The following day Exoo directed associates to continue dogpiling.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 116 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## RICHARD SCHWETZ

117. Schwetz repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 116 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 116 of Plaintiffs' Second Amended Complaint.

118. The enterprise targeted Schwetz after he volunteered to clean up debris and litter at a Clean Up America event that occurred in Philadelphia on May 23, 2020.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 118 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

119. Schwetz was doxed in June 2020 by an Exoo associate, but it failed to deliver as intended.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 119 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

120.    Exoo doxed Schwetz on September 21, 2020, with detailed information and a statement that we do not cry to cops or the courts.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 120 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## MATTHEW REIDINGER

121.    Reidinger repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 120 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 120 of Plaintiffs' Second Amended Complaint.

122.    Exoo and Torch Antifa conspired to dox Reidinger.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 122 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

123.    As is the case with all victims, Exoo and associates dogpiled Reidinger's employer.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 123 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

124.    In his instructions Exoo instructed associates to dogpile Reidinger's employer in order to cause his termination as they successfully had done to a Comcast employee,

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 123 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## JOBEL BARBOSA

125.    Barbosa repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 124 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 124 of Plaintiffs' Second Amended Complaint.

126.    Exoo conspired with Torch Antifa to dox Barbosa's identity and employer's information on June 22, 2019, which dox was promoted by comedienne Kathy Griffin.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 126 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

127.    Barbosa is an olive-skinned Puerto Rican, who was immediately called into a meeting with a company executive and a human resource's representative and interrogated about being a white supremacist.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 127 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

128.    Exoo and associates did not know Barbosa was terminated on June 27, 2019, so they reposted his information on July 1, 2019, with his employer's corporate office contacts.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 128 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

129.    As is the custom, associates Tweeted confirmation of contacts with Barbosa's employer to Exoo.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 129 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

130.    Associates' confirmation to Exoo included implied violence against Barbosa.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 129 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

131.    Barbosa's home address and cell phone numbers for him and his wife were posted to phonezapp.noblog.org (no longer available) and Barbosa's wife received threatening calls on her personal cell phone.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of Plaintiffs' Second Amended Complaint.  To the extent the allegations contained in paragraph 129 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

**SEAN-MICHAEL DAVID SCOTT**

132.    Scott repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 132 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 132 of Plaintiffs' Second Amended Complaint.

134.    On the same day as the dox was published, Torch Antifa posted flyers near Scott's home and caused property damage and painted it with graffiti. As a result of the property damage,

Scott's property manager forced him to break his lease and immediately vacate in order to avoid further property damage that was threatened by Torch Antifa dogpilers.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 134 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

135.    Exoo and Torch Antifa caused Scott's termination from a second employer.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 135 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

136.    On or before April 15, 2020, Torch Antifa identified Scott's car and his tires were slashed, and although not seen in photo below, his passenger windows were broken. Torch Antifa mocked Scott's damaged car as seen in photos below.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of Plaintiffs' Second Amended Complaint. To the extent the allegations contained in paragraph 136 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

**JOHN HUGO**

137.    Hugo repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 136 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 136 of Plaintiffs' Second Amended Complaint.

138.    Hugo was doxed by Exoo on January 2, 2020, and Exoo has admitted he threatens Boston area "fash" like Hugo.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 138 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

139.    A second dox occurred in February 2020 that led to Hugo being terminated in March 2020.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 139 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

140.    Hugo continues to receive harassing phone calls from enterprise associates on a near daily basis.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 140 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

### SUPPLEMENTAL PLEADING TO ADD PLAINTIFF THOMAS LOUDEN WHO WAS INJURED BY THE ENTERPRISE AFTER THE COMPLAINT WAS FILED

141.    Louden repeats and realleges the facts pertinent to all plaintiffs as alleged above in paragraphs 1 through 141 with the same force and effect as if set forth in detail herein again.

**ANSWER:**

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 141 of Plaintiffs' Second Amended Complaint.

142.    The original Complaint in this action was filed on September 21, 2020, and Louden was injured after the Complaint was filed in the same series of occurrences or transactions.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of Plaintiffs' Second Amended Complaint.   To the extent the allegations contained in paragraph 142 of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

143.    Louden was employed as the Director of Managed Care at Thomas Jefferson University Hospital in Philadelphia.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of Plaintiffs' Second Amended

Complaint.   To the extent the allegations contained in paragraph 143 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily

News, the allegations are denied.

144.   During a global health emergency and pandemic Exoo doxed and dogpiled Louden's hospital employer on November 2, 2020, because of the employer's decision concerning an illegal alien's immigration status.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 144 of Plaintiffs' Second Amended

Complaint.   To the extent the allegations contained in paragraph 144 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily

News, the allegations are denied.

145.   Louden does not have a Twitter account was unaware of Exoo's dox until he was called to a Zoom meeting with his employer's Vice-President and a human resources representative on November 2, 2020. Louden was quizzed about his membership in a right-wing extremist group. Louden is a 30-year volunteer firefighter and the appointed Deputy Emergency Management Coordinator for Hilltown Township, Pa.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 145 of Plaintiffs' Second Amended

Complaint.   To the extent the allegations contained in paragraph 145 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily

News, the allegations are denied.

146.   On November 3, 2020, Louden learned that Exoo posted photos of his home.

**ANSWER**:

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 146 of Plaintiffs' Second Amended

Complaint.   To the extent the allegations contained in paragraph 146 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily

News, the allegations are denied.

147.    On November 10, 2020, Exoo re-posted Louden's personal information with explicit directions, including photographs of his home and local street signs, the name of the city, and longitude and latitude coordinates.

**ANSWER:**

Tribune and the Daily News are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 147 of Plaintiffs' Second Amended

Complaint.   To the extent the allegations contained in paragraph 147 of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily

News, the allegations are denied.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to – 49**
**(as to D'Ambly against Tribune Publishing Company and the New York Daily News)**

148.    D'Ambly realleges and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 147 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

147 of Plaintiffs' Second Amended Complaint.

149.    Defendants Tribune and Daily News are employers as defined in N.J.S.A. 10:5-5.

**ANSWER**:

Tribune and the Daily News admit the allegations contained in paragraph 149 of the Second

Amended Complaint.

150.    D'Ambly is older than forty years (40) old and was an employee as defined in N.J.S.A. 10:5-5.

**ANSWER**:

Tribune and the Daily News admit the allegations contained in paragraph 150 of the Second

Amended Complaint.

151.    Defendants Tribune and Daily News discharged D'Ambly due to their enmity towards D'Ambly's racially identifiable associations, whereas, non-white Tribune and Daily News employees who participate in racially identifiable associations, are not punished, or terminated, violated N.J.S.A. 10:5-12.

**ANSWER**:

Tribune and the Daily News deny the allegations contained in paragraph 151 of the Second

Amended Complaint.

152.    Defendants Tribune and Daily News undertook several pre-textual steps to mask D'Ambly's discriminatory termination:

a.   Tribune hired a private investigation firm to invade D'Ambly's privacy in an unsuccessful effort to catch D'Ambly engaged in unlawful activity.

b.   In the morning of January 11, 2019, the Daily News received death threats intended to extort D'Ambly's termination that they did not immediately disclose, because they intended to use the threats pre-textually as the "cause" of D'Ambly's termination.

c.   In the afternoon of January 11, 2019, the Daily News issued D'Ambly a "Last and Final Warning," that warned D'Ambly he would be immediately terminated if it were discovered he brought his political activities into the workplace, but they did not inform or warn D'Ambly of the death threats earlier received.

d.   D'Ambly was informed he was terminated on January 16, 2019.

e.   Subsequently, D'Ambly received a "Termination of Employment" letter dated January 22, 2019, whereby, the Daily News falsely stated they discovered the death threats on January 14, 2019, contrary to indisputable evidence they received the death threats on January 11, 2019, which meant he "brought his activities into the workplace" after he was warned.  Daily News cited this fabrication as the "cause" of D'Ambly's termination.

**ANSWER**:

Tribune and the Daily News admit that it hired a firm to confirm the allegations raised about D'Ambly's activities, that D'Ambly was issued a "Last and Final Warning" that he would be terminated if his activities were brought into the workplace, that D'Ambly was informed that he was terminated on January 16, 2019, and that D'Ambly was sent a "Termination of Employment" letter dated January 22, 2019 stating that he was terminated after threats were discovered on January 14, 2019. Tribune and the Daily News deny the remaining allegations in paragraph 152 of the Second Amended Complaint.

153.    As a direct and proximate result of defendants Tribune Publishing Company and the New York Daily News racially discriminatory termination, D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER**:

Tribune and the Daily News deny the allegations contained in paragraph 153 of the Second Amended Complaint.

## COUNT II

**Tortious Interference with Prospective Economic Benefit**
**(as to all Plaintiffs except K.R. against defendant Christian Exoo a/k/a "AntiFashGordon")**

154.    Plaintiffs reallege and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 147 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 154 of Plaintiffs' Second Amended Complaint.

155.    Plaintiffs were rightfully entitled to pursue lawful employment.

**ANSWER**:

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

156.   Plaintiffs reasonably expected their employment to continue into the future and to benefit economically from his employment.

**ANSWER**:

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

157.   Defendant Exoo knew Plaintiffs were employed and intentionally interfered with their prospective economic benefits to be gained from continued employment.

**ANSWER**:

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

158.   Defendant Exoo intentionally and unjustifiably interfered with Plaintiffs rights to pursue lawful business.

**ANSWER**:

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

159.    Defendant Exoo's interference caused Plaintiffs employer to terminate their employment.

**ANSWER**:

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

160.    Plaintiffs have suffered and will continue to suffer irreparable harm in the form of damage to his reputation, loss of income and financial hardship as a result of Exoo's interference.

**ANSWER**:

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

161.    As a direct and proximate result of defendant Exoo's interference with Plaintiffs prospective economic benefits, Plaintiffs have suffered adverse consequences and continue to be damaged.   Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count II of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count II of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT III

162.    D'Ambly realleges and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 161 with the same force and effect as if set forth in detail herein again.

**ANSWER**:    Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 161 of Plaintiffs' Second Amended Complaint.

163.    Defendants Tribune and Daily News received a stream of death threats directed at D'Ambly over a two and one-half month period, but they never warned D'Ambly.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 163 of the Second Amended Complaint.

164.    Defendants Tribune and Daily News never warned D'Ambly to take precautionary measures as he entered or exited the workplace.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 164 of the Second Amended Complaint.

165.    Defendants Tribune and Daily News did not take steps to increase the safety of D'Ambly and other employees as they entered and exited the workplace.

**ANSWER**:    Tribune and the Daily News deny the allegations contained in paragraph 165 of the Second Amended Complaint.

166.    Defendants Tribune and Daily News did not secure the workplace in order to protect D'Ambly and others.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 166 of the

Second Amended Complaint.

167.     As he was not aware of the threats, D'Ambly could not take steps to protect himself and his property and as a result his property was damaged on January 11, 2019.

**ANSWER**:     Tribune and the Daily News are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 167 of Plaintiffs' Second

Amended Complaint.

168.     Defendants Tribune and Daily News had a duty to warn their employee he was the direct target of the death threats they received.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph 168 of the

Second Amended Complaint.

169.     As a direct and proximate result of defendants Tribune and Daily News' failure to warn D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER**:     Tribune and the Daily News deny the allegations contained in paragraph

169 of the Second Amended Complaint

## COUNT IV

**Violations of 18 U.S.C. §§ 1962(c) – Racketeering Multiple violations of RICO predicates 18 U.S.C. §§ 1951 and 1952 (as to all Plaintiffs against defendants Christian Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

170.     Plaintiffs reallege and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 169 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

170 of Plaintiffs' Second Amended Complaint

171.    Each of the individuals and entities is a "person" within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of the enterprise, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

**<u>ANSWER</u>:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

172.    Defendant Christian Exoo leads and conspires with associates, including Defendant Torch Antifa Network in an enterprise as defined by 18 U.S.C. 1961(4).

**<u>ANSWER</u>:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

173.    At all times relevant, Gadde was the only Twitter employee authorized to permanently ban Twitter users.

**<u>ANSWER</u>:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

174.    Upon information and belief, Exoo's activities are well known to his employer St. Lawrence University, who have not taken steps to prevent their employee from harming others from his place of employment, because their share his goals.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

175.    Exoo uses his employment and lecturing at St. Lawrence to recruit.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

176.    Exoo is and was well known to Gadde and Twitter as a ban evader before and during the time of Plaintiffs' dox.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

177.    Upon information and belief Gadde and Twitter Support have received complaints regarding @AntiFashGordon's doxing and social coordination, examples below

178.    In or about September 2019, Exoo was suspended for posting confidential information of others, otherwise known as doxing, but reinstated weeks later.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

179.    Twitter has complete control over who is allowed an account, and as a permanently banned user Exoo could not possess an account without Twitter's consent or agreement when he was allowed to change his ban evasion account username from @DoxSavage to @AntiFashGordon.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

180.    Exoo is connected to Twitter through his association with the account holder of @emilygorcenski, who has leveraged a connection to Jack Dorsey to have accounts that use "deadnames" banned, as seen in the image below.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

181.    Gadde and Twitter have classified alleged white supremacists as a greater threat than drug cartels or Islamic terrorists, and Exoo and associates doxing benefits her publicly stated opposition to white supremacists, which she is "very, very focused on that…the KKK, the American Nazi Party," because that "was what my parents had to deal with" where she grew up on the Texas-Louisiana border.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

182.    Exoo and associates conduct activities that affects interstate commerce by threatening violence to persons and property and causing actual violence to persons and property.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

183.    . Defendants directed and participated in patterns of racketeering activity, including multiple acts indictable under 18 U.S.C. §§ 1951 (Interference with commerce by threats or violence) and 1952 (use of interstate facilities to conduct unlawful activity), including using interstate communications to order violent acts against all plaintiffs, specifically, D'Ambly, Rehl, Wolkind, and Scott

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

184.   The conduct of the Exoo and associates described above constitutes "racketeering activity" within the meaning of 18 U.S.C. § 1961(1). Defendants' decisions and activity routinely conduct its transactions in such a manner constitutes "patterns of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

185.   By virtue of these violations of 18 U.S.C. § 1962(c), Defendants are liable to Plaintiffs for three times the damages sustained, plus the costs of this suit, including reasonable attorneys' fees.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

186.   As a direct and proximate result of Defendants patterns of racketeering activity Plaintiffs have suffered adverse consequences and continue to suffer adverse consequences in an amount to be determined at trial, but which is in excess of $75,000.00. Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count IV of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count IV of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## COUNT V

**Violation of 18 U.S.C. § 1962(d) (Conspiracy) (as to all Plaintiffs against defendants Christian Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise")**

187.     Plaintiffs reallege and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 186 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 185 of Plaintiffs' Second Amended Complaint.

188.     Section 1962(d) of RICO provides "shall be unlawful for any person to conspire to violate any provisions of subsection (a), (b), or (c) of this section."

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

189.     Defendants have violated 18 U.S.C. § 1962(d) by conspiring to associate and participate in the Exoo Enterprise's patterns of racketeering activities as defined in 18 U.S.C. 1962(c).

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

190.   Defendants' have engaged in overt and predicate racketeering acts in furtherance of the conspiracy, including using interstate communications to threaten, intimidate and commit violent acts against their targets.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

191.   The nature of the above-described acts of Defendants in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. 1962(d) violation, but they were aware that their ongoing acts have been, and are part of an overall pattern through related and continuous acts.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

192.   Defendants sought to and have engaged in the commission of, and continue to commit overt acts, including the following unlawful racketeering predicate acts:

a.      Multiple instances of interference with commerce by threats of violence in

violation of 18 U.S.C. § 1951; and

b.      Multiple instances of use of interstate facilities to conduct unlawful activity

violations of 18 U.S.C. § 1952.

**<u>ANSWER</u>:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs'

Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To

the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied

193.    As a direct and proximate result of Defendants' multiple overt acts and predicate
acts in furtherance of an enterprise in violation of 18 U.S.C. § 1962(d), by conspiring to violate 18
U.S.C. 1962(c), D'Ambly has been and continues to be injured by Defendants' conduct.

**<u>ANSWER</u>:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs'

Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To

the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

194.    By virtue of these violations of 18 U.S.C. § 1962(d), Defendants are liable to
D'Ambly for three times the damages sustained, plus the costs of this suit, including reasonable
attorneys' fees.

**<u>ANSWER</u>:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs'

Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To

the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

195.    As a direct and proximate result of Defendants patterns of racketeering activity Plaintiffs have suffered adverse consequences and continue to suffer adverse consequences in an amount to be determined at trial, but which is in excess of $75,000.00. Plaintiffs are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count V of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News. To the extent the allegations contained in Count V of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

## COUNT VI

### Legal Malpractice
### (as to D'Ambly against defendant Cohen, Weiss, and Simon, L.L.P.)

196.    D'Ambly repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 195 with the same force and effect as if set forth in detail herein again.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through 195 of Plaintiffs' Second Amended Complaint.

197.    As a result of their personal revulsion of D'Ambly and his political beliefs CWS failed to adequately represent and protect D'Ambly's rights.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

198.     Defendant CWS neglected to perform necessary case research, legal research, and investigation of the accusations against D'Ambly.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

199.     As a result of CWS's inadequate legal research and investigation they failed to protect D'Ambly from the extortionate and criminal conduct of others.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

200.     As a result of CWS's failure to adequately investigate D'Ambly's doxing they failed to learn that @AntiFashGordon publicly announced D'Ambly's termination on January 13, 2019, which occurred five days before his official termination date, and one day before the purported "cause" of his termination was discovered.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

201.    CWS failed to challenge Brill's blatant misrepresentations regarding the timing of the alleged 'cause' of D'Ambly's termination.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

202.    CWS's revulsion of D'Ambly and his political beliefs caused them to ignore an obvious racially discriminatory pre-textual termination spotlighted by the private investigation, last and final warning, and falsely claimed cause of D'Ambly's termination.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

203.    As a direct and proximate result of CWS's legal malpractice that flowed from their firmwide enmity of D'Ambly's political beliefs D'Ambly has suffered adverse consequences and continues to be damaged.  D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VI of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To

the extent the allegations contained in Count VI of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are

denied.

## **COUNT VII**

**Deprivation of Rights under Section 610 of the Labor-Management Relationship
Disclosure Act (LMRDA), 18 U.S.C. § 530 (as to D'Ambly against defendants Christian
Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, Twitter, Inc.,
"Exoo Enterprise")**

204.    D'Ambly repeats and incorporates herein by reference each and every one of the
allegations contained in paragraphs 1 through 203 with the same force and effect as if set forth in
detail herein.

**ANSWER**:

Tribune and the Daily News repeat and reallege their responses to paragraphs 1 through

204 of Plaintiffs' Second Amended Complaint

205.    Under Section 610 of the Labor-Management Relationship Disclosure Act
("LMRDA"), 18 U.S.C. § 530:

It shall be unlawful for any person through the use of force or violence, or threat of
the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain,
coerce, or intimidate any member of a labor organization for the purpose of
interfering with or preventing the exercise of any right to which he is entitled under
the provisions of this Act [LMRDA].

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of

Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the

Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second

Amended Complaint allege wrongdoing by or liability or damages against Tribune and the

Daily News, the allegations are denied.

206.    As a result of the acts described herein, D'Ambly was forced into early unexpected
retirement. He was a printing press platemaker, and his union does not have a Union Hall where

he can go shape to obtain new union printing jobs, moreover, his trade has been significantly depressed by technology.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

207.   D'Ambly's job has deprived him of his intangible property rights as a union member, and the economic benefits that flow therefrom, for the reason that his job loss has had the impact of an expulsion from the Teamster.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

208.   On or about October 29, 2018, Exoo and associates dogpiled Daily News and the Teamsters intending to prevent D'Ambly from exercising his rights provided by the LMRDA.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

209.    Exoo and associates, such as those who caused property damage at D'Ambly's home, intentionally intimidated others with threats, such the phrase any "blood spilled" to deprive D'Ambly his union member rights.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

210.    On January 13, 2019, when Exoo announced D'Ambly's termination the Teamsters were the only party capable of telling Exoo that D'Ambly was terminated, because the Daily News did not learn of the cause of D'Ambly's termination until January 14, 2019.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second Amended Complaint allege wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied

211.    As a direct and proximate result of Exoo and associates' dogpiling that threatened violence, use of force, and "any blood spilled" D'Ambly has been deprived of his intangible property rights provided to him under the LMRDA. D'Ambly has suffered adverse consequences and continues to be damaged. D'Ambly is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial, but which is in excess of $75,000.00.

**ANSWER:**

Tribune and the Daily News make no response to the allegations in Count VII of Plaintiffs' Second Amended Complaint as the claim is not brought against Tribune and the Daily News.  To the extent the allegations contained in Count VII of Plaintiffs' Second Amended Complaint allege

wrongdoing by or liability or damages against Tribune and the Daily News, the allegations are denied.

## PRAYER FOR RELIEF

Tribune and the Daily News deny that D'Ambly is entitled to any relief sought in the Prayer of Relief.

## SEPARATE DEFENSES

Without unnecessarily assuming the burden of proof and in addition to the factual and legal denials stated above, Tribune and the Daily News set forth the following Separate Defenses to the allegations contained in Plaintiffs' Second Amended Complaint. Tribune and the Daily News reserve the right to amend this Answer with additional defenses as further information is obtained.

### First Separate Defense

D'Ambly has executed a valid and binding Separation Agreement and Mutual Release that, by its terms, effect, and operation, released any and all claims that he may have against Tribune and the Daily News here.

### Second Separate Defense

Because D'Ambly has executed a valid and binding Separation Agreement and Mutual Release, any and all claims that he may have against Tribune and the Daily News are barred by accord and satisfaction.

### Third Separate Defense

Where D'Ambly has executed a release of claims against Tribune and the Daily News, Plaintiff cannot bring such claims against Tribune and the Daily News without first returning the consideration for such release – here, $70,000.00.

### Fourth Separate Defense

Where D'Ambly has executed a release of claims against Tribune and the Daily News, and proceeded with this lawsuit without first returning the consideration for that release, that consideration – $70,000 – must be set off against any award the Plaintiff may obtain.

### Fifth Separate Defense

D'Ambly is estopped from proceeding with his causes of action against Tribune and the Daily News.

### Sixth Separate Defense

D'Ambly's action against Tribune and the Daily News is barred by the doctrine of unclean hands.

### Seventh Separate Defense

D'Ambly's Second Amended Complaint fails to state a claim against Tribune and the Daily News upon which relief can be granted. Tribune and the Daily News did not discriminate against D'Ambly within the meaning of the New Jersey Law Against Discrimination.

***Eighth Separate Defense***

D'Ambly Second Amended Complaint fails to state a claim against Tribune and the Daily News upon which relief can be granted. Tribune and the Daily News did not owe or breach any duty to D'Ambly.

***Ninth Separate Defense***

Any injuries D'Ambly sustained are a result of his own intentional acts, barring D'Ambly from recovery.

***Tenth Separate Defense***

If Tribune and the Daily News are found to have violated any law, D'Ambly cannot recover emotional distress damages because any such distress was caused by factors other than Tribune's and the Daily News' conduct.

***Eleventh Separate Defense***

If Tribune and the Daily News are found to have violated any law, any claim for punitive damages is barred because the alleged acts or omissions of Tribune and the Daily News fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless, or fraudulent intent to deny D'Ambly his legal rights, and are not so wanton or willful as to support an award of punitive damages.

WHEREFORE, Tribune and the Daily News prays that D'Ambly take nothing by this suit, that judgment be entered on behalf of Tribune and the Daily News, and any other such relief to which Tribune and the Daily News may be entitled.

Date: January 14, 2022                              Respectfully submitted,

/s/ *Lindsay Ditlow*

Lindsay F. Ditlow
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 547-5425 (phone)
lditlow@mwe.com

Joseph Mulherin
Brian Mead
McDermott Will & Emery LLP
444 W. Lake Street
Chicago, IL 60606
(312) 372-2000 (phone)
(312) 984-7700 (fax)
jmulherin@mwe.com
bmead@mwe.com

**Attorneys for Tribune Publishing Company, Inc. and New York Daily News**

## CERTIFICATE OF SERVICE

The undersigned does certify that on the 14th day of January 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ *Lindsay Ditlow*

Dated: January 14, 2022

DM_US 185889211-1.096107.0044