# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, AARON WOLKIND, STEVE HARTLEY, RICHARD SCHWETZ, JOBEL BARBOSA, MATTHEW REIDINGER, JOHN HUGO, SEAN-MICHAEL DAVID SCOTT, THOMAS LOUDEN, ZACHARY REHL, AMANDA REHL, K.R., a minor, by and through her father ZACHARY REHL, and her mother AMANDA REHL, MARK ANTHONY TUCCI,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>CHRISTIAN EXOO a/k/a ANTIFASH GORDON, ST. LAWRENCE UNIVERSITY, TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS, VIJAYA GADDE, TWITTER, INC., COHEN, WEISS AND SIMON, LLP, UNNAMED ASSOCIATES 1-100,<br><br>　　　　　Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JMV-JSA<br><br>Hon. John M. Vazquez, U.S.D.J.<br><br>Motion Date: February 7, 2022 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHRISTIAN EXOO'S MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(F)

**THE MARLBOROUGH LAW FIRM, P.C.**
Christopher Marlborough, Esq.
445 Broad Hollow Road, Suite 400
Melville, New York 11747
Phone: (212) 991-8960
Fax: (212) 991-8952
E-mail: chris@marlboroughlawfirm.com

**Richard Torres, Esq**
63 Tooker Avenue
Springfield, New Jersey 07081
Phone: (347) 742-5362
E-mail: richardtorresdna@gmail.com

*Counsel for Defendant Christian Exoo*

## TABLE OF CONTENTS

**INTRODUCTION** ................................................................................................................ 1

**PROCEDURAL HISTORY** ................................................................................................ 2

**ARGUMENT** ........................................................................................................................ 3

**CONCLUSION** .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Hellauer v. Nafco Holding Co., LLC*, 1998 U.S. Dist. LEXIS 12029 (E.D. Pa. July 28, 1998) .... 3
*McKeever v. Israel*, 476 F. Supp. 1370 (E.D. Wis. 1979) ............................................................. 4
*Readmond v. Matsushita*, 355 F. Supp. 1073 (E.D. Pa. 1972)). ..................................................... 3
*Taylor v. Union Cty. Corr. Facility*, 2016 U.S. Dist. LEXIS 10974 (D.N.J. Jan. 29, 2016) .......... 3
*U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149 (D.N.J. 2007) ....... 3, 4

# INTRODUCTION

Defendant Christian Exoo submits this motion to strike Count VII of Plaintiffs' Second Amended Complaint ("SAC") for violation of Section 610 of the Labor-Management Relations Disclosure Act ("LMRDA," 29 U.S.C. § 530) and the addition of two new defendants Nick Strickland ("Strickland") and Torch Antifa Network ("Torch") pursuant to F.R.C.P. Rule 12(f).

On November 1, 2021, this Court issued an Opinion and Order dismissing all claims against Defendants Exoo, St. Lawrence, Vijaya Gadde and Twitter, Inc. (the "Section 530 Defendants") in Plaintiffs' First Amended Complaint ("FAC"). ECF Nos. 99 (the "Opinion") and 100 (the "Order"). In its Opinion and Order, the Court also granted Plaintiffs limited leave to file a Second Amended complaint ("SAC") for the sole purpose of curing the deficiencies that the Court had identified. On November 30, 2021, Plaintiffs filed the SAC which asserted an unauthorized claim based on a new legal theory and added two unauthorized defendants, exceeding the narrow of scope of the amendments permitted by the Opinion and Order.

The unauthorized matter should be struck from Plaintiffs' SAC because it greatly exceeds the scope of the leave granted by the Court in violation of F.R.C.P Rule 15(a). To rule otherwise would undermine the federal rule requiring parties to seek leave to amend their pleadings.

## PROCEDURAL HISTORY

On September 21, 2020, Plaintiff Daniel D'Ambly commenced the instant action against the Section 530 Defendants and Defendants Tribune Publishing Company, New York Daily News, and Cohen, Weiss and Simon, LLP. ECF No. 1.

On December 6, 2020, Defendant Exoo filed a motion to dismiss the claims against him. ECF Nos. 41 through 41-8. Each of the other Section 530 Defendants also filed motions to dismiss the claims against them.

On January 10, 2021, Plaintiff D'Ambly filed a motion seeking leave to amend his Complaint to add twelve additional Defendants and allegations relating to those Defendants. ECF No. 47 through 47-6. The Motion was granted on March 25, 2021. ECF No. 65.

On March 25, 2021, Plaintiffs filed the FAC adding the following twelve additional Plaintiffs: Aaron Wolkind, Steve Hartley, Richard Schwetz, Jobel Barbosa, Matthew Reidinger, John Hugo, Sean-Michael David Scott, Thomas Louden, Zachary Rehl, Amanda Rehl, K.R. and Mark Anthony Tucci.

On April 22, 2021, Defendant Exoo filed a motion to dismiss the claims against him in the FAC. ECF Nos. 79 through 79-22. The other Section 530 Defendants also filed motions to dismiss the claims against them.

On November 1, 2021, the Court granted Defendant Exoo's motion to dismiss. ECF Nos. 99-100. In its Opinion and Order, the Court provided Plaintiffs "leave to *file an amended pleading that remedies the identified deficiencies*." *See* ECF No. 100, Order. *See also* ECF No. 99, Opinion at 23 ("Plaintiffs shall have thirty (30) days to *file an amended complaint that cures the deficiencies noted herein*.").

On November 30, 2021, Plaintiffs filed their SAC. Plaintiffs added a new unauthorized claim against the Section 530 Defendants premised on Section 610 of the LMRDA (29 U.S.C. § 530) based on a new legal theory of liability.[1] Plaintiffs also named two additional Defendants, Torch and Strickland, without seeking Court authorization.

## ARGUMENT

When a complaint exceeds the scope of the permitted amendment, courts may, *inter alia*, strike the unauthorized matter pursuant to Rule 12(f). *See U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007); *Taylor v. Union Cty. Corr. Facility*, No. 02-0812, 2016 U.S. Dist. LEXIS 10974, at *2 (D.N.J. Jan. 29, 2016)("[T]he new claims are above and beyond the scope of amendment that was allowed by this Court in its previous

---

[1] While the SAC erroneously cites this statute as 18 U.S.C. § 530, it is clear from the reference to the LMRDA and the quotation in paragraph 205 of the SAC that Plaintiffs are referring to 29 U.S.C. § 530.

order and, therefore, will not be accepted by this Court."); *Hellauer v. Nafco Holding Co., LLC*, No. 97-4423, 1998 U.S. Dist. LEXIS 12029 (E.D. Pa. July 28, 1998)(citing *Readmond v. Matsushita*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972)). *See also Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 97-98 (S.D.N.Y. 1985)(striking plaintiff's claim for punitive damages asserted in amended complaint without first seeking leave of the court.); *McKeever v. Israel*, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979)(striking portions of plaintiff's amended complaint that exceeded the scope of leave grant pursuant to Rule 12(f)).

In *U.F.C.W. Local 56 Health and Welfare Fund*, plaintiffs added a new defendant and asserted two new legal theories which were not authorized by the court's order granting leave. The court struck the new claims, noting that permitting those claims to remain would "allow Plaintiffs to circumvent the limitations" of the court's grant of leave. The court concluded that "use of Rule 12(f) is appropriate here because to hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint."

In this case, the Court granted leave to amend only for the limited purpose of curing the deficiencies in the FAC identified by the court in its Opinion. The Court did not authorize Plaintiffs to add new claims, new parties or new legal theories. Plaintiffs flagrantly exceeded the scope of leave granted by the Court.

Accordingly, the new claims and new parties should be stricken from Plaintiffs' SAC.

## CONCLUSION

For the foregoing reasons, Defendant Exoo asks this Court to grant the relief requested in this motion.

Dated:	January 14, 2022
	Melville, New York

>	Respectfully submitted,
>
>	**THE MARLBOROUGH LAW FIRM, P.C**.
>
>	By: _/s/ Christopher Marlborough_____
>	Christopher Marlborough
>	445 Broad Hollow Road, Suite 400
>	Melville, New York 11747
>	Phone: (212) 991-8960
>	Fax: (212) 991-8952
>	E-mail: chris@marlboroughlawfirm.com
>
>	Richard Torres, Esq.
>	63 Tooker Avenue
>	Springfield, New Jersey 07081
>	Phone: (347) 742-5362
>	E-mail: richardtorresdna@gmail.com
>
>	*Counsel for Defendant Christian Exoo*