UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY; AARON WOLKIND; STEVE HARTLEY; RICHARD SCHWETZ; JOBEL BARBOSA; MATTHEW REIDINGER; JOHN HUGO; SEAN-MICHAEL DAVID SCOTT; THOMAS LOUDEN; ZACHARY REHL; AMANDA REHL; K.R., a minor, by and through her father ZACHARY REHL and her mother AMANDA REHL, MARK ANTHONY TUCCI<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN EXOO a/k/a ANITFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC., COHEN, WEISS AND SIMON, LLP; NICK STRICKLAND; TORCH ANTIFA NETWORK; UNNAMED ASSOCIATES 1 – 100,<br><br>Defendants. | Civil Action No.<br><br>2:20-cv-12880-JMV-JAD<br><br>Hon. John M. Vazquez, U.S.D.J.<br><br>Motion Date: February 21, 2022 |

## BRIEF IN SUPPORT OF DEFENDANT
## ST. LAWRENCE UNIVERSITY'S MOTION TO DISMISS

BOND, SCHOENECK & KING, PLLC
Monica C. Barrett, Esq.
Adam P. Mastroleo, Esq. (*pro hac vice*)
600 Third Avenue, 22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:    (646) 253-2383
Email: mbarrett@bsk.com
           amastroleo@bsk.com

*Attorneys for Defendant
St. Lawrence University*

3626872.1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................... 1

FACTUAL BACKGROUND .............................................................................. 3

    A.    The University ................................................................................ 3

    B.    The SAC's Limited Allegations Regarding the University ................................. 3

    C.    Procedural History.......................................................................... 5

ARGUMENT....................................................................................................... 6

POINT I - PLAINTIFFS' PROPOSED AMENDMENTS EXCEED THE SCOPE
OF THE AUTHORITY GRANTED BY THIS COURT ...................................... 7

POINT II - THE LMRDA DOES NOT PERMIT A PRIVATE RIGHT OF ACTION ........... 7

POINT III - PLAINTIFFS FAILED TO SUFFICIENTLY PLEAD A FEDERAL RICO
CLAIM ................................................................................................................ 8

    A.    The SAC Fails to State a Claim for Racketeering Against the University........ 9

    B.    The SAC Fails to State a Claim for RICO Conspiracy Against the
University ........................................................................................ 13

POINT IV - PLAINTIFFS FAILED TO ESTABLISH PERSONAL JURISDICTION
OVER THE UNIVERSITY ................................................................................ 15

    A.    New Jersey Does Not Have General Jurisdiction Over the University .......... 17

    B.    New Jersey Does Not Have Specific Jurisdiction Over the University .......... 18

    C.    Jurisdiction Over the University is Not Appropriate Under the Federal
RICO Statute ................................................................................... 19

CONCLUSION ................................................................................................... 21

13589393.1

3626872.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Absolute Power Sys. v. Cummins, Inc.*,
2016 U.S. Dist. LEXIS 162458 (D.N.J. Nov. 23, 2016) ............................................ 11

*Alpha Cepheus, LLC v. Chinh Chu*,
2019 U.S. Dist. LEXIS 221034 (D.N.J. Dec. 20, 2019) ............................................ 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................... 6, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................. 6

*Blessing v. Chandrasekhar*,
2020 U.S. Dist. LEXIS 111115 (E.D. Ky. June 25, 2020) ................................... 20, 21

*Collins v. James W. Turner Constr., Ltd.*,
2017 WL 210236 (D.N.J. Jan. 18, 2017) ................................................................. 15

*Darrick Enters. v. Mitsubishi Motors Corp.*,
2007 U.S. Dist. LEXIS 4045 (D.N.J. Jan. 19, 2007) ................................................ 19

*Display Works, LLC v. Bartley*,
182 F. Supp. 3d 166 (D.N.J. Apr. 25, 2016) ........................................................... 17

*Eastern Concrete Materials, Inc. v. Jamer Materials Ltd.*,
2019 U.S. Dist. LEXIS 214543 (D.N.J. Oct. 25, 2019) ............................................ 16

*Edwards v. Schwartz*,
378 F. Supp.3d 468 (W.D. Va. 2019) ...................................................................... 21

*Gallant v. Trustees of Columbia Univ.*,
111 F. Supp. 2d 638 (E.D. Pa. 2000) ...................................................................... 17

*Gehling v. St. George's School of Medicine, Ltd.*,
773 F.2d 539 (3d Cir. 1985) .................................................................................... 17

*Grant v. Communications Workers of America, Local 1101*,
No. 16-cv-9553, 2017 WL 6000605 (S.D.N.Y. Dec. 1, 2017) ..................................... 8

*InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*,
2012 U.S. Dist. LEXIS 44721 (E.D. Pa. Mar. 30, 2012) .......................................... 20

*In re Ins. Brokerage Antitrust Litig.*,
   2007 U.S. Dist. LEXIS 25632 (D.N.J. Apr. 5, 2007) ..................................... 10, 11, 12

*In re Ins. Brokerage Antitrust Litig.*,
   618 F.3d 300 (3d Cir. 2010) .................................................................................... 10

*Knit With v. Knitting Fever, Inc.*,
   2010 U.S. Dist. LEXIS 127653 .................................................................... 13, 14, 15

*Leeder v. Feinstein*,
   2019 U.S. Dist. LEXIS 108810 (D.N.J. June 29, 2019) ................................. 6, 11, 20

*Lightning Lube, Inc. v. Witco Corp.*,
   4 F.3d 1153 (3d Cir. 1993) ...................................................................................... 14

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) .................................................................................... 18

*Martin v. Local 556, Transp. Workers Union of Am. AFL-CIO*,
   No. 3:14-cv-0500-D, 2014 WL 4358480 (N.D. Texas Sept. 3, 2014) ........................ 8

*McCullough v. Zimmer, Inc.*,
   382 Fed. App'x 225 (3d Cir. 2010) ........................................................................... 11

*Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*,
   2017 WL 2778825 (D. Md. June 26, 2017) .............................................................. 21

*Pop Test Cortisol, LLC v. Univ. of Chicago*,
   2015 U.S. Dist. LEXIS 79565 (D.N.J. June 18, 2015) ................................. 16, 17, 19

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ................................................................................................. 12

*Robinson v. Section 23 Prop. Owner's Ass'n*,
   2018 WL 6630513 (D.N.J. Dec. 18, 2018) ......................................................... 15, 16

*Salinas v. United States*,
   522 U.S. 52 (1997) ................................................................................................... 13

*Shearin v. E.F. Hutton Group, Inc.*,
   885 F.2d 1162 (3d Cir. 1989), *abrogated on other grounds* .................................... 13

*U.S. v. Parise*,
   159 F.3d 790 (3d Cir. 1998) .................................................................................... 12

*Vangheluwe v. Got News, LLC*,
   365 F.Supp.3d 850 (E.D. Mich. 2019) .................................................................... 21

13589393.1

3626872.1

*Watiti v. Walden Univ.*,
    2008 U.S. Dist. LEXIS 43217 (D.N.J. May 30, 2008)......................................... 16, 17

*Zavala v. Wal-Mart Stores, Inc.*,
    393 F. Supp. 2d 295 (D.N.J. 2005) ........................................................................ 15

**Statutes**

18 U.S.C. 1962(d) ...................................................................................................... 14

18 U.S.C. § 1961(1) ................................................................................................... 11

18 U.S.C. § 1962(c) ............................................................................................. 8, 9, 12

18 U.S.C. § 1962(d) ............................................................................................ 8, 13, 15

18 U.S.C. § 1965(a) .................................................................................................... 19

18 U.S.C. § 1965(b) .................................................................................................... 19

29 U.S.C. § 530 ....................................................................................................... 2, 8

**Other Authorities**

Rule 15(a)(2) ............................................................................................................... 7

Rule 12(b)(2) ............................................................................................................. 15

Rule 12(b)(6) ............................................................................................................... 6

13589393.1

3626872.1

## PRELIMINARY STATEMENT

Plaintiffs have now filed a Second Amended Complaint (the "SAC"), which is their third attempt to state a claim against the defendants in this case. Defendant St. Lawrence University (the "University"), along with several other named defendants including Christian Exoo, Twitter, Inc. ("Twitter") and Vijaya Gadde, have moved to dismiss each of the first two Complaints on multiple grounds. Most recently, on November 1, 2021, this Court granted these defendants' motions to dismiss plaintiffs' First Amended Complaint (the "FAC") in its entirety. In its decision, the Court dismissed Plaintiffs' claims without prejudice and gave them thirty (30) days to file an amended complaint "that cures the deficiencies noted herein."

It is clear from even a cursory review of the SAC that Plaintiffs failed to cure *any* of the deficiencies identified in the Court's decision. Rather, the SAC simply re-states the same factual allegations from the FAC (with more pictures and tweets included) and improperly attempts to add new parties and a new cause of action. As discussed in detail below, the SAC, like the FAC, must be dismissed in its entirety.

*First*, the SAC must be dismissed because Plaintiffs' attempted amendments, including the addition of new parties and a new claim, exceed the scope of the leave to amend granted by this Court in its November 1, 2021 Opinion and Order. Plaintiffs' attempt to circumvent this Court's Order is inappropriate and potentially sanctionable.

*Second*, even if Plaintiffs' proposed amendments were appropriate, the SAC should be dismissed as against the University because Plaintiffs fail to state any plausible claim for relief. As an initial matter, Plaintiffs' newly asserted claim under Section 610 of

the Labor-Management Relationship Disclosure Act ("LMRDA")[1] must be dismissed because that section is criminal in nature and does not permit a private right of action.

In addition, Plaintiffs' previously stated claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") remain flawed and must be dismissed.[2]  Indeed, the SAC fails to plead several of the core elements required to state a substantive RICO violation, including requisite predicate acts, the existence of an enterprise as defined by federal law, the University's participation or involvement in any such enterprise, or any agreement made by the University to violate RICO.

*Third*, even if Plaintiffs had adequately pled their substantive claims, this Court does not have personal jurisdiction over the University because it is a private, liberal arts college located in northern New York that does not have the minimum contacts necessary to warrant jurisdiction in New Jersey.  The University does not own, lease or use real property in New Jersey, transact business in New Jersey, or have any employees within the State.  The University's only connection to this case is that it is defendant Christian Exoo's employer.  This fact, without more, is not sufficient to establish personal jurisdiction.

Plaintiffs also cannot obtain jurisdiction over the University through the federal RICO statute, which permits jurisdiction over all participants in a RICO conspiracy where jurisdiction can be established as to at least one participant in the conspiracy.  Here, the SAC fails to allege any factual basis for general or specific jurisdiction against any of the alleged members of the RICO enterprise.

---

[1]  Plaintiffs improperly allege that Count VII is brought pursuant to 18 U.S.C. § 530.  Based upon plaintiffs' quotation of the statute in question, it is clear that plaintiffs intended to state a claim under 29 U.S.C. § 530.
[2]  The SAC does not include plaintiffs' previously stated claim under New Jersey's RICO statute.

The SAC should therefore be dismissed in its entirety, with prejudice, as against the University, and Plaintiffs should not be granted any additional opportunities to replead.

## FACTUAL BACKGROUND[3]

### A.    The University

St. Lawrence University is a small, private liberal arts college located in northern New York.  Declaration of William L. Fox, sworn to on October 27, 2020 ("Fox Dec."), at ¶ 3.  The University does not have an office in New Jersey for the transaction of business and does not own, use or possess any real property within the State.  *Id*. at ¶ 4.  The University does not pay taxes to any New Jersey governmental entity and does not have any registered agents or bank accounts in the State.  *Id*. at ¶ 5.  The University also does not transact business in New Jersey and is not authorized to do business within the State.  *Id*. at ¶ 6.  Moreover, the University does not have any employees in New Jersey. *Id*. at ¶ 7.  Indeed, the University does not have any contacts within New Jersey that would warrant personal jurisdiction in the State.

### B.    The SAC's Limited Allegations Regarding the University

In the SAC, Plaintiffs claim that Mr. Exoo used his well-known Twitter account, @AntiFashGordon, to "dox" and expose them as white supremacists.  *See* SAC Statement of the Case, p. 2.  The SAC alleges that Mr. Exoo directs a criminal enterprise, which appears to include previously named defendants the University, Ms. Gadde, and Twitter, as well as newly named defendants "Torch Antifa Network" and Nick Strickland,

---

[3]  Because this is a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(2), (6), the allegations in the SAC must be accepted as true.  Thus, any recitation of the facts included herewith is intended only to reflect the allegations in the SAC and not to reflect any admission by the University as to the truth thereof.

and non-parties Twitter user @emilygorcenski and Mark Pitcavage. *Id.*[4]  The SAC does not identify any specific members of the "Torch Antifa Network," and in fact claims that it is an anonymous network without any known address.  *Id.*, ¶ 25.  The SAC <u>does not</u> (and cannot) allege that the University has any connection to, or relationship with, the Torch Antifa Network, Nick Strickland, @emilygorcenski or Mark Pitcavage.

Mr. Exoo allegedly directs associates in the Exoo Enterprise to conduct racketeering activities, including learning the identity of certain white supremacist targets, and extorting employment terminations and school expulsions.  According to the SAC, the Exoo Enterprise uses a strategy called "dogpiling" whereby members contact their targets' employers with phone calls and emails.  Exoo Enterprise members also allegedly contact and threaten their targets' employers' customers to shame them for continuing to do business with the targets' employers. *See*  SAC Statement of the Case; ¶¶ 32 – 37.

Importantly, the SAC <u>does not</u> (and cannot) allege that the University participates in any way in these activities.  The SAC does not allege that the University doxed anyone, contacted any employers or families, damaged property or engaged in any of the allegedly illegal conduct described.  Rather, Plaintiffs' claims against the University stem solely from its employment of Mr. Exoo.  SAC at ¶¶ 174 - 175.  Indeed, the 63 page SAC contains only two paragraphs identifying the University's alleged conduct (paragraphs 174 and 175) which claim, upon information and belief, that:

- Mr. Exoo's activities are well known to the University; and

- Mr. Exoo uses his employment and lecturing at the University to recruit.

---

[4] Counts IV, V and VII of the SAC define the "Exoo Enterprise" as including only Mr. Exoo, the University, Twitter, and Ms. Gadde.  It appears that the Torch Antifa Network, Nick Strickland, @emilygorcenski and Mark Pitcavage are not included in this definition. *See* Counts IV, V and VII.

SAC at ¶¶ 174 – 175.

> C.   **Procedural History**

Plaintiff Daniel D'Ambly commenced this action by filing a Complaint in New Jersey District Court on September 21, 2020. (Dkt. 1). This Complaint included claims against Mr. Exoo, the University, Twitter, Ms. Gadde, Tribune Publishing Company, New York Daily News, and Cohen, Weiss and Simon, LLP. The Complaint's claims against the University included alleged substantive and conspiratorial violations of New Jersey and federal RICO statutes (Counts VIII, IX and X). *Id.*

On October 30, 2020, the University filed a motion to dismiss the Complaint. (Dkt. 19 – 22). The University argued that Mr. D'Ambly failed to plausibly allege federal or state RICO claims, and that the New Jersey District Court lacked personal jurisdiction over it.

Rather than wait for a decision on the University's motion, Mr. D'Ambly filed a motion to amend his Complaint on January 10, 2021 (Dkt. 47), which sought to add additional plaintiffs and allegations relating to those plaintiffs. Mr. D'Ambly's motion was granted, and, on March 25, 2021, Plaintiffs filed the FAC (Dkt. 66). The FAC repeated the original Complaint's three causes of action (Counts VIII, IX and X) against the University for violations of New Jersey and federal RICO statutes.

On April 22, 2021, the University filed a second motion to dismiss. (Dkt. 75). This motion reiterated the prior arguments made by the University in its earlier motion. Plaintiffs opposed the University's motion (Dkt. 84), and the University submitted a reply (Dkt. 88).

On November 1, 2021, this Court issued an Opinion and Order granting the University's motion to dismiss. (Dkts. 99, 100). In the Court's opinion, it noted several deficiencies with Plaintiffs' federal RICO claims, including that the FAC failed to

sufficiently allege any predicate acts under the Hobbs Act (19 U.S.C. § 1951) or the Travel Act (18 U.S.C. § 1952).  (Dkt. 99).  The Court also held that Plaintiffs failed to provide any details about the alleged "Exoo Enterprise" organization, including the other alleged members' roles within the Enterprise, what planning occurred, or even if there were any interactions between the members to further the Enterprise's goals.  *Id*.

The Court dismissed the FAC without prejudice, and granted leave to Plaintiffs to "cure[ ] the deficiencies noted herein."  *Id*.

## ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In other words, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In addressing the sufficiency of a complaint, courts are required to accept the well-pleaded factual allegations contained within the complaint as true.  *Leeder v. Feinstein*, 2019 U.S. Dist. LEXIS 108810, at *12 (D.N.J. June 29, 2019) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008)).  "However, the plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id*. (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "A court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Leeder*,

6

2019 U.S. Dist. LEXIS 108810, at *12 (quoting *Papasan*, 478 U.S. at 286).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

## POINT I

### PLAINTIFFS' PROPOSED AMENDMENTS EXCEED THE SCOPE OF THE AUTHORITY GRANTED BY THIS COURT

Under F.R.C.P. Rule 15(a)(2), Plaintiffs may only amend their complaint "with the opposing party's written consent or the court's leave."  Plaintiffs did not seek and were not granted consent by any opposing party to amend their complaint to add new parties, claims or legal theories.  Similarly, this Court did not grant Plaintiffs such leave.  In fact, this Court's Opinion and Order (Dkts. 99, 100), granted Plaintiffs limited leave to "cure[ ] the deficiencies noted herein."  It did not grant Plaintiffs leave to add new parties, claims or legal theories.  As such, Plaintiffs' filing is clearly improper and the SAC should be dismissed to the extent it adds new parties and claims.  *See U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 153 (D.N.J. 2007).

## POINT II

### THE LMRDA DOES NOT PERMIT A PRIVATE RIGHT OF ACTION

The SAC includes a new cause of action against the University and other members of the alleged Exoo Enterprise for "Deprivation of Rights under Section 610 of the Labor-Management Relationship Disclosure Act."  *See* Count VII.  As discussed above, this claim should be dismissed because Plaintiffs were not authorized to amend their complaint to include new causes of action.  However, even if this Court allowed Plaintiffs' proposed amendments, their claim under the LMRDA should be dismissed.

Section 610 of the LRMDA (29 U.S.C. § 530) is a criminal statute that provides for a fine and imprisonment, but not civil monetary relief.  The statute states:

> It shall be unlawful for any person through the use of force or violence, or threat of the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain, coerce, or intimidate any member of a labor organization for the purpose of interfering with or preventing the exercise of any right to which he is entitled under the provisions of this chapter. Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

Federal Courts have consistently held that there is no private right of action for violations of Section 610 and have dismissed civil claims attempting to assert a private right of action. *See, e.g., Martin v. Local 556, Transp. Workers Union of Am. AFL-CIO*, No. 3:14-cv-0500-D, 2014 WL 4358480 (N.D. Texas Sept. 3, 2014) (dismissing claim under Section 610 of the LRMDA because that provision does not expressly authorize a private right of action); *Grant v. Communications Workers of America, Local 1101*, No. 16-cv-9553, 2017 WL 6000605 (S.D.N.Y. Dec. 1, 2017) ("Insofar as the Complaint alleges a violation of LMRDA § 610, this claim is dismissed because § 610 is a criminal provision that does not create a private cause of action.").

As such, Plaintiffs' proposed claim under Section 610 of the LRMDA, which seeks monetary compensation, must be dismissed.

## POINT III

### PLAINTIFFS FAILED TO SUFFICIENTLY PLEAD A FEDERAL RICO CLAIM

The SAC includes two federal RICO claims against the University: (1) Federal RICO Racketeering (18 U.S.C. § 1962(c)); and (2) Federal RICO Conspiracy (18 U.S.C. § 1962(d)).  As discussed below, Plaintiffs failed to adequately plead either of these claims and they should be dismissed in their entirety against the University.

8

A.      **The SAC Fails to State a Claim for Racketeering Against the University**

"To state a claim under Section 1962(c), a plaintiff 'must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Alpha Cepheus, LLC v. Chinh Chu*, 2019 U.S. Dist. LEXIS 221034, at *24 (D.N.J. Dec. 20, 2019) (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010)).

Here, the SAC fails to include several of these essential elements.  Specifically, plaintiffs have failed to:  allege facts sufficient to constitute "predicate acts" required by the RICO statute; allege facts sufficient to establish the existence of a RICO enterprise; or demonstrate the University's intentional or knowing participation in or relationship with any such enterprise.

(1)      Plaintiffs Failed to Allege the Requisite Predicate Acts

In support of their motions to dismiss the FAC, defendants Twitter, Ms. Gadde, Mr. Exoo and the University argued, among other things, that Plaintiffs failed to plausibly state a federal RICO claim because the FAC did not allege any conduct that constituted "racketeering activity."  *See, e.g.* Dkt. 78-1, pp. 32 – 34.  In particular, these defendants argued that Mr. Exoo and his associates' alleged conduct, which included doxing, sending harassing messages to Plaintiffs and damaging property, did not constitute "extortion," or any other type of "racketeering activity" as defined in the RICO statute.  *Id.*

This Court agreed with defendants' analysis and held that Plaintiffs failed to allege the requisite predicate acts, noting that extortion required "the obtaining of property from another," and that nothing in the FAC "suggest[s] that Defendants obtained any other property or property right from Plaintiff."  (Dkt. 99, p. 7)  After reaching this conclusion, and granting defendants' motions to dismiss, the Court allowed Plaintiffs the opportunity

9

to file an amended complaint to address this and other issues identified in the Opinion. *Id.*, p. 23.

It is clear from the SAC that Plaintiffs failed to address this critical issue.  The SAC fails to identify any additional property right, beyond what was stated in the FAC, that was taken from them as a result of the defendants' alleged conduct.  Indeed, the conduct alleged in the FAC – doxing, threatening messages, and property damage – is the same conduct alleged in the SAC.

As a result, the SAC fails to state any facts that would plausibly allege racketeering activity and Plaintiffs' RICO claims must be dismissed.

> (2)   Plaintiffs Have Not Sufficiently Alleged the Existence of, or the University's Participation in, a RICO Enterprise

Even if Plaintiffs had plausibly alleged sufficient predicate acts, the SAC's RICO claims should still be dismissed.  To satisfy the "enterprise" element of a RICO claim, a plaintiff must plead facts "plausibly implying the existence of an enterprise with . . . a shared 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'"  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d at 369-370 (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)).

A plaintiff cannot satisfy RICO's "enterprise" requirement by simply making conclusory statements and vague allegations that the defendants "associated together," or "consensually agreed to commit racketeering activities."  *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 25632, at *77 (D.N.J. Apr. 5, 2007) (internal quotations and citations omitted).  Rather, "pleadings setting forth the enterprise structure must be factually descriptive and cannot be simple restatements of the general guidance given by

10

the courts." *Id.* at 76-77; *see also Leeder*, 2019 U.S. Dist. LEXIS 108810, at *22-23 (holding plaintiff "fail[ed] to allege the existence of a RICO enterprise" given "bald, conclusory allegations" and an absence of allegations relating to the structure of the enterprise); *Absolute Power Sys. v. Cummins, Inc.*, 2016 U.S. Dist. LEXIS 162458, at *21 (D.N.J. Nov. 23, 2016) (dismissing New Jersey and federal RICO claims where "there are no allegations regarding how each named Defendant conducted the affairs of any such enterprise, or how they functioned as a unit.").

Here, the SAC simply alleges in conclusory fashion that the University is an "associate" of Mr. Exoo and that the conduct of Mr. Exoo and his associates constitutes "racketeering activity" within the meaning of 18 U.S.C. § 1961(1). SAC, ¶ 184.  It offers no detail regarding the structure of the alleged Exoo Enterprise except to state that the University, together with Twitter and others were a part of it.  The SAC fails to articulate how Twitter, Ms. Gadde, and the University have any relationship, or work together to accomplish the enterprise's goals.

The SAC also includes new allegations regarding the Torch Antifa Network, Nick Strickland, and Twitter users @emilygorcenski and Mark Pitcavage. *See* SAC, Statement of the Case, p.3. Importantly, however, the SAC fails to explain how these new parties have any connection to the University or how they work with the University to allegedly achieve the Exoo Enterprise's goals.  This is obviously because the University has no connection to these individuals and no role in any such organization.

It is well established that "[s]imply listing a string of individuals or entities that engaged in illegal conduct, without more, is insufficient to allege the existence of a RICO enterprise." *McCullough v. Zimmer, Inc.*, 382 Fed. App'x 225, 232 (3d Cir. 2010)

(affirming the district court's dismissal of plaintiff's RICO claims for failure to allege the existence of an enterprise where nothing in the complaint plausibly suggested that the defendants were "combined as a unit with any semblance of an organizational framework or common purpose") (citations omitted).  Because the SAC merely lists the members of the so-called Exoo Enterprise without offering anything more with respect to its structure or organization, Plaintiffs have failed to adequately allege the existence of an enterprise.

In addition, even if Plaintiffs had pled facts to establish the Exoo Enterprise's structure (which they did not), the SAC fails to allege how the University participated in that enterprise. Indeed, to plead a violation of § 1962(c), Plaintiffs must allege facts which demonstrate the University's participation in a RICO enterprise.  RICO liability under § 1962(c) is limited "to those instances where there is 'a nexus between the [defendant] and the conduct in the affairs of an enterprise.'"  *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 25632, at *82 (quoting *U.S. v. Parise*, 159 F.3d 790, 796 (3d Cir. 1998)). A defendant must have some part in directing the affairs of the enterprise to have participated in it.  *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *Parise*, 159 F.3d at 796.  RICO liability may attach to those who "*knowingly* further the illegal aims of the enterprise by carrying out the directives of those in control."  *Parise*, 159 F.3d at 796 (emphasis added).

The SAC also fails to assert any facts indicating the presence of a nexus between the University and the alleged racketeering activity, which is required to sustain a racketeering claim.  Plaintiffs' silence on these issues is telling.  Plaintiffs clearly have no facts to support their claim against the University, because the University has not participated, in any way, in a criminal enterprise.  *See In re Ins. Brokerage Antitrust Litig.*,

12

2007 U.S. Dist. LEXIS 25632, at *100 (granting defendant's motion to dismiss based on plaintiff's failure to assert facts indicating a nexus between defendants and racketeering activity).

**B.    The SAC Fails to State a Claim for RICO Conspiracy Against the University**

Plaintiffs have similarly failed to plead a RICO conspiracy pursuant to 18 U.S.C. § 1962(d).  To state a RICO conspiracy under the federal statute, Plaintiffs must allege facts which demonstrate each defendant's (1) knowledge of the corrupt enterprise's activities and (2) its agreement to facilitate those activities.  *Salinas v. United States*, 522 U.S. 52, 65-66 (1997).

In order to survive a motion to dismiss, "a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds*.  A plaintiff must also allege specific facts which support an inference that the defendant *knowingly* agreed to participate in the affairs of the conspiracy, and "that the acts were part of a pattern of racketeering activity."  *Id.* at 1166-67.  "[T]he supportive factual allegations 'must be sufficient to describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'"  *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 127653, at *12-13 (quoting *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)), aff'd 625 Fed. App'x 27 (3d Cir. 2015).  "It is not enough for a complaint to simply make conclusory allegations of concerted action but be devoid of facts actually reflecting joint action."  *Knit With*, 2010 U.S. Dist. LEXIS 127653, at *13 (internal quotations and citations omitted) (collecting cases).  "Bare allegations of

13

conspiracy described in general terms" should be dismissed. *Id.* at \*13 (quoting *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, 2008 U.S. Dist. LEXIS 98530, at \*7 (W.D. Pa. Dec. 5, 2008)).

As an initial matter, as stated in this Court's November 1, 2021, Opinion, "because Plaintiffs fail to establish a substantive RICO claim, their RICO conspiracy claim must also be dismissed. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993).

However, even if Plaintiffs had stated a substantive RICO claim, their conspiracy claim must be dismissed because the SAC does not even contain so much as a conclusory allegation that the University entered into an agreement to commit a RICO violation, much less the specific facts necessary to show knowing participation in such a conspiracy. The most Plaintiffs could muster is the statement that: "The nature of the above-described acts of Defendants in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. 1962(d) violation, but they were aware that their ongoing acts have been, and are a part of an overall pattern through related and continuous acts." SAC, ¶ 191. Despite Plaintiffs' verbosity, this allegation is totally devoid of any substance. Whatever this allegation may be, it is manifestly *not* an allegation that the University knowingly agreed to conspire to commit a pattern of racketeering activity, nor does it provide any facts to support this conclusion.

The SAC's generic allegation that the Defendants' conduct collectively gives rise to an inference of an agreement to commit racketeering activity is patently insufficient. The SAC fails to make the necessary allegation that the University specifically agreed to further the affairs of the Exoo Enterprise. Plaintiffs' inability to allege the existence of any such agreement on the part of the University is fatal to their conspiracy claim under

14

§ 1962(d). *See Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 317 (D.N.J. 2005) (dismissing RICO conspiracy claims where plaintiffs failed to allege, "other than in conclusory fashion, adequate facts for this Court to reasonably infer that Wal-Mart agreed with co-conspirators to the commission, by co-conspirators and others, of RICO predicate acts, in furtherance of an unlawful enterprise"); *see also Knit With*, 625 F. App'x at 35, 37 (affirming dismissal of RICO claims for plaintiff's failure to include any specific allegation that [defendant] intended to facilitate a conspiracy or operate a RICO enterprise).

Plaintiffs' federal RICO claims should therefore be dismissed in their entirety.

### <u>POINT IV</u>

### PLAINTIFFS FAILED TO ESTABLISH
### PERSONAL JURISDICTION OVER THE UNIVERSITY

Even if Plaintiffs had plausibly alleged federal RICO claims, the SAC would still be subject to dismissal because Plaintiffs failed to establish personal jurisdiction over the University.

On a Rule 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing personal jurisdiction." *Robinson v. Section 23 Prop. Owner's Ass'n*, 2018 WL 6630513, at *2 (D.N.J. Dec. 18, 2018) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)). "To meet that burden, [the plaintiff] must 'establish[ ] jurisdictional facts through sworn affidavits or other competent evidence. . . In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." *Collins v. James W. Turner Constr., Ltd.*, 2017 WL 210236, at *5 (D.N.J. Jan. 18, 2017) (citations omitted). Because "a Rule 12(b)(2) motion 'is inherently a matter which requires resolution of factual issues outside the pleadings,' the

13589393.1

court may consider sworn affidavits or other documents in its jurisdictional analysis." *Eastern Concrete Materials, Inc. v. Jamer Materials Ltd.*, 2019 U.S. Dist. LEXIS 214543, *6 (D.N.J. Oct. 25, 2019) (citations omitted).

"A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law," which "permits the exercise of personal jurisdiction to the fullest limits of due process." *Robinson*, WL 6630513, at *2 (quotations and citations omitted). "Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has 'certain minimum contacts'" with the forum state. *Id.* (internal quotations and citations omitted).

"Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon 'the nature of the interactions and type of jurisdiction asserted." *Watiti v. Walden Univ.*, 2008 U.S. Dist. LEXIS 43217, at *5 (D.N.J. May 30, 2008) (citation omitted). "'Minimum contacts' over a non-resident defendant can be established in one of two ways: general jurisdiction or specific jurisdiction." *Pop Test Cortisol, LLC v. Univ. of Chicago*, 2015 U.S. Dist. LEXIS 79565, at *6 (D.N.J. June 18, 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009)). "General Jurisdiction exists where the non-resident defendant has general contacts with the forum state that are 'continuous and systematic.' . . . Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum, and the injury arises from or is related to those activities." *Id.* (quotations and citations omitted).

As discussed below, Plaintiffs' claims against the University should be dismissed because Plaintiff has not, and cannot, make a *prima facie* showing that personal jurisdiction over the University is proper under any theory.

16

**A.**   **New Jersey Does Not Have General Jurisdiction Over the University**

"General jurisdiction is satisfied when the defendants' affiliations with the forum state are 'so continuous and systematic as to render them essentially at home in the forum state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. Apr. 25, 2016) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

In the context of out-of-state higher education institutions, courts in the Third Circuit have consistently found that general jurisdiction is not proper where schools have limited contact with the forum state. *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3d Cir. 1985); *Watiti*, 2008 U.S. Dist. LEXIS 43217; *Gallant v. Trustees of Columbia Univ.*, 111 F. Supp. 2d 638 (E.D. Pa. 2000).  Indeed, "general jurisdiction over a non-resident university based on typical university-type activities in a forum, such as fundraising and recruiting" is not proper. *Pop Test Cortisol, LLC*, 2015 U.S. Dist. LEXIS 79565, at *7.

For example, in *Gehling*, which is the seminal case in the Third Circuit on this issue, the Court found:

> the school's contacts with the forum state, Pennsylvania, to be insufficient
> to establish general jurisdiction where the school (1) advertised in the *New
> York Times* and *Wall Street Journal*, newspapers which had some
> circulation in Pennsylvania; (2) enrolled Pennsylvania residents as
> students, (3) had its Chancellor and Vice Chancellor tour cities, including
> Philadelphia, as well as appear on radio and television programs, 'to gain
> exposure and establish credibility' among the medical community; and (5)
> establish a 'feeder' program with a Pennsylvania university.

*Watiti*, 2008 U.S. Dist. LEXIS 43217 at *13-14.

Here, the University is not "at home" within New Jersey and general jurisdiction is not appropriate.  The University is a small, private liberal arts university located in northern

New York.  *See* Fox Dec., at ¶ 3.  The University does not have an office in New Jersey for the transaction of business and does not own, use or possess any real property within the State. *Id.* at ¶ 4.  The University does not pay taxes to any New Jersey governmental entity and does not have any registered agents or bank accounts in the State. *Id.* at ¶ 5. The University also does not transact business in New Jersey and is not authorized to do business within the State.  *Id.* at ¶ 6.  Moreover, the University does not have any employees in New Jersey.  *Id.* at ¶ 7.

Accordingly, this Court cannot exercise general jurisdiction over the University.

**B.     New Jersey Does Not Have Specific Jurisdiction Over the University**

"Determining whether specific jurisdiction exists involves a three-part inquiry. . . First, the defendant must have 'purposefully directed his activities' at the forum. . . Second, the plaintiff's claim must 'arise out of or relate to' at least one of those specific activities. . . Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"   *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotations and citations omitted).

The SAC does not allege any facts which demonstrate any of these elements.  The University did not "purposefully direct" activities toward New Jersey simply by employing Plaintiff at its campus in northern New York.  In addition, as discussed above, the SAC fails to allege any connection between the University and New Jersey, let alone a connection between the University's New Jersey contacts and its alleged violations of state and federal RICO laws.  To the extent there are any, the University's in-state contacts bear no relation to the causes of action brought against it and certainly do not rise to the level of purposeful direction of activities within New Jersey.  The University has not engaged in any forum-related activity which reasonably put it on notice that it could

be haled into a New Jersey court.  *See Pop Test Cortisol, LLC*, 2015 U.S. Dist. LEXIS 79565 at *7 ("[T]he [university's] contacts with New Jersey do not support a finding of specific jurisdiction because Plaintiff's claims do not 'arise from' or 'relate to' any of its contacts with New Jersey.").

As a result, this Court does not have specific jurisdiction over the University.

**C.     Jurisdiction Over the University is Not Appropriate Under the Federal RICO Statute**

The federal RICO statute has been interpreted to "allow a district court to entertain a civil RICO claim only where personal jurisdiction based on minimum contacts is first established as to at least one defendant pursuant to 18 U.S.C. § 1965(a)." *Darrick Enters. v. Mitsubishi Motors Corp.*, 2007 U.S. Dist. LEXIS 4045, at *20 n.5 (D.N.J. Jan. 19, 2007) (internal quotations and citations omitted).  "Once minimum contacts [are] established as to at least one defendant, the nationwide service of process provision of 18 U.S.C. § 1965(b) enables a plaintiff to bring before a single court all members of a RICO conspiracy."  *Id.*  Though Plaintiffs need only establish personal jurisdiction as to one of the RICO defendants, they have not met that standard.

As an initial matter, as discussed above, Plaintiffs have not plausibly stated a federal RICO claim.  Where a plaintiff fails to sufficiently allege a plausible RICO claim, the RICO statute "cannot rightly form a basis for asserting personal jurisdiction over defendants not otherwise subject to the jurisdiction of the courts in this district." *Pop Test Cortisol, LLC*, 2015 U.S. Dist. LEXIS 79565, at *10.

In addition, even if Plaintiffs stated a valid RICO claim, they have not asserted facts sufficient to establish that personal jurisdiction is appropriate over any of the defendants against whom their federal RICO claims are brought. The federal RICO claims alleged in

19

Counts IV and V of the SAC are specifically brought against Mr. Exoo, the University, Ms. Gadde, and Twitter.  SAC, ¶¶ 170 - 195.  As discussed above, personal jurisdiction is not appropriate against the University. The SAC also fails to assert any facts that would justify the exercise of general jurisdiction against Mr. Exoo, Ms. Gadde or Twitter.  None of these defendants is domiciled in New Jersey and the SAC is devoid of facts sufficient to demonstrate that any of these defendants conduct continuous and systematic business within New Jersey.

The SAC similarly fails to provide sufficient allegations that any of these defendants has contacts with New Jersey which relate to the causes of action and would therefore allow the exercise of specific personal jurisdiction.  *See e.g.*, *Leeder*, 2019 U.S. Dist. LEXIS 108810, at *19 (dismissing RICO claims against non-resident defendant whose only contacts with New Jersey were limited to "isolated communications" for lack of personal jurisdiction) (citing *Bangura v. Pennrose Mgmt. Co.*, 2010 U.S. Dist. LEXIS 59450, at *3 (D.N.J. June 15, 2010) (holding that sending work-related emails to the forum did not constitute purposeful availment for the purposes of personal jurisdiction)); *InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*, 2012 U.S. Dist. LEXIS 44721, at *8 (E.D. Pa. Mar. 30, 2012) (holding that a few emails and telephone communications by themselves are generally not enough to establish personal jurisdiction)); *see also Blessing v. Chandrasekhar*, 2020 U.S. Dist. LEXIS 111115, at *13-14 (E.D. Ky. June 25, 2020) (holding that "an exercise of personal jurisdiction over defendant [in Kentucky] . . . would [not] comport with due process" where out of state "doxing" activities were directed at a Kentucky resident) (collecting cases).[5]

---

[5]  In support of its decision, the *Blessing* Court cited other non-jurisdictional authority similarly holding that a defendant's tweets directed at forum-state residents do not constitute sufficient contacts for purposes of

Personal jurisdiction against the University is therefore inappropriate and the SAC should be dismissed on this basis as well.

## **CONCLUSION**

For all of the foregoing reasons, as well as for the reasons articulated by co-Defendants Twitter, Inc., Vijaya Gadde, and Christian Exoo, the University respectfully requests that the Court dismiss Counts IV, V and VII of the SAC in their entirety, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

Dated:  January 14, 2022

BOND, SCHOENECK & KING, PLLC

By:___/s/ Monica C. Barrett_____
    Monica C. Barrett, Esq.
    Adam P. Mastroleo, Esq. (*pro hac vice*)
Office and Post Office Address
600 Third Avenue, 22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:    (646) 253-2383
Email: mbarrett@bsk.com
      amastroleo@bsk.com

*Attorneys for Defendant St. Lawrence University*

---

conferring personal jurisdiction in the forum state.  *Blessing*, 2020 U.S. Dist. LEXIS 111115, at *13-14: "*See Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 850, 863 (E.D. Mich. 2019) (declining to exercise personal jurisdiction over two defendants who tweeted about plaintiff, a Michigan resident; noting that '[t]hese allegations were not about Michigan in particular but about Joel in particular—wherever he might have been living'); *Edwards v. Schwartz*, 378 F. Supp.3d 468, 494 (W.D. Va. 2019) (declining to exercise personal jurisdiction over defendants who posted about plaintiff on Twitter and other social media platforms, noting '[t]here is no factual matter in Edwards' pleadings suggesting that the authors of these communications took affirmative steps to direct these communications into Virginia or had any intent to target or focus on Virginia readers or otherwise avail themselves of the benefits and protections of the laws of Virginia'); *Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*, 2017 WL 2778825, at *10 (D. Md. June 26, 2017) ('Sending three tweets and four emails related to the Podcasts and the Articles over a period of a year and a half are not so substantial that 'they amount to a surrogate for Smith and Walters's presence in Maryland')."

21