UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, AARON WOLKIND, STEVE HARTLEY, RICHARD SCHWETZ, JOBEL BARBOSA, MATTHEW REIDINGER, JOHN HUGO, SEAN-MICHAEL DAVID SCOTT, THOMAS LOUDEN, ZACHARY REHL, AMANDA REHL, K.R., a minor, by and through her father ZACHARY REHL, and her mother AMANDA REHL, MARK ANTHONY TUCCI,<br><br>                      Plaintiffs,<br><br>            v.<br><br>CHRISTIAN EXOO a/k/a ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAY GADDE; TWITTER, INC.; COHEN, WEISS AND SIMON LLP,<br><br>                      Defendants. | Case No. 2:20-cv-12880-JMV-JAD<br><br>Civil Action |

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT COHEN, WEISS AND SIMON LLP IN SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE**

                                    Michael J. Canning, Esq. (MJC3060)
                                    **GIORDANO, HALLERAN & CIESLA**
                                    A Professional Corporation
                                    125 Half Mile Road, Suite 300
                                    Red Bank, N.J. 07701-6777
                                    (732) 741-3900
                                     Attorneys for Defendant Cohen,
                                    Weiss and Simon LLP

MICHAEL J. CANNING, ESQ.
   Of Counsel and on the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................. ii

INTRODUCTION ...................................................... 1

LEGAL STANDARD .................................................... 2

ARGUMENT .......................................................... 4

    POINT I ....................................................... 5

       PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH
       PREJUDICE AS THE SECOND AMENDED COMPLAINT FAILS TO
       CURE THE DEFECTS IDENTIFIED BY THE COURT IN THE
       NOVEMBER 1, 2021 OPINION AND ORDER. ........................ 5

    POINT II ...................................................... 6

       AS A MATTER OF LAW, THERE WAS NO ATTORNEY-CLIENT
       RELATIONSHIP BETWEEN PLAINTIFF D'AMBLY AND CWS, AS
       CWS REPRESENTED THE UNION IN THE GRIEVANCE PROCESS. ........ 6

CONCLUSION ........................................................ 8

**TABLE OF AUTHORITIES**

**Cases**

Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000) .................... 4
Ashcroft v. Iqbal, 556 U.S. 662 (2009) ......................... 2
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................ 2
Burtch v. Milberg Factors, Inc., 662 F.3d 212 (3d Cir. 2011) ......................................................... 3
Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004) .............. 1, 6
Connelly v. Lane Const. Corp., 809 F.3d 780 (3d Cir. 2016) ......................................................... 3
Foman v. Davis, 371 U.S. 178 (1962) ........................ 3, 5
Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) .......... 3
Phillips v. Cnty. Of Allegheny, 515 F.3d 224 (3d Cir. 2008) ......................................................... 3

**Statutes**

Section 301 of the Labor Management Relations Act .............. 1
Section 301(b) ................................................. 1

**INTRODUCTION**

On November 1, 2021 this Court entered its Opinion and Order dismissing Count XIII of the First Amended Complaint as to Defendant Cohen, Weiss and Simon LLP ("*CWS*"). Count XIII of the First Amended Complaint set forth the sole allegation against CWS, alleging legal malpractice. Finding that the binding precedent from the Third Circuit in Carino v. Stefan, 376 F.3d 156 (3d Cir. 2004) is directly on point, the Court held that Section 301 of the Labor Management Relations Act ("*LMRA*") immunizes attorneys employed by or hired by unions to perform services related to a collective bargaining agreement from suit for malpractice. Opinion at p. 6. In its November 1, 2021 Opinion and Order, the Court found that the allegations in the First Amended Complaint, in which Plaintiff seeks to hold Defendant liable because of the actions of two attorneys in representing the grievance related to Plaintiff's termination, fits squarely into the parameters discussed in Carino. Id. at p. 7. The Court ruled that Section 301(b) bars Plaintiff from asserting malpractice claims against Defendant. Id.

In its Opinion, the Court stated that, "Although it appears that any of amendment would be futile in light of the Section 301(b) bar", the Court nonetheless gave Plaintiff leave to file an amended pleading within 30 days of the Opinion which remedies the

identified deficiencies in the First Amended Complaint.  Id. at p. 10.

On November 30, 2021, Plaintiff filed a Second Amended Complaint.  As it relates to CWS, there are no new facts, no new allegations and no new causes of action.  Plaintiff simply reiterated the identical claim of legal malpractice, this time in Count VI of the Complaint, based upon the identical facts alleged in the First Amended Complaint.

In its November 1, 2021 Opinion and Order, the Court stated that if Plaintiffs fail to file an appropriate amended pleading within 30 days, the claim against CWS will be dismissed with prejudice.  Id.  As Plaintiff has failed to attempt to remedy any of the deficiencies identified in the First Amended Complaint, and has failed to file an appropriate amended pleading within the time provided by the Court, the Second Amended Complaint should be dismissed with prejudice.

**LEGAL STANDARD**

In its November 1, 2021 Opinion and Order, the Court set forth the legal standard for a motion to dismiss under Rule 12(b)(6) as follows:

> For a complaint to survive dismissal under Rule 12(b)(6), there must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible 'when the plaintiff

- 2 -

> pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' <u>Id.</u> Further, a plaintiff must 'allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims.' <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatement of the elements of the claim are legal conclusions, and therefore, not entitled to a presumption of truth. <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 224 (3d Cir. 2011). The court, however, 'must accept all the complaints well-pleaded facts as true.' <u>Fowler</u>, 578 F.3d at 210.

In its November 1, 2021 Opinion and Order, the Court applied this well-established legal standard and dismissed the First Amended Complaint as to CWS because, as a matter of law, there was no attorney client relationship between Plaintiff and Defendant, which is a requisite *prima facie* element of a cause of action for legal malpractice. <u>See</u> Opinion and Order at pp. 5-6, 10.

Dismissal with prejudice is proper where a plaintiff has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed, "or where any further amendment would be 'futile[e].'" <u>Foman v. Davis</u>, 371 <u>U.S.</u> 178, 182 (1962); <u>see also</u> <u>Phillips v. Cnty. Of Allegheny</u>, 515 F.3d 224, 236 (3d Cir. 2008) (recognizing that a district court need not provide leave to amend when "amendment would be inequitable or futile"). "An amendment is futile if the amended complaint would not survive a motion to

- 3 -

dismiss for failure to state a claim upon which relief can be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

**ARGUMENT**

The Court should dismiss, with prejudice, the single count of legal malpractice alleged against CWS in Count VI of the Second Amended Complaint. In the Second Amended Complaint, Plaintiff makes the identical allegation of legal malpractice which was squarely rejected by the Court in the November 1, 2021 Opinion and Order. Plaintiff elected not to attempt to remedy the deficiencies identified in the First Amended Complaint, despite being given the opportunity by the Court to do so. The dismissal should be with prejudice because Plaintiff's claim of legal malpractice against CWS fails as a matter of law for the reasons detailed in the November 1, 2021 Opinion and Order, any amendment would be futile, and the Court expressly provided in the November 1, 2021 Opinion and Order that if Plaintiff failed to file a Second Amended Complaint which did not remedy the deficiencies identified in the First Amended Complaint, the dismissal would be with prejudice.

## POINT I

**PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS THE SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS IDENTIFIED BY THE COURT IN THE NOVEMBER 1, 2021 OPINION AND ORDER.**

Although granted leave of Court to file a Second Amended Complaint to address the deficiencies identified in the First Amended Complaint by the Court in its November 1, 2021 Opinion and Order, Plaintiff elected not to do so. Rather, as to CWS, the Second Amended Complaint contains the identical allegation of legal malpractice, based upon the identical facts alleged in the First Amended Complaint.

Having elected not to remedy the deficiencies in the First Amended Complaint, dismissal with prejudice is proper. Foman, supra. Indeed, in the November 1, 2021 Opinion and Order, the Court expressly held that "if plaintiffs fail to file an appropriate amended pleading within this time [30 days] the claim against Cohen, Weiss and Simon LLP and Cohen, Weiss and Simon LLP as a defendant will be **DISMISSED with prejudice**." In accordance with the express terms of the November 1, 2021 Opinion and Order, the Second Amended Complaint should be dismissed with prejudice.

## POINT II

**AS A MATTER OF LAW, THERE WAS NO ATTORNEY-CLIENT RELATIONSHIP BETWEEN PLAINTIFF D'AMBLY AND CWS, AS CWS REPRESENTED THE UNION IN THE GRIEVANCE PROCESS.**

On this point CWS relies upon its memoranda of law in support of its motion to dismiss Count XIII of Plaintiff's Amended Complaint and the Court's November 1, 2021 Opinion and Order. A copy of the memorandum of law is attached as Exhibit "G" to the Supplemental Certification of Michael J. Canning, Esq. A copy of CWS' reply brief is attached as **Exhibit "B"** to the Certification of Michael J. Canning, Esq.

In its November 1, 2021 Opinion and Order, the Court found that the binding precedent from the Third Circuit Court of Appeals in Carino v. Stefan, supra., is directly on point. Id. at p. 6. As stated in the Opinion, in Carino, the Third Circuit broadly construed Section 301(b) of the LMRA, "holding that Section 301 of the LMRA immunizes attorneys employed by or hired by unions to perform services related to a collective bargaining agreement from suit for malpractice." Id. at 162. The Court found that the allegations in the First Amended Complaint fits squarely into the parameters discussed in Carino. Opinion at p. 7. Plaintiff alleged that the union hired defendant to represent plaintiff with respect to the grievance. Plaintiff alleged that defendant conducted inadequate legal research and investigation into the

- 6 -

accusations that led to Plaintiff's termination. Plaintiff alluded that had Defendant conducted an appropriate investigation, it would have led to reinstatement. See ¶¶ 68-74 of Plaintiff's Amended Complaint. See Opinion at pp. 6-7. The Court found that "because the union retained defendant to represent plaintiff as to the grievance, Section 301(b) bars plaintiff from asserting malpractice claims against defendant." Id. at p. 7.

The Second Amended Complaint contains the identical factual allegations as in the First Amended Complaint. The allegations in the First Amended Complaint at ¶¶ 68-74, which were cited in the Court's Opinion, are reiterated nearly verbatim in ¶¶ 70-76 of the Second Amended Complaint. The claim of legal malpractice alleged in Count VI of the Second Amended Complaint at ¶¶ 196-203 is identical to the allegation of legal malpractice alleged in Count XIII of the First Amended Complaint at ¶¶ 238-245. Because the Court has already found based on the identical factual allegations that Section 301(b) bars Plaintiff's claim against Defendant, and accordingly that there was no attorney client relationship between Plaintiff and Defendant, see Opinion at p. 10, the Second Amended Complaint should be dismissed with prejudice.

**CONCLUSION**

For the reasons set forth at length herein, and in accordance with the direction provided in the Court's November 1, 2021 Opinion and Order, Count VI of the Second Amended Complaint should be dismissed with prejudice as to CWS.

```
                              GIORDANO, HALLERAN & CIESLA, P.C.
                              Attorneys for Defendant Cohen,
                              Weiss and Simon LLP


                         By:  _____
                              MICHAEL J. CANNING, ESQ.
```

Dated:  January 17, 2022

Docs #5485088-v1