UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY; AARON WOLKIND; STEVE HARTLEY; RICHARD SCHWETZ; JOBEL BARBOSA; MATTHEW REIDINGER; JOHN HUGO; SEAN-MICHAEL DAVID SCOTT; THOMAS LOUDEN; ZACHARY REHL; AMANDA REHL; K.R., a minor, by and through her father ZACHARY REHL and her mother AMANDA REHL, MARK ANTHONY TUCCI<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTIAN EXOO a/k/a ANITFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC., COHEN, WEISS AND SIMON, LLP; NICK STRICKLAND; TORCH ANTIFA NETWORK; UNNAMED ASSOCIATES 1 – 100;<br><br>Defendants. | Civil Action No. 2:20-cv-12880-JMV-JAD<br><br>Hon. John M. Vazquez, U.S.D.J.<br><br>Oral Argument Requested<br><br>Motion Date: February 7, 2022 |

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT ST. LAWRENCE UNIVERSITY'S MOTION TO DISMISS

BOND, SCHOENECK & KING, PLLC
Monica C. Barrett, Esq.
Adam P. Mastroleo, Esq.
600 Third Avenue, 22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:   (646) 253-2383
Email:   mbarrett@bsk.com

*Attorneys for Defendant
St. Lawrence University*

**TABLE OF CONTENTS**

                                                                                   **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    A.    Plaintiffs Fail to Address the Fact that their Proposed Amended Complaint Exceeds the Authority to Amend Granted by this Court ................. 1

    B.    The Plaintiffs' General Discussion of Jurisdiction is Insufficient to Establish that this Court has Jurisdiction over the University .......................... 2

          1.    Plaintiffs do not even attempt to argue that this court has general or specific jurisdiction over the University ........................................................ 2

          2.    Plaintiffs fail to establish that this Court has jurisdiction over the University under the RICO statute ............................................................. 2

    C.    Plaintiffs' Brief Improperly Includes an Unasserted Claim for Negligence .................................................................................................... 4

    D.    Plaintiffs' Opposition Does Not Cure the SAC's Failure to Plausibly Allege an "Enterprise" or the University's Participation in an Enterprise ......... 6

    E.    Plaintiffs Fail to Establish any Predicate Acts.................................................... 7

    F.    Plaintiffs Misstate Applicable Law regarding Conspiracy Claims under 18 U.S.C. 1962(d) .................................................................................................... 9

CONCLUSION ...................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*D.H v. C.M., et al.*,
  No. 3:20-cv-01807, 2020 WL 6281686 (D.N.J. Oct. 27, 2020) .................................. 5

*Efron v. Embassy Suites (Puerto Rico), Inc.*,
  223 F.3d 12 (1st Cir. 2000) .................................................................................... 10

*In re Ins. Brokerage Antitrust Litig.*,
  618 F.3d 300 (3d Cir. 2009) ..................................................................................... 6

*Kolar v. Preferred Real Estate Investments, Inc.*,
  361 Fed. Appx. 354 (3d Cir. 2010) ................................................................ 2, 9, 10

*Laurel Gardens, LLC v. McKenna*,
  948 F.3d 105 (3d Cir. 2020) ..................................................................................... 3

*Lighting Lube, Inc. v. Witco Corp.*,
  4 F.3d 1153 (3d Cir. 1993) ................................................................................. 9, 10

*Maddox v. City of Newark*,
  50 F. Supp. 3d 606 (D.N.J. 2014) ............................................................................ 5

*Nat'l Inst. of Sci. and Tech., et al. v. Sukant Mohapatra*,
  No. 20-12361 (MAS) (ZNQ), 2021 WL 2190980 (D.N.J. May 31, 2021) ............ 4, 7

*National Sec. Systems, Inc. v. Iola*,
  700 F.3d 65 (3d Cir. 2012) ....................................................................................... 8

*O'Rourke v. Crosley*,
  847 F. Supp. 1208 (D.N.J. March 28, 1994) ........................................................... 8

*Pop Test Cortisol, LLC v. Univ. of Chi.*,
  No. 14-cv-7174, 2015 WL 3822237 (D.N.J. June 18, 2015) ............................... 2, 3

*Robinson v. Section 23 Prop. Owner's Ass'n*,
  1:16-cv-09384-NLH-JS, 2018 WL 6630513 (D.N.J. Dec. 18, 2018) ....................... 4

*Schuler v. Monmouth Cty. Vocational Sch. Dist.*,
  No. 319-cv-00025, 2020 WL 1809676 (D.N.Y. Jan. 9, 2020) .................................. 5

*Smith v. Berg*,
  247 F.3d 532 (3d Cir. 2001) ..................................................................................... 9

*Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) .................................................................................. 4, 7

**Statutes**

18 U.S.C. § 1343 ............................................................................................................ 7

18 U.S.C. § 1951 ............................................................................................................ 7

18 U.S.C. § 1952 ............................................................................................................ 7

18 U.S.C. § 1962(d) ....................................................................................................... 9

29 U.S.C. § 530 .............................................................................................................. 7

**PRELIMINARY STATEMENT**

Defendant St. Lawrence University (the "University") submits this reply brief in further support of its motion to dismiss the Second Amended Complaint ("SAC") filed by plaintiffs Daniel D'Ambly, Aaron Wolkind, Steven Hartley, Richard Schwetz, Jobel Barbosa, Matthew Redinger, John Hugo, Sean-Michal David Scott, Thomas Louden, Zachary Rehl, Amanda Rehl, K.R. a minor by and through her father Zachary Rehl and her mother Amanda Rehl, and Mark Anthony Tucci ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

It is clear that Plaintiffs have abandoned many of the arguments and claims set forth in the SAC. Rather than confront the clear deficiencies in their amended pleading, Plaintiffs attempt to assert new claims in their Brief. Plaintiffs have been afforded multiple opportunities to cure their defective pleadings, and should not be granted any additional leeway. As discussed in the University's original brief and below, the SAC must be dismissed in its entirety.

**ARGUMENT**

**A.  Plaintiffs Fail to Address the Fact that their Proposed Amended Complaint Exceeds the Authority to Amend Granted by this Court**

In opposition to the present motion, Plaintiffs wholly ignore the fact that the SAC's addition of new parties and legal theories exceeded the authority granted by this Court to amend their complaint. Plaintiffs provide no excuse or justification for this failure and they do not ask the Court for leave to amend. As such, the University's motion should be granted with respect to this issue and SAC's addition of new parties

and claims should be rejected. *See, e.g., Kolar v. Preferred Real Estate Investments, Inc.*, 361 Fed. Appx. 354, 367-68 (3d Cir. 2010).

B. **The Plaintiffs' General Discussion of Jurisdiction is Insufficient to Establish that this Court has Jurisdiction over the University**

   1. Plaintiffs do not even attempt to argue that this court has general or specific jurisdiction over the University

In opposition to the University's motion, Plaintiffs do not attempt to argue that the University has contacts with New Jersey that would justify general or specific jurisdiction within the state. Indeed, Plaintiffs' Brief fails to allege or discuss any facts which demonstrate that the University had minimum contacts with New Jersey, that it "purposefully directed" activities toward the State, or that it engaged in any forum-related activity which would reasonably put it on notice that it could be hauled into a New Jersey Court. As such, there is no dispute that the University does not have the minimum contacts necessary to justify jurisdiction in New Jersey. *Pop Test Cortisol, LLC v. Univ. of Chi.*, No. 14-cv-7174, 2015 WL 3822237, at *2 (D.N.J. June 18, 2015).

   2. Plaintiffs fail to establish that this Court has jurisdiction over the University under the RICO statute

Plaintiffs now attempt to add two new defendants – "Nick" Strickland[1] and Torch Antifa Network ("Torch Antifa") – to cure the jurisdictional deficiencies in the original Complaint and First Amended Complaint ("FAC"). As discussed in the University's original Brief and below, Plaintiffs have failed to allege facts sufficient to justify jurisdiction over the University based on the conduct of other members of the alleged RICO "enterprise."

---

[1] Plaintiffs claim that Mr. Strickland was improperly named as "Nick" in the SAC and that the SAC should have named "John" Strickland. (Plaintiffs' Brief, p. 2, n. 1). Plaintiffs fail to seek the Court's permission to add Mr. Strickland as a defendant in the SAC or to make this additional change.

2

13643855.1

As an initial matter, the University does not dispute that jurisdiction as to all members of a RICO conspiracy is permissible under the federal RICO statute if a plaintiff can establish personal jurisdiction over at least one of the members of the conspiracy. *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 117-18 (3d Cir. 2020). However, Plaintiffs fail to meet this burden for several reasons.

First, Plaintiffs have not sought this Court's permission, or the consent of the other Defendants, to add Mr. Strickland or Torch Antifa as defendants. As such, Plaintiffs cannot rely on these new defendants to establish jurisdiction. *See* Fed. R. Civ. Pro. 15(a)(2). Moreover, Plaintiffs do not claim that jurisdiction is proper based upon the contacts of any other named defendants with the state of New Jersey. Plaintiffs' attempt to utilize the RICO statute to obtain jurisdiction over the University therefore fails on this basis alone.

Second, even if Plaintiffs could add Mr. Strickland and Torch Antifa as defendants, their inclusion in the case would not establish jurisdiction over the University. Plaintiffs fail to allege *any* connection between Mr. Strickland, Torch Antifa, and the University. This is obviously because the University has no connection to either of these new parties. In fact, Plaintiffs' attempt to add these defendants highlights how improper it is for them to include the University in this case. The University has no connection to any RICO conspiracy and should not be brought into court in New Jersey based on Plaintiffs' absurd and unsubstantiated claims.

Third, and most importantly, as stated in the University's original Brief and below, because Plaintiffs failed to state a federal RICO claim, the federal RICO statute cannot

3

form the "basis for asserting personal jurisdiction over defendants not otherwise subject to the jurisdiction of the courts in this district." *Pop Test Cortisol*, WL 3822237, at *5.

Plaintiffs therefore failed to meet their "burden of establishing personal jurisdiction" over the University, and the University should be dismissed from the case, with prejudice. *Robinson v. Section 23 Prop. Owner's Ass'n*, 1:16-cv-09384-NLH-JS, 2018 WL 6630513, at *2 (D.N.J. Dec. 18, 2018) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)).

### C. Plaintiffs' Brief Improperly Includes an Unasserted Claim for Negligence

In opposition to the University's motion to dismiss the FAC, Plaintiffs argued that the University was somehow negligent in allowing Mr. Exoo to conduct Exoo Enterprise activity on campus property with campus resources. (Dkt. 84, pp. 12-13). The University opposed this argument in its reply by arguing, among other things, that Plaintiffs could not use their opposition to the University's motion to assert a new tort claim that was not included in the FAC. (Dkt. 88, p. 9). This Court agreed with the University and rejected Plaintiffs' attempt to amend their complaint through a brief. (Dkt. 99, p.10 n.5).

In spite of this clear statement from the Court, Plaintiffs *again* failed to include a negligence claim against the University in the SAC. Repeating its course, Plaintiffs *again* attempt to amend the SAC to add a tort claim through their opposition to the University's motion to dismiss. (Dkt. 124, pp. 7 – 8). Once again, this Court should not consider Plaintiffs' newly asserted negligence claim. Indeed, it is well established that a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Nat'l Inst. of Sci. and Tech., et al. v. Sukant Mohapatra*, No. 20-12361 (MAS) (ZNQ), 2021 WL 2190980 at *3 (D.N.J. May 31, 2021) ("notwithstanding these principles, courts may not consider

claims raised for the first time in a plaintiff's opposition to a motion to dismiss.") (internal citation omitted).

However, even if the Court did consider whether Plaintiffs have stated a claim for negligent supervision, retention or hiring, that claim lacks merit and would also be subject to dismissal.

To succeed on a claim of negligent hiring or retention, a plaintiff must establish "(1) that the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons, and (2) that through the employer's negligence, the employee's incompetence, unfitness, or dangerous characteristics proximately caused the injury." *Maddox v. City of Newark*, 50 F. Supp. 3d 606, 636 (D.N.J. 2014) (internal quotations and citations omitted).

Again, the SAC fails to allege any facts that would establish either of these elements. The only fact alleged is that Mr. Exoo is employed by the University. The SAC fails to include anything other than conclusory and unsupported allegations regarding the University's knowledge of or reaction to Mr. Exoo's alleged activities. It is well established that conclusory allegations are not sufficient to sustain a claim for negligent hiring, supervision or retention. *See M.H. a minor, by her mother and guardian, D.H v. C.M., et al.*, No. 3:20-cv-01807, 2020 WL 6281686, *10 (D.N.J. Oct. 27, 2020) (dismissing negligent hiring, supervision and retention claims where plaintiff merely advanced conclusory statements in support of claims); *Schuler v. Monmouth Cty. Vocational Sch. Dist.*, No. 319-cv-00025, 2020 WL 1809676, *6 (D.N.Y. Jan. 9, 2020) (holding that conclusory statements will not satisfy a claim for negligent hiring and supervision.).

5

As a result, to the extent this Court considers whether Plaintiffs have stated a claim for negligent hiring, supervision or retention, that claim should also be dismissed.

**D.     Plaintiffs' Opposition Does Not Cure the SAC's Failure to Plausibly Allege an "Enterprise" or the University's Participation in an Enterprise**

Plaintiffs' brief all but ignores the well-established pleading requirements for RICO claims.  In fact, Plaintiffs fail to provide any significant discussion regarding the existence of, or the University's participation in, a RICO "enterprise."  It is well-established that to adequately plead a federal RICO claim, Plaintiff is required to identify facts "plausibly implying the existence of an enterprise with . . . a shared purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369-70 (3d Cir. 2009) (internal citations and quotations omitted).

The SAC offers no detail regarding the structure of the alleged enterprise except to state that the University, together with Twitter and others were a part of it.  The Complaint fails to identify any "relationship" between Twitter, Ms. Gadde, Nick Strickland, Torch Antifa and the University, and there is no indication that the University had any knowledge of Nick Strickland, Torch Antifa, Twitter or Ms. Gadde's alleged involvement in the enterprise.

Plaintiffs' failure to provide factual support for their claims is telling.  Certainly, if Plaintiffs had *any* facts to support their claim that an enterprise existed, and that the University was a participant in that enterprise, they would have provided them in opposition to this motion or the original motion to dismiss that was filed last year.  They did not, because they cannot.  As such, the University's motion should be granted in its entirety, with prejudice.

6

### E. Plaintiffs Fail to Establish any Predicate Acts

Even if Plaintiffs had properly alleged an "enterprise," or the University's participation in that enterprise, their RICO claim would still be subject to dismissal because they fail to allege any requisite predicate acts.

Count IV of the SAC alleges that the members of the so-called "Exoo Enterprise" engaged in "racketeering activity" by committing multiple violations of the Hobbs Act (18 U.S.C. § 1951) and the Travel Act (18 U.S.C. § 1952). *See*, SAC, ¶ 183. These are the same claims made by Plaintiffs in the FAC, which were rejected by the Court in its Decision.

Perhaps realizing that the SAC fails to plausibly allege any predicate acts, Plaintiffs' opposition to the present motions to dismiss seems to abandon the pled Hobbs Act and Travel Act predicate acts, and instead includes two new alleged predicate acts under 18 U.S.C. § 1343 (wire fraud), and 29 U.S.C. § 530 (LMRDA violation)[2]. (Dkt. 122, pp. 16 – 22). Neither newly asserted predicate act can save the SAC from dismissal.

As an initial matter, Plaintiffs cannot amend their pleading in opposition to a motion to dismiss. *Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). As such, their newly asserted predicate acts should not be considered by this Court and their RICO claims should be dismissed.

However, even if this Court did consider Plaintiffs' newly asserted predicate acts, dismissal of the SAC's RICO claims remains appropriate. First, with respect to Plaintiffs' LMRDA claim, there is nothing in the SAC to even suggest that the University participated

---

[2] The SAC asserts a separate cause of action under the LMRDA (Count VII). The University moved to dismiss this claim because the LMRDA section on which Plaintiffs base their claim does not provide for a private right of action. Plaintiffs' opposition ignores this issue entirety. As a result, it appears Plaintiffs have abandoned Count VII.

7

13643855.1

in any extortionate conduct relating to Plaintiff Daniel D'Ambly's union rights.[3] As stated by this Court in its previous Decision, extortionate conduct requires "the obtaining of property from another." (Dkt. 99, p. 7) Plaintiffs do not allege that the University obtained property from Plaintiffs. The case cited by Plaintiffs – *O'Rourke v. Crosley*, 847 F. Supp. 1208, 1215 (D.N.J. March 28, 1994) – highlights this point.  In that case, the Court dismissed the plaintiff's RICO claim against one of the alleged RICO participants named Crosley because there was "no allegation that Crosley did *anything* to plaintiff, nor that Crosley ordered or otherwise induced any acts committed against plaintiff by others." *Id*. Ultimately, the court found that plaintiff failed to "establish the primary element – inducing the victim to part with property." *Id.*

Similarly, here, there is no allegation that the University induced Plaintiff D'Ambly to part with his union rights, and Plaintiffs cannot rely on the LMRDA to establish a predicate act as against the University.

Second, Plaintiffs' newly asserted wire fraud claims likewise fail. Plaintiffs fail to allege that the University participated in any conduct that would satisfy the elements of a wire fraud claim, which include: "(1) a scheme or artifice to defraud for the purpose of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme." *National Sec. Systems, Inc. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012).  Courts in this circuit have warned that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern

---

[3] Plaintiffs' alleged predicate act under the LMRDA would only apply to plaintiff Daniel D'Ambly.

from allegations that, upon closer scrutiny, do not support it." *Kolar v. Preferred Real Estate Investments, Inc.*, 361 Fed. Appx. 354, 363 (3d Cir. 2010) (citations omitted).

Utilizing this increased scrutiny, it is clear that Plaintiffs failed to allege a valid RICO claim against the University involving wire or mail fraud. Plaintiffs have not alleged that the University knowingly devised any scheme to defraud Plaintiffs, that this scheme was for the purpose of obtaining Plaintiffs' money or property, that the University had, at any time, the specific intent to defraud or that the University used the mails or wire transmissions in furtherance of its scheme.

Plaintiffs' inclusion of the University in this case becomes more untenable the more they try to state a claim. At best, Plaintiffs have alleged that the University employs Christian Exoo. This does not, and cannot, establish that the University is part of a RICO enterprise involved in the commission of illegal predicate acts. The SAC must therefore be dismissed in its entirety as against the University.

### F.     **Plaintiffs Misstate Applicable Law regarding Conspiracy Claims under 18 U.S.C. 1962(d)**

In their brief, Plaintiffs misstate the law regarding conspiracy claims. Plaintiffs argue, "A conspiracy claim under 18 U.S.C. § 1962(d) can proceed even if the claims under another section 1962 are dismissed. *Smith v. Berg*, 247 F.3d 532, 534 (3d Cir. 2001)." (Dkt. 124, p. 8). Upon information and belief, Plaintiffs make this claim to refute this Court's conclusion in its November 1, 2021, Decision that "because Plaintiffs fail to establish a substantive RICO claim, their RICO conspiracy claim must also be dismissed." (Dkt. 99, p. 8).

Plaintiffs incorrectly challenge this Court's correct holding. In support of its conclusion, this Court cited to the Third Circuit decision in *Lighting Lube, Inc. v. Witco*

9

13643855.1

*Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993). It is clear that this Court's recitation of the relevant standard was correct, and *Lighting Lube* has been repeatedly cited for this principle.

For example, in *Kolar v. Preferred Real Estate Investments, Inc.*, the Third Circuit stated that where the plaintiff "failed to allege a pattern of racketeering activity, he has consequently failed to establish a substantive violation of §§ 1962(a) or (c)." 361 Fed. Appx. at 367; *see also Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 21 (1st Cir. 2000) ("if the pleadings do not state a substantive RICO claim upon which relief may be granted, then the conspiracy claim also fails").

As discussed in detail in the University's original brief, and above, Plaintiffs failed to establish a substantive RICO claim, and their conspiracy claim must also be dismissed.

## **CONCLUSION**

For all of the foregoing reasons, as well as the reasons stated in the University's original Brief, the University respectfully requests that the Court dismiss all claims against it with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

Dated:  January 31, 2022                                BOND, SCHOENECK & KING, PLLC

By:    /s/ Monica C. Barrett
     Monica C. Barrett, Esq.
     Adam P. Mastroleo, Esq.
Office and P.O. Address
600 Third Avenue, 22nd Floor
New York, NY 10016
Telephone:   (646) 253-2300
Facsimile:     (646) 253-2383
Email:  mbarrett@bsk.com

*Attorneys for Defendant St. Lawrence University*

10

13643855.1