## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, AARON WOLKIND, STEVE HARTLEY, RICHARD SCHWETZ, JOBEL BARBOSA, MATTHEW REIDINGER, JOHN HUGO, SEAN-MICHAEL DAVID SCOTT, THOMAS LOUDEN, ZACHARY REHL, AMANDA REHL, K.R., a minor, by and through her father ZACHARY REHL, and her mother AMANDA REHL, MARK ANTHONY TUCCI, <br><br> Plaintiffs, <br> vs. <br><br> CHRISTIAN EXOO a/k/a ANTIFASH GORDON, ST. LAWRENCE UNIVERSITY, TRIBUNE PUBLISHING COMPANY, NEW YORK DAILY NEWS, VIJAYA GADDE, TWITTER, INC., COHEN, WEISS AND SIMON, LLP, NICK STRICKLAND, TORCH ANTIFA NETWORK, UNNAMED ASSOCIATES 1-100 <br><br> Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JMV-JSA <br><br><br> Hon. John M. Vazquez, U.S.D.J. |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT CHRISTIAN EXOO'S MOTION FOR RULE 11 SANCTIONS

**Contents**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 2

   A.    Plaintiffs' Counsel Should Have Dismissed the Two Unauthorized Defendants to Avoid the Imposition of Sanctions Because the SAC Exceeds the Scope of the Leave Granted By the Court. 2

   B.    Plaintiffs' Counsel Should Have Dismissed the Unauthorized Claim Under the LMRDA to Avoid the Imposition of Sanctions Because the SAC Exceeds the Scope of the Leave Granted to the Court............................................................................................................ 4

   C.    Plaintiffs' Counsel Should Have Dismissed the Unauthorized Claim Under the LMRDA to Avoid the Imposition of Sanctions Because the Claim is Based on a Criminal Statute that Affords No Private Right of Action............................................................................. 5

   III.    CONCLUSION ........................................................................................................... 6

## TABLE OF AUTHORITIES

Cases

*Bristol-Myers Squibb Co. v. Super. Ct. of Ca., S.F. Cty.*, 137 S. Ct. 1773, 1781-82 (2017)........... 3

*Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993) .... 2, 3

*Weirbach v. Cellular Connection, LLC*, 478 F. Supp. 3d 544, 550 (E.D. Pa. 2020)...................... 4

**Statutes**

29 U.S.C.  § 530.............................................................................................................................4-6

## I.   INTRODUCTION

Defendant Christian Exoo ("Defendant Exoo") submits this Reply Memorandum of Law in further support of his motion for Rule 11 sanctions against Plaintiffs' Counsel and in response to Plaintiffs' opposition to the Motion (ECF No. 125, "Opposition Brief"). The Opposition Brief fails to offer any reasonable excuse for Plaintiffs' Counsel's conduct and fails to address two of the three arguments in Defendant Exoo's opening brief on this motion (ECF No. 112-1, "Exoo Brief").

First, the Opposition Brief fails to refute Defendant Exoo's argument that Plaintiffs' Counsel exceeded the scope of the leave granted to them by adding new Defendants. Second, the Opposition Brief fails to even address Defendant Exoo's argument that Plaintiffs' Counsel should have agreed to withdraw the new claim asserted against Defendants Exoo, St. Lawrence University, Twitter, Inc., and Vinjaya Gadde (the "Section 530 Defendants") because it exceeds the scope of that leave. Finally, the Opposition Brief also fails to address Defendant Exoo's argument that sanctions are appropriate because the new claim is based on a criminal statute with no private of action. Plaintiffs' contumacious conduct warrants sanctions.

## II.     ARGUMENT

A.     *Plaintiffs' Counsel Should Have Dismissed the Two Unauthorized Defendants to Avoid the Imposition of Sanctions Because the SAC Exceeds the Scope of the Leave Granted By the Court.*

Plaintiffs' Opposition largely ignores Defendant Exoo's argument that sanctions should be imposed because the addition of new defendants exceeds the scope of the leave granted by the Court. Moreover, the opposition offers no basis for avoiding the imposition of sanctions.

First, Plaintiffs' fail to cite any portion of the Court's November 1, 201 Opinion or Order which explicitly authorized the addition of new parties. The Court granted leave to amend solely to cure the substantial deficiencies in the FAC, not to add new parties. *See* ECF 99, Opinion at 20-21 (granting "leave to file an amended complaint that cures the deficiencies herein"); ECF 100, Order (granting "leave to file an amended complaint that remedies the identified the deficiencies"). Plaintiffs' Counsel could not reasonably have interpreted the Court's Opinion as an invitation to add new parties. *See Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993) (sanctioning plaintiff and requiring payment of defendant's attorney's fees where plaintiff added an unauthorized new defendant and unauthorized new claims to its amended complaint). In *Dover Steel Co*., the court rejected a similar gambit from the plaintiff, noting "[t]he Court cannot accept Dover's contention that the plain

language of the Court's [] Order [] granted Dover a general license to restructure the course of the litigation in midstream." *Id*.

Second, the unauthorized addition of "Defendants" Strickland and Torch does not cure any of the numerous deficiencies in the FAC. Plaintiffs' Counsel asserts that by adding New Jersey-based Defendants, Plaintiffs can exercise jurisdiction over Defendant Exoo, in the event the RICO claims are dismissed. *See* Plaintiffs' Opp. Brief at 2 ("in order to cure jurisdictional deficiencies that the Court cited in its Opinion [], Plaintiffs named as Defendants []Strickland and Torch []"). However, that position is in stark contrast to the explicit ruling of this Court. *See* Opinion at 11-12. In its Opinion, the Court stated:

> Plaintiffs must each establish that personal jurisdiction exists over Exoo. *See Bristol-Myers Squibb Co. v. Super. Ct. of Ca., S.F. Cty.*, 137 S. Ct. 1773, 1781-82 (2017) (explaining that the requirements for **personal jurisdiction must be satisfied for each defendant and a defendant's relationship with a third party is an insufficient basis to confer personal jurisdiction**); *see also Weirbach v. Cellular Connection, LLC*, 478 F. Supp. 3d 544, 550 (E.D. Pa. 2020) (concluding that **the court could not exercise personal jurisdiction over out-of-state plaintiffs' claims even though they suffered the same harms as in-state plaintiffs**).

*Id*. (emphasis added).

Thus, this Court precluded Plaintiffs' Counsel's argument in the very Opinion from which Plaintiffs' Counsel claims authority to add these new parties. As the Court expressly noted, the twelve foreign Plaintiffs cannot obtain

jurisdiction over existing defendants, simply by adding new defendants from New Jersey.

Third, Plaintiffs' Opposition fails to address the fact that none of the seven Counts in the SAC are asserted against "Defendant" Strickland or "Defendant" Torch. *See* SAC at Counts I-VII. For instance, the RICO, RICO conspiracy, and Section 530 claims (Counts V, VI, and VII) are brought **"as to all Plaintiffs against defendants Christian Exoo a/k/a "AntiFashGordon," St. Lawrence University, Vijaya Gadde, and Twitter, Inc., the "Exoo Enterprise.""** Indeed, Strickland and Torch cannot be properly referred to as "Defendants" since Plaintiffs do not assert any claims against them.

B.    *Plaintiffs' Counsel Should Have Dismissed the Unauthorized Claim Under the LMRDA to Avoid the Imposition of Sanctions Because the SAC Exceeds the Scope of the Leave Granted to the Court.*

Not only does Plaintiffs' Opposition fail to refute Defendant Exoo's argument that the addition of the new Section 530 claim (Count VII) exceeds the scope of the leave granted by the Court, Plaintiffs' Opposition fails to even address the issue. Nor does Plaintiff's Opposition acknowledge or refute any of the numerous cases cited by Defendant Exoo that sanctions are an appropriate remedy for adding additional claims that exceed the scope of leave granted by the court. *See* Exoo Brief at 7-8. Plaintiff's Counsel has made no effort to avoid the imposition of sanctions for the unauthorized amendment.

C.  *Plaintiffs' Counsel Should Have Dismissed the Unauthorized Claim Under the LMRDA to Avoid the Imposition of Sanctions Because the Claim is Based on a Criminal Statute that Affords No Private Right of Action.*

The Section 530 Defendants made substantial efforts to explain to Plaintiffs' Counsel that Section 530 affords no private right of action to civil plaintiffs, both before and after the Motion for Sanctions and Motions to Dismiss were filed with the Court. *See* Exoo's Brief at 8-11; ECF No. 116-2, St. Lawrence MTD Brief at 7-8;  ECF No. 117-2, Twitter and Gadde MTD Brief at 7-8; ECF No. 112-2, Exhibit D, Safe Harbor Warning Letter. Moreover, the Court was clear in its November 1, 2021 Opinion setting forth the standard on this very issue. ECF 99, Opinion at 20-21. Nevertheless, Plaintiffs' Counsel refuses to even acknowledge the basis for this sanctions motion.

In response to Defendant Exoo's Counsel's e-mail following up on Defendants' safe harbor letter enclosing the motion papers, Plaintiffs' Counsel ignored Defendant Exoo's argument concerning this issue and merely stated:

> I will not drop either [the new defendants or the new claim], Exoo violated the LMRDA by interfering with and depriving D'Ambly his rights as a union member, but you know that.

*See* ECF No. 11-3, Exh. A, Trainor 1/5/22 E-mail.

Similarly, Plaintiffs' Opposition Brief fails to address the argument that as plaintiffs in a civil lawsuit, his clients simply do not have the authority to prosecute this claim.  Moreover, Plaintiffs' Counsel fails to distinguish the numerous cases which support Defendant Exoo's argument that there is no private of action under Section 530. *See* Exoo Brief at 9-10.

In its prior Opinion, concerning a number of other criminal statutory claims asserted by Plaintiffs, the Court noted:

> D'Ambly does not identify any authority suggesting the Court should infer that a statutory private right of action exists for either statute. Therefore, the Court will not infer a private right of action.

Opinion at 20-21.

Yet in opposition to this motion for sanctions, Plaintiffs' Counsel once again "does not identify any authority suggesting the Court should infer that a statutory private right of action exists for" Plaintiffs' Section 530 claim. *Quoting id*. In light of the Court's prior Opinion, it is inconceivable to think that Plaintiffs' Counsel would expect any outcome other than dismissal of the Section 530 claim and the imposition of sanctions against him.

### III.   CONCLUSION

Plaintiffs' Counsel has been afforded every opportunity to avoid the imposition of sanctions and has rejected them all. Defendant Exoo asks this Court to impose sanctions against Plaintiffs' counsel and require him to pay reasonable

attorneys' fees to Defendant Exoo's counsel for the time spent preparing and filing the instant motion, his motion to strike, and portions of the motion to dismiss relating to the arguments made herein. Plaintiffs also ask the Court to grant such other further relief that it deems just and proper.

Dated:      January 31, 2022
            Lynbrook, New York

      Respectfully submitted,

      **THE MARLBOROUGH LAW FIRM, P.C**.

      By: _____
      Christopher Marlborough
      375 Sunrise Highway, Suite 3
      Lynbrook, New York 11563
      Phone: (212) 991-8960
      Fax: (212) 991-8952
      E-mail: chris@marlboroughlawfirm.com

      Richard Torres, Esq.
      63 Tooker Avenue
      Springfield, New Jersey 07081
      Phone: (347) 742-5362
      E-mail: richardtorresdna@gmail.com

      *Counsel for Defendant Christian Exoo*