## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, AARON WOLKIND, STEVE HARTLEY, RICHARD SCHWETZ, JOBEL BARBOSA, MATTHEW REIDINGER, JOHN HUGO, SEAN-MICHAEL DAVID SCOTT, THOMAS LOUDEN, ZACHARY REHL, AMANDA REHL, K.R., a minor, by and through her father ZACHARY REHL, and her mother AMANDA REHL, MARK ANTHONY TUCCI, <br><br>　　　　Plaintiffs, <br>　vs. <br><br> CHRISTIAN EXOO a/k/a ANTIFASH GORDON, ST. LAWRENCE UNIVERSITY, TRIBUNE PUBLISHING COMPANY, NEW YORK DAILY NEWS, VIJAYA GADDE, TWITTER, INC., COHEN, WEISS AND SIMON, LLP, NICK STRICKLAND, TORCH ANTIFA NETWORK, UNNAMED ASSOCIATES 1-100 <br><br><br>　　　　Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JMV-JSA <br><br><br> Hon. John M. Vazquez, U.S.D.J. <br><br> Motion Date: February 7, 2022 |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT CHRISTIAN EXOO'S MOTION TO DIMISS PURSUANT TO
F.R.C.P. RULES 12(B)(2) AND 12(B)(6) AND MOTION TO STRIKE
PURSUANT TO F.R.C.P. RULE 12(F)

# Table of Contents

I.  INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ..................................................................................................... 1

   A.  Defendant Exoo's Motion to Dismiss Should Be Granted .............................. 1

      1.  Plaintiffs Seek to Rewrite the Complaint in their Opposition Brief ............................ 1

      2.  Counts IV and V of the SAC (RICO) Should Be Dismissed With Prejudice .............. 3

      3.  The Court Lacks Jurisdiction Over Defendant Exoo with Respect to the Non-Rico Claims of the Twelve Foreign Plaintiffs .................................................................. 9

      4.  Counts VII of the SAC for Violation of 29 U.S.C. § 530 Should Be Dismissed With Prejudice ......................................................................................................... 10

      5.  Count II of the SAC For Tortious Interference Should Be Dismissed With Prejudice 10

   B.  Defendant Exoo's Motion to Strike Should be Granted ................................. 14

III.  CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Bristol-Myers Squibb Co. v. Super. Ct. of Ca., S.F. Cty.*, 137 S. Ct. 1773 (2017)……………...…9

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1984)…………………………………………………………………………….……….2, 4

*Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942)…………………………………………..13, 14

*Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988)…….1, 2

*Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150 (11th Cir. 2019)…………………………………………………………………………………5

*Crawford v. New Castle Cty. Hous. Auth.*, 2019 U.S. Dist. LEXIS 140756 (D. Del. Aug. 19, 2019)…………………………………………………………...…………….2

*Fitch v. Radnor Indus., Ltd.*, 1990 U.S. Dist. LEXIS 13023 (E.D. Pa. Sep. 27, 1990)………..…5

*Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, (S.D.N.Y. 1985)…………………………….......15

*Kolar v. Pref. Real Estate Invs. Inc.*, 361 F. App'x 354 (3d Cir. 2010)……………………..5, 8, 9

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993)……………………………..8, 9

*Luce v. Edelstein*, 802 F.2d 49 (2d Cir. 1986)……………………………………………………5

*McKeever v. Israel*, 476 F. Supp. 1370 (E.D. Wis. 1979)………………………………………15

*Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012)…………………………………...…..4

*O'Rourke v. Crosley,* 847 F. Supp. 1208 (D.N.J. 1994)………………...……………………...7

*Scheidler v. NOW, Inc.,* 537 U.S. 393 (2003)…………………………………………………..7

*Skilling v. U.S.,* 561 U.S. 358 (2010)……………………………………………….…………..6

*Taylor v. Union Cty. Corr. Facility*, 2016 U.S. Dist. LEXIS 10974 (D.N.J. 2016)………..……15

*U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149 (D.N.J. 2007)………………………………………………...…………………………….……………..15

*U.S. v. Bellomo*, 263 F. Supp.2d 561 (E.D.N.Y. 2003)……………………………….………..6, 7
.
*U.S. v. Local 560,* 780 F.2d 267 (3d Cir. 1985)………………………………………………..7

*U.S. v. Hedaithy,* 392 F.3d 580 (3d Cir. 2004)……………………………………..……7

*U.S. v. Stock*, 728 F. 3d 287 (3d Cir. 2013)……………………………………….……..13

*Verify Smart Corp. v. Bank of Am., N.A.*, 2019 U.S. Dist. LEXIS 64070,
(D.N.J. Apr. 15, 2019)…………………………………………………………………..……9

*Watts v. U.S.*, 394 U.S. 705 (1969)…………………………………………………13

*Weirbach v. Cellular Connection, LLC*, 478 F. Supp. 3d 544 (E.D. Pa. 2020)……………..…9

## Statutes and Rules

18 U.S.C. § 1343……………………………………………………..……4, 5, 6, 8, 11

18 U.S.C. § 1346…………………………………………………………………..6

18 U.S.C. § 1951…………………………………………………………..3, 4, 7, 8

18 U.S.C. § 1952…………………………………………………………..3, 4, 8

18 U.S.C. § 1961…………………………………………………………..6, 7

18 U.S.C. § 1962……………………………………………………..3, 4, 5, 6, 7, 8, 9

18 U.S.C. § 1962(d)…………………………………………………………..8

18 U.S.C. § 3559(a)(6)…………………………………………………………..6

29 U.S.C. § 101(a)(5)…………………………..…………………………………7

29 U.S.C § 530……………………………………………… 6, 7, 8, 10, 14

F.R.C.P. 5.2…………………………………………………………..3

F.R.C.P. 9(b)…………………………………………………………..5, 11

F.R.C.P. 12(b)(2)…………………………………………………………..9, 14

F.R.C.P. 12(f)…………………………………………………………..1, 14, 15

F.R.C.P. 15(a)(2)…..………………………………………………………..2

Local Rule 17…………………………………………………………..3

# I.    INTRODUCTION

Defendant Christian Exoo ("Defendant Exoo") submits this combined Reply Memorandum of Law in further support of his motion to dismiss the Second Amended Complaint (ECF No. 119-1, "Exoo MTD Brief"); in further support of his motion to strike (ECF No. 115-1, "Exoo MTS Brief"); and in response to Plaintiffs' combined opposition to those motions (ECF No. 125, "Opposition Brief").

Plaintiffs' Opposition Brief adds so many allegations, legal theories and alleged predicate acts that were not included in the Second Amended Complaint ("SAC"), that it reads more like a third amended complaint than a brief in opposition to a motion to dismiss. Plaintiffs' attempt to rewrite the SAC without leave to amend should be rejected and Defendant Exoo's motion to strike and motion to dismiss with prejudice should be granted.

# II.    ARGUMENT

## A. Defendant Exoo's Motion to Dismiss Should Be Granted

### 1.  Plaintiffs Seek to Rewrite the Complaint in their Opposition Brief

In their Opposition Brief, Plaintiffs add legal theories and allegations that are not only irrelevant, but also may not be considered because they fall outside the four corners of the SAC. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)("The legal theories set forth in Pennsylvania's brief are helpful only to the extent that they find support in the

allegations set forth in the complaint."); *Crawford v. New Castle Cty. Hous. Auth*.,

2019 U.S. Dist. LEXIS 140756, at *10-11 (D. Del. Aug. 19, 2019) ("If it is

Plaintiffs' intent to allege new facts, she may not amend her Complaint through her

opposition brief, and the new facts may not be considered by the Court on the

instant motion to dismiss."). "It is axiomatic that the complaint may not be

amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v.*

*Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054

(1984). Plaintiffs further failed to submit a proposed amended complaint, nor did

they seek to file a leave to amend in violation of Federal Rule 15(a).

Examples of these new allegations asserted for the first time in Plaintiffs'

Opposition Brief include:

- Two new predicate act violations that were not referenced in the SAC. *See* Opp. Brief at 16-22.
- A false claim that NJDHS issued a document identifying Antifa as a domestic terrorist organization which condones violence, when the actual statement, set forth in the brief states the exact opposite. *See Id*. at 8 (NJDHS: "Antifa , or anti-fascists, is a movement that focuses on issues involving racism, sexism and anti-Semitism, as well as other perceived injustices. The majority of Antifa members do not promote or endorse violence").
- Additional allegations concerning an assault on non-party Marines by another non-party to this lawsuit. *See id*. at 9-10.
- Allegations concerning property damages costs. *See id*. at 4, 15.
- Additional allegations concerning their wildly speculative theory concerning one of Exoo's followers who once received a private message from Twitter's CEO. *See id* at 27-30.
- Approximately a dozen news articles and web pages not referenced in the SAC. *See id*. at Table of Contents.

Moreover, in the Opposition Brief, Plaintiffs felt compelled to reveal the full

driver's license number, full date of birth and other identifying information about

"Defendant" Strickland in violation of Federal Rule 5.2, and Local Rule 17. *See*

Opp. Brief at 3. Plaintiffs doxing of "Defendant" Strickland in violation of the

Local Rules and the Federal Rules of Civil Procedure is highly improper.

2. *Counts IV and V of the SAC (RICO) Should Be Dismissed With Prejudice*

    a. <u>Plaintiffs failed to identify a RICO Enterprise</u>

Plaintiffs largely ignore Defendant Exoo's argument that they failed to

identify a RICO enterprise between Exoo, St. Lawrence, Twitter, and Gadde (the

RICO Defendants"), the only defendants against whom Plaintiffs have asserted

RICO claims.[1] The Opposition Brief states the definition of a RICO enterprise but

fails apply that definition to this case. Opposition Brief at 14.

    b. <u>Plaintiffs fail to allege predicate acts under the Hobbs Act or the Travel Act</u>

In his opening brief, Defendant Exoo argued that Plaintiffs asserted the same

predicate act allegations concerning the Hobbs Act (18 U.S.C. § 1951) and the

Travel Act (18 U.S.C. § 1952) that resulted in the dismissal of the RICO claims in

the First Amended Complaint ("FAC"). *See* Exoo MTD Brief at 20-23; Opinion at

6 (noting Plaintiffs' FAC failed to satisfy the obtainment requirement of the Hobbs

Act), 7 (noting Plaintiffs' FAC failed to allege any "unlawful activity as defined by

---

[1] As Defendant Exoo previously noted, Plaintiffs failed to name "Defendants" Strickland and Torch as defendants under any of the seven counts in the SAC.

the Travel Act"), 8 ("Without sufficient predicate acts, Plaintiffs cannot plausibly allege that there was a pattern of racketeering activity."). Rather than address this argument, Plaintiffs attempt to rewrite the SAC in their Opposition Brief by proposing two new predicate act violations in a futile effort to satisfy the RICO requirements.

      c.  <u>The SAC does not allege predicate acts under the wire fraud statute, nor have Plaintiffs alleged the necessary elements to sustain such a claim</u>

Plaintiffs allege for the first time in their Opposition Brief that Defendant Exoo violated the federal wire fraud statute (18 U.S.C. § 1343, "Section 1343"). *See* Opposition Motion at 16-20. The argument fails for several reasons. First, Plaintiffs fail to allege wire fraud anywhere in the SAC, not as a claim for relief or as a predicate act under RICO. As set forth above, Plaintiffs cannot rewrite the SAC in opposition to a motion to dismiss. *Car Carriers, Inc.*, 745 F.2d at 1107.

Second, Plaintiffs allege that the wire fraud statute contains the same obtainment requirement that was fatal to their Hobbs Act predicate. *See* Opposition Brief at 16 ("The elements of wire fraud, 18 U.S.C. § 1343 are that a defendant: (1) knowingly devised a scheme or artifice to defraud ***for the purpose of obtaining money or property***"), *citing Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012) (emphasis added). As this Court previously held, Plaintiffs did not allege in the

FAC that Defendants obtained Plaintiff D'Ambly's job or any other property. *See* Opinion at 6-7. Plaintiffs failed to cure this defect.

Third, Plaintiffs admit that their new wire fraud allegations trigger Rule 9(b), creating a heightened pleading standard for their claims sounding in fraud. *See Kolar*, 361 App'x 354, 363 (3d Cir. 2010)("RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it.")(citations omitted); *see also Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986). Rule 9(b) may be satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making same), (3) the content of such statements and ***the manner in which they misled the plaintiff***, and (4) ***what the defendants obtained as a consequence of the fraud***.

*Fitch v. Radnor Indus., Ltd.*, 1990 U.S. Dist. LEXIS 13023, at *5 (E.D. Pa. Sep. 27, 1990)(emphasis added). *See also Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1159 (11th Cir. 2019).

Plaintiffs fail miserably to satisfy the heightened pleading standard of Rule 9(b) of identifying with precision the false representations. The SAC does not set forth any alleged false statements with particularity. Moreover, the SAC does not allege that Defendant Exoo or any defendants made any fraudulent statements at all. Plaintiffs do not allege that they were misled in any way. In addition, the SAC does not allege what Defendants obtained any money or property. Plaintiffs

inexplicably insist that the SAC does allege fraud but cannot cite to any portion of the document that makes those allegations. *See* Opposition Brief at 16-20. As the Court noted with respect to the FAC, "it does not appear that D'Ambly is claiming that Exoo defamed him or otherwise spread false information about D'Ambly." *Id.* at 16. The same is true Plaintiffs' allegations in the SAC.

Finally, Plaintiffs' wire fraud claim alleges there was a "scheme or artifice to defraud." Opposition Motion at 16-20. The Supreme Court has held that the phrase, "scheme or artifice to defraud" … "covers only bribery and kickback schemes." *Skilling v. U.S.*, 561 U.S. 358, 632 (2010); 18 U.S.C. § 1346. The SAC fails to allege any bribery or kickback scheme.

> ### d. <u>The SAC does not allege a violation of Section 530 of the LMRDA as a predicate act</u>

Plaintiffs argue that the RICO claims include a predicate act for violation of 29 U.S.C § 530 ("Section 530"). Section 530 cannot serve as a predicate act under RICO and the SAC does not even allege any predicate act violations under Section 530.

Section 530 is not listed as a predicate act under 18 U.S.C. § 1961(1). Only felonies under Article 29 and specific enumerated acts can serve as RICO predicates. *Id.* Section 530 is a misdemeanor as it is punishable by imprisonment for up to one year. 29 U.S.C. § 530; 18 U.S.C. § 3559(a)(6); *U.S. v. Bellomo*, 263 F. Supp.2d 561, 575 (E.D.N.Y. 2003). The *Bellomo* Court noted.

defendants argue persuasively … that 29 U.S.C. § 530 specifically provides that the conduct alleged … is a crime, a misdemeanor, punishable by a fine of not more than $1000 or imprisonment for one year or both. That statute is, then, not a felony nor is it listed as a racketeering act, a RICO predicate, in 18 U.S.C. 1961.

Plaintiffs' reliance on *U.S. v. Local 560*, 780 F.2d 267 (3d Cir. 1985) and *O'Rourke v. Crosley*, 847 F. Supp. 1208 (D.N.J. 1994) is misplaced. Both cases hold that a Hobbs Act violation can satisfy the predicate act requirement, but do not hold that Section 530 can serve as a predicate act. *See U.S. v. Local 560,* 780 F.2d at 283 (noting that Section 530 is not the exclusive remedy for extortion of union members, but only the Hobbs Act serves as a predicate act under RICO). *O'Rourke* did not concern Section 530 at all but concerned only the protectable property interest afforded by the LMRDA (29 U.S.C. § 101(a)(5). *See O'Rourke v. Crosley*, 847 F. Supp. 1208, 1213-1214, 1217 (D.N.J. 1994) (noting that plaintiff's protected property interest, his job, could be extorted by a Hobbs Act violation).

Plaintiffs' circuitous argument cannot circumvent the obtainment requirement for extortion claims under the Hobbs Act. Plaintiffs steadfastly refuse to accept the Court's Opinion, or the Third Circuit and United States Supreme Court's definition of extortion. *See Opinion at* 7 ("extortion requires "the obtaining of property from another""), quoting *U.S. v. Hedaithy*, 392 F.3d 580, 602 n.21 (3d Cir. 2004); *Scheidler v. NOW, Inc.*, 537 U.S. 393, 405 (2003)(setting forth the obtainment requirement for extortion claims under the Hobbs Act); Opposition

Brief at 20-22 (continuing to allege extortion). The SAC simply fails to allege that any of the Defendants took property from any of the Plaintiffs for themselves.

Finally, only Plaintiff D'Ambly's offers allegations concerning the LMRDA. *See* Opposition Brief at 20. None of the twelve Foreign Plaintiffs allege they were members of a labor union.

     e.  Plaintiffs Fail to Plausibly Allege the Existence of a RICO Conspiracy

Plaintiffs' claim that Defendants Twitter, Gadde, St. Lawrence and Exoo formed a RICO conspiracy to commit wire fraud and violate Section 530 of the LMRDA is raised for the first time in the Opposition Brief. *See* Opposition Brief at 15. Even if the Court were to consider these improper allegations, Plaintiffs fail to plausibly allege any agreement to pursue these acts. Nor have Plaintiffs plausibly alleged any agreement to violate the Hobbs Act or Travel Act in the SAC. Plaintiffs fail to allege that Defendant agreed to obtain any of the Plaintiffs' jobs for themselves or obtain any of the property which they allege was damaged.

As this Court and the Third Circuit have noted, "without sufficient predicate acts, Plaintiffs cannot plausibly allege that there was a pattern of racketeering activity." *See* Opinion at 8, citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."); *Kolar,* 361 F. App'x at 367 ("Because we agree

that Kolar has failed to allege a pattern of racketeering activity, he has consequently failed to establish a substantive violation of [18 U.S.C.] §§ 1962(a) or (c)."); *Verify Smart Corp. v. Bank of Am., N.A.*, 2019 U.S. Dist. LEXIS 64070, at *30 (D.N.J. Apr. 15, 2019). Here, as in the *Lightning Lube*, *Kolar* and *Verify Smart Corp.* cases, Plaintiffs do not allege an agreement to participate in or facilitate anything that would constitute a predicate act under RICO.

3. *The Court Lacks Jurisdiction Over Defendant Exoo with Respect to the Non-Rico Claims of the Twelve Foreign Plaintiffs*

Plaintiffs assert that by adding New Jersey-based Defendants, the Court can exercise jurisdiction over Defendant Exoo in the event the RICO claims are dismissed. *See* Plaintiffs' Opp. Brief at 2 ("in order to cure jurisdictional deficiencies that the Court cited in its Opinion [], Plaintiffs named as Defendants []Strickland and Torch []"). However, that argument is contradicted by the explicit ruling of this Court. *See* Opinion at 11-12. In its Opinion the Court stated:

> Plaintiffs must each establish that personal jurisdiction exists over Exoo. *See Bristol-Myers Squibb Co. v. Super. Ct. of Ca., S.F. Cty.*, 137 S. Ct. 1773, 1781-82 (2017) (explaining that the requirements for **personal jurisdiction must be satisfied for each defendant and a defendant's relationship with a third party is an insufficient basis to confer personal jurisdiction**); *see also Weirbach v. Cellular Connection, LLC*, 478 F. Supp. 3d 544, 550 (E.D. Pa. 2020) (concluding that **the court could not exercise personal jurisdiction over out-of-state plaintiffs' claims even though they suffered the same harms as in-state plaintiffs**).

*Id*. (emphasis added).

Thus, this Court precluded Plaintiffs' argument in the very Opinion from which Plaintiffs' claim authority to add these new parties. As indicated

in the Opinion, the twelve Foreign Plaintiffs cannot gain jurisdiction over existing defendants simply by adding new defendants from New Jersey.

4.  *Counts VII of the SAC for Violation of 29 U.S.C. § 530 Should Be Dismissed With Prejudice*

Plaintiffs' Opposition Brief fails to address the argument that as plaintiffs in a civil lawsuit, they simply do not have authority to prosecute violations of Section 530 of the LMRDA. Moreover, Plaintiffs fail to distinguish the numerous cases which support Defendant Exoo's argument that there is no private of action under Section 530. *See* Exoo MTD Brief at 9-10.

In its prior Opinion, concerning a number of other criminal statutory claims asserted by Plaintiffs, the Court noted:

> D'Ambly does not identify any authority suggesting the Court should infer that a statutory private right of action exists for either statute. Therefore, the Court will not infer a private right of action.

Opinion at 20-21.

Yet in opposition to this motion, Plaintiffs' Counsel once again "does not identify any authority suggesting the Court should infer that a statutory private right of action exists for" Plaintiffs' Section 530 claim. *Quoting id*.

5.  *Count II of the SAC For Tortious Interference Should Be Dismissed With Prejudice*

   a.  <u>The SAC Does Not Dispute the Truthfulness of Exoo's Tweets</u>

Plaintiffs do not allege in the SAC that Exoo's statement were untrue. As a result, this tortious interference claim fails for the same reason the claim failed in the FAC. "The information is [] not alleged to be false." Opinion at 16.

Plaintiffs inexplicably argue that they have denied the truthfulness of D'Ambly's statements. However, they did not do so in the SAC. Opposition Brief at 5, 23-24 (claiming Plaintiffs alleged Exoo's statements were false in a brief filed early 2021). After the Court dismissed the tortious interference claim in the FAC, Plaintiffs could have amended to cure this deficiency, but they chose not to.

Moreover, Plaintiffs' allegations are woefully inadequate to satisfy the heightened Rule 9(b) standard for claims sounding in fraud. The SAC fails to put Plaintiff Exoo on notice as to which statements they claim are false. Exoo's Tweets say nothing about Plaintiffs Amanda Rehl and KR. Moreover, many of Exoo's statement are merely reposts of Plaintiffs' own statements and Plaintiffs do not appear to be denying the authenticity of those statements. For example:

- Exoo reposted Plaintiff Schwetz's own social media posts stating that #TrannyLivesDontMatter and referring to people opposed to fascism as "antifags" and noted that he was[2] a member of the Proud Boys a fact which Plaintiffs have admitted. ECF No. 119-6, Exoo-Schwetz Tweets at 4-5.

---

[2] It appears that Plaintiff Schwetz is now a former member of the Philadelphia Proud Boys having been excommunicated in 2021 "for [allegedly] embezzling funds donated to him to give to the J6 victims." *See* Torres Decl., Exh. A, Philadelphia Proud Boys Telegram Pages at 1. Schwetz's expulsion appears to have occurred on or after December 14, 2021, prior to which Schwetz was embraced by the group. *See id*. at 2 (12/14/21 Philadelphia Proud Boys News and Announcements Telegram channel post featuring "original artwork" credited to

- Exoo retweeted a non-defendant third party's (WANaziWatch) posting concerning a non-defendant fourth party's (Puget Sound Anarchist) community alert bulletin containing Plaintiff Scott's own social media posts relating to Scott's Proud Boys association, his long wait to see the "smokestacks at Auschwitz", and similar comments. ECF No. 119-21, Puget Sound Article at 5, 20. *See also* ECF No. 119-20, WANaziWatch Tweets.
- Exoo reposted Plaintiff Reidinger's own social media posts identifying himself as a member of the Proud Boys, a "domestic terrorist" and a "shover at helicopter." ECF No. 119-13 Exoo-Reidinger Tweets at 2, 8, 10, 15.
- Exoo reposted Plaintiff Louden's own social media posts in which he sought to recruit a "top sniper" for his militia group. ECF No. 119-16, Exoo-Louden Tweets at 2, 7, 9.

Even when Plaintiffs refer to a specific statement of Defendant Exoo, they mischaracterized those statements. For example, Plaintiffs claim that Exoo calls Plaintiff Wolkind an anti-Semite, but nowhere in the Exoo-Wolkind Tweets is Wolkind referred to as an anti-Semite. *See* Opposition Brief at 20; ECF No. 119-9, Exoo-Wolkind Tweets. Unlike the Exoo-D'Ambly Tweets, which show that D'Ambly has made his personal position on Judaism very clear, the Exoo-Wolkind Tweets make no reference to Wolkind's personal views on Jewish people. *See id.*

    b.  <u>Plaintiffs Do Not Dispute that the FAC Failed to Allege Causation or Damages for Many of the Plaintiffs</u>

Plaintiffs failed to provide any response to the following arguments in Defendant Exoo's opposition. First, the Opposition Brief ignores Defendant

---

Plaintiff Schwetz's nom de plume "Dick Sweats 21" "care of Proud Boys of Philadelphia" *See id.* at 2 (**Content Warning**). The term "J6 victims" refers to individuals like Plaintiff Zachary Rehl who are incarcerated pending trail in connection with his alleged participation as a co-conspirator in the January 6th assault on the United States Capitol and democracy. *See* ECF No. 119-19.

Exoo's argument that Plaintiffs Hartley, Tucci, Schwetz, Reidinger, Wolkind, and Amanda Rehl failed to allege loss of employment to sustain their claim for Tortious Interference. *See* Exoo MTD Brief at 34-35 (noting these Plaintiffs' claims for tortious interference were fatally defective). Second, they do not dispute Defendant Exoo's argument, evidenced by the Exoo Tweets, that Plaintiffs Zachary Rehl, Schwetz, and Scott were doxed by people other than Exoo and that Amanda Rehl was not doxed at all. *See id*. at 9-11, 13. Third, Plaintiffs assert tortious interference claims directly against Defendant Exoo, but the unlawful conduct alleged is not attributed to Defendant Exoo, but to non-parties or alleged "Defendants" Strickland and Torch, against whom no causes of action are asserted.

        c.   Defendant Exoo's statements are protected by the First Amendment

        Plaintiffs argue that the determination of whether a threat is a "true threat" is a question for the jury. Opposition Brief, p. 25, citing *U.S. v. Stock*, 728 F. 3d 287 (3d Cir. 2013). However, as the *Stock* case notes, "[A] court may properly dismiss an indictment as a matter of law if it concludes that no reasonable jury could find that the alleged communication constitutes a threat or a true threat." *Id.* at 298; *Watts v. U.S.*, 394 U.S. 705, 708 (1969) (holding that as a matter of law, defendants' statement was not a true threat).

        Plaintiffs further argue that Defendant Exoo used "fighting words" citing *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942). While fighting words are not

protected speech, Exoo's speech cannot be construed as fighting words. An essential characteristic of fighting words is "their very utterance inflict injury or tend to incite an **immediate** breach of the peace." *Id.* at 572. (Emphasis added). A social media posting that accurately quotes a person's statements is not immediately "likely to provoke the average person to retaliation, and thereby cause a breach of the peace." *Id.* at 573. None of Exoo's statements satisfy the true threat standard.

**B. Defendant Exoo's Motion to Strike Should be Granted**

Plaintiffs' Opposition Brief fails to refute Defendant Exoo's argument that the new claim and new parties should be struck from the Complaint. First, contrary to Plaintiffs' assertion, the Court's 11/1/22 Opinion and Order clearly did not authorize the addition of new or parties or a new claim. *See* Plaintiffs' Opp. at 2 ("in order to cure jurisdictional deficiencies that the Court cited in its Opinion [], Plaintiffs named as Defendants []Strickland and Torch []"). The Court granted leave to amend solely to cure the substantial deficiencies in the FAC, not to add new parties or a new claim. *See* ECF 99, Opinion at 20-21; ECF 100, Order. Moreover, as set forth above the unauthorized addition of New Jersey based parties does not cure the jurisdictional defects in the FAC. *See infra* at 9-10.

Second, Plaintiffs' Opposition fails to refute Defendant Exoo's argument that the addition of the new Section 530 claim (Count VII) exceeds the scope of the

leave granted by the Court. Plaintiff's Opposition Brief does not acknowledge or refute any of the numerous cases cited by Defendant Exoo that striking unauthorized amendments is an appropriate remedy when a party adds additional claims and parties that exceed the scope of the Court's leave to amend. *See* ECF No. 115-1, Exoo MTS Brief at 3-4, citing *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007); *Taylor v. Union Cty. Corr. Facility*, 2016 U.S. Dist. LEXIS 10974, at *2 (D.N.J. 2016) ("[T]he new claims are above and beyond the scope of amendment that was allowed by this Court in its previous order and, therefore, will not be accepted by this Court."). *See also Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 97-98 (S.D.N.Y. 1985)(striking plaintiff's claim for punitive damages asserted in amended complaint without first seeking leave of the court.); *McKeever v. Israel*, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979)(striking portions of plaintiff's amended complaint that exceeded the scope of leave grant pursuant to Rule 12(f)). The motion to strike should be granted.

### III.   CONCLUSION

Plaintiffs failed to cure the defects in their pleading. They should not be afforded another opportunity to refile their claims as any amendment would be futile. All claims against Defendant Exoo should be dismissed with prejudice and the Court should grant such other further relief that it deems just and proper.

Dated:        January 31, 2022

Lynbrook, New York

Respectfully submitted,

**THE MARLBOROUGH LAW FIRM, P.C**.

By: _____
Christopher Marlborough
375 Sunrise Highway, Suite 3
Lynbrook, NY 11563
Phone: (212) 991-8960
Fax: (212) 991-8952
E-mail: chris@marlboroughlawfirm.com

Richard Torres, Esq.
63 Tooker Avenue
Springfield, New Jersey 07081
Phone: (347) 742-5362
E-mail: richardtorresdna@gmail.com

*Counsel for Defendant Christian Exoo*