**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, et al., *Plaintiffs*, v. CHRISTIAN EXOO a/k/a ANTIFASH GORDON, et al., *Defendants*. | Civil Action No. 20-12880 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

In this case, Plaintiffs, purported far right activists and their family members, take aim at Defendant Christian Exoo, a purported far left activist, and others for their alleged doxing campaigns because of Plaintiffs' political views. The overarching issue is whether the doxing crossed a line into unlawful action. Presently before the Court are Defendant Christian Exoo's motions to strike certain allegations and Defendants from the Second Amended Complaint ("SAC"), D.E. 115, and for sanctions because Plaintiffs included the allegations and parties at issue in the SAC, D.E. 112. Plaintiffs filed a brief in opposition to the motions, D.E. 125, to which Exoo replied, D.E. 129, 130.[1] The Court reviewed the parties' submissions and decided the

---

[1] The Court refers to Exoo's brief in support of his motion to strike (D.E. 115-1) as "Strike Br."; his brief in support of his motion for sanctions (D.E. 112-1) as "Sanctions Br."; Plaintiffs' brief in opposition (D.E. 125) as "Plfs. Opp."; Exoo's reply brief in further support of his motion for sanctions (D.E. 129) as "Sanctions Reply"; and his reply brief in further support of the motion to strike (D.E. 130) as "Strike Reply".

motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Exoo's motions are **DENIED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the instant motions, the Court does not retrace this case's full factual and procedural history. This Court's November 1, 2021 opinions granting Defendant Cohen, Weiss, and Simon, LLP's Rule 12(c) motion to dismiss[2], D.E. 97, and the remaining Defendants' Rule 12(b)(2) and (6) motions to dismiss (the "Nov. 1 Opinion"), D.E. 99, include a detailed recounting of the factual background of this matter. To the extent relevant to the instant motions, the Court incorporates the factual and procedural history from these prior opinions.

Plaintiff Daniel D'Ambly's initial Complaint largely addressed Exoo's alleged doxing campaign against D'Ambly. D'Ambly alleged that Exoo identified D'Ambly as a white supremacist then instructed his associates to ascertain D'Ambly's true identity and dox, or publicly disclose D'Ambly's personal, identifying information. Compl. ¶ 1. D'Ambly alleges that he was terminated from his job at the New York Daily News because of the doxing campaign. *Id.* On March 25, 2021, Plaintiffs filed the First Amended Complaint ("FAC"), which included allegations about doxing campaigns that Defendants waged against D'Ambly and additional Plaintiffs.

Certain Defendants subsequently filed motions to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). D.E. 74, 75, 78, 79. This Court granted Defendants' motions on November 1, 2021, and dismissed certain of Plaintiffs' claims pursuant to Rule 12(b)(6), including Plaintiffs' RICO claims and several claims alleging violations of criminal statutes. D.E. 97-100. The Court also determined that every Plaintiff except D'Ambly failed to

---

[2] Plaintiff Daniel D'Ambly's claim against Cohen, Weiss, and Simon, LLP has since been dismissed with prejudice. D.E. 133, 134. Consequently, Cohen, Weiss, and Simon, LLP is no longer a Defendant in this matter.

2

establish personal jurisdiction to assert their claims against Exoo. Accordingly, the Court dismissed these claims pursuant to Rule 12(b)(2). D.E. 100. The Court provided Plaintiffs with leave "to file an amended pleading that remedies the identified deficiencies." *Id.*

Plaintiffs filed the SAC on November 20, 2021. D.E. 103. Among other things, the SAC asserts claims against two additional Defendants, Nick Strickland and Torch Antifa Network ("Torch"), and a new claim alleging a violation of Section 610 of the Labor-Management Relations Disclosure Act ("LMRDA"), 29 U.S.C. § 530. SAC ¶¶ 24-25, 204-211. Through the present motions, Exoo seeks to strike the new claim, Count VII, and Defendants pursuant to Federal Rule of Civil Procedure 12(f) because these allegations and parties purportedly exceed the scope of this Court's Order granting Plaintiffs leave to amend. D.E. 115. Exoo also seeks sanctions, including attorney's fees relating to the motion to strike. D.E. 112.

## II.     MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Thus, Rule 12(f) sets forth two standards for striking matter from a pleading: (1) "an insufficient defense," or (2) "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "As a general matter, motions to strike under Rule 12(f) are highly disfavored." *Thompson v. Real Est. Mortg. Network, Inc.*, No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018) (citing *F.T.C v. Hope Now Modifications*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011)). Moreover, the decision to strike material from a pleading is discretionary. *Hope Now Modifications, LLC*, 2011 WL 883202, at *1.

The second category is at issue here. "[W]here the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence

of the surplusage will prejudice the adverse party." *Id.*  But motions to strike "will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).

Courts have stricken allegations from a complaint, pursuant to Rule 12(f), that exceed the scope of a party's leave to amend.  *See U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149 154-55 (D.N.J. 2007) ("Because Counts Three through Six of Plaintiffs' SAC exceeded the scope of the leave Plaintiffs were given, the Court must strike these claims."); *see also Tenny J. Commc'ns, Inc. v. Verizon N.J., Inc.*, No. 19-19183, 2022 WL 1912390, at *2 (D.N.J. June 2, 2022) ("If the amended complaint exceeds the scope of an allowed amendment, the appropriate remedy is to strike the unauthorized amendments under Federal Rule of Civil Procedure 12(f).") (internal quotation omitted).  Exoo contends that the Court "did not authorize Plaintiffs to add new claims, new parties or new legal theories" and the SAC "flagrantly exceed[s] the scope of leave granted by the Court." Strike Br. at 4-5.  Plaintiffs counter that the amendments at issue were intended to cure the Court's concerns about personal jurisdiction and their RICO claims.

With respect to the two new Defendants, Plaintiffs explain that Strickland is a New Jersey resident and Exoo's associate.  Plfs. Opp. at 2.  The SAC pleads that when Exoo directed his associates to place threatening phone calls, emails, Twitter messages and social media comments to D'Ambly's employer, Strickland responded.  SAC ¶¶ 55, 57, 61-63.  Plaintiffs also plead that Torch is a "network of militant antifascists" and its founding member, Daryle Lamont Jenkins, is a New Jersey resident.  *Id.* ¶ 25; Plf. Opp. at 3-4.  Plaintiffs continue that Jenkins responded to

4

Exoo's instructions to contact D'Ambly's employer. SAC ¶ 64. In addition, Torch members allegedly damaged Plaintiff Rehl's home due to Exoo's Tweets, *id.* ¶¶ 82-83, and conspired with Exoo to dox other Plaintiffs, *see, e.g., id.* ¶¶ 98, 110-11.

In dismissing the claims asserted by all Plaintiffs except D'Ambly, the Court explained that these Plaintiffs failed to demonstrate a connection between their claims, New Jersey, and Exoo. As a result, the Court dismissed these claims for lack of personal jurisdiction. Nov. 1 Opinion at 13-14. As discussed, Plaintiffs maintain that their allegations about Torch and Strickland are an attempt to tie all Plaintiffs and their claims to this forum. The Court, therefore, will not conclude that Plaintiffs exceeded the scope of the Order through their efforts to fix the identified deficiencies related to personal jurisdiction.

This is also the case for Count VII, Plaintiffs' new claim alleging a violation of Section 610 of the LMRDA. Plaintiffs argue that they included this claim in the SAC to establish a RICO predicate act. Plfs. Opp. at 20-22. In dismissing Plaintiffs' substantive federal RICO claim, the Court explained that "[w]ithout sufficient predicate acts, Plaintiffs cannot plausibly allege that there was a pattern of racketeering activity. Plaintiffs' substantive RICO claim therefore fails." Nov. 1 Opinion at 8. And without a substantive RICO claim, Plaintiffs could not allege a RICO conspiracy. *Id.* Thus, Count VII is an attempt to fix Plaintiffs' RICO claims.

Because Plaintiffs asserted claims against two new Defendants and included Count VII in the SAC as an attempt to remedy their deficient claims, the Court will not strike these allegations from the SAC.[3] Exoo's motion to strike is denied.

---

[3] Exoo separately moved to dismiss Plaintiffs' RICO claims in the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and the claims asserted by all Plaintiffs except D'Ambly pursuant to Federal Rule of Civil Procedure 12(b)(2). D.E. 119. In denying Exoo's motion to strike, the Court is not addressing whether Plaintiffs' amendments cure any of the identified deficiencies. Instead, the Court will address Exoo's arguments to this effect in a separate opinion, along with Defendants

### III. MOTION FOR SANCTIONS

Before addressing the merits of a Rule 11 motion for sanctions, a court must ensure that the party seeking sanctions complied with the "safe harbor" provision of the rule. Rule 11 sanctions are only permissible after the party against whom sanctions are sought has notice of the alleged violation "and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). To that end, a motion for sanctions can only be filed 21 days after the party seeking sanctions serves the motion on the party against whom sanctions are sought. Fed. R. Civ. P. 11(c)(2). *See Petit-Clair v. New Jersey*, No. 14-7082, 2016 WL 1568282, at *1 (D.N.J. Apr. 18, 2016). If a party fails to comply with the safe harbor provision, the motion for sanctions must be denied. *Scott v. Bd. of Educ. of City of E. Orange*, No. 01-4171, 2006 WL 3675278, at *18 (D.N.J. Dec. 12, 2006). Here, Exoo complied with the safe harbor provision. Marlborough Decl. ¶ 6, Ex. D.

Turning to the merits of Exoo's request for sanctions, Exoo contends that Plaintiffs should be sanctioned for their unauthorized amendments to the SAC, Sanctions Br. at 7-8, and because Plaintiffs again seek relief under a criminal statute with no private right of action, *id.* at 8-11. Rule 11(b) imposes on any party who presents "a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 551 (1991). "[R]easonableness [under the circumstances is] defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). Thus, attorneys are

---

St. Lawrence University, Vijaya Gadde, and Twitter, Inc.'s pending motions to dismiss the SAC pursuant to Rules 12(b)(2) and 12(b)(6). D.E. 116, 117.

required to conduct a "normally competent level of legal research to support the[ir] presentation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). However, "Rule 11 is intended to impose sanctions 'only in the exceptional circumstance, where a claim or motion is patently unmeritorious or frivolous.'" *Ballard v. AT&T Mobility, Inc.*, No. 15-8808, 2018 WL 3377713, at *4 (D.N.J. July 11, 2018) (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

If Rule 11(b) is violated, Rule 11(c) permits the Court to impose sanctions, including reasonable attorneys' fees, expenses, or nonmonetary directives. Fed. R. Civ. P. 11(c). Any sanction, however, "must be limited to what suffices to deter repetition of the [sanctionable] conduct[.]" Fed. R. Civ. P. 11(c)(4). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.*, 930 F.2d at 289 (internal citations and quotations omitted). Additionally, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted). In deciding a Rule 11 motion, "[a]ny doubt . . . should be resolved in favor of the party charged with the violation." *Sanders v. Hale Fire Pump Co.*, No. 87-2468, 1988 WL 58966, at *1 (E.D. Pa. June 1, 1988) (citing *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 544 (3d Cir. 1985)).

As explained above, the Court concludes that Plaintiffs did not violate the Order granting Plaintiffs leave to amend by including the additional Defendants and Count VII in the SAC. As a result, Plaintiffs did not violate Rule 11(b) by including these allegations or parties in the SAC. Exoo's motion for sanctions is denied on these grounds.

7

Exoo also seeks sanctions because Count VII alleges a violation of a criminal statute for which there is no private right of action. Exoo argues that because this Court already dismissed claims in the FAC on these grounds, Plaintiffs were on notice that Count VII was improper. Sanctions Br. at 8-11. Plaintiffs do not specifically address this argument. Plaintiffs, however, identify case law demonstrating that a violation of the LMRDA may constitute a predicate RICO act to explain why they included Count VII in the SAC. Plfs. Opp. at 20-22. The Court, therefore, cannot conclude that Plaintiffs' decision plead a violation of the LMRDA was wholly unreasonable. *See Sanders*, 1988 WL 58966, at *1 (citing *Eavenson, Auchmuty & Greenwald*, 775 F.2d at 544) (explaining that any doubts should be resolved in favor of the party against whom sanctions are sought). Plaintiffs' decision to plead a violation as a stand-alone claim, in light of the Court's prior explanation that criminal statutes usually do not afford a plaintiff with a private right of action, Nov. 1 Opinion at 20-21, is questionable. But given the fact that Rule 11 sanctions are discretionary and should only be imposed in only the most exceptional of circumstances, *Ford Motor Co.*, 930 F.2d at 289 (internal citations and quotations omitted), the Court will not impose sanctions because Plaintiffs included Count VII in the SAC.

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 1st day of August, 2022,

**ORDERED** that Defendant Christian Exoo's motion to strike (D.E. 115) is **DENIED**; and it is further

**ORDERED** that Defendant Christian Exoo's motion for sanctions (D.E. 112) is **DENIED**.

John Michael Vazquez, U.S.D.J.