**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DANIEL D'AMBLY, et al.,

      *Plaintiffs*,

    v.

CHRISTIAN EXOO a/k/a ANTIFASH
GORDON, et al.,

      *Defendants*.

Civil Action No. 20-12880

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

      In this case, Plaintiffs, purported far right activists and their family members, take aim at Defendant Christian Exoo, a purported far left activist, and others for their alleged doxing campaigns because of Plaintiffs' political views. The overarching issue is whether the doxing crossed a line into unlawful action. Presently before the Court are motions to dismiss from the following Defendants: (1) St. Lawrence University ("SLU"), D.E. 116; (2) Vijaya Gadde and Twitter, Inc. ("Twitter" and collectively, the "Twitter Defendants"), D.E. 117; and (3) Christian Exoo (collectively, the "Moving Defendants"), D.E. 119. Plaintiffs filed briefs in opposition, D.E. 122, 123, 124, to which the Moving Defendants replied, D.E. 127, 128, 130.[1] The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ.

---

[1] The Court refers to SLU's brief in support of its motion (D.E. 116-2) as "SLU Br.", the Twitter Defendants' brief in support of their motion (D.E. 177-2) as "Twitter Br.", and Exoo's brief in support of his motion (D.E. 119-1) as "Exoo Br.". The Court refers to Plaintiffs' opposition to SLU's motion (D.E. 124) as "SLU Opp.", their opposition to the Twitter Defendants' motion (D.E. 123) as "Twitter Opp.", and their opposition to Exoo's motion (D.E. 122) as "Exoo Opp.". In addition, docket entries 122 and 125 appear to be duplicates. Finally, the Court refers to SLU's reply brief (D.E. 127) as "SLU Reply", the Twitter Defendants' reply brief (D.E. 128) as "Twitter Reply", and Exoo's reply brief (D.E. 130) as "Exoo Reply".

P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, the Moving Defendants' motions are **GRANTED**.

## I.     FACTUAL[2] AND PROCEDURAL BACKGROUND

For purposes of the instant motions, the Court does not retrace this case's full factual and procedural history.  This Court's November 1, 2021 opinions granting Defendant Cohen, Weiss, and Simon, LLP's ("CWS") Rule 12(c) motion to dismiss[3], D.E. 97, and the remaining Defendants' Rules 12(b)(2) and 12(b)(6) motions to dismiss (the "Nov. 1 Opinion"), D.E. 99, include a detailed recounting of the factual background of this matter.  To the extent relevant to the instant motions, the Court incorporates the factual and procedural history from these prior opinions.

Plaintiff Daniel D'Ambly's initial Complaint largely addressed Exoo's alleged doxing campaign against D'Ambly.  D'Ambly alleged that Exoo identified D'Ambly as a white supremacist then instructed his associates to ascertain D'Ambly's identity and dox him, meaning to publicly disclose D'Ambly's personal, identifying information.  Compl. ¶ 1.  D'Ambly alleges that he was terminated from his job at the New York Daily News ("Daily News") because of the doxing.  *Id.*  On March 25, 2021, Plaintiffs filed the First Amended Complaint ("FAC"), which included allegations about doxing campaigns waged against D'Ambly and additional Plaintiffs.

---

[2] The factual background is taken from Plaintiffs' Second Amended Complaint ("SAC").  D.E. 103.  When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

[3] Plaintiff Daniel D'Ambly's claim against CWS has been dismissed with prejudice and CWS is no longer a Defendant in this matter.  D.E. 133, 134.

Certain Defendants filed motions to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  D.E. 74, 75, 78, 79.  This Court granted Defendants' motions and dismissed certain of Plaintiffs' claims pursuant to Rules 12(b)(2) and 12(b)(6).  D.E. 96-100, 102.  The Court provided Plaintiffs with leave to file an amended pleading.  *Id.*

Plaintiffs filed the SAC on November 20, 2021.  D.E. 103.  In the SAC, Plaintiffs include new factual allegations; assert claims against two additional Defendants, Nick Strickland and Torch Antifa Network ("Torch"); and include a new claim alleging a violation of Section 610 of the Labor-Management Relations Disclosure Act ("LMRDA"), 29 U.S.C. § 530.  SAC ¶¶ 24-25, 204-211.  The Moving Defendants subsequently filed the instant motions, which seek to dismiss certain claims in the SAC pursuant to Rules 12(b)(2) and 12(b)(6).  D.E. 116, 117, 119.

## II.    STANDARD OF REVIEW

Rule 12(b)(2) permits a party to move to dismiss a case for lack of personal jurisdiction. In such a motion, the plaintiff bears the burden of demonstrating "sufficient facts to establish that jurisdiction is proper."  *Mellon Bank PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  In reviewing such a motion, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).  But when a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper."  *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

Thus, to withstand a Rule 12(b)(2) motion, a plaintiff may not rely on the pleadings alone, as it "is inherently a matter which requires resolution of factual issues *outside the pleadings*."  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (emphasis added).  In conducting this jurisdictional analysis, district courts may rely upon the parties' declarations for

relevant factual support. *See, e.g.*, *Pausch LLC v. Ti-Ba Enters.*, No. 13-6933, 2014 WL 5092649, at *3-4 (D.N.J. Oct. 8, 2014) (using declarations from both parties to conclude that contacts with the forum were insufficient for personal jurisdiction); *Shnayderman v. Cell-U-More, Inc.*, No. 18-5103, 2018 WL 6069167, at *4 (D.N.J. Nov. 20, 2018) (using information from the plaintiff's complaint and declaration to determine that the defendant did not travel to the forum state or solicit a loan from the plaintiff in the forum state). Therefore, in determining whether personal jurisdiction exists, the Court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff.

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III.    ANALYSIS

#### A.  RICO Claims (Counts IV and V)

In Counts IV and V, Plaintiffs assert federal RICO claims, for racketeering and a civil RICO conspiracy, respectively, under the federal RICO statute, 18 U.S.C. § 1961 *et seq*.  SAC ¶¶ 170-95.  To bring a federal civil RICO claim, a plaintiff must allege "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity."  *Gunter v. Ridgewood Energy Corp*., 32 F. Supp. 2d 166, 173 (D.N.J. 1998).  To establish a pattern of racketeering activity, a plaintiff must allege "at least two predicate acts of racketeering that occurred within ten years of each other."  *Slimm v. Bank of Am. Corp*., No. 12-5846, 2013 WL 1867035, at *20 (D.N.J. May 2, 2013).  Racketeering activity is defined in Section 1961(1)(B) as "any act which is indictable under" a number of enumerated federal laws; these federal offenses are called "predicate acts." *See* 18 U.S.C. § 1341; 18 U.S.C. § 1962(1)(B).

In the November 1 Opinion, the Court granted the Moving Defendants' motions to dismiss with respect to Plaintiffs' civil RICO claims because Plaintiffs failed to sufficiently allege any predicate acts.  Specifically, the Court rejected Plaintiffs' allegations that the alleged Exoo Enterprise violated the Hobbs Act, 18 U.S.C. § 1951, or the Travel Act, 18 U.S.C. § 1952.  Nov. 1 Opinion at  6-7.  The Court explained that "[w]ithout sufficient predicate acts, Plaintiffs cannot plausibly allege that there was a pattern of racketeering activity."  Nov. 1 Opinion at 8.  The Moving Defendants now argue, amongst other things, that the substantive RICO claim fails because Plaintiffs still do not allege any predicate acts in the SAC.  *See, e.g.*, SLU Br. at 9-10.  The Court agrees.

Plaintiffs continue to allege in the SAC that the purported Exoo Enterprise violated the Hobbs Act and the Travel Act.  SAC ¶ 183.  Moreover, Plaintiffs again rely on the same alleged

wrongful conduct – the doxing, threatening messages, job loss and property damage.  *See, e.g.*, *id.* ¶¶ 47-49, 52-53, 55-69.  With respect to Plaintiffs' alleged predicate acts, the SAC is unchanged from the FAC.  As a result, for the same reasons discussed in the November 1 Opinion, Plaintiffs fail to allege any conduct that could constitute a Hobbs Act or the Travel Act violation in the SAC. Plaintiffs' substantive RICO claim, therefore, fails for the same reasons discussed in the November 1 Opinion.

In their opposition brief, Plaintiffs allege that wire fraud, 18 U.S.C. § 1343, is the predicate offense for their substantive RICO claim.  Exoo Opp. at 16-17, 18-19.  But there are no allegations about wire fraud in the SAC.  As previously discussed in the November 1 Opinion, Plaintiffs cannot amend their pleading through their brief.  *See* Nov. 1 Opinion at 7 n.3 (quoting *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).  Accordingly, the Court will not consider Plaintiffs' argument that wire fraud forms the basis of the substantive RICO claim.

Plaintiffs also argue that an alleged violation of Section 610 of the LMRDA, 29 U.S.C. § 530 constitutes a predicate act.  Exoo Opp. at 20-22.  Plaintiffs plead a Section 610 violation of the LMRDA as a stand-alone claim in Count VII of the SAC.  *See* SAC ¶¶ 204-211.  Plaintiffs do not explicitly plead that it constitutes a predicate act in either of their RICO claims.  Plaintiffs, however, do assert this claim against the Exoo Enterprise.  Thus, in viewing the pleading in the light most favorable to Plaintiffs, the Court considers the alleged violation of Section 610 as part of Plaintiffs' RICO claim.  But Section 610 is not encompassed within the list indictable offenses that may constitute RICO racketeering activity.  18 U.S.C. § 1961(1)(B).  Consequently, Plaintiffs cannot use an alleged violation of Section 610 to establish a predicate offense.[4]

---

[4] In arguing that Section 610 can be a RICO predicate act, Plaintiffs rely on *United States v. Local 560 of Int'l Bhd. of Teamsters*, 780 F.2d 267 (3d Cir. 1985), and related cases.  *See* Exoo Opp. at 20.  In *Local 560* the Third Circuit determined that a union member's LMRDA rights are intangible

In sum, Plaintiffs fail to plead any predicate acts to support their RICO claim.  Again, without a predicate act, Plaintiffs cannot plausibly allege a pattern of racketeering activity and their substantive RICO claim fails.  Count IV, therefore, is dismissed.

The Moving Defendants also seek to dismiss Plaintiffs' RICO conspiracy claim, 18 U.S.C. § 1692(d), due to the lack of a predicate offense.  *See, e.g.*, Twitter Br. at 16.  Because Plaintiffs fail to establish a substantive RICO claim, their RICO conspiracy claim also fails.  *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.").

But Plaintiffs, relying on *Smith v. Berg*, 247 F.3d 532, 534 (3d Cir. 2001), contend that a RICO conspiracy claim can proceed even if other Section 1962 claims are dismissed.  Exoo Opp. at 15.  In *Smith*, the court addressed whether a defendant could be liable for a RICO conspiracy without personally committing or agreeing to commit the underlying predicate act.  *Smith*, 247 F.3d at 536-38.  The Court determined that provided that the defendant "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise," the defendant could be liable for the conspiracy even if he did not personally commit or agree to commit the predicate acts.  *Id.* at 537-38.  The *Smith* reasoning presumes that someone within the

---

property that could be subject to extortion. *Local 560 of Int'l Bhd. of Teamsters*, 780 F.2d at 280-82. Thus, Hobbs Act violations satisfied the predicate act requirement for the RICO claim, not a stand-alone LMRDA violations. As explained in the November 1 Opinion, however, the Hobbs Act requires obtaining property from another. Nov. 1 Opinion at 7; *see also Scheidler v. Nat'l Org. for Woman, Inc.*, 537 U.S. 393, 405 (2003) (explaining that to conclude petitioners deprived or sought to deprive respondents of property without acquiring it "would effectively discard the statutory requirement that property must be obtained from another, replacing it instead with the notion that merely interfering with or depriving someone of property is sufficient to constitute extortion" under the Hobbs Act). Here, Plaintiffs still fail to allege that any Defendant obtained D'Ambly's LMRDA rights from him. Accordingly, Plaintiffs also fail to allege a Hobbs Act violation on these grounds.

conspiracy committed the predicate acts. *Id.* As discussed, Plaintiffs fail to allege any predicate acts in this matter. And a RICO conspiracy claim "must be dismissed if the complaint does not adequately allege 'an endeavor which, if completed, would satisfy all of the elements of a substantive [RICO] offense.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 373 (3d Cir. 2010) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)). Because Plaintiffs fail to allege facts demonstrating that any Defendant engaged in conduct that could amount to a predicate act, Plaintiffs do not satisfy the elements of a substantive RICO claim. Therefore, Plaintiffs' RICO conspiracy claim also fails and Count V is dismissed.

### B. Violation of Section 610 of the Labor-Management Relationship Disclosure Act ("LMRDA"), 29 U.S.C. § 530 (Count VII)

As discussed, in Count VII, Plaintiffs allege that the Moving Defendants violated Section 610 of the LMRDA. SAC ¶¶ 204-211. The Moving Defendants maintain that Count VII must be dismissed because it is a criminal statute with no private right of action. *See, e.g.*, Twitter Br. at 28-30. Ordinarily, federal criminal statutes do not provide individuals with a private right of action in a civil case. *See Weeks v. Bowman*, No. 16-9050, 2017 WL 557332, at *2 (D.N.J. Feb. 10, 2017) (dismissing civil matter for lack of subject matter jurisdiction because criminal statutes cited by the plaintiff did not create a private right of action). If a statute provides a private right of action, however, an individual may "bring suit to remedy or prevent an injury that results from another party's actual or threatened violation of a legal requirement." *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 296 (3d Cir. 2007).

Section 610 provides as follows:

> It shall be unlawful for any person through the use of force or violence, or threat of the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain, coerce, or intimidate any member of a labor organization for the purpose of interfering with or preventing the exercise of any right to which he is entitled under

> the provisions of this chapter. Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

29 U.S.C. § 530. There is no explicit private right of action. The Moving Defendants also cite to numerous cases concluding that there is no private right of action for a Section 610. *See*, *e.g.*, *Rodriguez v. Serv. Empls. Int'l*, 755 F. Supp. 2d 1033, 1047-48 (N.D. Cal. 2010) (dismissing Section 610 claim asserted in civil suit because Section 610 "does not give rise to a private cause of action."). Plaintiffs do not address this argument and provide no authority to the contrary. Consequently, the Court concludes that Plaintiffs cannot pursue a claim under Section 610 of the LMRDA. Count VII is dismissed.[5]

### C.  Personal Jurisdiction

Next, Exoo maintains that if Plaintiffs' RICO claims are dismissed, the claims asserted by every Plaintiff except for D'Ambly must be dismissed for lack of personal jurisdiction. Exoo Br. at 31-32. Plaintiffs argue that the Court has personal jurisdiction over Strickland and Torch, the two new Defendants. Exoo Opp. at 11-12. Plaintiffs also argue that the Court has statutory personal jurisdiction under 18 U.S.C. § 1965(b). *Id.* at 12-13. Plaintiffs, however, do not address whether the Court has personal jurisdiction over Plaintiffs' claims against Exoo.

As discussed in the November 1 Opinion, Section 1965(b) authorizes nationwide service of process for a plaintiff asserting a RICO claim. 18 U.S.C. § 1965. "Where Congress has statutorily authorized nationwide service of process, such service establishes personal jurisdiction, provided that the federal court's exercise of jurisdiction comports with Fifth Amendment due process." *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 122 (3d Cir. 2020) (quoting *Cory v.*

---

[5] The remaining claims in the SAC are not asserted against SLU or the Twitter Defendants. As a result, the Court only considers Exoo's arguments for dismissal for the remainder of this Opinion.

*Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006)). As discussed, Plaintiffs' RICO claims are dismissed for failure to state a claim. Consequently, Plaintiffs cannot rely on the RICO statute to establish personal jurisdiction. *See Pop Test Cortisol, LLC v. Univ. of Chic.*, No. 14-7174, 2015 WL 3822237, at *5 (D.N.J. June 18, 2015) (stating that because the plaintiff did not allege a plausible RICO claim "18 U.S.C. § 1965(d) cannot rightly form a basis for asserting personal jurisdiction over defendants").

In the November 1 Opinion, the Court also determined that because Exoo is domiciled in New York, general personal jurisdiction does not exist. Nov. 1 Opinion at 13. Therefore, Plaintiffs must establish that this Court has specific jurisdiction over Exoo. "Specific personal jurisdiction generally must be evaluated in both a claim-specific and defendant-specific fashion." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 531 (D.N.J. 2013) (quoting *Lexington Ins. Co. v. Forrest*, 354 F. Supp. 2d 549, 551 (E.D. Pa. 2005)); *see also Bristol-Myers Squibb Co. v. Super. Ct. of Ca., S.F. Cnty.*, 137 S. Ct. 1773, 1781-82 (2017) (explaining that the requirements for personal jurisdiction must be satisfied for each defendant and a defendant's relationship with a third party is an insufficient basis to confer personal jurisdiction). Thus, even if the Court can exercise personal jurisdiction over Strickland and Torch, Plaintiffs fail to explain how this would be relevant to the inquiry of whether the Court has personal jurisdiction over Exoo. But Plaintiffs' belief that Strickland and Torch somehow alter the personal jurisdiction analysis as to Exoo is undercut further because Count II, the only remaining claim asserted against Exoo, is only asserted against Exoo. Thus, whether the Court can exercise jurisdiction over either of these new Defendants is irrelevant.

This Court already determined that except for D'Ambly, none of the Plaintiffs demonstrated a sufficient connection between New Jersey, their claims, and Exoo in the November

1 Opinion.  Accordingly, this Court dismissed the claims asserted by all Plaintiffs except for D'Ambly for lack of personal jurisdiction.  Nov. 1 Opinion at 13-14.  Nothing in the SAC changes this analysis.  Count II, therefore, is dismissed as to every Plaintiff except D'Ambly for lack of personal jurisdiction.

### D.  Tortious Interference (Count II)

In Count Two, D'Ambly alleges that Exoo intentionally interfered with his prospective economic benefit; specifically, D'Ambly's continued employment.  SAC ¶¶ 154-61.  Exoo first seeks to dismiss the claim because D'Ambly fails to allege that Exoo made untruthful statements.  Exoo Br. at 33-34.  Under New Jersey law, a plaintiff must plead the following elements to establish a claim:

> (1) a plaintiff's reasonable expectation of economic benefit or advantage, (2) the defendant's knowledge of that expectancy, (3) the *defendant's wrongful, intentional interference* with that expectancy, (4) in the absence of interference, the reasonable probability that the plaintiff would have received the anticipated economic benefit, and (5) damages resulting from the defendant's interference.

*Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 186 (3d Cir.1992) (emphasis added) (citing *Printing Mart–Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989)).  Moreover, "it is generally recognized that a party may not be liable for tortious interference for merely providing truthful information to one of the contracting parties."  *E. Penn Sanitation, Inc. v. Grinnell Haulers, Inc.*, 682 A.2d 1207, 1218 (N.J. App. Div. 1996); *see also Snitken v. Franklin Sussex Auto Mall*, No. A-2125-06T12125-06T1, 2008 WL 539024, at *4 (N.J. App. Div. Feb. 29, 2008) ("[T]he *Restatement (Second) of Torts § 727* comment B provides [that] [t]here is of course no liability for interference with a contract or a prospective contractual relation on the part of one who merely gives truthful information to another.").

11

The Court dismissed the tortious interference claim in the FAC, in part, because D'Ambly did not appear to allege that Exoo defamed or otherwise spread false information about D'Ambly in the Tweets that ultimately led to D'Ambly's termination.  Nov. 1 Opinion at 14-16.  In the SAC, D'Ambly still fails to allege that any of the Tweets contained false information.  Instead, Plaintiffs argue that in their brief in opposition to Exoo's motion to dismiss the FAC, Plaintiffs affirmatively denied that they were fascists, Nazis, and white supremacists and reassert this position in their current opposition.  Exoo Opp. at 5, 23.  This allegation, or anything to that effect, does not appear in the SAC.  Again, Plaintiffs cannot amend their pleading through a brief.  As a result, the Court disregards this argument and concludes that D'Ambly fails to plead that any of Exoo's Tweets, as they pertain to D'Ambly, contained false information.

The Court acknowledged, however, that D'Ambly's allegations about a threatening message left with the Daily News, D'Ambly's employer, on January 11, 2019, could support a finding of wrongful and intentional interference.  Nov. 1 Opinion at 17.  In the SAC, Plaintiffs include more allegations to substantiate their allegations about the January 11 message.  Critically, Plaintiffs allege that Strickland left the message, not Exoo.  SAC ¶¶ 57, 62-63.  But even assuming that Strickland's January 11 message amounts to wrongful and intentional interference (which the Court is not deciding), it is not clear how Exoo is liable for Strickland's message.  As discussed, Plaintiffs' allegations that Exoo directed his associates to send harassing, intimidating and threatening phone calls and Tweets to the Daily News are not supported by the Exoo's actual Tweets.  Nov. 1 Opinion at 16.  Instead, Exoo instructed his followers to get D'Ambly fired and "warn them about Daniel D'Ambly."  Torres Decl., Ex. D-II at 20-21, 26, 35.  Thus Strickland's purportedly threatening message seems to go behind of scope of Exoo's instructions.  And Plaintiffs provide no legal authority explaining how Exoo could be liable for Strickland's conduct

in such a scenario.  Therefore, as pled, Plaintiffs fail to allege any wrongful interference by Exoo.

Without such allegations, D'Ambly does not plead a tortious interference claim as to Exoo.  Count

II is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 9th day of August, 2022,

**ORDERED** that Defendants' motions to dismiss (D.E. 116, 117, 119) are **GRANTED**; and it

is further

**ORDERED** that Counts IV, V and VII are dismissed as to all the Moving Defendants pursuant

to Federal Rule of Civil Procedure 12(b)(6); and it is further

**ORDERED** that Count II is dismissed as to all Plaintiffs except Daniel D'Ambly pursuant to

Federal Rule of Civil Procedure 12(b)(2) and as to D'Ambly pursuant to Federal Rule of Civil

Procedure 12(b)(6); and it is further

**ORDERED** that dismissal is without prejudice.  Plaintiffs shall have thirty (30) days to file an

amended complaint that cures the deficiencies noted herein.  If Plaintiffs do not file an amended

pleading within that time, the claims dismissed herein will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.