THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
Telephone: (201) 777-3327 | eFax: (201) 896-7815 | help@ptesq.com

December 16, 2022

Via: CM/ECF
The Honorable Jessica S Allen, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

   Re: *D'Ambly v. Exoo, et al.,*
      Civil Case No.: 2:20-cv-12880-JMV-JSA
      *Request for Phone Conference Concerning Document Production Impasse*

Dear Judge Allen,

  As you may recall this office represents Daniel D'Ambly (hereinafter "D'Ambly" or "Plaintiff") the Plaintiff in the above-referenced civil action. We request a brief telephone conference with Your Honor and counsel for defendants as soon as possible to resolve an issue concerning attempts to prevent production of relevant documents by Defendants Tribune Publishing, LLC ("Tribune") and the New York Daily News Company ("Daily News") (collectively "Defendant").

  All counsel generally agree that the uniqueness of the surnames "D'Ambly" and "Exoo" as in the co-Defendant Christian Exoo, when used as search terms combined with the limited time to be searched (approximately six (6) months) will help prevent capture of irrelevant information. Plaintiff turned over his document production to Defendant on December 1, 2022, and received Defendant's responses to his request for documents on December 2, 2022. On December 5, 2022, the parties met in an attempt to resolve issues concerning search terms. Subsequently, Defendant produced a list comprised of five (5) search terms and five custodians that they deemed acceptable. Defendant refused to accept any of Plaintiff's search terms.

  Plaintiff responded to Defendant's proposed list of five (5) terms to be searched with a curated list to be searched comprised of specific relevant terms and direct quotations that were

taken verbatim from select Tweets that were directed to the Daily News that called for Plaintiff's employment termination and union expulsion.  All of the Tweets were from the relevant time period.  Plaintiff's search terms will lead to discovery of evidence sufficient to prove the pre-textual nature of D'Ambly's termination by discovering the name(s) and identity of the person(s), who prior to January 13, 2019, possessed the knowledge that D'Ambly was to be terminated from the Daily News.  This is information is relevant for the reason that it will expose the identity of the person(s) who disclosed D'Ambly's termination and employment status to Defendant Christian Exoo, on or before January 13, 2019.  This information is material, because in D'Ambly's Termination of Employment letter, Defendant claimed that the cause of D'Ambly's termination did not accrue until January 14, 2019, however, on January 13, 2019, Exoo publicly announced D'Ambly's termination from the Daily News in several Tweets to varied people with reference to a reliable tipster.

     As an example of Defendant's refusal of relevant terms.  Plaintiff requested the phrase "they kick puppies" be searched.  Defendants objected on the grounds that this phrase was "irrelevant, overly broad in scope and disproportionate to the needs of the case in light of the claims alleged."  The phrase is a quote taken directly from a Tweet that was sent to the Daily News on January 11, 2019.  The person who sent that Tweet is the person who left a threatening message on the Daily News voicemail on January 11, 2019, and is also the person who "keyed" D'Ambly's car and slashed his tires on January 11, 2019.  Moreover, in D'Ambly's Termination of Employment letter, the Daily News cited the threatening voicemail message as the cause of D'Ambly's termination, thus, the quote is far from irrelevant.

     There is little likelihood that extraneous information will be collected due to the several inherent bright line self-limiting search parameters, including unique surnames, specific subject matter, and limited search time period (approximately six months) to warrant Defendant's

oppressive search restrictions.  Plaintiff finds Defendant's attempt to limit the search to specific custodians as nothing more than a naked attempt to avoid production and further objects for the following non-exhaustive list of reasons: (1) Defendant's handpicked list violates the spirit of broad discovery required by our rules; (2) the uniqueness of the surnames D'Ambly and Exoo, combined with D'Ambly's employment termination, involvement of corporate security due to subject matter, *i.e.*, "doxing," perceived brute force attack, threatening communications received from unknown third-parties, and threatening voicemails; (3) the likely involvement of the Jersey City Police Department and Newark FBI, which Defendant's refuse to disclose; (4) Defendant's proposed list of custodians does not include all the persons named in their initial disclosures as the persons who are likely to have relevant information concerning this matter; (5) the list does not include the custodians' assistants or secretaries; (6) as a public corporation defendant Tribune is subject to document retention regulations and the person responsible for ensuring compliance is not included in Defendant's proposed list of custodians.  Moreover, Defendant's proposed search terms are conveniently and arbitrarily blind to the known facts.  Defendant claims that the terms "fascist, Nazi, and white supremacist," are not relevant.  However, being an alleged "fascist, Nazi, and white supremacist" is cited in the Last and Final Warning letter the Daily News issued to D'Ambly on January 11, 2019.

     Furthermore, Defendant has not produced D'Ambly's personnel file, which could be potentially a source to cross-reference for the identity of the person(s) with knowledge of his termination in advance of January 13, 2019, but Defendant has not produced it.

Respectfully submitted,

/s/ Patrick Trainor
*Attorney for Plaintiff*

cc:    Emily Starbuck, *Attorney for Defendant, via CM/ECF*
       Joseph Mulherin, *Attorney for Defendant, via CM/ECF*