# EXHIBIT 1

THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
Telephone: (201) 777-3327 | eFax: (201) 896-7815 | help@ptesq.com

March 8, 2023

Via: estarbuck@mwe.com
Emily Starbuck
McDermott Will & Emery, LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606

      Re:    *D'Ambly v. Exoo, et al.,*
               Civil Case No.: 2:20-cv-12880-JMV-JSA
               *Privilege log and discovery production format*

Dear Emily,

     We request time to meet and confer to discuss the documents withheld in your privilege log dated February 27, 2023, and the amended version on March 3, 2023, and your discovery production format. We reiterate our demand that you comply with discovery rules and produce electronically stored information in its electronic format. The black and white pdf copies you have produced thus far are a flagrant violation of the rules. We further demand that you identify your client's information management systems, including current and historical email systems, archival systems, digital backup, legacy computer files, and systems used to track, retrieve, and retain social media account data.

     Concerning your privilege logs. The local rules place the burden of demonstrating the precise manner in which a document is privileged upon the party claiming privilege. Simply including an attorney as the sender or recipient (including "cc" or "bcc') does not render a communication privileged. Your privilege log is one-hundred eighty-five (185) pages and you are claiming attorney-client privilege to withhold 1060 emails (herein also referred to as "communications") that were exchanged by and between Tribune Publishing Company, Inc. ("Tribune") and New York Daily News ("Daily News") (collectively "Tribune") in-house legal

counsel [Mindy Lees], corporate executives, human resources staff, and external persons between October 30, 2018, and March 31, 2021.  Privilege logs must explain whether legal advice in the withheld document is paraphrased or directly quoted, and whether the legal advice can be redacted, and the non-privileged portion produced, but your privilege log does not.  Facially, an overwhelming number of withheld emails in your privilege log are not protected by attorney-client privilege, but you have failed to sufficiently explain why these emails are protected by attorney-client privilege.  For several reasons, some of which are discussed herein, it is obvious that you are attempting to leverage claims of attorney-client privilege to withhold factual evidence.

      Mr. D'Ambly was doxed by Christian Exoo a/k/a Twitter username "@Antifashgordon" on October 29, 2018, where Exoo alleged that Mr. D'Ambly was a fascist, Nazi, and white supremacist, and he was terminated January 18, 2019.  To date through discovery we learned that prior to D'Ambly's termination, Maya Bordeaux, Tribune's former Chief Human Resource Officer described Mr. D'Ambly as a "clown" and a "horrible hateful person" in emails she sent to Tribune's former CEO Terry Jimenez, but Mr. Jimenez failed to pushback against her unbecoming language.  Even more troubling is the discovery that Ms. Bordeaux impermissibly obtained Mr. D'Ambly's home address from Tribune's Workday enterprise management system just two days before unknown persons appeared at Mr. D'Ambly's home and slashed his vehicle's tires and scratched its paint while it was parked in his driveway.  At the same time, as her impermissible acquisition of Mr. D'Ambly's home address, Ms. Bordeaux messaged herself a reminder note to write D'Ambly's "corrective action plan," but none has been produced.  We believe that reference to "corrective action plan," which is not protected by attorney-client privilege, and the property damage that occurred at Mr. D'Ambly's home are related.

Other emails that you claim are protected by attorney-client privilege are business-focused communications, which are not protected by attorney-client privilege. There are at least 35 emails withheld that were sent beginning on October 30, 2018, whereby Marisa Kollias, Tribune's former Vice President of Communications and Public Relations was the sender or recipient. The inclusion of Ms. Kollias illustrates the purpose of these emails was to address routine business matters, *i.e.*, the public relations impact, if any, as a result of D'Ambly's dox. Routine business matters are not protected by attorney-client privilege. Please produce these unredacted emails or produce an affidavit in accordance with the rules that explains how these emails are protected by attorney-client privilege.

You withheld 241 emails exchanged by Ms. Lees, corporate executives, human resources staff, and external persons between October 30, 2018, and January 18, 2019, that you described as *"[e]mail chain requesting legal advice from in-house counsel regarding the investigation of* ***D. D'Ambly's conduct***.*"* The privilege log does not explain the nature the nature of the conduct Ms. Lees investigation into "D. D'Ambly's conduct." Please produce these unredacted emails or produce an affidavit in accordance with the rules that explains the nature of the "investigation of D. D'Ambly's conduct" and how attorney-client privilege protects those emails from disclosure.

There are 99 additional emails withheld under the guise of attorney-client privilege that you describe as a "*[d]ocument reflecting legal advice from in-house counsel Mindy Lees regarding the **investigation of D. D'Ambly's conduct**,*" wherein a person named Yasmin Firouzi was the sender. The privilege log does not identify the recipient(s) of Ms. Firouzi's emails, but since Ms. Firouzi a/k/a Yasmin Firouzi Sotomayor is not believed to be an attorney, nor is she a Tribune employee or agent, these communications are not protected by attorney-client privilege.

Please produce these unredacted emails or provide an affidavit in accordance with the rules that describes how attorney-client privilege shields Ms. Firouzi's emails from disclosure.

Moreover, you claimed attorney-client privilege to withhold 72 emails sent by "Bobby Zisel" that are described as *"[d]ocument conveying information to facilitate rendering of legal advice from in-house counsel Mindy Lees regarding the investigation of D. D'Ambly's conduct."* None of the emails sent by Bobby Zisel identify a recipient. Please produce these unredacted emails or produce affidavits in accordance with the rules that describe how Bobby Zisel's emails are protected by attorney-client privilege. Furthermore, there are numerous other emails sent by Jean Nechtaval, Maya Bordeaux, James Brill, Ann Barnes, and others that do not have a recipient, yet you claim these emails are protected by attorney-client privilege. Please provide the unredacted emails or produce affidavits in accordance with the rules that describe how all emails on your privilege log, which do not identify the recipient are protected by attorney-client privilege.

Lastly, we previously requested production of all personal and professional social media account usernames for the persons involved in the decision to terminate Mr. D'Ambly, but you have not produced those. Please produce those social media account usernames.

Sincerely

cc:   Joseph Mulherin