# EXHIBIT 3

THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
Telephone: (201) 777-3327 | eFax: (201) 896-7815 | help@ptesq.com

March 14, 2023

Via: jmulherin@mwe.com
Joseph Mulherin
McDermott Will & Emery, LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606

   Re: *D'Ambly v. Exoo, et al.,*
     Civil Case No.: 2:20-cv-12880-JMV-JSA
     *Plaintiff's Reply to Tribune Letter dated March 13, 2023*

Dear Joe,

   Please accept this brief response to your letter dated March 13, 2023, which was a response to our letter dated March 8, 2023, wherein we requested time to meet and confer to discuss the documents withheld in your privilege logs dated February 27, 2023, and amended on March 3, 2023, and the format of discovery production to date.  Your explanation that the privilege log separates documents into "families" with a parent document is not evident from the document, and you failed to provide an explanatory legend or similar instruction.  Moreover, your privilege log is a black and white document, which is not conducive to a color coded labeling system that is alleged in your letter.

   The attempts to characterize my repeated demands for you to produce documents and electronically stored information ("ESI") in accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(i) as "Amended Requests for Production of Documents" are disingenuous.  I demanded production of documents in accordance with *Rule 34* when I served Plaintiff's First Set of Requests for Production of Documents and Things on October 14, 2022, and reiterated that demand in Plaintiff's Amended First Set of Requests for Production of Documents and Things that was served on October 26, 2022, but you chose to ignore your responsibilities

pan

pursuant to Fed. R. Civ. P 34.  Moreover, we have met and conferred multiple times regarding discovery production and each time demand was made for you to produce documents as they are kept in the normal course of business.

Additionally, I am familiar with the Sedona Principles, but I am not aware that the Sedona Principles state that a defendant can ignore *Rule 34* production requirements and choose his own method of discovery production, nor am I aware of any precedential case law that supports such behavior.

The demand that your privilege log be updated to include information concerning whether the alleged legal advice contained in the withheld documents is paraphrased or directly quoted and whether the legal advice can be redacted, and the non-privileged portion produced is consistent with the local rules.  The Third Circuit requires the withholding party to "designate with particularity the specific documents or file to which the claim of privilege applie[s]." *Torres v. Kuzniasz*, 936 F.Supp. 1201, 1208-09 (D.N.J. 1996).  Your privilege log fails to do so.

As for the following individual concerns:

1. Maya Bordeaux:  You did not produce Mr. D'Ambly's corrective action plan.  A correction action plan is a document that is issued to an employee to correct and resolve employee performance problems in order to retain the employee as a productive staff member.  Document NYDN 00000028 is the undated Tribune Publishing Employee Handbook that is issued to all employees, it is not Mr. D'Ambly's corrective action plan.

2. Marisa Kollias:  Ms. Kollias was a public relations executive and her comments concerning D'Ambly's dox and related social media posts are not protected.  This is a perfect example of documents, whereby you must state whether the legal advice is paraphrased or directly quoted, and where the legal advice can be redacted and the non-privileged portion produced.

3. Yasmin Firouzi Sotomayor:  Not an employee.  Not an attorney.  Her employment with the Tribune ended at least twelve (12) months prior to October 29, 2018.  Whether she "likely created a template that other Human Resources employees such as Ms. Bordeaux used and altered" lacks the required particularity and is not stated in the privilege log.  Further, the alleged template she created was not produced.

4.  Robert "Bobby" Zisel:  It is not possible to determine whether Robert Zisel and Bobby Zisel are the same person.  What template did Robert Zisel or Bobby Zisel create?

5.  Jean Nechtaval, Maya Bordeaux, James Brill, Ann Barnes, and others that do not have a recipient.  You must designate with particularity what these are and why they are protected by attorney-client privilege.

Lastly, your claim that we never asked for social media account information and are now belatedly asking for "all personal and professional social media account usernames…" is false. Please see instruction number 18 of Plaintiff's First Set of Requests for Production of Documents and Things on October 14, 2022, and Plaintiff's Amended First Set of Requests for Production of Documents and Things that was served on October 26, 2022.  Please produce those social media account usernames.

We look forward to our meeting in the afternoon of Wednesday, March 15, 2023.

Sincerely,

cc:     Emily Starbuck, estarbuck@mwe.com