# EXHIBIT 4

Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHRISTIAN EXOO a/k/a @ANTIFASH GORDON; ST. LAWRENCE UNIVERSITY; TRIBUNE PUBLISHING COMPANY, LLC; NEW YORK DAILY NEWS; VIJAYA GADDE; TWITTER, INC; COHEN, WEISS AND SIMON, LLP; UNNAMED ASSOCIATES 1 – 100,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 2:20-cv-12880<br><br>JUDGE JOHN MICHAEL VAZQUEZ, U.S.D.J.<br><br><br>**AMENDED** |

## PLAINTIFF'S AMENDED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Daniel D'Ambly (hereinafter "Plaintiff" or "D'Ambly") requests that Defendants Tribune Publishing Company, LLC, and the New York Daily News and their successors and predecessors (collectively referred to as "Defendant") produce the documents and things identified below.  The Defendant shall provide the documents and things, and/or written responses or objections to these Requests on or before November 14, 2022.

## INSTRUCTIONS AND DEFINITIONS

As used herein, the following instructions and definitions apply:

1. Electronic copies of the requested documents are demanded, including metadata.

2. Unless otherwise indicated, the Requests cover the period of August 1, 2017, to September 30, 2019.

3. "Plaintiff" means Daniel D'Ambly the plaintiff in this action.

4. "Defendant" means collectively the Tribune Publishing Company and the New York Daily News, and includes their successors, predecessors, corporate parents, board of directors, shareholders, directors, officers, employees, agents, servants, in-house and outside attorneys, accountants, consultants, affiliates, subsidiaries, and every other person or entity acting on their behalf.

5. Christian Exoo ("Exoo") means the person who publishes, controls, manages, operates the Twitter account username "@AntiFashGordon."

6. "Personal identity" and/or "identity" means a person's first name, last name, maiden name, known nicknames, government name as identified on a driver's license or income tax filing.

7. "Personal identifying information" means any information used to determine a person's identity, such as the person's first name, last name, maiden name, surname, social security number, driver's license number, voter identification number, employer identification number, tax identification number, and/or any similar government issued identification number, employer's name, home address, work address, name(s) of schools they attended, or were attending.  Personal identifying information shall include the names of Plaintiffs' family members, including children, siblings, parents, grandparents, cousins, aunts, uncles, in-laws, and all step affiliations of same, be they dead or alive that was used to obtain Plaintiffs' personal identity.

8. "Labor Union" means the International Brotherhood of Teamsters ("Teamsters") and the Amalgamated Lithographers of America, Graphic Communications Conference of the International Brotherhood of Teamsters, Local One-L ("GCC").

9. "Communicate" and/or "communication" in addition to their plain meaning, means any written or oral utterance made, heard written, viewed, accessed, exchanged, or read, including, handwritten messages, notes, letters, electronic mail, chats, private messages, direct messages, Twitter messages "Tweets," text messages, telephone calls, encrypted and unencrypted messaging applications, such as Whatsapp or Telegram, and any and all other forms and methods of exchanging information and/or expression.  Communications include the date of said communications.

10. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including that "document" specifically includes, without limitation, any electronically-stored data or information, including

Twitter usernames, Twitter account identification numbers, Twitter messages ("Tweets"), Twitter direct messages ("DM"), internet protocol addresses ("IP address"), email addresses and user account phone numbers, text messages, messages sent and received using messaging applications such as WhatsApp or Telegram. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

11. The term "thing" refers to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

12. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

13. "Including" means including but not limited to.

14. "Person" and "persons" means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

15. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

16. The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa. The male pronoun includes the female pronoun, and vice-versa.

17. The requests include production of all documents and things concerning communications between Defendant and Exoo at any point during the relevant period, including any and all persons or entities acting on Defendant's behalf, who provided Exoo with information concerning D'Ambly's personal identity, employment status with Defendant, labor union membership, employment termination from Defendant. Provide the communicating person's first and last name, employer's name, job title, personal and professional username(s) for Twitter and any and all other social media platforms, email address, mobile telephone number, cellular telephone number, landline telephone number, text messages, messages sent and received using messaging applications such as WhatsApp or Telegram. This includes the identity of the person(s) who informed Christian Exoo on or before January 13, 2019, that that D'Ambly was terminated from the Daily News. This includes the identity of the person(s) who informed Christian Exoo that D'Ambly was terminated and the date of said communications. See Tweets below.



18. The requests include production of all documents and things concerning communications between Defendant and their board of directors, corporate parent, shareholders, directors, officers, employees, agents, servants, in-house and outside attorneys, accountants, consultants, affiliates, subsidiaries, or any other person or entity acting on their behalf, concerning Exoo and his demand that Defendant terminate D'Ambly's employment, exchanged at any point during the relevant period.  Provide the communicating person's first and last name, employer's name, job title, personal and professional username(s) for Twitter and any and all other social media platforms, email address, mobile telephone number, cellular telephone number, landline telephone number, text messages, messages sent and received using messaging applications such as WhatsApp or Telegram.  This includes the identity of the person(s) who informed Christian Exoo that D'Ambly was terminated and the date of said communications.

19. These Requests seek the production of documents and things as of the date on which Defendant responds, however, the Requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure.  If, after producing documents and things, Defendant becomes aware of any further document(s), thing(s), or information responsive to these Requests, Defendant is required to produce such additional documents, things, and/or information to Plaintiff promptly upon acquiring possession of such.

20. If any document or thing is not produced based on a claim of privilege, or if Defendant contends a document or thing is otherwise exempt from discovery, Defendant shall provide Plaintiff with a privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

21. If Defendant objects to any Request as overly broad or unduly burdensome, Defendant shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

22. If Defendant is aware that any document or thing responsive to any Request once existed but has been destroyed, or is no longer available for production, Defendant shall identify who destroyed it, why it was destroyed, and the circumstances under which it was destroyed or is no longer available.

23. Respond to each of the Requests separately.  Identify any Document responsive to any request as being responsive to the specific request at issue.  If the same Document is responsive to more than one request, identify all requests to which it is responsive.

24. All Documents are to be produced as they are kept in the usual course of business so that Plaintiff can ascertain the files in which the Documents are located, their relative order in such files, and how such files are maintained.

## REQUESTS FOR DOCUMENTS AND THINGS

1. Daniel D'Ambly's complete employee personnel file.

2. All documents and things concerning the identity of all Defendant's members, employees, executives, directors, board of directors, shareholders, officers, employees, agents, servants, in-house and outside attorneys, accountants, consultants, affiliates, subsidiaries, and/or any other persons or entities acting on Defendant's behalf, who communicated with Exoo on or before January 13, 2019, and provided Exoo information concerning D'Ambly's employment status and termination.  Include the dates of all communications with Exoo, including the date that D'Ambly's termination was disclosed to Exoo, include the disclosing person(s) personal identity, first and last name, employer's name, job title, Twitter and all other social media platform username(s), email address, mobile telephone number, cellular telephone number, landline telephone number.

3. All documents and things concerning every communication from August 1, 2017, to September 30, 2019, between Defendant and Exoo, and/or persons and entities acting on Exoo's behalf concerning D'Ambly's employment status, his labor union membership, and employment termination.

4. All documents and things concerning every communication from August 1, 2017, to September 30, 2019, between the Defendants, the Teamsters, and GCC, concerning D'Ambly's employment, labor union membership, and employment termination.

5. All documents and things concerning every communication from August 1, 2017, to September 30, 2019, between Defendants, the Teamsters, and GCC, concerning Exoo's demands that Defendants terminate D'Ambly's employment and his labor union membership.

6. All documents and things concerning communications between Defendant and Teamster Representative Bernadette Kelly concerning D'Ambly and Exoo's demands that Defendant terminate D'Ambly's employment.

7. All documents and things sufficient to show Defendant's organizational structure, including without limitation documents sufficient to identify any parent, subsidiary, or other related companies, and documents sufficient to identify and describe Defendant's officers, directors, managerial employees, and their respective duties.

8. All documents and things concerning Exoo's demands that Defendant terminate D'Ambly's employment.  Include all communications exchanged with Defendant and Exoo and/or any other person(s) or entities that communicated the demand that Defendant terminate D'Ambly's employment.

9. All documents and things concerning the actions taken by Defendant to document the receipt of the communications Defendant received that demanded D'Ambly's termination.

10. All documents and things concerning the actions taken to mitigate the workplace violence directed at D'Ambly and other employees by Exoo and any other persons or entities during the relevant period.  Include any and all OSHA Form 300 and Form 301's.

11. All documents and things concerning this action, including without limitation all documents sent or received from any person concerning this action.

12. All documents and things concerning any allegation set forth in Plaintiff's Complaint, including without limitation all documents that support the denial of any allegation in Plaintiff's Complaint.

13. All documents concerning any communication relating to this litigation, including without limitation communications with Defendant, the Teamsters, or GCC's employees, shareholders, directors, officers, or board members.

14. All documents and things concerning any allegation set forth in the Complaint, including without limitation all documents that support the denial of any allegation in the Complaint.

Respectfully,

Dated: October 26, 2022

Patrick Trainor
*Attorney for Plaintiff*