IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTIAN EXOO a/k/a @ANTIFASH GORDON; et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:20-cv-12880<br><br>JOHN MICHAEL VAZQUEZ, U.S.D.J.<br><br>**PLAINTIFF DANIEL D'AMBLY'S EXPEDITED MOTION FOR AN ORDER TO SHOW CAUSE RE:**<br><br>**TO COMPEL ONE PEOPLE'S PROJECT TO COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS, THINGS, AND ELECTRONICALLY STORED INFORMATION IDENTIFIED IN PLAINTIFF'S SUBPOENA DUCES TECUM AND FOR AN EXPEDITED ORDER TO SHOW CAUSE WHY ONE PEOPLE'S PROJECT SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH SUBPOENA** |

## RELIEF SOUGHT

Daniel D'Ambly (hereinafter "Mr. "Plaintiff" or D'Ambly") plaintiff in the above-captioned action requests that the Court issue an Order pursuant to *Rule 45(e)(1)(D)* of the Federal Rules of Civil Procedure compelling One People's Project as the owner and registrant of Torch Antifa Network's website domain *www.torchantifa.org* to produce documents, things, and electronically stored information covered by Plaintiff's subpoena duces tecum. (*One People's Project and Torch Antifa Network are hereinafter collectively referred to as "Torch"*).

Plaintiff further requests an expedited Order to Show Cause why One People's Project should not be held in contempt for failing to comply with a subpoena duces tecum commanding them to produce documents, things, and electronically stored information for Torch Antifa Network's website domain *www.torchantifa.org*.

Plaintiff respectfully requests expedited consideration of this motion, because it was discovered that after he served a subpoena to produce documents, things, and electronically stored information, Torch intentionally acted to destroy highly relevant information by changing its domain name from *"www.torchantifa.org" to "www.torch-antifa.org"* and by changing the internet domain registry settings from public access to private, which shields the domain owner and registrant information for *www.torchantifa.org* or *www.torch-antifa.org* from public view.

## **GROUNDS FOR RELIEF**

1. This is a civil action brought by Plaintiff, who was the victim of an online smear campaign that tortiously interfered with his prospective economic benefits and caused his employment to be terminated, and the same persons caused him to sustain substantial property damage to his motor vehicles while they were parked in the driveway of his home.

2. Despite being duly served with a summons and the complaint in the instant action, Torch Antifa Network failed to appear or otherwise defend.

3. Subsequently, the Clerk of the United States District Court, for the District of New Jersey entered default on May 10, 2022. (ECF Nos. 132 and 133).

4. On May 16, 2022, and May 23, 2022, because he has good cause to believe that the website *www.torchantifa.org* possesses highly relevant and unique information concerning this action, Plaintiff served a subpoena to produce documents, things, and electronically stored information on Torch Antifa Network via One People's Project, the organization identified as the owner and registrant of Torch's website *www.torchantifa.org* in the internet domain registry maintained by the Internet Corporation for Assigned Names and Numbers ("ICANN"). A copy of the subpoena is annexed hereto as **Exhibit A**.

5. Torch did not comply with the subpoena. Torch's failure to comply was without adequate excuse in that no timely written objections to the subpoena duces tecum were filed, nor was a motion to quash the subpoena filed prior to the date of compliance.

6. The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…information within this scope of discovery need not be admissible as evidence to be discoverable." *Fed. R. Civ. P. 26(b)(1)*. *Rule 26* is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981).

7. *Federal Rule of Civil Procedure 45(b)(1)* only requires that a copy of the subpoena be served on the party identified in the subpoena by a server who is 18 years of age or older and who is not a party to the action. The instant subpoena to produce documents and things did not require Plaintiff to tender payment of one day's attendance fee and/or mileage fee with service of the subpoena.

8. In accordance with *Rule 45(b)(1)* Torch Antifa Network was validly served with the subpoena to produce documents, things, and electronically stored information related to its website *www.torchantifa.org* through One People's Project the organization identified by the Internet Corporation for Assigned Names and Numbers ("ICANN") as the owner and registrant of *www.torchantifa.org*.

9. Good cause exists to require Torch to comply with the subpoena, because Plaintiff discovered that after Torch was served the subpoena to produce documents, things, and electronically stored information Torch intentionally took steps to destroy or shield from discovery highly relevant information by: (1) changing its domain name from

"www.torchantifa.org" to "www.torch-antifa.org;" and (2) by changing the internet domain registry settings from public access to private, which prevents Plaintiff and others from accessing the identifying information of the owner and registrant for either *www.torchantifa.org* or *www.torch-antifa.org*.

10. The information sought by this subpoena is not available elsewhere. Only Torch has or is likely to have this information.

11. The documents, things, and electronically stored information specified in the subpoena, are not cumulative or duplicative of information available from other sources.

12. Torch Antifa Network should be ordered to produce all documents, things, and electronically stored information that respond to the command of the subpoena, under penalty of contempt of court.

## **RECORD ON MOTION**

The motion is based in this document, the attached notice of motion, certificate of service, and supporting certification of counsel, and on whatever evidence and argument may be had during any hearing on this motion.

THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC

April 12, 2023

/s/ Patrick Trainor
Patrick Trainor, Esq.
THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiff Daniel D'Ambly*