# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| DANIEL D'AMBLY, et. al, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-12880-JMV-JSA |
| CHRISTIAN EXOO, et. al | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   **TORCH ANTIFA NETWORK**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All communications exchanged between member(s), associate(s), comrade(s), and/or any person(s) affiliated with Torch Antifa Network and Christian Exoo a/k/a "AntiFashGordon."  See attached Exhibit A for instructions and a list of the documents, things, and communications your are to produce.

| Place: The Law Office of Patrick Trainor, Esq., LLC<br>19 Union Avenue, Suite 201<br>Rutherfordm, NJ 07070 | Date and Time:<br>05/31/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/**11**/2022

| CLERK OF COURT | OR | s/ Patrick Trainor, Esq. |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Daniel D'Ambly, Aaron Wolkind, Steve Hartley, Richard Schwetz, et., al                 , who issues or requests this subpoena, are:
Patrick Trainor, Esq., 19 Union Avenue, Suite 201, Rutherford, NJ 07070; (201) 777-3327; pt@ptesq.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:20-cv-12880-JMV-JSA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA FOR DOCUMENTS AND/OR TESTIMONY
## EXHIBIT A

**INSTRUCTIONS AND DEFINITIONS**

As used herein, the following definitions apply:

1. "TORCH ANTIFA NETWORK," "TORCH" "you," or "your" means TORCH ANTIFA NETWORK, individually and collectively with all of its chapters, affiliates, organizing bodies, associations, affinity groups a/k/a "AG's," individual members, and any and all owners, officers, directors, agents, servants, employees, chapters, associates, affiliates, social media followers, friends, organizing bodies, members, participants, donors, volunteers, in-house and outside attorneys, accountants, consultants, predecessors in interest, corporate parents, affiliates, subsidiaries, and/or all other persons or entities, who claim membership, affiliation, or association with TORCH ANTIFA NETWORK. TORCH ANTIFA NETWORK and all of its chapters, affiliates, organizing bodies, associations, affinity groups a/k/a "AG's," individual members are herein sometimes collectively referred to as "Members."

2. ~~2.~~ "Defendant" means CHRISTIAN EXOO a/ka Twitter username "@ANTIFASHGORDON," the defendant in *D'Ambly v. Exoo, et al., 2:20-cv-12880-JMV-JSA* ("this action"), and includes Twitter usernames "@DOXSAVAGE," "@CHRISEXOO," "@CHRISTIANEXOO," and includes any and all aliases, pseudonymous accounts, anonymous accounts, usernames, social media usernames sometimes referred to as "Handles," "profiles," and/or "hashtags," websites, email addresses, mobile telephone numbers, landline telephone numbers, "sock puppet accounts" (a sock puppet is an alternative online identity or username) that CHRISTIAN EXOO has used or is currently using, including usernames that include "GILES," and/or with any other person(s), entities, associates, affiliates, friend, or followers that are acting on his behalf, and/or that have acted on Defendant's behalf at any point in time since January 1, 2015.

3. "Plaintiffs" means DANIEL D'AMBLY; AARON WOLKIND; STEVE HARTLEY; RICHARD SCHWETZ; JOBEL BARBOSA; MATTHEW REIDINGER; JOHN HUGO; SEAN-MICHAEL DAVID SCOTT; THOMAS LOUDEN; ZACHARY REHL; AMANDA REHL; K.R., a minor, by and through her father ZACHARY REHL and her mother AMANDA REHL, MARK ANTHONY TUCCI, the Plaintiffs in this action.

4. "Dox," "Doxing," and/or "to dox" means to search for, acquire, obtain, through any means, and to publish the private and/or personal identifying information of another person without that person's consent.

1

5. "Personal identifying information" means any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means, including any information that is linked or linkable to that individual.

6. "Dogpiling" or "to dogpile" means a number of people directing comments and/or actions at one individual person usually in a coordinated manner, but coordination is not required.

7. "Social Media Platforms" a/k/a "platforms" means Twitter, Facebook, Signal, Wire, Facebook, Instagram, MySpace, Snapchat, Tik Tok, YouTube, WhatsApp, WeChat, Qzone, Reddit, Facebook Messenger, Sina Weibo, QQ, Kuaishou, Quora, and any and all other similar or related platforms not mentioned above.

8. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including any electronically stored information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document. The production of electronically stored information requires production of the "metadata."

9. "Communications" means sending, receiving, imparting or exchanging of information, data, or news, whether publicly or privately, via, through, with, or by any means, including, but not exclusively limited to, messages sent or received on any and all social media platforms, over video conferences, Zoom calls, Google Hangouts, Microsoft Teams meetings, emails, memorandums, notes, telephone calls, face-to-face meetings, facsimile, text messages, online chats, Twitter Tweets, direct messages a/k/a "DM's," social media messages, comments, "like buttons," "dislike buttons," down votes, upvotes, and any other form of communication not mentioned herein, including any and all communications conveyed to, from, or by third parties. This definition includes and encompasses any and all form of communications not specifically mentioned above.

10. The term "thing" refers to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, audiotapes, and digital records and recordings.

11. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

12. "Person" and "persons" means (a) natural persons; (b) legal entities, including corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies, affinity groups, chapters, organizing bodies, autonomous organizing bodies, donors, community aid recipients.

13. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

14. The past tense includes the present tense, and vice-versa.  The singular includes the plural, and vice-versa.  The male pronoun includes the female pronoun, and vice-versa.

15. Unless otherwise indicated, the Requests cover the period of January 1, 2013, to the Present.

16. If any document or thing is not produced based on a claim of privilege, or if you contend a document or thing is otherwise exempt from discovery, please identify the document by providing the following information: (1) name, position, and title of the author; (2) name, position, and title of the addressee; (3) purpose for preparing the document; (4) date of the document; (5) number of pages, attachments, or appendices; (6) brief description or summary of content of the document; (7) all persons to whom distributed, shown, or explained; (8) present custodian; and (9) the nature of the privilege or objection asserted.

## REQUESTS FOR DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**  All documents, things, and communications, concerning the names of all Torch Antifa Network members, associates, affiliates, including their real true name and identity, their email address(es), social media usernames, mobile (cell) telephone numbers, landline telephone numbers, home address(es), business address(es), name of their employers, pagers, included in this request is the identification of any and all officers, directors, and/or managerial employees and their respective duties, and any and all of their domain names.

**DOCUMENT REQUEST NO. 2:**   All documents, things, and communications, concerning the identity of the owner(s), registrant(s) of internet domain torchantifa.org, and any and all other internet domains belonging to Torch Antifa Network or any of its members, including all administrative, technical, and billing contact person(s).

**DOCUMENT REQUEST NO. 3:**  All documents, things, and communications, concerning communications exchanged with and between Defendant Christian Exoo and Torch Antifa Network and its members, and the incidents and transactions thereto, include the identity of the person(s) who sent or received communications with Christian Exoo directly or indirectly, their real true name and identity, email address(es), social media usernames, mobile (cell) telephone

numbers, landline telephone numbers, home address(es), business address(es), name of their employers, domain names, and pager numbers.

**DOCUMENT REQUEST NO. 4:** All documents, things, and communications, concerning the identity of any and all persons who exchanged communications with Torch Antifa Network or any of its members website(s), such as https://www.torchantifa.org, and any and all websites associated with or controlled by Torch Antifa Network or its members.

**DOCUMENT REQUEST NO. 5:** All documents, things, and communications, with and between Defendant Christian Exoo and Torch Antifa Network, and the incidents and transactions thereto, concerning Plaintiffs' doxes, including the identities of any and all persons and/or entities who contributed and/or provided information, assistance that lead to the discovery of Plaintiffs personal identifying information, and/or any person or entity who participated in the search for, and acquisition of Plaintiffs' personal identifying information.  For every person and/or entity, who contributed, provided and/or participated in disclosing Plaintiff's personal identifying information provide their real true identity, email address(es), social media usernames, mobile (cell) telephone numbers, landline telephone numbers, home address(es), business address(es), name of their employers, domain names, and pager numbers.

**DOCUMENT REQUEST NO. 6:** All documents, things, and communications, concerning the identity of any person(s), individuals, entities, corporations, non-profit organizations, or for-profit entities, who have donated money, property, materiel, and/or any item of value to Torch Antifa Network or any of its members since January 1, 2017.  Include the donors real true identity, email address(es), social media usernames, mobile (cell) telephone numbers, landline telephone numbers, home address(es), business address(es), name of their employers, and pagers numbers, and include the date of the donation, and the total value of the donation.

**DOCUMENT REQUEST NO. 7:**  All documents, things, and communications, concerning the identity of any person(s), individuals, and/or entities that attended any Torch Antifa Network Conference, including all annual conferences held since 2013.  Include the attendees real true identity, their email address(es), social media usernames, mobile (cell) telephone numbers, landline telephone numbers, home address(es), business address(es), name of their employers, and pagers.  Include the year(s) attended.

**DOCUMENT REQUEST NO. 8:**  All documents, things, and communications, concerning the identity of any governmental or non-governmental organization, who directly or indirectly contributed information that led to the discovery of Plaintiffs' personal identifying information, and/or provided assistance, or participated in the search for and acquisition of Plaintiffs' personal identifying information.  Include the name of the organization, the organization contact person(s), the contact person(s) mobile and landline telephone numbers, email address, social media username(s), type of assistance or information provided and the date said information was provided.

**DOCUMENT REQUEST NO. 9:** All documents, things, and communications, concerning any and all acts, sometimes referred to as "direct action" that were directed at any Plaintiff, exchanged by and between Torch Antifa Network and Christian Exoo including, but not exclusively limited to the following acts and incidents:

1. On or about January 11, 2019, vandalism and property damage caused to Plaintiff Daniel D'Ambly's vehicle.
2. On or about November 17, 2018, vandalism and property damage caused to Plaintiff Zachary Rehl's home, including the identity or the person who threw a brick through a front window.
3. ON or about November 17, 2018, violent acts and assault intended to disrupt the "We the People" rally organized by Plaintiff Zachary Rehl.
4. On or about April 15, 2020, vandalism and property damage caused to Plaintiff Sean Michael-David Scott's residence.