# WEISSMAN & MINTZ LLC
### ATTORNEYS AT LAW

STEVEN P. WEISSMAN
ANNMARIE PINARSKI
WILLIAM G. SCHIMMEL
IRA W. MINTZ
FLAVIO L. KOMUVES
JASON L. JONES
JUSTIN SCHWAM
CHARLETTE MATTS
PATRICIA A. VILLANUEVA

Of Counsel
BRETT M. PUGACH
ROSEMARIE CIPPARULO
ADAM M. GORDON
YAEL BROMBERG

Counsel
DAVID A. MINTZ*

* ADMITTED TO PRACTICE ONLY IN NEW YORK

220 DAVIDSON AVENUE
SUITE 410
SOMERSET, NEW JERSEY 08873
(732) 563-4565
FAX (732) 560-9779

www.weissmanmintz.com

90 BROAD STREET
SUITE 254
NEW YORK, NEW YORK 10004
(212) 509-0918

JOEL N. WEISSMAN (1957-1998)
MARK ROSENBAUM (1955-2002)



May 8, 2023

**Via ECF**
Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: **D'Ambly v. Exoo**
     **Civ. A. No. 2:20-cv-12880-JMV-JSA**

Dear Magistrate Judge Allen:

Please accept this letter-brief, in lieu of a more formal brief, on behalf of nonparty One People's Project, a Pennsylvania corporation ("OPP"), in opposition to the motion of Plaintiff, Daniel D'Ambly ("Plaintiff"), seeking an order "to compel" OPP to respond to an invalid subpoena directed to another entity, and further seeking to hold OPP in "contempt" for allegedly failing to respond to that same subpoena.

The subpoena at issue, dated May 11, 2022, was directed to an entity identified as "Torch Antifa Network" (hereinafter, "Torch") (DE160-2, p. 1). When the subpoena was issued, the initial conference in this case had not yet occurred, which precluded the issuance of any valid discovery against OPP, Torch, or any other party or nonparty. Thus, the subpoena was invalid. In addition, even if the subpoena were valid (which it isn't), it is axiomatic under both the Federal

Rules of Civil Procedure and Pennsylvania corporate law that one entity (OPP) not named in a subpoena cannot be held responsible for another entity's (Torch's) discovery obligations, if any.

For these reasons, the motion should be denied. The Court is also respectfully reminded that it has the power to impose counsel fees incurred by OPP in responding to this motion, against Plaintiff, should it find that the subpoena, this motion, or both, were not substantially justified under Rules 26(g)(1) and (3).

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Because OPP appears in this case for the limited purpose of opposing the motion seeking relief against it, this discussion of procedural history and facts is limited to the motion at issue.

According to Plaintiff, on May 11, 2022, he prepared a subpoena directed to Torch. (DE160-2, p. 1).

The next day, May 12, 2022, counsel for one of the parties in the case wrote to Plaintiff's counsel, advising him that the subpoena was improper under Fed. R. Civ. P. 26(d)(1), because it was issued before the parties' initial conference under Rule 26. (Komuves Decl., Exh. A).

Despite being on notice of the invalidity of the subpoena, Plaintiff claims he served it twice, on May 16 and May 23, 2022. (DE160-1, ¶ 3; DE160-3, ¶¶ 11-12). However, Plaintiff does not annex any proof of service, sworn or otherwise, from a process server. Rather, the proof of service is entirely blank. (DE160-2, p. 2).

Plaintiff admits he did not serve the entity named in the subpoena, Torch, directly. Rather, he claims to have served Torch "via" OPP. (DE160, ¶ 4; DE160-1, ¶ 3). He does not allege or offer evidence that OPP and Torch had any legally consequential connection, such as OPP being Torch's agent for service of process, or that one was an operating division of the

other, or a "doing business as" name of the other. Rather, he only alleges that at some point in the past, OPP was the "owner and registrant" of Torch's internet domain registration. (DE160, p. 1; DE160-3, ¶ 4).

The parties held their initial conference on November 30, 2022. (DE143).

On April 12, 2023, Plaintiff filed his motion. Like the subpoena itself, the motion papers are bereft of a proof of service on OPP. Specifically, because OPP was not and is not a party to the litigation (or the subpoena), OPP did not receive immediate notice of the filing of the motion through ECF. Rather, the motion eventually arrived by mail at the office of OPP's corporate registered agent in Pennsylvania. OPP now files its opposition to that motion.

## ARGUMENT

### I. PLAINTIFF IS IMPROPERLY TRYING TO HOLD OPP ACCOUNTABLE FOR A SUBPOENA IT ISSUED TO A DIFFERENT ENTITY.

Fed. R. Civ. P. 45 contemplates in multiple places that a subpoena must name the person or entity to whom it is directed, and that when properly served upon that person, it may command the production of documents or testimony from the person named therein. Rule 45(a)(1)(A)(iii) expressly states that a subpoena, to be valid, must "command each person to whom it is directed to do the following:" namely, testify, produce documents or things, or allow inspection of premises (emphasis added). Similarly, Rule 45(d)(2)(A) discusses the role of "[a] person commanded to produce documents."

Using the applicable federal form, the subpoena at issue here stated: "TO: Torch Antifa Network (Name of person to whom this subpoena is directed)." (DE160-2, p.1). It went on to say that "YOU ARE COMMANDED" to produce a lengthy set of documents over what was then a nine-year period, about a potentially broad array of people, including nonparties to this case, and

without making any proviso for their confidentiality interests. Regardless of what Torch might have to say about the relevance, breadth or burdensomeness of the subpoena,[1] the point here is more basic: Torch, not OPP, was the only entity "commanded" or "directed" to do anything. Although Plaintiff chose not to serve OPP or name it in a subpoena, Plaintiff now wants enforcement of the subpoena directed to Torch by remedies against OPP. Plaintiff's failure to name OPP in the subpoena in the first instance renders the entire motion without merit. OPP, a Pennsylvania corporation, is entitled to have its corporate form honored by this or any other court, and not haled into court over actions of others. "Pennsylvania carries a strong presumption against piercing the corporate veil. The corporate entity should be upheld unless specific, unusual circumstances call for an exception." Mark Hershey Farms, Inc. v. Robinson, 171 A.3d 810, 816 (Pa. Super. 2017) (citing Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995) and Fletcher-Harlee Corp. v. Szymanski, 936 A.2d 87, 95 (Pa. Super. 2007)). Other than claiming that OPP had some past role in the registration of Torch's internet site – something that

---

[1] The undersigned has been retained as counsel for OPP, not Torch. However, it could be demonstrated that all the documents sought in the subpoena to Torch (see DE160-2, pp. 6-8), if they even exist, would generally be irrelevant because it appears that: (i) while Torch is named in the caption and in the list of parties, no count of the Second Amended Complaint (DE103) names Torch as a subject of that count; (ii) the Court previously dismissed of all claims of all plaintiffs except D'Ambly (DE136), and (iii) the Court dismissed all defendants from the case except Plaintiff's employer (DE133-134, 136, 138). Moreover, to the extent the request seeks the name of members, associates, affiliates, donors, conference attendees, etc., it would likely exceed the bounds of permissible discovery because of the privacy interests of the potential individuals whose identities are sought. See Arista Records, LLC v. Doe, 604 F.3d 110, 118 (2d Cir. 2010) ("To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity" (citing Fed. R. Civ. P. 45(c)(3)(A)). Overbreadth concerns might also implicated, as some requests are not limited as to date, whereas others ask for documents for up to a ten-year period. However, the Court need not address those concerns at this time, in light of the deficiencies in both the initial subpoena and the present motion seeking to enforce it.

is hardly "unusual" – Plaintiff does not prove or even plead any facts by which OPP should be held to account for alleged acts or omissions of another entity.

## II. THE SUBPOENA TO TORCH WAS ISSUED WELL BEFORE THE PARTIES' RULE 26 CONFERENCE OR PREPARATORY MEET-AND-CONFER, MAKING IT INVALID AND THEREFORE UNENFORCEABLE.

Numerous courts have relied on the requirements of Rule 26(d)(1) regarding the timing of subpoenas in holding that a premature subpoena is legally infirm. The text of the Rule alone settles the question:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

[Id.]. The subpoena at issue is dated May 2022. A review of the docket reveals that the parties' Rule 26(f) conference was probably occurred around early November 2022. (DE139, 142, 143), that is, several months after the subpoena under review was issued.

Further, this proceeding was not exempted from an initial disclosure, nor is there any indication of a rule, stipulation, or order, that might have authorized discovery to begin before the conference. The strictures of this rule have been noted in various cases. For example, in Anderson v. Heartland Coca-Cola, No. 21-2530-EFM-KGG, 2022 WL 444092 (D. Kan. Feb. 14, 2022) at *3, the Magistrate Judge noted that the validity of a subpoena in light of Rule 26(d)(1) is examined by considering whether, as of the date of the subpoena, the court had excused the parties from an initial conference, or whether there was a "stipulation or . . . Court order" allowing "early discovery."

In Rusk v. Fidelity Brokerage Services, LLC, No. 2:15-cv-00853-JNP, 2018 WL 11512832 (D. Utah Mar. 30, 2018), the defendant moved to quash a premature deposition notice

to a party. The court agreed that the early discovery effort was "expressly prohibited." After quoting the rule, the Court explained that "[n]one of the exceptions to the meet and confer requirement of Rule 26(d)(1) apply here. And there is no indication that the parties have conducted a Rule 26(f) conference. Thus, the subpoena issued by Rusk is expressly prohibited, and the court grants the motion to quash." Id. at *1. The Court declined to impose sanctions against the Plaintiff for the "expressly prohibited" discovery because he was a pro se nonattorney. Id. at *3. Here, the subpoena was issued on Plaintiff's behalf by a member of the Bar, who was expressly on notice from the letter annexed to the Komuves Declaration, that the subpoena was improper, but proceeded (allegedly) to attempt to serve it.

Further, in Cameroon Association of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., No. CV 20-1115-PA (ASx), 2020 WL 13248961 (C.D. Cal. May 19, 2020), the Court quashed a subpoena that was premature under Rule 26(d)(1). Noting the "violation" of the Rule rendered the subpoena unenforceable, the court granted the motion to quash. Id. at *1 (citing Desilva v. North Shore-Long Island Jewish Health System Inc., 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010)).

In this district, the limitations of Rule 26(d)(1) have also been noted and enforced. In Stepien v. Murphy, Civ. A. No. 21-cv-13271-KM-JSA, 2021 WL 4932768 (D.N.J. Oct. 21, 2021), the Court noted the time limitation of the Rule, but agreed to give the plaintiff the opportunity to obtain a "narrowly tailored" set of pre-conference discovery. Id. at *3. See also Murguly v. Locke, Civ. A. No. 19-14471-MAS-ZNQ, 2020 WL 2401354 (D.N.J. May 11, 2020) (denying motion for pre-conference discovery).

Hon. Jessica S. Allen, U.S.M.J.
May 8, 2023
Page 7

The issue here, however, is not speculation about how the Court may have disposed of an application to take pre-conference discovery if one had been made before the subpoena was issued to Torch. The bottom line is that there was no application for early discovery even made, much less allowed, when the "expressly prohibited" subpoena to Torch was issued. Even if Plaintiff had been unaware of this timing issue that rendered the subpoena invalid at the moment he issued it, he was put on notice the very next day; yet, he proceeded to have it served nonetheless.

The subpoena at issue is and was invalid due to its timing, and as such, Plaintiff's motion to enforce it or for "contempt" must be denied.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Respectfully submitted,

**WEISSMAN & MINTZ LLC**
Counsel for nonparty One People's Project

By: ___/s/ Flavio L. Komuves___
Flavio L. Komuves

Dated: May 8, 2023

cc: All counsel of record *(Via ECF only)*

---

[2] Taken as a whole, the subpoena and motion practice have been nothing less than a travesty. In May 2022, Plaintiff issued a subpoena to Torch that was premature under the applicable rules. Informed of this deficiency in writing, Plaintiff did not withdraw it but instead nevertheless, allegedly, proceeded to serve the subpoena. The deficiencies in this motion have been set forth above. OPP respectfully reminds the Court that under Rule 26(g)(1) and (g)(3), it can sanction improper discovery efforts that "violate[] this rule" and lack "substantial justification." The proper sanction is generally an award of counsel fees to the party who was burdened by the improper discovery. Fed. R. Civ. P. 26(g)(3).