**mwe.com**

Joseph Mulherin
jmulherin@mwe.com
+1 312 899 7159

May 26, 2023

VIA CM/ECF

The Honorable Jessica S. Allen, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & United States Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re:  *D'Ambly v. Exoo, et al.*, Civil Case No.: 2:20-cv-12880-JMV-JSA
Letter Brief on Privilege Log in Response to Text Order (ECF No. 169)

Dear Judge Allen:

Defendants Tribune Publishing Company, LLC ("Tribune") and the New York Daily News (the "Daily News") write regarding the above-captioned matter. This letter is in response to your Text Order dated May 16, 2023 (ECF No. 169) directing the Defendants to submit a portion of privileged documents to the Court for *in camera* review. In accordance with the Order, Defendants have selected 20 total sample documents from the date ranges of (1) October 30, 2018 through November 7, 2018, and (2) December 8, 2018 through January 14, 2019. For ease of the Court's review, Defendants have categorized these documents into three groups below.

**I.       Emails To or From Counsel Seeking or Receiving Legal Advice**

Emails and documents in this group include:

- REVTRIB0044-00125255
- REVTRIB0044-00041208
- REVTRIB0044-00123514
- REVTRIB0044-00023262
- REVTRIB0044-00049903
- REVTRIB0044-00003360 (parent email); REVTRIB0044-00003361 (attachment)
- REVTRIB0044-00003534 (parent email); REVTRIB0044-00003535 (attachment)
- REVTRIB0044-00004609 (parent email); REVTRIB0044-00004610 (attachment)
- REVTRIB0044-00022161
- REVTRIB0044-00231503

Communications are subject to the attorney-client privilege when they are made for the purposes of providing legal advice. In the corporate context, communications about employment decisions are



May 26, 2023
Page 2

privileged when made between decision-makers and in-house counsel. *See Jorjani v. New Jersey Inst. of Tech.*, No. CV 18-11693 (WJM), 2021 WL 82325, at *5 (D.N.J. Jan. 11, 2021) (explaining that the privilege applies to in-house counsel advising corporate clients on employment decisions).

Here, each of these emails and attached documents contain requests for legal advice from Tribune's in-house counsel, Mindy Lees, or legal advice provided by Lees to Defendants' decision-makers regarding the investigation into Plaintiff's activities with the New Jersey European Heritage Association (NJEHA), whether those activities spilled over into the workplace, and what actions should be taken in response, keeping in mind the implications of Plaintiff's status as a union employee covered by a collective bargaining agreement.

**II.     Emails To or From Third-Party Investigator to Counsel**

Emails and documents in this group include:

- REVTRIB0044-00130766
- REVTRIB0044-00054495
- REVTRIB0044-00122881
- REVTRIB0044-00063213
- REVTRIB0044-00007644
- REVTRIB0044-00007645

Communications between a third-party investigation firm and in-house counsel can be covered by the attorney-client privilege if the investigation firm is retained by counsel for purposes of assisting with providing legal advice. *Salvagno v. Borough of Glen Ridge*, No. CIV A 08-2992FSHMAS, 2009 WL 2392887, at *1–2 (D.N.J. Aug. 3, 2009) (citing *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir.1961)) (explaining that communications between counsel and a third-party retained to assist with rendering legal advice to the client are covered by the attorney-client privilege).

Here, Lees retained InSite Risk Management ("InSite") to assist with the investigation into Plaintiff's conduct. This investigation enabled Lees to provide legal advice and counsel to her client, Defendants. Accordingly, communications between Lees and InSite are subject to the attorney-client privilege.

**III.    Emails Seeking Information to Assist Counsel**

Emails in this group include:

- REVTRIB0044-00050265
- REVTRIB0044-00125189
- REVTRIB0044-00008531
- REVTRIB0044-00028402



May 26, 2023
Page 3

      The law is clear that the attorney-client privilege covers communications "by a corporate employee concerning matters within the scope of his/her duties and that were purposefully made to enable an attorney to provide legal advice to the corporation." *Margulis v. Hertz Corp.*, No. CV 14-1209 (JMV), 2017 WL 772336, at *8 (D.N.J. Feb. 28, 2017).  Further, per the Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981), "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."

      Here, in these communications, employees of Defendants are acting within the scope of their duties as human resources professionals to gather information to assist in-house counsel in the investigation into Plaintiff's conduct.  These communications enable Lees to provide legal advice to Defendants regarding their rights and obligations under the law as well as which actions should be taken regarding Plaintiff's conduct outside of work.

      Based on these sample documents and the above, Defendants respectfully request that this Court issue an order confirming that such documents are subject to the attorney-client privilege and need not be produced to Plaintiff.


Respectfully submitted,

*s/ Joseph Mulherin*
Joseph Mulherin
Emily Starbuck
McDermott Will & Emery LLP

*Attorneys for Tribune Publishing Company*
*and New York Daily News*

