**mwe.com**

Joseph Mulherin
jmulherin@mwe.com
+1 312 899 7159

June 15, 2023

VIA CM/ECF

The Honorable Jessica S. Allen, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & United States Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re:   *D'Ambly v. Exoo, et al.*, Civil Case No.: 2:20-cv-12880-JMV-JSA
      **Reply Letter Brief on Privilege Log in Response to Plaintiff's Letter (ECF No. 172)**

Dear Judge Allen:

      Defendants Tribune Publishing Company, LLC ("Tribune") and the New York Daily News (the "Daily News") write in reply to Plaintiff's letter brief dated June 8, 2023 (ECF No. 172), opposing the Defendants' letter brief and submission of privileged documents to the Court for *in camera* review (ECF No. 171). The relevant background is set out more fully in Defendants' previous letter briefs to this Court.

      Plaintiff's first objection is that the first eighteen emails from the Defendants' privilege log have not been produced for in-camera review. However, these emails are all part of the same "email chain" and thus the production of Privilege Log Entry No. 19 is inclusive of these emails. Rather than produce multiple duplicative emails, per Your Honor's direction in the status conference on this issue, Defendants have produced email chains that are inclusive of multiple privilege log entries for in camera review.

      Plaintiff also objects to the description of said emails ("[e]mail chain requesting legal advice from in-house counsel regarding the investigation of D. D'Ambly's conduct") as lacking particularity because it does not specify the "conduct" Defendants were investigating. This is not so. FRCP 26(b)(5) states that a party withholding information for privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Plaintiff's counsel is well aware of the conduct that Defendants were investigating. In his own letter brief, Plaintiff's counsel discusses the doxing incident on October 29, 2018, and the subsequent investigation of D'Ambly. Therefore, it is improper for Plaintiff to assert that Defendants' description lacks particularity when both parties fully know and understand the conduct that was being investigated by Defendants.

      Lastly, Plaintiff yet again objects to the fact that public relations executive, Marisa Kollias, was included in an email chain that has been withheld for privilege. As this Court can determine from the emails that were produced for in-camera review, Ms. Kollias was assisting in-house counsel and



444 West Lake Street   Chicago IL 60606-0029   Tel +1 312 372 2000   Fax +1 312 984 7700

*US practice conducted through McDermott Will & Emery LLP.*

June 15, 2023
Page 2

decisionmakers at Tribune and Daily News with gathering information about D'Ambly in the immediate aftermath of the doxing incident.

While "the underlying facts" of an investigation may not be privileged, communications where a party is sharing information at the direction of counsel are privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 394–95 (1981) (explaining that communications made by employees to in-house counsel for the purpose of sharing factual information with counsel to assist in the rendering of legal advice are privileged). Defendants have confirmed by speaking with decision-makers at Tribune that factual investigation was occurring immediately after the doxing incident at the direction of in-house counsel, Mindy Lees. Thus, the communications made for the purpose of gathering factual information for Ms. Lees, including the emails exchanged shortly after the Tribune became aware of doxing incident, are privileged and should not be disclosed.

Based on the documents produced for in camera review, Defendants' prior letter brief, and the above, Defendants respectfully request that this Court issue an order confirming that such documents are subject to the attorney-client privilege and need not be produced to Plaintiff.

Respectfully submitted,

*s/ Joseph Mulherin*
Joseph Mulherin
Emily Starbuck
McDermott Will & Emery LLP

*Attorneys for Tribune Publishing Company and New York Daily News*

