# The Marlborough Law Firm, P.C.

375 Sunrise Highway, Suite 3  
Lynbrook, New York 11563

(212) 991-8960  
(212) 991-8952 fax  
chris@marlboroughlawfirm.com

March 14, 2024

The Honorable Jessica S. Allen  
United States District Court for the District of New Jersey  
Martin Luther King Building & United States Courthouse  
50 Walnut Street, Room 4015  
Newark, NJ 07101

    Re: **D'Ambly v. Exoo, et al. 2:20-cv-12880(JKS)(JSA)**  
           **Pre-motion Letter**

Dear Judge Allen:

This office represents Christian Exoo. I write this pre-motion letter in connection with Mr. Exoo's anticipated motion to quash the March 6, 2024, subpoena (the "Exoo Subpoena, annexed to the Marlborough Decl. as Exh. A) or, in the alternative, to issue a Protective Order limiting the scope of testimony and document production and to stay the date of the deposition until the Court can decide the requests.

## The Exoo Subpoena

Mr. Exoo was served with a deposition subpoena on March 6, 2024, at his home in Canton, New York. *See* Declaration of Christian Exoo ("Exoo Decl.) at ¶¶ 2-3. The Exoo Subpoena calls for the production of the following documents.

1. "All documents for x.com (formerly Twitter) account @antifashgordon;"
2. "All documents related to you (sic) communications with … the Daily News Company and its parent company Tribune Publishing Company, LLC;"
3. "All documents related to you (sic) communications with … Daryle Lamont Jenkins;"
4. "All documents related to you (sic) communications with … Teamsters;"
5. "All documents related to you (sic) communications with … Insite Risk Management;" and
6. "All documents related to you (sic) communications with … all other persons wh (sic) you communicated with concerning Daniel D'Ambly from August 1, 2019, through the date of your deposition."

## The Exoo Subpoena is Defective

First, Plaintiff failed to tender the witness fee with the Exoo Subpoena as required by F.R.C.P. Rule 45(b). *See* Exoo Decl. ¶ 3. *Brown v. Pa., DOT*, No. 1:15-CV-918, 2021 U.S. Dist. LEXIS 92856, at *10 (M.D. Pa. May 17, 2021) (explaining the fundamental witness fee requirement of F.R.C.P. Rule 45(b) to a *pro se* litigant).

Second, the Exoo Subpoena violates FRCP Rule 45(d)(3)(a)(iii), which provides that the Court must quash a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c). FRCP Rule 45(c)(1) provides that a subpoena may command a person who is not a party or an officer of a party "to attend a … deposition only … within 100 miles of where the person resides, is employed, or regularly transacts business in person; or within the state where the person resides, is employed, or regularly transacts business in person …." *See W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 09-126-SLR, 2010 U.S. Dist. LEXIS3774, at *5 (D. Del. Jan. 19, 2010)("because DBSI has demonstrated that its employees work more than 100 miles from Wilmington, the court will quash the subpoena in this regard"); *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, No. 16-108-SLR, 2016 U.S. Dist. LEXIS 85118, at *9 (D. Del. June 30, 2016) (quashing both production subpoena and subpoena for testimony based on the 100-mile rule).

In this case, the Exoo Subpoena provides the deposition is to be taken at Plaintiff's Counsel's office in Rutherford, New Jersey via videoconference. Mr. Exoo resides in and is employed in Canton, New York, more than 300 miles from Rutherford. *Id*. at ¶¶ 4-5, 8. Moreover, Mr. Exoo does not regularly transact business in person in New Jersey or within 100 miles of Rutherford, New Jersey. *Id*. at ¶ 6.

**Plaintiff's Production Demands Are Vague, Overly Broad, Irrelevant and Unduly Burdensome**

Plaintiff seeks all of Mr. Exoo's Twitter account records for a three-and-a-half-year period without regard to the subject matter of those records. Plaintiff also seeks all communications without regard to the subject matter with non-parties Daryle Lamont Jenkins, any members of the Teamsters, or anyone else Mr. Exoo may have communicated with about Plaintiff. On their face, these demands are extremely over-broad, unduly burdensome, and completely irrelevant to the only pertinent question in the case, which is the timing and basis of the Daily News Defendant's decision to terminate Plaintiff.

If the Court does not quash the Exoo Subpoena, Mr. Exoo requests that the scope of the testimony and production be limited to communications with the Daily News Defendants and Insite Risk Management and their employees concerning Plaintiff. To the extent such communications exist at all, the testimony will be

exhausted within a few minutes. Therefore, Mr. Exoo further requests that the deposition be limited to thirty minutes of testimony.

## The Exoo Subpoena Was Served for the Improper Purpose of Harassing Exoo and to Obtain Information to Harass Other Members of the Public

Plaintiff's Counsel's obsession with obtaining irrelevant, burdensome, and harassing discovery from Mr. Exoo has been going on since this lawsuit was commenced. For example, in March 2021, Plaintiff's counsel served premature discovery demands on Exoo prior to any Rule 26(f) conference. On 8/28/2021, Plaintiff's Counsel sent Exoo's counsel an email demanding premature production of the document requests and accusing Mr. Exoo's counsel of "bush league douchery." *See* Dkt. Doc. No. 93, Exh. A, page 1. Now that Mr. Exoo has been dismissed from the case, Plaintiff's Counsel continues to improperly exploit the subpoena process, posing a threat to the safety of Mr. Exoo and other targets of Plaintiff's Counsel and his associates.

Plaintiff's Counsel has made numerous appearances on far-right media outlets including the Proud Boys-affiliated Murder the Media show[1] and the "unapologetically white" Full Haus podcast,[2] where he discusses his "pathological disdain for doxing," and the organization he founded, the Anti-Doxing League, Inc. (ADL).[3] Plaintiff's Counsel and the ADL seek to expose the political forces that they believe are funding the doxers.[4] Their tactics include posting photographic billboards in the hometowns of their perceived enemies and accusing them of violent acts.

Plaintiff's Counsel boasted on Murder the Media that he will "blow the whole thing wide open" and identify the members of antifa through discovery in this case. *Inter alia*, Plaintiff's counsel stated, "in all of these cases against these guys, antifa and all that, no one has gotten to discovery and discovery is when you will find all that information."[5]

---

[1] Murder the Media was hosted by Nichaolas DeCarlo, a Proud Boy, currently serving a 40-month federal prison sentence in connection with his participation in the January 6th insurrection. https://www.justice.gov/usao-dc/defendants/decarlo-nicholas (last visited March 12, 2024).

[2] *See* https://www.full-haus.com/index.php/2022/05/27/latest-show-support-the-adl/ at 1:00:33. The podcast describes itself as the "world's finest show for white fathers" and "hostile to the forces that … try to make whites a minority." https://www.full-haus.com/index.php/about/ (last visited March 12, 2024).

[3] The organization's name is an obvious jab at the Anti-Defamation League, a civil rights group, which opposes antisemitism and hate and has identified Plaintiff D'Ambly's New Jersey European Heritage Association as a white supremacist hate group. https://www.adl.org/resources/backgrounder/new-jersey-european-heritage-association-njeha (last visited March 12, 2024).

[4] *See* https://www.full-haus.com/index.php/2022/05/27/latest-show-support-the-adl/ at 54:33-55:33.

[5] *See* https://drive.google.com/file/d/1bsdfFKiLdqtMA6fU3NwLSoRAsbVZge9d/view?usp=sharing, 22:00- 22:30. *See also id*., 30:00-32:05 (noting that he is sure Twitter has "a treasure trove of information" that could be obtained in discovery in this case.), 53:45-55:05 (stating discovery would "blow the whole case wide open" and "you would see come real internal connections," including "plenty of campaign staffers who are not too far removed from these doxers" and "if you are a campaign staffer there is a very good chance you might become a congressional staffer.").

Moreover, the danger to Plaintiff Exoo and other non-parties is palpable. Zachary Rehl, a former Plaintiff in this case, also represented by Plaintiff's Counsel, is currently serving a sentence of fifteen years in federal prison for seditious conspiracy in connection with his participation in the January 6th insurrection.[6] In addition, one of Rehl's convicted co-conspirators in the insurrection case, Proud Boys Chapter President, Charles Donohoe,[7] issued the following edict instructing members of the Proud Boys to identify, locate, and hospitalize perceived antifascists using strategic military tactics developed by the Nazis.[8]

> We need to stop fighting Antifa in the streets where the cops are and start fighting them in bars and alleys, … We need to stomp them. We need to ruin their lives physically like they have ruined ours financially with doxxing. We need to rack up their hospital bills. We need to use special operations tactics and lightning strike them.

In sum, Plaintiff's discovery demands are sought for the improper purpose of identifying individuals against whom Plaintiff's Counsel and his associates intend to cause harm.

## Conclusion

In light of the foregoing, Mr. Exoo requests that the Court quash the Exoo Subpoena in its entirety or in the alternative, limit the testimony and documents to communications between Mr. Exoo and the Daily News, Insite Risk Management and their employees concerning Plaintiff. These are the only remotely relevant issues remaining in the case. If a deposition is required, Mr. Exoo further requests that the deposition be limited to a duration of thirty minutes, which will be ample time to address the narrow scope of relevant testimony. Moreover, Mr. Exoo requests that the date for deposition be stayed pending the Court's decision on this pre-motion letter or any subsequent motion.

Regards,

*Christopher Marlborough*
CHRISTOPHER MARLBOROUGH

---

[6] *See U.S. v. Nordean*, et al., 21-cr-00175-TJK (DDC), Government's Sentencing Memo at 31 ("Rehl assaulted a law enforcement officer with an irritant spray before quickly retreating into the crowd on the West Plaza."). When presented at trial with videotaped evidence of his brutal assault on a police officer, Mr. Rehl testified that he did not recall the incident. https://www.nbcnews.com/politics/justice-department/proud-boy-testifies-jan-6-seditious-conspiracy-trial-rcna79215 (last visited March 12, 2024) (noting Rehl's lapse of memory on the witness stand).
[7] *See* https://www.nytimes.com/2023/12/19/us/politics/proud-boys-charles-donohoe-sentence.html (last visited March 12, 2024).
[8] *See New Proud Boys Busted for Capitol Riot Have Wild Police Ties*, Daily Beast (March 20, 2021) https://www.thedailybeast.com/new-proud-boys-charles-donohoe-and-zach-rehl-busted-for-capitol-riot-have-wild-police-ties (last visited Mar. 12, 2022).