**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL D'AMBLY, ET AL.,<br><br>      Plaintiffs,<br>  vs.<br><br>CHRISTIAN EXOO, ET AL.<br><br>      Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JKS-JSA<br><br>Hon. Jessica S. Allen, U.S.M.J.<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOVANT CHRISTIAN EXOO'S MOTION TO QUASH SUBPOENA OR ISSUE A PROTECTIVE ORDER<br><br>Return Date:<br>April 15, 2024 |

**THE MARLBOROUGH LAW FIRM, P.C.**

Christopher Marlborough, Esq.
375 Sunrise Highway, Suite 3
Lynbrook, New York 11563
Phone: (212) 991-8960
Fax: (212) 991-8952
E-mail: chris@marlboroughlawfirm.com

Richard Torres, Esq.
1 Freeman Lane
Denville, NJ 07834
Phone: (347) 742-5362
E-mail: richardtorresdna@gmail.com

*Counsel for Movant Christian Exoo*

## Table of Contents

I.    Introduction...........................................................................................4

I.    Facts.....................................................................................................4

   A.   Plaintiffs' History of Repeated Improper Discovery Requests in This Case..4

   B.   The Exoo Subpoena...........................................................................6

II.   Argument ..............................................................................................7

   A.   Plaintiff Violated FRCP Rule 45(b) ....................................................7

   B.   The Exoo Subpoena Violates the 100-Mile Rule ...............................8

   C.   The Exoo Subpoena Should be Quashed Because It Seeks Information That
        is Outside the Permissible Scope of Discovery .....................................9

      1.   The Legal Standard .......................................................................9

      2.   Plaintiff's Requests for Documents and Testimony Are Vague, Irrelevant,
           and Unduly Burdensome. ...............................................................10

   D.   Plaintiffs Requests for Documents and Testimony are Sought for the
        Improper Purpose of Harassing Movant and Obtaining Information to Be Used to
        Harass Others....................................................................................13

   E.   If Any Testimony is Required, a Deposition Should be Limited in Scope and
        Duration ...........................................................................................17

III.  Conclusion ...........................................................................................18

**Table of Authorities**

Statutes

Federal Rule of Civil Procedure Rule 26(b)(1)……………………………..6

Federal Rule of Civil Procedure Rule 26(d)(1)……………………………..2

Federal Rule of Civil Procedure Rule 26(f)………………………………...2

Federal Rule of Civil Procedure Rule 45(b)……………………..…………1, 4, 5

Federal Rule of Civil Procedure Rule 45(c)………………………..……….1, 5

Federal Rule of Civil Procedure Rule 45(d)………………………………..5, 6

28 U.S.C. 1821(a)…………………………………………………………..4

28 U.S.C. 1821(b)…………………………………………………………..4

Cases

*AP Links, LLC v. Russ*, 299 F.R.D. 7 (E.D.N.Y. 2014)……………………7

*Brown v. Pa., DOT*, 2021 U.S. Dist. LEXIS 92856
(M.D. Pa. May 17, 2021) …………………………………………..…………4

*Canady v. Kreider,* 892 F. Supp. 668,(M.D. Pa. 1995)……………………4

*Hall v. Johnson & Johnson*, 2023 U.S. Dist. LEXIS 227957
(D.N.J. Dec. 20, 2023)…………………………………………………………6

*NovoNordisk Sec. Litig*., 530 F. Supp. 3d 496
(D.N.J. Mar. 30, 2021)……………………………………………………..6-7

*Ramos v. Walmart, Inc*., 2023 U.S. Dist. LEXIS 34786
(D.N.J. Mar. 2, 2023)…………………………………………………..…..7

*Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990)…………...…………6

*Tele Draulic, Inc. v. Hetronic Int'l, Inc.*,
2016 U.S. Dist. LEXIS 85118 (D. Del. June 30, 2016)……………………5

*U.S. v. Nordean, et al*., 21-cr-00175-TJK (D.D.C.) ………………………13

*W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 09-126-SLR, 2010
U.S. Dist. LEXIS 3774 (D. Del. Jan. 19, 2010) ……………………………5

# I.    Introduction

Christian Exoo ("Movant"), a former defendant and current non-party to this lawsuit after all claims against him were dismissed with prejudice (Dkt Doc. No. 138), moves to quash the third-party subpoena issued by Plaintiff Daniel D'Ambly and in the alternative, requests that the Court issue a protective Order limiting the documents to be produced and the scope and length of Movant's deposition (the "Exoo Subpoena"). A true and correct copy of the Exoo Subpoena is annexed to the Declaration of Christopher Marlborough ("Marlborough Decl."), submitted herewith as Exhibit A.

Plaintiff failed to tender the required witness fee with the subpoena pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 45(b). Moreover, the Exoo subpoena violates the 100-mile rule of Federal Rule of Civil Procedure 45(c). In addition, the subpoena seeks testimony and documents which are irrelevant, and unduly burdensome for the improper purpose of harassing Movant and what Plaintiff's Counsel has described on white supremacist media outlets as his "pathological disdain for doxing."

# II.    Facts

## A. Plaintiffs' History of Repeated Improper Discovery Requests in This Case

Plaintiff first issued improper discovery to Movant on February 7, 2021, at a time when Movant was a defendant in this case.  Movant's Counsel informed

Plaintiff's Counsel that pursuant to FRCP Rule 26(d)(1), Movant had no obligation to respond to discovery until after the Rule 26(f) conference. *See* FRCP Rule 26(d)(1) (providing that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).")

Nevertheless, Plaintiff's Counsel continued to make inappropriate demands for production of premature discovery, including information from Movant's Twitter account. *See* Dkt. Doc. No. 93, Marlborough Decl., Exh. B, 8/28/2021 (accusing Movant's counsel of failing to respond to the premature discovery, "bush league douchery" and creating a "sh*t show").

On August 30, 2021, Plaintiff made false allegations of spoliation against Movant in order to obtain premature discovery relating to Movant's Twitter account. *See* Dkt. Doc. No. 92. The request was denied. Dkt. No. 94.

Defendant continued to seek premature discovery in 2022, this time in the form of a third-party subpoena. Counsel for then Defendant St. Lawrence University reminded Plaintiff's Counsel that the request was premature and improper pursuant to FRCP Rule 26(d)(1). Dkt. Doc No. 168-1 at page 2 (May 12, 2022), Marlborough Decl. Exh. C.

Movant was never under an obligation to participate in discovery as a party or a Rule 26(f) conference because the claims against him were dismissed with prejudice on September 30, 2022 (Dkt Doc. No. 138).

B. <u>The Exoo Subpoena</u>

Movant was served with a deposition subpoena on March 6, 2024, at his home in Canton, New York. *See* Declaration of Christian Exoo ("Exoo Decl.) at ¶¶ 2-3. The Exoo Subpoena calls for Movant's attendance and testimony via videoconference at Plaintiff's counsel's office in Rutherford, New Jersey. No witness fee was tendered with the subpoena or at any time since the subpoena was served. *Id*. at ¶ 3.

The document request is fraught with typographical and grammatical errors making it impossible to parse accurately. The Exoo Subpoena appears to call for the production of the following documents:

1. "All documents for x.com (formerly Twitter) account @antifashgordon;"

2. "All documents related to you (sic) communications with … the Daily News Company and its parent company Tribune Publishing Company, LLC" concerning Plaintiff during a specified time period;

3. "All documents related to you (sic) communications with … Daryle Lamont Jenkins" concerning Plaintiff during the specified time period;

4. "All documents related to you (sic) communications with … Teamsters" concerning Plaintiff during the specified time period;

5. "All documents related to you (sic) communications with … Insite Risk Management" concerning Plaintiff during the specified time period; and

6. "All documents related to you (sic) communications with … all other persons wh (sic) you communicated with concerning Daniel D'Ambly" during the specified time period.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: communications with the New York Daily News Company and its parent company Tribune Publishing Company, LLC, Daryle Lamont Jenkins, Teamsters, Insite Risk Management, and all other persons wh you communicated with concerning Daniel D'Ambly from August 1, 2019, through the date of your deposition.

## III.    Argument

### A. Plaintiff Violated FRCP Rule 45(b)

The Exoo subpoena is invalid because Plaintiff failed to tender any witness fee with the subpoena as required by FRCP Rule 45(b). *See* Exoo Decl. ¶ 3. The rule provides:

> By Whom and How; Tendering Fees. … Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Moreover, 28 U.S.C. 1821(a) provides that "a witness in attendance … before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." *See also* 28 U.S.C. 1821(b) "A witness shall be paid an attendance fee of $40 per day for each day's attendance." "There is no statutory provision authorizing a federal district court to waive or provide for payment of the witness fees required by § 1821(a)". *Canady v. Kreider,* 892 F. Supp. 668, 670 (M.D. Pa. 1995). *See also Brown v. Pa., DOT*, No. 1:15-CV-918, 2021 U.S. Dist. LEXIS 92856, at *10 (M.D. Pa. May 17, 2021) (explaining the fundamental witness fee

requirement of FRCP Rule 45(b) to a *pro se* litigant). In this case, Plaintiff, who is represented by counsel, has no excuse for his failure to tender the statutorily required witness fee to Movant.

B. The Exoo Subpoena Violates the 100-Mile Rule

FRCP Rule 45(d)(3)(a)(iii) provides that the Court must quash a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c). FRCP Rule 45(c)(1) provides that a subpoena may command a person who is not a party or an officer of a party "to attend a … deposition only … within 100 miles of where the person resides, is employed, or regularly transacts business in person; or within the state where the person resides, is employed, or regularly transacts business in person or is commanded to attend a trial and would not incur substantial expense*." See W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 09-126-SLR, 2010 U.S. Dist. LEXIS 3774, at *5 (D. Del. Jan. 19, 2010)("because DBSI has demonstrated that its employees work more than 100 miles from Wilmington, the court will quash the subpoena in this regard"). *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, No. 16-108-SLR, 2016 U.S. Dist. LEXIS 85118, at *9 (D. Del. June 30, 2016) (quashing both production subpoena and subpoena for testimony). In this case, the subpoena seeks testimony at Plaintiff's Counsel's office in Rutherford, New Jersey. However, Movant resides in and is employed in Canton, New York, more than 265 miles from Rutherford and more

than 275 miles as the crow flies from the courthouse in which this action is proceeding. *See* Marlborough Decl. at Exh. D*;* Exoo Decl. at ¶ 6). Moreover, Movant does not regularly transact business in person in New Jersey or within 100 miles of Rutherford, New Jersey. *Id*. at ¶ 6. As a result, the subpoena should be quashed because it violates FRCP Rule 45(d).

C. <u>The Exoo Subpoena Should be Quashed Because It Seeks Information That is Outside the Permissible Scope of Discovery</u>

1. The Legal Standard
Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case ..." In addition, "the standards for nonparty discovery require a stronger showing of relevance than that for simple party discovery." *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) (citing cases); *see also Hall v. Johnson & Johnson*, No. 18-1833, 2023 U.S. Dist. LEXIS 227957, 2023 WL 8830784, at *4 (D.N.J. Dec. 20, 2023). A party may serve a subpoena on a third party to obtain documents, testimony, and/or other information only "if the information sought falls within the scope of permissible discovery."

The requesting party has the initial burden to show that its requests are relevant and within the scope of permissible discovery. *NovoNordisk Sec. Litig.*,

530 F. Supp. 3d 496, 501 (D.N.J. Mar. 30, 2021)("Once the subpoenaing party has

shown that the documents requested are relevant, the objecting party must

demonstrate why discovery should nevertheless be denied.") *See also AP Links,*

*LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014); *Ramos v. Walmart, Inc*., Civil

Action No. 21-13827-BRM-AME, 2023 U.S. Dist. LEXIS 34786, at *5 (D.N.J.

Mar. 2, 2023).

2.  Plaintiff's Requests for Documents and Testimony Are Vague, Irrelevant,
    and Unduly Burdensome.

The relevant issues to be litigated in this case are very narrow and pertain to

Plaintiff's relationship with his former employer, the basis for its decision to

terminate him, and whether he was bamboozled into agreeing to accept a

substantial severance package upon his departure from the Daily News. Yet

Plaintiff seeks documents that are wholly irrelevant to those issues, remarkably

overbroad, and unduly burdensome on Movant. For example, Plaintiff seeks

documents concerning Movant's communications with individuals who had no

authority with respect to Plaintiff's employment or any issues remaining in the

case, including Daryle Lamont Jenkins, and any members of the Teamsters.

First, Plaintiff appears to seek all documents from Movant's Twitter.com/

X.com account without limitation or regard to any relevant issue in the case. A

plain reading of this request would require the production of tens of thousands of

pages of documents, not related to Plaintiff's claims against the Daily News, but in

furtherance of Plaintiffs' Counsel and his clients' efforts to hunt perceived

antifascists, including but not limited to Movant and thousands of other Americans.

This request is irrelevant, wildly overbroad, and unduly burdensome.

Second, Plaintiff appears to seek all documents, during the specified time

period, concerning communications about Plaintiff with an individual named Daryl

Lamont Jenkins. Mr. Jenkins is another non-party that is not associated with the

Daily News Defendants or Insite Risk Management. Communications between

Movant and Mr. Jenkins, to the extent any even exist, are wholly irrelevant to the

remaining claims in this case. However, like Movant, Mr. Jenkins is on the list of

individuals opposed to white supremacy and fascism that Plaintiffs' Counsel and

former Plaintiffs seek to harm.

Third, Plaintiff seeks all documents, during the proposed time period set

forth in the subpoena, "relating to you [sic] communications with … Teamsters."

This request is extremely overbroad, encompassing Movant's communications

with any of the 1.3 million members of the Teamsters and its organization.[1]

Moreover, neither the Teamsters nor its members have ever been a party to this

---

[1] *See* https://en.wikipedia.org/wiki/International_Brotherhood_of_Teamsters (last visited March 22, 2024)(noting that there were 1.3 million members of the Teamsters in 2015).

lawsuit and Plaintiff's claims against its lawyers were dismissed with prejudice.

The request is therefore irrelevant and unduly burdensome.

Fourth, Plaintiff appears to seek all documents relating to any communications with anyone about any subject concerning Plaintiff within the specified time period. ("All documents related to you (sic) communications with … all other persons wh (sic) you


D'ambly and his "Expel the Jew" sign


D'ambly and his Sonnengrad gym attire.

communicated with concerning Daniel D'Ambly"). This is extremely overbroad.

For instance, if Movant were to write a letter to a friend about Plaintiff's fashion

choice in wearing wear nazi regalia to the gym, his decision to participate in the

deadly Unite the Right Rally, his penmanship on his sign which reads "expel the

jew by '22," or his pronunciation of the word "k*ke" on Youtube.com, this

document would be responsive to the subpoena. *See* Marlborough Decl. Exh. E, Tr.

at 15:20-16:04 (Plaintiff's Counsel's statement on the record concerning Plaintiff's

use of the k-word on Youtube). However, Movant's letter would have nothing to

do with Plaintiff's claims against the remaining Defendants in this case. The

request is irrelevant and overbroad to the extent it seeks documents concerning

communications with anyone other than the Daily News Defendants or Insite Risk

MEMORANDUM IN SUPPORT OF MOVANT CHRISTIAN EXOO'S MOTION TO QUASH
SUBPOENA OR ISSUE A PROTECTIVE ORDER          P a g e | **9**

Management concerning Plaintiff's employment or the Daily News' purported hoodwinking of Plaintiff.

Finally, the document requests are so poorly drafted as to be extremely vague. Several of the requests, including those concerning communications with Daryle Lamont Jenkins, Teamsters, the Daily News Defendants, and Insite Risk Management are not clearly limited to communications with Plaintiff during the specified time period. It is possible that Plaintiff believes he is seeking documents concerning any communications that Plaintiff had with Mr. Jenkins and the Teamsters at any time and about any subject. This interpretation of the poorly drafted requests would be consistent with Plaintiff's overly broad and unduly burdensome request for all documents for Movant's entire Twitter account without limitation. However, if that is Plaintiff's intention, in addition to being completely irrelevant these requests, are similarly overbroad and unduly burdensome.

D. <u>Plaintiffs Requests for Documents and Testimony are Sought for the Improper Purpose of Harassing Movant and Obtaining Information to Be Used to Harass Others</u>

Plaintiff's Counsel's obsession with obtaining irrelevant, burdensome, and harassing discovery from Mr. Exoo has been going on since this lawsuit was commenced. Indeed, Plaintiff's Counsel repeatedly demanded that Movant respond to Plaintiffs' premature discovery requests prior to Plaintiff's obligation to any

Rule 26 conference. *See* Marlborough Decl., Exh. B, 8/28/2021 (accusing Movant's counsel of "bush league doucherty."). Now that Movant has been dismissed from the case, Plaintiffs' Counsel seeks to improperly exploit the subpoena process, posing a threat to the safety of Movant and the targets of Plaintiff's Counsel and his associates. Rather than using the discovery process to conduct a fishing expedition, Plaintiff's Counsel is attempting to conduct an actual hunting expedition.


*Promotional page for Plaintiffs' Counsel's appearance on the "unapologetically pro-white" Full Haus Podcast*

Plaintiffs' Counsel's pursuit of Movant goes far beyond the limits of zealous advocacy. For example, on the "unapologetically pro-white" Full Haus podcast,[2] Plaintiffs' Counsel admitted that he has a "pathological disdain for doxing," such that he founded the Anti-Doxing League, Inc. (ADL).[3]

Full Haus is the world's finest show for white fathers, aspiring ones, and the whole family. We strive to entertain and inform parents who are raising children, and encourage future parents to get in the greatest game.

Our objective? More healthy white children raised by strong and loving parents armed with the knowledge to help them navigate a world largely hostile to their existence. See also: To secure the existence of our people and a future for white children.

*https://www.full-haus.com/index.php/about/* (about page for Full Haus Podcast, referring to the "14 Words.") (last visited March 22, 2024) According to the Anti-Defamation League, the 14 Words is "the most popular White Supremacist slogan in the world" https://www.adl.org/resources/hate-symbol/14-words (Last Visited March 22, 2024).

---

[2] *See* https://www.full-haus.com/index.php/2022/05/27/latest-show-support-the-adl/ The podcast describes itself as the "world's finest show for white fathers" and "hostile to the forces that … try to make whites a minority." https://www.full-haus.com/index.php/about/ (last visited March 22, 2024). *See* Marlborough Decl. Exh. F.

[3] The organization's name is an obvious jab at the Anti-Defamation League, a civil rights group, which opposes antisemitism and hate and has identified Plaintiff D'Ambly's New Jersey European Heritage Association as a white supremacist hate group. https://www.adl.org/resources/backgrounder/new-jersey-european-heritage-association-njeha (last visited March 24, 2024).

Sadly, Plaintiff's Counsel's agenda does not include the legitimate use of the discovery process. Plaintiff's Counsel has boasted that this lawsuit can be used to identify perceived members of antifa and "blow the whole thing wide open" including the participation of government agents in a vast antifascist conspiracy.[4] In an appearance on the Proud Boys-affiliated ***Murder the Media*** podcast, hosted by Proud Boy Nicholas DeCarlo,[5] Plaintiff's Counsel stated his intention to use the discovery process in this litigation to identify perceived antifascists. Specifically, Plaintiff's Counsel stated the following:

> ***DECARLO****:* Has it been a bit of a struggle to figure out who they are … to pinpoint??
>
> ***HOST 2:*** I was going to say will you be the first person in history to prove that antifa isn't just an idea but an actual organization ….
>
> ***PLAINTIFF'S COUNSEL****:* In all of these cases against these guys, antifa and all that, no one has gotten to discovery and discovery is when you will find all that information.



*Plaintiff's Counsel's appearance on the Proud Boys-affiliated Murder the Media Podcast*

---

[4] *See* https://drive.google.com/file/d/1bsdfFKiLdqtMA6fU3NwLSoRAsbVZge9d/view?usp=sharing.

[5] Mr. DeCarlo is currently serving a 40-month federal prison sentence for his participation in the January 6th insurrection. https://www.justice.gov/usao-dc/defendants/decarlo-nicholas (last visited March 22, 2024).

*See id*., 22:00- 22:30. *See also id*., 30:00-32:05 (noting that he is sure Twitter has "a treasure trove of information" that could be obtained in discovery in this case.), 53:45-55:05 (stating discovery would "blow the whole case wide open" and "you would see come real internal connections," including "plenty of campaign staffers who are not too far removed from these doxers" and "if you are a campaign staffer there is a very good chance you might become a congressional staffer.").

The danger to Plaintiff Exoo and other non-parties is palpable. Zachary Rehl, a former defendant in this case, who is represented by Plaintiff's counsel in his appeal of the dismissal, is currently serving a sentence of fifteen years in federal prison for seditious conspiracy in



*Former Plaintiff Zachary Rehl spraying a Capitol police officer in the face with a chemical irritant on January 6, 2021.*

connection with his participation in the January 6th insurrection. *See U.S. v. Nordean, et al*., 21-cr-00175-TJK (D.D.C.), Government's Sentencing Memo at 31 ("Rehl assaulted a law enforcement officer with an irritant spray before quickly retreating into the crowd on the West Plaza.").[6] When presented at trial with

---

[6] When presented at trial with videotaped evidence of his brutal assault on a police officer, Mr. Rehl testified that he did not recall the incident. https://www.nbcnews.com/politics/justice-department/proud-boy-testifies-jan-6-seditious-conspiracy-trial-rcna79215 (last visited March 22, 2024) (noting Rehl's lapse of memory on the witness stand).

videotaped evidence of his brutal assault on a police officer, Mr. Rehl testified that he did not recall the incident.

Proud Boys Chapter President, Charles Donohoe, was sentenced to 40-months in federal prison for engaging in a conspiracy with Rehl and other Proud Boys in connection with the insurrection.[7] Donohoe issued an edict instructing members of the Proud Boys to identify, locate, and hospitalize perceived antifascists using strategic military tactics developed by the Nazis.

> We need to stop fighting Antifa in the streets where the cops are and start fighting them in bars and alleys, … We need to stomp them. We need to ruin their lives physically like they have ruined ours financially with doxxing. We need to rack up their hospital bills. We need to use special operations tactics and lightning strike them.[8]

E. If Any Testimony is Required, a Deposition Should be Limited in Scope and Duration
In the event the Court permits a deposition of Movant to proceed, the testimony should be limited in scope to relevant information concerning his communications with the Daily News Defendants and/or Insite Risk Management. Moreover, it will take only a few minutes to exhaust Movant's knowledge on the subject,  testimony should be limited to no more than fifteen minutes.

---

[7] *See* https://www.nytimes.com/2023/12/19/us/politics/proud-boys-charles-donohoe-sentence.html (last visited March 22, 2024).
[8] *See New Proud Boys Busted for Capitol Riot Have Wild Police Ties*, Daily Beast (March, 20, 2021) https://www.thedailybeast.com/new-proud-boys-charles-donohoe-and-zach-rehl-busted-for-capitol-riot-have-wild-police-ties (last visited Mar. 12, 2022).

## IV.    Conclusion

In light of the foregoing, Movant requests that the Court quash the subpoena in its entirety. In the alternative, Movant requests that the subpoena be limited to testimony and documents concerning communications between Movant and Defendants Daily News, the Tribune Company, and their employees. These are the only remotely relevant issues remaining in the case. If a deposition is required, Movant requests that the deposition be limited to a duration of thirty minutes, which will be ample time to address this narrow area of testimony.

By:

*THE MARLBOROUGH LAW FIRM, P.C.*
Christopher Marlborough, Esq.
375 Sunrise Highway, Suite 3
Lynbrook, New York 11563
Phone: (212) 991-8960
Fax: (212) 991-8952
E-mail: chris@marlboroughlawfirm.com

Richard Torres, Esq.
1 Freeman Lane
Denville, NJ 07834
Phone: (347) 742-5362
E-mail: richardtorresdna@gmail.com

*Counsel for Movant Christian Exoo*