IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D'AMBLY, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN EXOO, *et al.*,<br><br>Defendants. | Civil Action No.: 2:20-cv-12880 |

**PLAINTIFF'S COMBINED BRIEF IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA OR ALTERNATIVELY A MOTION FOR PROTECTIVE ORDER**

Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiff*

**Motion Day:  April 15, 2024**

i

## **TABLE OF CONTENTS**

Introduction ........................................................................................................................5

    I.      Brief Procedural and Factual History ............................................................6

    II.     Legal Argument .............................................................................................7

    III.    Conclusion ...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                             **Page**

Angell v. Shawmut Bank Connecticut National Association
    153 F.R.D. 585 (M.D.N.C. 1994) ................................................................................ 8

Ceuric v. Tier One, LLC
    325 F.R.D. 558, 560 (W.D. Pa. 2018) ................................................................. *passim*

Harding v. Dana Transport, Inc.
    941 F. Supp. 1084 (D.N.J. 1996) ................................................................................ 9

In re Domestic Drywall Antitrust Litig.
    300 F.R.D. 234 (E.D. Pa. 2014) ............................................................................. 7, 8

In re Johnson & Johnson
    59 F.R.D. 174 (D. Del. 1973) ..................................................................................... 9

In re Novo Nordisk Sec. Litig.
    530 F. Supp. 3d 495 (D.N.J. 2021) ............................................................................ 7

Jackson v. AFSCME Local 196
    246 F.R.D. 410 (D. Conn. 2007) ................................................................................ 8

Josephs v. Harris Corp.
    677 F.2d 985 (3d Cir. 1982) ....................................................................................... 9

McCabe v. Ernst & Young, LLP
    221 F.R.D. 423 (D.N.J. 2004) .................................................................................... 8

Younes v. 7-Eleven, Inc.
    312 F.R.D. 692 (D.N.J. 2015) .................................................................................... 9

## Other Authorities

Loc. Civ. R. 37.1 ............................................................................................... *passim*

Loc. Civ. R. 37.1(a)(1) .......................................................................................... 6, 9

Loc. Civ. R. 37.1(b) ................................................................................................ 10

Loc. Civ. R. 37(b)(1) ................................................................................................. 7

Fed. R. Civ. P. 26 ...................................................................................................... 7

iii

Fed. R. Civ. P. 26(b)(1) ............................................................................................................. 7

Fed. R. Civ. P. 45 ............................................................................................................. *passim*

Fed. R. Civ. P. 45(a)(1)(A)(iii) .................................................................................................. 7

Fed. R. Civ. P. 45(d)(1) ............................................................................................................. 8

Fed. R. Civ. P. 45(d)(2) ..................................................................................................... *passim*

Fed. R. Civ. P. 45(d)(3) ............................................................................................................. 8

28 U.S.C. § 1746 ....................................................................................................................... 7

## INTRODUCTION

The movant Christian Exoo's (hereinafter "Exoo" or "Movant") motion to quash the subpoena or in the alternative for a protective order is procedurally defective and must be denied. Exoo is a nonparty who is required to serve written objections to Plaintiff's subpoena, or to move for a protective order within fourteen (14) day of being served the subpoena under *Rule 45(d)(2)*. Exoo improperly moved under *Local Rule 37.1*, which is the objection process that "parties" to an action must follow.

On March 6, 2024, Plaintiff served Exoo a subpoena to testify at a deposition via Zoom teleconference and to produce documents relative to communications from August 1, 2019, including through his *X.com* account *@antifashgordon*, that he had with the Daily News, the Teamsters, Insite Risk Management, Daryle Lamont Jenkins, and all other persons concerning Plaintiff's termination.

The information to be obtained from Exoo's deposition and the documents under subpoena are highly relevant. Exoo possesses unique factual knowledge about this action that is not ascertainable from any other source. For instance, on January 13, 2019, Exoo tweeted that he received a "reliable tip" that Plaintiff "was not at the *@nydailynews* anymore," and that he received "a message this morning that [Plaintiff had] been fired" as seen in the tweets below.




I.     **BRIEF PROCEDURAL AND FACTUAL HISTORY**

On October 29, 2018, Exoo used his *X.com* (formerly Twitter) account *@antifashgordon* to dox Plaintiff Daniel D'Ambly ("Plaintiff" or "D'Ambly") in order to incite some of his followers to contact Plaintiff's employer the New York Daily News and its parent the Tribune Publishing Company, LLC (collectively "Daily News") to demand Plaintiff's termination. Subsequently, a wave of harassing communications *i.e.*, phone calls, emails, and tweets that demanded Plaintiff's termination were directed at the Daily News. On January 11, 2019, the Daily News received voicemail messages that threatened their failure to terminate Plaintiff puts any "violence or blood spilled also on" the Daily News' hands. The Daily News cited these messages in Plaintiff's termination letter as the cause of his termination effective January 18, 2019.

On February 28, 2024, plaintiff served Daily News' counsel a copy of the subpoena that was to be sent to the Sheriff of St. Lawrence County, New York for personal service upon movant Christian Exoo. On March 6, 2024, the Sheriff of St. Lawrence County, New York personally served the subpoena upon movant Christian Exoo that required compliance on or before March 20, 2024. *See* Exhibit A. On March 12, 2024, Exoo's counsel emailed Plaintiff's counsel to schedule a meet and confer to discuss Exoo's differences with the subpoena.

A telephone conference was conducted March 14, 2024, but the differences were not resolved. On the same day, presumably in an attempt to comply with *Local Civil Rule 37.1(a)(1)* Exoo's counsel electronically filed a pre-motion letter. Movant's Pre-Motion Letter ("PML") ECF No. 199. On March 22, 2024, Exoo electronically filed the instant motion to quash subpoena or in the alternative to issue a protective order to limit the scope of the testimony and documents to be produced. ECF No. 202.

II. **LEGAL ARGUMENT**

Under *Rule 26 of the Federal Rules of Civil Procedure* a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Fed. R. Civ. P. 26(b)(1)*. *Rule 45 of the Federal Rules of Civil Procedure* must be followed "to request the production of designated documents, electronically stored information, or tangible things from a nonparty." *Fed. R. Civ. P. 45(a)(1)(A)(iii)*." *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 560 (W.D. Pa. 2018). The scope of permissible discovery from a non-party under *Rule 45* is the same as the scope permitted under *Rule 26*. *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021).

When a discovery disputes arises between "parties" to the action the parties must follow the procedures set forth in *Local Rule 37.1* which states that counsel "shall confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. This presentation shall precede any formal motion." *L. Civ. R. 37.1(a)(1)*. If after the meet and confer the parties' differences persist, a formal discovery motion "must be accompanied by an affidavit, or other document complying with *28 U.S.C. § 1746*, certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement. The affidavit, or other document complying with *28 U.S.C. § 1746*, shall set forth the date and method of communication used in attempting to reach agreement." *Local Rule 37.1(b)(1)*.

When a nonparty is served a subpoena, "[a]fter being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena." *In re Domestic Drywall*

7

*Antitrust Litig.*, 300 F.R.D. 234, 238 (E.D. Pa. 2014).  The written objection must be served to the subpoenaing party within fourteen days after the subpoena is served, but it need not be filed with the court." *Id*.  *See also* Fed. R. Civ. P. 45(d)(2).  The "1991 amendments to *Rule 45* extended the former ten day period to fourteen days in order to allow a little more time for [] objections to be made." *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426 (D.N.J. 2004) (*citing Angell v. Shawmut Bank Connecticut National Association,* 153 F.R.D. 585, 590 (M.D.N.C 1994)).  The 1991 amendments "make[s] it reasonable to construe the new time limits more strictly so that failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *McCabe,* 221 F.R.D. at 426.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. *Id.* at 425.  As an alternative to serving written objections on the subpoenaing party, a nonparty may file a timely motion for a court to quash the subpoena pursuant to *Rule 45(d)(3)*. *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 560 (W.D. Pa. 2018) (citing *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014)).  The obligation to meet and confer under the Local Rules does not extend to a motion under *Fed. R. Civ. P. 45*. *Jackson v. AFSCME Local 196*, 246 F.R.D. 410, 413 (D. Conn. 2007).  A party seeking discovery from non-parties under a subpoena must take reasonable steps to avoid imposing undue burden or expense on the non-party subject to the subpoena. *Fed. R. Civ. P. 45(d)(1)*.

Exoo waived his ability to object to Plaintiff's subpoena, because he failed to serve written objections or move for a protective order within the 14-day limit established by *Rule 45(d)(2),* which was required on or before March 20, 2024.  Instead of filing written objections or a filing a motion for a protective order within fourteen days as is required of a nonparty by

8

*Rule 45*, Exoo sought to object to the subpoena under *Local Rule 37.1*, by scheduling a meet and confer, and then he filed a pre-motion letter on March 14, 2024, presumably pursuant to *Local Rule 37.1(a)(1)*. However, the objection procedures set forth in *Local Rule 37.1* do not apply to a nonparty like Exoo, subpoenas or motions to compel a non-party's attendance at a deposition can only be compelled in accordance with *Rule 45*, thus, nonparty objections must comply with the procedures set forth in *Rule 45*. *In re Johnson & Johnson*, 59 F.R.D. 174 (D. Del. 1973) (motion for order enforcing subpoenas issued to third parties should have been brought under *Rule 45* rather than *Rule 37*).

Pursuant to *Rule 45*, when a person objects to discovery requests he has the duty to provide reasoning and specificity with each objection. *Ceuric, LLC*, 325 F.R.D. at 561. The objecting party must submit a written response specifying the objection to each document requested by a subpoena duces tecum. *United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980). Boilerplate objections that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982). Simply objecting to requests as overly broad, burdensome, oppressive, and irrelevant, without showing specifically how each request is not relevant or how each question is overly broad, burdensome, or oppressive is inadequate to voice a successful objection. *Ceuric, LLC*, 325 F.R.D. at 561. "As noted in *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996), broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 704 (D.N.J. 2015).

Here, in order to properly object to Plaintiff's subpoena, Exoo was required by *Rule 45(d)(2)* to serve written objections or to move for a protective order within fourteen (14) of being served the subpoena, which compliance date was March 20, 2024. Instead in accordance with the procedural requirements a party to an action must file under Local Rule 37.1, Exoo filed a pre-motion letter that is frivolous and fraught with despicable innuendo that attempts to portray counsel for Plaintiff as a klansman and a violent criminal who will use the discovery tools to "identify individuals" that "Plaintiff's counsel and his associates intend to cause harm" in order to prejudice the court. ECF No. 199 at 4. The PML highlighted a typographical error, put forth boilerplate objections, and failed to specifically object to any of Plaintiff's requests. ECF. No. 199. The baseless attacks within Exoo's pre-motion illustrate that he did not "confer with the opposing party in a good faith to resolve by agreement the issues raised by the motion without the intervention of the Court." *L. Civ. R. 37.1(b)*. Furthermore, the same baseless attacks against counsel for Plaintiff continue throughout Exoo's motion, such that it appears Exoo believes the Court is biased and does not treat all litigants equally. *Memorandum In Support of Movant Christian Exoo's Motion to Quash Subpoena or Issue a Protective Order*, ECF No. 202-1.

### III.   CONCLUSION

Exoo's baseless attacks on counsel for Plaintiff and his attack on the Court's impartiality are enough to warrant dismissal of his motion, however, his motion must be denied because it is procedurally defective.

Dated: April 1 , 2024

_____
Patrick Trainor
**LAW OFFICE OF PATRICK TRAINOR**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
(201) 777-3327

pt@ptesq.com
*Attorney for Plaintiff*

11