**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

DANIEL D'AMBLY,

       *Plaintiff,*

v.

CHRISTIAN EXOO, ET AL,

       *Defendants.*

Civil Action No. 2:20-cv-12880-JKS-JSA

**DEFENDANTS TRIBUNE PUBLISHING COMPANY, INC. AND NEW YORK DAILY NEWS' REPLY IN SUPPORT OF MOTION TO QUASH OR MOTION FOR PROTECTIVE ORDER**

**Motion Date: April 15, 2024**

Lindsay F. Ditlow
**McDermott Will & Emery LLP**
One Vanderbilt Avenue
New York, New York  10017-3852
(212) 547-5400 (phone)
(212) 547-5444 (fax)
lditlow@mwe.com

Joseph K. Mulherin (*pro hac vice*)
**McDermott Will & Emery LLP**
444 W. Lake Street
Chicago, IL 60606
(312) 372-2000 (phone)
(312) 984-7700 (fax)
jmulherin@mwe.com

Jean M. Edmonds (*pro hac vice*)
**McDermott Will & Emery LLP**
One Vanderbilt Avenue
New York, New York  10017-3852
(212) 547-5400 (phone)
(212) 547-5444 (fax)
jedmonds@mwe.com
*Admitted only in Illinois*

***Attorneys for Defendant Tribune Publishing Company, Inc. and New York Daily News***

**Table of Contents**

I.     Introduction ......................................................................................................... 1

II.    Analysis ............................................................................................................... 1

    A.    D'Ambly's Subpoena for Documents is Facially Overbroad and
Improper ......................................................................................................... 1

    B.    Any Subpoena Enforced Against Exoo in this Action Should be
Narrowly Limited ............................................................................................ 2

III.   Conclusion ......................................................................................................... 3

## I.      Introduction

Plaintiff Daniel D'Ambly's facially improper subpoena to Christian Exoo cannot rescue his moribund lawsuit. In the three-and-a-half years since D'Ambly filed his first complaint, litigation has only winnowed his claims. The sole remaining issues are:

- Whether the September 9, 2019 settlement agreement that D'Ambly entered with Defendants Tribune Publishing, Inc. ("Tribune") and New York Daily News ("Daily News") is unenforceable, based on D'Ambly's unsupported allegations that Defendants misrepresented the reasons for D'Ambly's January 11, 2019 warning/discipline letter, and his subsequent termination after his affiliation with a white supremacist organization brought threats of violence upon the Daily News and its workforce; and,

- If so, whether Tribune and Daily News (i) discriminated against D'Ambly in violation of the New Jersey Law Against Discrimination and/or (ii) committed a tort by failing to warn D'Ambly of dangers in the workplace – both claims for which D'Ambly still has adduced zero evidence.

Because D'Ambly's subpoena seeks mostly irrelevant information that does not and cannot shed light on the remaining issues in this litigation, the subpoena should be modified by a protective order or quashed in its entirety.

## II.      Analysis

### A.      D'Ambly's Subpoena for Documents is Facially Overbroad and Improper

Exoo's Motion to Quash Subpoena or Issue a Protective Order amply establishes the subpoena's overbreadth. (*See* Memorandum of Law in Support of Movant Christian Exoo's Motion to Quash Subpoena or Issue a Protective Order ("Mtn. to Quash") 3-4, 6-10.) The subpoena seeks not only all documents related to Exoo's communications with the Daily News, Tribune,

and Insite Risk Management[1], but also, for example, *all* documents (i) from Exoo's Twitter/X.com account (with no time or subject limitation) and (i) relating to all Exoo's communications with non-party Daryle Lamont Jenkins, with any members of the Teamsters Union, and with any person concerning D'Ambly over nearly five years. (*See id*.; *id*. at Ex. 3.)

Rather than advancing D'Ambly's remaining claims against the actual remaining defendants, the subpoena grasps at remnants of his dismissed claims against Exoo, which he lost eighteen months ago. (*See* Order of Dismissal, Dkt. No. 138.) Forcing Exoo to produce the entirety of his Twitter account will not build D'Ambly's case against Tribune and Daily News. It will simply require Exoo to produce copious information about individuals who have nothing to do with the parties in this litigation and unnecessarily elongate any deposition of Exoo. (Mtn. to Quash 7-8.) There is no plausible proper purpose for this wild goose chase. Likewise, D'Ambly does not allege that Jenkins played any role in his termination. (*See generally*, Second Amended Compl., Dkt. No. 103.) D'Ambly's claims against counsel for the Local One-L were also dismissed early in the case. (Op. Granting Dismissal, Dkt. No. 133.) Exoo's communications with individuals who had no connection to D'Ambly's employer and no authority to recommend his termination will shed no light on Defendants' decisionmaking that led to D'Ambly's termination. These subjects are wholly irrelevant to the issues remaining in this lawsuit.

## B.   Any Subpoena Enforced Against Exoo in this Action Should be Narrowly Limited.

Tellingly, at the parties' status hearing on March 15, 2024, the only reasons that D'Ambly's counsel proffered for pursuing this deposition were that it would allow him to determine whether Exoo had information about D'Ambly's termination before the termination occurred, and if so,

---

[1] Insite Risk Management is an outside private firm that Defendants engaged to investigate whether D'Ambly was in fact a member of the New Jersey European Heritage Association ("NJEHA") and whether he held white supremacist views, as alleged in Christian Exoo's October 2018 Twitter posts.

when he got that information and from whom. The narrowness of those questions belies any need for the sweeping document requests sought in the subpoena.

There are only two potentially relevant topics for which Exoo should provide documents and/or testify: (1) his communications with the Defendants, if any, relating to D'Ambly's white supremacist activities and the Defendants' decision to terminate him, limited to the period from August 2018 (two months before Exoo exposed D'Ambly's white supremacist ties in a series of Tweets) and September 2019 (when D'Ambly entered into a settlement agreement with Defendants, releasing claims related to his termination); and (2) Exoo's communications, if any, with Insite Risk Management, on the same topics during the same time period. D'Ambly's counsel can accomplish his intended purpose within these narrow bounds. If this subpoena is enforced, Defendants propose that D'Ambly be permitted to request documents and oral discovery only on those two topics.

### III.     Conclusion

For the foregoing reasons, Defendants request the Court limit the subpoena to the potentially relevant testimony and documents relating to his remaining claims against Tribune and Daily News.

Date: April 8, 2024                                       Respectfully submitted,

By:   _/s/ Lindsay F. Ditlow_
                        Lindsay F. Ditlow
                        **McDermott Will & Emery LLP**
                        One Vanderbilt Avenue
                        New York, New York  10017-3852
                        +1 212 547 5400
                        lditlow@mwe.com

Joseph K. Mulherin (*pro hac vice*)
**McDermott Will & Emery LLP**
444 W. Lake Street
Chicago, IL 60606
(312) 372-2000 (phone)
(312) 984-7700 (fax)
jmulherin@mwe.com

Jean M. Edmonds (*pro hac vice*)
**McDermott Will & Emery LLP**
One Vanderbilt Avenue
New York, New York  10017-3852
+1 212 547 5400
jedmonds@mwe.com
*Admitted only in Illinois*

*Attorneys for Defendants Tribune Publishing
Company, Inc. and New York Daily News*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2024, a true and correct copy of the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users in this action.

/s/ Lindsay F. Ditlow
Lindsay F. Ditlow
