**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| DANIEL D'AMBLY, ET AL.,<br><br>Plaintiffs,<br>vs.<br><br>CHRISTIAN EXOO, ET AL.<br><br>Defendants. | CIVIL ACTION NO.: 2:20-cv-12880-JKS-JSA<br><br>Hon. Jessica S. Allen, U.S.M.J.<br><br>MOVANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER<br><br>Return Date:<br>April 15, 2024 |
|---|---|


**THE MARLBOROUGH LAW FIRM, P.C.**
Christopher Marlborough, Esq.
375 Sunrise Highway, Suite 3
Lynbrook, New York 11563
Phone: (212) 991-8960
Fax: (212) 991-8952
E-mail: chris@marlboroughlawfirm.com

Richard Torres, Esq.
1 Freeman Lane
Denville, NJ 07834
Phone: (347) 742-5362
E-mail: richardtorresdna@gmail.com

*Counsel for Movant Christian Exoo*

**Table of Contents**

1. Plaintiff Failed to Properly Serve a Valid Subpoena........................................1

2. Movant Did Not Waive Objections to the Subpoena........................................2

3. Plaintiff Provides No Justification for the Overbreadth of the Subpoena ..........5

4. Plaintiff's Counsel Bad Faith Motivation for Seeking Irrelevant Discovery .....8

CONCLUSION ....................................................................................9

**Table of Authorities**

**Cases**

*Burgess v. Galloway*, 2021 U.S. Dist. LEXIS 195505, 2021 WL 2661290 (D.N.J. Jan 28, 2021)……………………………………………………..……..6

*Canca v. Wayfair LLC*, Civil Action No. 22-2518 (GC) (RLS), 2023 U.S. Dist. LEXIS 196755 (D.N.J. Nov. 2, 2023)……………………………………...3, 5

*R.B. v. Hollibaugh*, No. 16-1075, 2017 U.S. Dist. LEXIS 49072, 2017 WL 1196507 (M.D. Pa. Mar. 31, 2017)……………………………………………3

**Rules**

Federal Rules of Civil Procedure Rule 6(a)(1)………………………………..2, 3
Federal Rules of Civil Procedure Rule 26……………………………………8
Federal Rules of Civil Procedure Rule 45……………………………………2, 3
Federal Rules of Civil Procedure Rule 45(b) …………………………………1
Federal Rules of Civil Procedure Rule 45(c)(i)………………………………7
Federal Rules of Civil Procedure Rule 45(d)(3)………………………………3
Federal Rules of Civil Procedure Rule 45(d)(3)(b)……………………………7
Federal Rules of Civil Procedure Rule 45(d)(3)(a)(iii)………………………..1
Local Rule 37.1(1) ………………………………………………………2

Statute

28 U.S.C. 1821(a)……………………………………………………..1

Movant Christian Exoo ("Movant") submits this reply brief in further support of his motion to Quash the Subpoena or in the alternative for a Protective Order in connection with the subpoena for testimony and documents served on him by Plaintiff. *See* Marlborough Decl., Exh. A, Dkt. Doc. No. 202-2 ("the "Subpoena").

**1. Plaintiff Failed to Properly Serve a Valid Subpoena**

Plaintiff's opposition brief fails to address Movant's arguments supporting his claim that the Subpoena and its service are invalid. *See* Movant's Opening Brief at 4-5. First, Plaintiff failed to address Movant's argument that service is invalid because Plaintiff failed to tender the witness fee required by FRCP Rule 45(b) and 28 U.S.C. 1821(a). *See* Movant's Opening Brief at 4-5; Dkt. Doc. No. 202-9, Exoo Decl. at ¶ 3. Plaintiff does not claim to have tendered the fee, nor does he offer any reason why his failure to tender the fee should be excused. Plaintiff simply ignored Movant's argument and ignored his fundamental statutory obligation to pay the fee.

Second, Plaintiff does not deny that his Subpoena is defective for violating the requirement for violating the 100-mile rule provided in FRCP Rule 45(d)(3)(a)(iii). Indeed, Plaintiff failed to address Movant's argument at all. *See* Movant's Opening Brief at 4-5; Exoo Decl. at ¶ 4-8.

By failing to address these arguments, Plaintiff has waived any argument that the Subpoena or its service was valid. The Subpoena is fatally defective.

**2. Movant Did Not Waive Objections to the Subpoena**

In the event that the Court does not quash the Subpoena, the Court should consider Movant's objections and modify the Subpoena in accordance with FRCP Rule 45. Plaintiff argues that Movant waived objections to the Subpoena because he did not first serve Plaintiff with written objections to the Subpoena. The argument is without merit.

Movant complied with the requirements of Rule 45. Plaintiff admits, as he must, that "as an alternative to serving written objections on the subpoenaing party, a nonparty may file a timely motion for a court to quash the subpoena pursuant to Rule 45(d)(3)." *See* Dkt. Doc. No. 203, Plaintiff's Brief at 8. Movant first satisfied his obligation under the local rules and Your Honor's judicial preferences meeting and conferring with Plaintiff's Counsel and filing a pre-motion letter for a motion to quash or in the alternative for a protective Order on March 14, 2020, seven days after service of the Subpoena pursuant to FCRP Rule 6(a)(1), well within the 14 -day period to file for a protective Order. *See* Dkt Doc. No. 199. *See also* Local Rule 37.1 (1) ("Counsel shall confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. This presentation shall precede any formal motion."); Your

Honor's judicial preferences ("No formal motions are permitted unless leave of court is first obtained …. Full compliance with … 37.1 will be expected.").

The pre-motion letter set forth the bases for Movant's objections to the Subpoena, and included declarations from Movant and his counsel. The Court Ordered that the motion be filed on March 21, 2024, which is still 14 service days from the service of the Subpoena pursuant to FRCP Rule 6(a)(1).[1] Movant complied with the requirements of Rule 45 by filing the pre-motion letter well within the 14-day period.

Even where a timely motion to quash is not filed and no written objections are permitted, courts routinely excuse the defect where the parties have met and conferred about the objections. *See R.B. v. Hollibaugh*, No. 16-1075, 2017 U.S. Dist. LEXIS 49072, 2017 WL 1196507, at *3 (M.D. Pa. Mar. 31, 2017) (noting that courts may find unusual circumstances exist where non-party contacted counsel for the subpoenaing party to discuss compliance without formally submitting objections to the Subpoena). *See also* in *Canca v. Wayfair LLC*, Civil Action No. 22-2518 (GC) (RLS), 2023 U.S. Dist. LEXIS 196755, at *8 (D.N.J. Nov. 2, 2023), at **8-9 ("Defendant's counsel has been very much aware of the objections raised by Cole albeit they were not in writing").

---

[1] However, due to some formatting issues with the brief, the motion was filed at 12:12 am on March 22, 2024.

In this case, Plaintiffs' Counsel was well aware of Movant's objections as the parties meet and conferred on the matter on March 14, 2024. During the meet and confer call, counsel for the parties discussed each of the matters referred to in the motions, including the failure to pay a witness fee, the 100-mile rule violation, and the irrelevance, vagueness, overbreadth, and burdensomeness of each of the discovery demands.

For example, Plaintiffs' Counsel reiterated that Movant should be required to produce all documents concerning his Twitter account, and stated his position that the request was not all burdensome and that relevancy is not a basis for objection in discovery. *See* Declaration of Richard Torres, submitted herewith. Plaintiffs' counsel also maintained that documents concerning communications about Plaintiff D'Ambly with non-parties unconnected to Plaintiffs' employer, were also discoverable and that Movant would be required to testify about these matters in his deposition. Plaintiff knew of Movant's objections and refused to modify the Subpoena in response to those objections.

Moreover, Plaintiff failed to allow Movant a reasonable amount of time for compliance with the Subpoena. Plaintiff served the Subpoena with less than a full 14 days from the date of the deposition. The Subpoena calls for documents and deposition on March 20, 2024, at 11 am. Yet Plaintiff only served the Subpoena

demanding documents and deposition testimony in the afternoon of March 6, 2024, less than 14 full days from the date of the deposition.

Under similar circumstances in the *Canca* case, the Court declined to find that the movant waived objections to the Subpoena. Specifically, *Canca* noted:

> Defendant served Cole with the Subpoena (dated June 15, 2023) on June 20, 2023, but indicated in the Subpoena that Cole was to produce responsive documents to Defendant's counsel's offices in New York by June 22, 2023. (Dkt. No. 29-4). As such, any written objections to the Subpoena would have been due well after the date for compliance. *See* Fed. R. Civ. P. 45(d)(3)(A)(i) (requiring, on timely motion, the Court to quash or modify a subpoena that "fails to allow a reasonable time to comply").

*Canca,* 2023 U.S. Dist. LEXIS 196755, at *8.

Moreover, Plaintiff concludes that Movant's objections are not sufficiently specific. *See* Dkt. Doc. No. 203, Plaintiff's Brief at 9. However, Movant specified how the requests were vague, irrelevant unduly burdensome and overbroad, except possibly for Movant's communications between the decision-makers relating to D'Ambly's termination, namely the Daily News Defendants and Insite Risk Management. Movant's Opening Brief at 6-14. Accordingly, Plaintiff's waiver argument is baseless.

**3. Plaintiff Provides No Justification for the Overbreadth of the Subpoena**

Plaintiff fails to satisfy his burden of showing that these overly broad requests are relevant and proportionate to the needs of the case. This is particularly true in light of the principal that courts afford non-parties greater protection from

discovery than a party. *See Burgess v. Galloway*, 2021 U.S. Dist. LEXIS 195505, 2021 WL 2661290 (D.N.J. Jan 28, 2021), at *3. Plaintiff merely asserts that the information is highly relevant.

Plaintiff provides no explanation as to why all of Movant's Twitter account information should be produced, nor does Plaintiff explain his need for the various documents concerning communications requested such as communications with Daryle Lamont Jenkins, random members of the Teamsters or "all other persons wh[o] [Movant] communicated with concerning Daniel D'Ambly." These others are not alleged to have any role in Plaintiff D'Ambly's termination.

Plaintiff's brief cites exactly two potentially relevant communications concerning an anonymous, unconfirmed tip that Movant received. The first tweet indicated that Movant had received a tip that Plaintiff had left the Daily News. The second tweet stated that the information was unconfirmed. Not only was the anonymous tip unconfirmed, but it also turned out to be completely inaccurate. It is undisputed that Plaintiff was still employed by the Daily News at the time that Movant issued the tweets.

With the exception of publicly available tweets already in Plaintiffs' possession, Movant is not in possession of any documents concerning communications between him and the Daily News or Insite Risk Management concerning Plaintiff D'Ambly because there were no such communications.

Moreover, Movant is not in possession, custody or control of any documents concerning communications with the anonymous and inaccurate tipster other than the two publicly available tweets which are already in Plaintiff's possession and were screenshotted in Plaintiff's opposition brief. Moreover, Movant's testimony concerning those two tweets, the only issue about which Movant could testify that is remotely relevant to the issues in the litigation, would not take more than a few minutes.

Plaintiff fails to explain why anything beyond communications with the Daily News Defendants, Insite Risk Management or the anonymous and inaccurate tipster is justified. Nor does Plaintiff explain why the deposition should last more than fifteen minutes, as proposed by Movant.

If any discovery at all is permitted, it should be limited pursuant to Rule 45(c)(i). The rule provides: In the circumstances described in Rule 45(d)(3)(B), the court may, "order appearance or production under specified conditions if the serving party only where the shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Movant maintains that Plaintiff has failed to show a substantial need for this information relating to an inaccurate tip from an anonymous source, if the Court does require a deposition, the Subpoena should be modified to narrow the scope of discovery to these two tweets, and alleged communications between the Daily News and Insite Risk

Management. Movant also respectfully requests that the Court limit the deposition to no more than fifteen minutes.

**4. Plaintiff's Counsel Bad Faith Motivation for Seeking Irrelevant Discovery**

In his opposition brief, Plaintiff's Counsel tries to downplay his malicious intent in seeking irrelevant and overbroad discovery while relentlessly and aggressively pursuing that irrelevant information for an improper purpose. Plaintiff's Opp. Brief at 10. *See also* Dkt. Doc. Nos. 92 (e-mail from Plaintiff's Counsel accusing Movant's counsel of "bush league douchery," while seeking premature discovery prior to any Rule 26 conference), 93 (concerning Plaintiffs' efforts to obtain premature discovery from movant prior to any Rule 26 conference); 168 at 5 (concerning Plaintiffs' efforts to obtain premature discovery from non-party anti-hate organization One People's Project prior to any Rule 26 conference), 168-1 (E-mail from a prior Defendants' counsel admonishing Plaintiff's Counsel for seeking pre-mature discovery from a non-party prior to any Rule 26 conference). However, in his opening brief, Movant set forth Plaintiff's Counsel's true motivation for aggressively pursuing discovery unrelated to the litigation. Additional information concerning this issue is available upon request.

Finally, contrary to Plaintiff's Counsel's assertion, Plaintiff does not believe that Your Honor is biased. Plaintiff's Opp. Brief at 10. The undersigned, however,

does believe that Court is well-suited to identify when a litigant is abusing the discovery process in an effort to obtain irrelevant information for an improper purpose. The Court should decline to facilitate Plaintiff's Counsel and his associates' efforts to expose the targets of his self-proclaimed pathological disdain for doxing.

**CONCLUSION**

For the foregoing reasons, the Court should grant Movant's motion to quash or in the alternative issue a protective order and limit the scope and duration of Movant's testimony.

By: [signature]

**THE MARLBOROUGH LAW FIRM, P.C.**
Christopher Marlborough, Esq.
375 Sunrise Highway, Suite 3
Lynbrook, New York 11563
Phone: (212) 991-8960
Fax: (212) 991-8952
E-mail: chris@marlboroughlawfirm.com

Richard Torres, Esq.
1 Freeman Lane
Denville, NJ 07834
Phone: (347) 742-5362
E-mail: richardtorresdna@gmail.com

*Counsel for Movant Christian Exoo*