UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**JESSICA S. ALLEN**<br>UNITED STATES MAGISTRATE JUDGE | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102<br>(973-645-2580) |

**LETTER ORDER**

June 17, 2024

TO: ALL COUNSEL OF RECORD

Re: D'Ambly v. Exoo, *et al.*,
   Civil Action No. 20-12880 (JKS) (JSA)

Dear Counsel:

Plaintiff, Daniel D'Ambly ("D'Ambly"), is a former employee of Defendants New York Daily News and Tribune Publishing, Inc. (collectively, "Defendants"). D'Ambly alleges that Defendants violated the New Jersey Law Against Discrimination ("NJLAD") by allegedly terminating him on account of his race and his racially identifiable associations and committed a tort by failing to warn him of death threats made by third parties following an alleged online doxing campaign.

Before the Court is a motion by former defendant, Christian Exoo ("Exoo"), to quash a subpoena issued by D'Ambly seeking documents and deposition testimony or in the alternative for a protective order. (ECF Nos. 202, 205). D'Ambly opposes the motion. (ECF No. 203). Defendants submitted a reply brief in support of Exoo's motion. (ECF No. 204). The Court did not hear oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, Exoo's motion to quash is **GRANTED**, and the subpoena is quashed **WITHOUT PREJUDICE**. Exoo's alternative request for a protective order is **DENIED AS MOOT**.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The facts and extensive procedural history of this case are well-known to the parties and detailed in prior opinions and orders. (*See, e.g.,* ECF Nos. 97, 99, 133, 135, 136). As such, the Court highlights only what is relevant to decide the present motion.

The operative complaint is the Second Amended Complaint. (ECF No. 103; "the Complaint"). The Complaint has two conceptual parts. In part one, thirteen (13) Plaintiffs, including D'Ambly, brought numerous claims against Exoo, "a purported far left activist," and others after certain defendants allegedly identified Plaintiffs, including D'Ambly, as "fascists or white supremacists, and 'doxed' them on Twitter." (ECF No. 99 at 1-2). The overarching issue in part one of the Complaint is whether "the doxing crossed a legal line into unlawful action."

(ECF No. 133 at 1). Through a series of Opinions and Orders issued in 2021 and 2022, all aspects of part one of the Complaint have been dismissed. (*See* ECF Nos. 97, 99, 133, 135, 136 & 138). Plaintiffs appealed dismissal of part one of the Complaint to the United States Court of Appeals for the Third Circuit, (ECF No. 140), which dismissed the appeal for lack of appellate jurisdiction. (ECF No. 183).

What remains before the Court is part two of the Complaint, which is essentially an employment dispute between D'Ambly and Defendants. In part two, D'Ambly alleges that the doxing caused Defendants to unlawfully discriminate against him and terminate him on account of his race and racial associations. (Compl., ¶¶ 148-53). Specifically, D'Ambly alleges that, following the doxing, Defendants received public pressure and threats to fire him, and engaged a private investigative firm, Insite Risk Management, designed to invade his privacy and search for and create a pretextual reason to terminate him. (*Id.*, ¶ 150-53). In addition, D'Ambly alleges that Defendants failed to warn him about repeated death threats from Exoo's Twitter followers and associates following the alleged doxing. (*Id.*, ¶¶ 162-69).

## II. THE SUBPOENA

On March 6, 2024, D'Ambly served Exoo with a subpoena[1] at Exoo's home in Canton, New York. (*See* Declaration of Christian Exoo ("Exoo Decl.") at ¶¶ 2-4; ECF No. 202-9; Declaration of Patrick Trainor, Esq., Ex. A; ECF No. 203-2). The subpoena seeks both Exoo's deposition and the production of documents. (*See* Subpoena, attached as Exhibit A to the Declaration of Christopher Marlborough, Esq. ("Marlborough Decl."); ECF No. 202-2 & 202-3). The subpoena calls for Exoo's attendance and testimony via videoconference at D'Ambly's counsel's office in Rutherford, New Jersey on March 20, 2024, and for Exoo to produce the requested documents.[2] (ECF No. 202-3).

On March 12, 2024, Exoo's counsel emailed D'Ambly's counsel to schedule a meet-and-confer to discuss Exoo's objections to the subpoena. (ECF No. 203 at 6). On March 14, 2024, Exoo's and D'Ambly's counsel held a telephone conference but were not able to resolve Exoo's objections. (*Id.*; *see also* Marlborough Decl., ¶ 9). On the same date, Exoo filed a "pre-motion letter" and supporting declarations on the Court's docket raising his objections to the subpoena and asking that it be quashed, or in the alternative, modified. (*See* ECF No. 199 at 4). Exoo further requested that the date for his deposition "be stayed pending the Court's decision on this pre-motion letter or any subsequent motion relating to the subpoena." (*Id.*)

On March 15, 2024, the Undersigned stayed Exoo's deposition pending a decision on the formal motion to quash or modify, which the Court directed to be filed on or before March 22, 2024. (ECF No. 201).

---

[1] Herein, "the subpoena" or the "D'Ambly subpoena."

[2] The document request seeks: "All documents for X.com (formerly Twitter) account @antifashgordon, and all documents related to you communications with the New York Daily News Company and its parent company Tribune Publishing Company LLC Daryle Lamont Jenkins, Teamsters, Insite Risk Management, and all other persons wh you communicated with concerning Daniel D'Ambly from August 1, 2019, through the date of your deposition." (Marlborough Decl., Ex. A) (errors in original).

### III.     CURRENT MOTION

On March 22, 2024, Exoo filed the present motion to quash. (ECF No. 202; 202-1 ("Mov. Br.")). Exoo argues that: (i) the subpoena is invalid and should be quashed because it was not accompanied by the witness fee required by Federal Rule of Civil Procedure 45(b) (Mov. Br. at 4); (ii) that the subpoena must be quashed because it violates the 100-mile radius rule set forth in Federal Rule of Civil Procedure 45(c) (*id.*, at 5-6); and (iii) the subpoena should be quashed because it seeks information that is not relevant within the meaning and scope of Rule 26 (*id.*, at 6-10). In addition, Exoo contends that the subpoena was issued for the improper purpose of harassing him and in furtherance of D'Ambly and his counsel's alleged desire to harass others that oppose D'Ambly's point of view. (*Id.* at 10-14). Finally, in the alternative, Exoo contends the subpoena should be modified and limited to a thirty-minute deposition and the production of limited documents concerning any communications between he and Defendants and/or their employees. (*Id.* at 14-15).

In opposition, D'Ambly contends the information from Exoo is "highly relevant" and "not ascertainable from any other source." (ECF No. 203 at 5; "Resp. Br."). Further, D'Ambly contends that Exoo waived his right to object to the subpoena because he failed to serve written objections or move for a protective order within fourteen days of the subpoena's service, pursuant to Federal Rule of Civil Procedure 45(d)(2). (*Id.* at 8). D'Ambly argues that the requirements in Local Civil Rule 37.1 regarding the meet and confer process for informally resolving discovery disputes apply to parties, not non-parties like Exoo, and that by utilizing such procedures Exoo waived his objections to the subpoena. (*Id.* at 8-9).

On reply, Exoo contends that D'Ambly has failed to address his arguments regarding D'Ambly's failure to pay the witness fee and the subpoena's violation of the 100-mile radius rule. (ECF No. 205 at 3; "Reply Br."). As a result, Exoo contends that D'Ambly has effectively conceded the subpoena is invalid. (*Id.*) In addition, Exoo contends that engaging in the meet-and-confer process and seeking leave to file a motion to quash satisfies Exoo's obligation to raise objections to the subpoena, and thus such objections have not been waived. (*Id.* at 3-5). Finally, Exoo contends that D'Ambly has failed explain the relevance of all the information sought. (*Id.*)

Defendants filed a reply brief in support of Exoo's motion to quash or in the alternative for a protective order. (ECF No. 204; "Defs.' Br."). They argue that the subpoena is overbroad, and that, at most, there are only two potentially relevant topics for which Exoo should provide documents and/or testimony (1) his communications with Defendants, if any, relating to D'Ambly's "white supremacist activities and the Defendants' decision to terminate him, limited to the period from August 2018 (two months before Exoo exposed D'Ambly's white supremacist ties in a series of Tweets) and September 2019 (when D'Ambly entered into a settlement agreement with Defendants, releasing claims related to his termination); and (2) Exoo's communications, if any, with Insite Risk Management, on the same topics during the same time period." (*Id.* at 3).[3]

---

[3] No party has raised this issue, but it is questionable whether Defendants have standing to join in a motion to quash a subpoena to a non-party, served pursuant to Rule 45, absent a personal privilege in the information sought. *See Aetrex Worldwide, Inc. v. Burten Distrib., Inc.*, 2014 WL 7073466, at *4-5 (D.N.J. Dec. 15, 2014) (finding no standing when objection is relevancy). No personal privilege is at issue here. Nevertheless, numerous courts in this

## IV.     DISCUSSION

### A.     Procedural Defects

For the reasons set forth below, the Court concludes that D'Ambly's subpoena invalid. As a result, Exoo's motion to quash will be granted.

Preliminarily, the Court rejects D'Ambly's argument that Exoo has waived the right to object to the subpoena. In general, Federal Rule of Civil Procedure 45(d)(2) requires a person served with a subpoena to serve written objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* As an alternative, a non-party may "on timely motion," move to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). It is undisputed that Exoo was served with the subpoena on March 6, 2024, and that Exoo filed a pre-motion letter on the Court's docket on March 14, 2024, setting forth in detail Exoo's objections to the subpoena and seeking leave to file a formal motion to quash, if necessary. (*See* ECF No. 199). Thus, Exoo provided written objections to the subpoena in the form of a letter to the Court a mere eight (8) days after he was served with the subpoena. Accordingly, the Court finds that Exoo has complied with the spirit, if not the letter, of Rule 45(d)(2) by filing a letter containing his objections within 14 days.

Even assuming Exoo failed to serve timely written objections to the subpoena, district courts in this Circuit have excused the absence of formal written objections to a subpoena when counsel have engaged in a meet-and-confer prior to moving to quash. *See, e.g.*, *Canca v. Wayfair LLC*, 2023 U.S. Dist. LEXIS 196755, at *8 (D.N.J. Nov. 2, 2023); *R.B. v. Hollibaugh*, 2017 U.S. Dist. LEXIS 49072, at *7-8 (M.D. Pa. Mar. 31, 2017). Here, counsel for D'Ambly and Exoo met-and-conferred about the subpoena on March 14, 2024. (*See* Declaration of Richard Torres, Esq., ECF No. 205-2). And therefore, Plaintiff's counsel was aware of Exoo's objections to the subpoena within fourteen days of its service. *See Canca*, 2023 U.S. Dist. LEXIS 196755, at *8 (declining to find objections waived, despite no written objection, when counsel met-and-conferred and "Defendant's counsel [was] . . .very much aware of the objections raised . . . albeit . . . not in writing"). Exoo should not be barred from objecting to the D'Ambly subpoena because he chose to proceed cautiously by seeking leave of Court prior to filing a formal motion. For those reasons, the Court finds that Exoo has not waived his objections to the subpoena.

Next, the Court considers whether the failure to include a witness fee with the subpoena impacts its validity. The Court finds that it does. D'Ambly does not challenge Exoo's

---

District have held that a party has standing to seek a protective order, pursuant to Rule 26(c), relating to a non-party subpoena if the subpoena allegedly seeks irrelevant information. *See, e.g.*, *id.* at *4; *Costantino v. City of Atlantic City*, 2015 WL 12806490, at *3 (D.N.J. Nov. 4, 2015) ("The Court rejects … [the] standing argument. The Court does not accept the notion that a party can subpoena irrelevant documents in a case with impunity. See Fed. R. Civ. P. 1 []. There is authority for the position that a party can move for a protective order in regard to a subpoena issued to a non-party which seeks irrelevant information. . . . [I]n the interest of justice the Court will deem plaintiff's motion to quash [the] subpoena to be the equivalent of a motion for protective order pursuant to Fed. R. Civ. P. 26(c)."); *Corbi v. Marina Assoc.*, 2009 WL 10727983, at *1 (D.N.J. July 14, 2019). Plaintiff has not objected to Defendants' reply brief. Accordingly, and because Defendants' arguments regarding relevance are essentially duplicative of Exoo's relevance arguments, the Court will consider Defendants' reply brief on the merits.

representation that the subpoena was not accompanied by a witness fee. (*See* Exoo Decl., ¶ 3). Federal Rule of Civil Procedure 45(b)(1) requires that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." *Id.*; *see also* 28 U.S.C. § 1821(a) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."). Numerous courts, including three courts of appeals, have held that failing to provide the required witness fee renders a deposition subpoena invalid, and may act as an independent basis to quash. *See CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496-97 (9th Cir. 1983) (affirming district court's decision quashing a subpoena when witness fee was not tendered when the subpoena was served); *In re Denis*, 330 F.3d 696, 704 (5th Cir. 2003) (same); *Tribulak v. Minirith-Meier-Rice Clinic*, 111 F.3d 135 (table) (8th Cir. 1997) (same). Thus, D'Ambly's subpoena is invalid and the motion to quash is granted on this basis.

Additionally, the Court finds that the subpoena is defective for violating the 100-mile rule set forth in Federal Rule of Civil Procedure 45(d)(3)(A)(ii). In short, Federal Rule of Civil Procedure 45(c)(1)(A) provides that a subpoena may command a person who is not a party or officer of a party "to attend . . . a deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . ." *Id.* If a subpoena violates the 100-mile rule, the court "<u>must</u>" quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added); *see also Hightower v. Ingerman Management Co.*, 2022 WL 19266260, at *2 (D.N.J. May 26, 2022) (mandatory to quash subpoena in violation of 100-mile rule); *Doe v. City of Wilkes-Barre*, 2021 WL 4392247, at *1 (M.D. Pa. Sept. 23, 2021) (same). Here, through the subpoena, Plaintiff's counsel seeks to conduct Exoo's deposition at Plaintiff's counsel's office in Rutherford, New Jersey by videoconference. However, Exoo resides and is employed in Canton, New York, which is approximately 265 miles from Rutherford, New Jersey. (*See* Exoo Decl., ¶ 6). Likewise, Exoo has certified that he does not regularly transact business in New Jersey or within 100 miles of Rutherford, New Jersey. (*Id.*, ¶ 6). In his opposition brief, D'Ambly does not address the 100-mile rule or dispute that the subpoena violates it. As such, the Court finds that the D'Ambly subpoena is invalid, and thus good cause exists to quash it. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii); *Hightower*, 2022 WL 19266260, at *2.[4]

### B. <u>Relevance</u>

As the Court concludes that the subpoena is invalid and should be quashed on the procedural bases above, there is no need to address whether the information sought is relevant or whether the subpoena is overbroad. *See, e.g.*, *Askishev v. Kapustin*, 2017 WL 11637308, at *5 (D.N.J. Mar. 9, 2017) ("Having quashed the subpoena on grounds of time for compliance, the

---

[4] The Court notes that the subpoena seeks a deposition by videoconference, which raises certain issues that have not been addressed by the parties. <u>First</u>, pursuant to Rule 30(b)(4), "the parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." *Id.* Here, by seeking to quash the subpoena, Exoo presumably does not consent to being deposed by videoconference. <u>Second</u>, based upon this Court's independent research, some courts have addressed the interplay between remote depositions and the 100-mile rule—specifically, they have considered when a deposition is remote how the 100-mile radius determined. The leading case is *Broumand v. Joseph*, wherein the Court ruled that the 100-mile radius is determined from the location of the <u>questioner</u>, "as any other reading would render Rule 45(c)'s geographical limitations a nullity." 522 F. Supp. 3d 8, 28 (S.D.N.Y. 2021) (quashing subpoena requiring remote appearance more than 100 miles from questioner's location).

Court need not address the other grounds raised by the non-parties to quash the subpoenas."). Nevertheless, in the event Plaintiff intends to re-issue and serve a subpoena that complies with Rule 45, the Court finds that the scope of the current subpoena is overbroad.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* The material "need not be admissible in evidence to be discoverable." *Id.* Pursuant to Rule 45, a non-party may be compelled by subpoena to produce documents or appear for a deposition. *See* Fed. R. Civ. P. 45(d)-(e). The scope of discovery provided for under Rule 26 applies to discovery sought via a Rule 45 subpoena on a non-party. *See In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). At the same time, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (citing *Chazanow v. Sussex Bank,* 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)). The requesting party bears the initial burden to show that the documents requested are relevant and within the scope of Rule 26. *See In re Novo Nordisk*, 530 F. Supp. at 501. If accomplished, then "the objecting party must demonstrate why discovery should nevertheless be denied." *Id.* (citing *Mallinckrodt LLC, v. Actavis Labs. Fl.*, 2017 WL 5476801, at *2 (D.N.J. Feb. 10, 2017)).

In evaluating the reasonableness and enforceability of a subpoena, the court may consider matters such as:

> (1) relevance, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation.

*In re Novo Nordisk*, 530 F. Supp. 3d at 501 (citing *Biotechnology Value Fund, L.P. v. Celera Corp.*, 2014 WL 4272732, at *2 (D.N.J. Aug. 28, 2014)). "Under Rule 45, courts have significant discretion to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be unreasonable and oppressive." *Ramos v. Walmart, Inc.*, 2023 U.S. Dist. LEXIS 34786, at *5 (D.N.J. Mar. 2, 2023) (internal quotes and cites omitted); *see also TattleTale Portable Alarm Sys. v. Calfee, Halter & Griswold, LLP*, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (holding that a district court "has broad discretion regarding the enforcement of subpoenas."); *see also* Fed. R. Civ. P. 45(d)(3)(A)-(C) (courts may quash or modify subpoenas that are, among other things, unduly burdensome).

Here, as previously discussed, a large portion of the Complaint has been dismissed. What remains is D'Ambly's claims against his former employer, which are focused on whether D'Ambly was terminated for discriminatory reasons; the scope, impact and validity of a post-termination settlement agreement and release between D'Ambly and Defendants; and whether Defendants committed a tort by failing to warn D'Ambly of alleged danger in the workplace. (*See generally* Compl.*,* ¶¶ 148-53, 162-69). It is these remaining claims and defenses that "set the guardrails for discoverable information." *Progressive Garden State Ins. Co. v. Metius*, 2019 WL 1468155, at *2 (D.N.J. Apr. 3, 2019).

Having carefully reviewed the documents requested in the subpoena and the temporal scope governing same against the backdrop of the claims and defenses that remain, the Court concludes that the subpoena is overbroad and is not narrowly tailored in time or scope to the issues remaining in this case. At a minimum, the following requests for documents are overbroad and/or do not seek relevant information.

First, the subpoena appears to request *all* documents from Exoo's Twitter.com/X.com account, without limitation to any specific issue relating to this case. (*See* Marlborough Decl., Ex. A; 202-3). D'Ambly provides no argument in support of such an exceedingly broad request. And the Court does not believe that the entirety of Exoo's online Twitter history and activity is relevant to the discrete issues that remain.

Second, the subpoena seeks all communications between Exoo and a non-party identified as Daryl Lamont Jenkins. (*Id.*) According to Exoo, Mr. Jenkins is not affiliated with Defendants and is an individual "opposed to white supremacy and fascism." (Mov. Br. at 8). D'Ambly's opposition brief does not explain the relevance of any communications between Exoo and Mr. Jenkins. As such, the Court concludes that this document request is improper, as it unduly broad and irrelevant.

Third, D'Ambly's subpoena seeks all communications between Exoo and the "Teamsters." (Marlborough Decl., Ex. A; ECF No. 202-3). According to Exoo, the way the subpoena is drafted requires the production of any communications between he and any one of the more than million members of the Teamsters Union. (Mov. Br. 8-9). In addition, again, D'Ambly fails to explain the relevance of the information sought or the breadth of the request. Accordingly, the Court finds request is vague, overly broad, and unduly burdensome.

For the reasons above, the Court agrees that, in addition to being procedurally invalid, the subpoena is both unduly broad and seeks information that D'Ambly has not shown to be relevant to the remaining claims and defenses. As such, even if the subpoena was valid, the Court would exercise its discretion to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).[5]

Although the Court quashes the D'Ambly subpoena due to procedural defects and because the subpoena is overbroad, Exoo (and Defendants) acknowledges that he may have certain limited information that could be relevant to this case. (*See* Mov. Br. at 14-15; Defs.' Br. at 2-3). Given the fact that there is some arguably relevant information that could be requested from Exoo in a proper subpoena, the Court grants the motion to quash without prejudice.

---

[5] Exoo argues that the subpoena was served for the improper purpose of harassing him and to pursue a "vast antifascist conspiracy" advocated by D'Ambly and his counsel outside the scope of this litigation. (Mov. Br. at 10). D'Ambly and his counsel strongly dispute the notion that discovery is being sought for any improper purpose. (Resp. Br. at 10). The Court will not address this issue, as it is not necessary to decide the present motion. Moreover, given the fact that that Exoo could plausibly be in possession of certain limited, relevant information, the record does not suggest that the subpoena was served in bad faith.

## V. CONCLUSION

For the reasons set forth above, Exoo's motion to quash, (ECF No. 202), is **GRANTED**, and the D'Ambly subpoena is quashed **WITHOUT PREJUDICE**. Further, Exoo's motion for a protective order is **DENIED AS MOOT**.[6]

**SO ORDERED**.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:  Hon. Jamel K. Semper, U.S.D.J.

---

[6] *See Begelman & Orlow P.C. v. Ferara*, 2013 WL 1218099, at *1 (D.N.J. Aug. 13, 2013) (Williams, J.) ("The Court further finding that, as the subpoena is invalid and Defendant's motion to quash will be granted, Defendant's motion for a protective order is therefore moot.").