**mwe.com**

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

January 22, 2025

VIA CM/ECF

The Honorable Jessica S. Allen
United States District Court for the District of New Jersey
Martin Luther King Building & United States Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

**Re:    D'Ambly v. Exoo et al., Civil Case No. 2:20-cv-12880-JKS-JSA**
         **Joint Status Report**

Dear Judge Allen:

Defendants Tribune Publishing Company, LLC ("Tribune") and the New York Daily News (the "Daily News") (collectively, the "Defendants") write jointly with Plaintiff Daniel D'Ambly regarding the above-captioned matter.

### I.    Compliance with the Court's Order on Defendants' Privilege Log

Pursuant to the Court's November 25, 2024 Opinion directing Defendants to produce certain non-privileged documents, Dkt. No. 211, on January 8, 2025, Defendants made a supplemental production of approximately 107 documents. Plaintiff's counsel is currently in the process of reviewing these documents, and Defendants are available to confer on the production if needed.

### II.    Settlement Discussions

The Parties have reopened settlement discussions and expect to determine within the next 2-3 weeks whether this lawsuit can be resolved out of court.



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

January 22, 2025
Page 2

### III. Proposed Case Schedule

### a. Discovery

<u>Plaintiff's Position:</u>

Plaintiff's position is that discovery of the documents Defendant produced January 7, 2025, pursuant to the Court's Order [D.E. 211] on its *in camera* review of Defendants documents is warranted. The documents Defendant produced January 7, 2025, did not contain the same Bates numbering as the documents that the Court reviewed *in camera*. The documents Defendant produced January 7, 2025, were Bares numbered "NYDN****," however, the documents the Court reviewed *in camera* were Bates numbered "REVTRIB****."

On January 14, 2025, Plaintiff served Defendant a request that they produce the Bates numbered documents that were submitted to the Court for in camera review. On January 22, 2025, Defendant produced a grid that purportedly aligns the Bates numbers on the documents produced January 7, 2025, with the Bates numbers on the documents that the Court reviewed *in camera*.

In addition, in its request dated January 14, 2025, Plaintiff served Defendant a request for a limited supplemental production of documents.

<u>Defendants' Position:</u>

Defendants' position is that no further discovery is necessary.

Defendants' January 8, 2025 production was marked by Bates stamps beginning NYDN, consistent with its practice in its other formal productions to Plaintiff throughout discovery in this litigation. In response to Plaintiff's confusion about why these reference numbers did not match the "REVTRIB" references used in the Court's order on the privilege log, Defendants explained that because these documents had not yet been produced when Defendants submitted them to the court for *in camera* review, they were instead marked with placeholder ("REVTRIB") reference numbers. To resolve the confusion, on January 22, 2025, Defendants provided a table matching the REVTRIB references used in the Court's November 25, 2024 order with the NYDN Bates stamps used in Defendants' January 8, 2025 production, along with plain language descriptions of each set of documents. Defendants are available to confer with Plaintiff if there is any remaining confusion.

On January 14, 2025, Plaintiff's counsel informally requested additional documents via email, but has not served a Request for Production of Documents.



January 22, 2025
Page 3

### b. Dispositive Motions

The Parties request that this Court set a briefing schedule for dispositive motions as follows:

- Defendants' motion for summary judgment is due March 14, 2025;

- Plaintiff's responses to Defendants' motion for summary judgment is due four (4) weeks thereafter; and

- Defendants' reply brief in support of their motions for summary judgment is due 14 days thereafter.

The Parties appreciate the Court's assistance in the above matters.

Respectfully submitted,

| | |
|---|---|
| *s/ Lindsay Ditlow* | *s/ Patrick Trainor* |
| Lindsay Ditlow | Patrick Trainor |
| Joseph Mulherin (pro hac vice) | Law Office of Patrick Trainor |
| Jean Edmonds (pro hac vice) | *Attorney for Plaintiff Daniel D'Ambly* |
| McDermott Will & Emery LLP | |
| *Attorneys for Tribune Publishing Company and New York Daily News* | |

